

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: \_\_\_11/18/2021\_\_\_

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MOSTAFA KHAIRY**
*Assistant Corporation Counsel*
Phone: (212) 356-2105
Fax: (212) 356-3509
mkhairy@law.nyc.gov

November 10, 2021

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

      Re:    <u>Paul Phillips v. City of New York, et al.</u>,
             21-CV-8149 (ALC)

Your Honor:

      I am the attorney in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants City of New York ("City") in the above-referenced matter. The City writes to respectfully request that this matter proceed pursuant to Local Civil Rule 83.10 (formerly the "Section 1983 PLAN"). This is the first request for an extension of time to respond to the Complaint on behalf of the City. Plaintiff's counsel consents to defendant's request to include this case in the PLAN.

      By way of background, plaintiff Paul Phillips filed the Complaint in this action on October 1, 2021 alleging that, on July 3, 2020, he was falsely arrested by a New York State Trooper in Guilderland, New York pursuant to an old warrant from New York City in the 1980's. <u>See</u> Compl. at ¶¶ 20-21. According to the Complaint, plaintiff was turned over to a John Doe New York City Police Department ("NYPD") officer at the NYPD's Bronx Warrant Division to process his arrest for the warrant. <u>Id.</u> at ¶ 32. Following plaintiff's arrest processing, plaintiff alleges that he was brought to a New York City Department of Correction ("DOC") facility where he was denied access to his medication for four (4) days. <u>Id.</u> at ¶¶ 47.

      As an initial matter, the City requests that this case proceed pursuant to the Section 1983 PLAN. Although the Court has not ordered that this case be included in the PLAN, based on the Complaint, this appears to fall within the parameters of the PLAN since plaintiff is represented by counsel and alleges that he was falsely arrested by members of the NYPD.

Should the Court order that this matter proceed pursuant to the PLAN, the City's response to the Complaint would be due by January 10, 2022.

Alternatively, if the Court is not inclined to include this case in the PLAN, the City respectfully requests a sixty (60) day enlargement of time, from November 12, 2021 to January 11, 2022, to respond to the Complaint. In order to do so, the City needs to investigate the incident by obtaining records regarding the underlying criminal case including police records, the District Attorney's File, Criminal Court file, and relevant DOC documents. Moreover, upon information and belief, plaintiff's arrest documents may have been sealed pursuant to NYCPL §§ 160.50 and 160.55. Plaintiff has provided the City with a signed § 160.50 release, however, more time is needed to obtain any sealed documents. Only after the City obtains and reviews these documents will it be able to respond to the Complaint in accordance with Federal Rule of Civil Procedure 11.

For the reasons set forth above, the City respectfully requests that this case be included in the Section 1983 PLAN, or that defendant's time to respond to the Complaint be extended until January 11, 2022. The City thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Mostafa Khairy* /s/
Mostafa Khairy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **BY ECF**
Gideon Orion Oliver
Remy Green
*Attorneys for Plaintiff*

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**Dated**: 11/18/2021

Application to participate in the Local Civil Rule 83.10 (formerly the Section 1983 Plan) is **GRANTED**. Accordingly, this case shall proceed in accordance with Local Civil Rule 83.10. Defendants shall answer or respond to the Complaint on or before **January 10, 2022**.