Revised August 25, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paul Phillips,

      Plaintiff,

 -v-

The City of New York, et al.,

      Defendant(s).

CIVIL ACTION NO.: 21 Civ. 8149 ( ALC ) (SLC)

**REPORT OF RULE 26(f) CONFERENCE AND
PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on August 11, 2022 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

1. **Court Expectations:**

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

    **Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

2. **Summary of Claims, Defenses, and Relevant Issues:**

| | |
|---|---|
| Plaintiff(s): | Plaintiff Paul Phillips was unlawfully detained at Rikers Island on an invalid bench warrant after the NYPD failed to bring him before the issuing court (New York County Criminal Court) as ordered by C.P.L. § 530.70. There is no exception to this rule, particularly where, as here, the issuing court is available 365 days per year. Moreover, Mr. Phillips was *never* brought to court; he spent days languishing on Rikers Island without access to essential medication, eventually entering full-blown withdrawal after years of recovery and experiencing physical and mental trauma. |
| Defendant(s): | On July 3, 2020, plaintiff was arrested by a New York State Trooper pursuant to an outstanding bench-warrant from June 5, 1989.  Plaintiff was held on Rikers Island until July 7, 2020 when the warrant was vacated by the New York County Criminal Court.  At all times during plaintiff's incarceration he received medical attention. |

3.  **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**:

Location of incident(s) and address of Defendants including the City of New York.

Defendant does not contest the Court's jurisdiction and agrees that the Southern District of New York is the appropriate venue.

4.  **Subjects on Which Discovery May Be Needed:**

Plaintiff(s): Identities of Doe Defendants; *Monell* discovery; any information relating to Mr. Phillips' arrest and incarceration; other discovery yet to be determined.

Defendant(s):   Plaintiff's medical records.  Plaintiff's deposition.

5.  **Informal Disclosures**:

Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on January 31, 2022. On January 31, 2022, Plaintiff[s] [produced/will produce] an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on January 31, 2022.  On Jan. 31, 2022, Defendant[s] [produced/will produce] an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

6.  **Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

A.	All fact discovery must be completed by February 22, 2023.

Within **one week** of the close of fact discovery, that is March 1, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B.	The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

i.	Depositions: Depositions shall be completed by February 22, 2023 and limited to no more than 5, subject to change depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

ii.	Interrogatories: Initial sets of interrogatories shall be served on or before September 21, 2022. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

iii.	Requests for Admission: Requests for admission must be served on or before January 23, 2023, and in any event no later than 30 days before the fact discovery deadline.

iv.	Requests for Production: Initial requests for production were/will be exchanged on September 21, 2022 and responses shall be due on October 21, 2022 All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7. Anticipated Discovery Disputes:**

Describe any anticipated discovery disputes or proposed limitations on discovery.

None known at this time.

**8. Amendments to Pleadings:**

a. Does any party anticipate amending the pleadings? <u>Yes (Plaintiff)</u>.

b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is <u>15 days post-settlement conference</u>. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

**9. Expert Witness Disclosures:**

a. Does any party anticipate utilizing experts? <u>Yes</u>.

b. Expert discovery shall be completed by <u>May 24, 2023</u>.

Within **one week** of the close of expert discovery, that is, <u>May 31, 2023</u>, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10. Electronic Discovery and Preservation of Documents and Information:**

a. Have the parties discussed discovery of electronically stored information (ESI)? No

b. Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by <u>N/A</u>.

c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?

Not at this time.

11. **Early Settlement or Resolution:**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than October 27, 2022. The following information is needed before settlement can be discussed:

12. **Trial:**
    a. The parties anticipate that this case will be ready for trial by 30 days after decision on any dispositive motions.
    b. The parties anticipate that the trial of this case will require unknown at this time days.
    c. The parties do/do not (circle one) consent to a trial before a Magistrate Judge at this time.
    d. The parties request a (jury)/bench (circle one) trial.

13. **Other Matters:**

Respectfully submitted this 15th day of August, 2022.

ATTORNEYS FOR PLAINTIFF(S):

_____
Maryanne K. Kaishian
*Of Counsel*, Cohen&Green PLLC

Dated:    New York, New York
          August 12, 2022

ATTORNEYS FOR DEFENDANT(S):

_____
Mostafa Khairy
*Assistant Corporation Counsel*
The New York City Law Department

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**