

September 22, 2022

Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

   Re: Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

  As the Court may recall, our firm represents Plaintiff — and will represent additional plaintiffs and a putative class upon amendment — in the case above. I write as the Court directed (ECF No. 23) to provide a status update on the raft of motions[1] that represent the next steps in this case.

  On September 20, 2022, Plaintiff provided Defendants with a draft amended complaint with blanks for certain class numerosity information, as the Court suggested. The proposed Class Action Complaint seeks to certify a class of individuals who, when officers find a warrant bearing their name, were brought directly to city jails instead of — as the law requires — brought to see judges. Defendants have requested three weeks to thoroughly review the proposed Class Action Complaint and decide whether or not they will consent to amendment. In addition, defendants require time to research the viability of the newly added allegations in the proposed Class Action Complaint before they can determine whether the amendment is futile or not. Moreover, defense counsel has indicated that this time is needed as he is currently preparing for trial before Judge Komitee in the matter of Jessica Szabo v. Stephanie Parascandolo, et al., 16-CV-3683 (EK) (JRC) (E.D.N.Y.), which is scheduled to begin on October 3, 2022.

  This time frame, however, risks prejudice to the putative class, as Defendants have indicated that they "cannot" agree to relation back or tolling in some form — and the period the class complaint would cover continues to run. Given that, Plaintiff has asked for a final answer by Monday, and Defendants say they cannot provide that answer. He therefore asks the Court to set a brief conference to discuss next week to see if there is some way to avoid prejudice to the class, but also allow Defendants the time they desire. In the interest of full disclosure, otherwise counsel believe it may be necessary to file a version of the complaint and mark it related, and ultimately ask the Court to

---

[1] Specifically, as discussed at the initial conference, Plaintiff intends to amend the complaint either by motion consent to add co-plaintiffs and class claims, as well as to clean up his theories of relief. Following amendment, depending on what Defendants do, Plaintiff may make a motion for summary judgment or judgment on the pleadings (if Defendants would be briefing those legal issues anyway) — and also make a motion for class certification. Amendment aside, as the Court observed, all of those potential motions will address functionally identical issues and would save everyone's time to brief together.



consolidate both cases in a First Amended Consolidated Complaint.  We apologize in advance for the procedural headache that causes.

  As always, we thank the Court for its continued time and attention.

               Respectfully submitted,
                 /s/
               _____
               J. Remy Green
                *Honorific/Pronouns: Mx., they/their/them*
               **COHEN&GREEN P.L.L.C.**
               *Attorneys for Plaintiff*
               1639 Centre St., Suite 216
               Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com