

September 28, 2022

Honorable Sarah L. Cave, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:      Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

      As the Court knows, my firm and co-counsel represent Plaintiff and the soon-to-be-putative class in the case above. As discussed on the record today, this letter motion — made as briefly as possible, as the Court asked — asks the Court to grant leave to amend the complaint. The proposed First Amended Class Action Complaint is attached. As discussed at the conference, on consent, the Court has granted Defendants an initial extension until October 14, 2022 to respond to this motion.

      Additionally, if the motion is granted, "the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000). But on whether there is a toll — and not just relation back if the motion is granted — "there does not appear to be any Second Circuit authority directly on point." *Durstenberg v Electrolux Home Prods.*, 2016 US Dist LEXIS 23968, at *7 (SDNY Feb. 23, 2016).[1] Given that, and in an abundance of caution (though ultimately following the logic of the cases in note 1 below), Plaintiffs would ask that the Court enter an order in substantially the following form, so that either (1) Defendants can object to the order and the parties can litigate the issue or (2) Plaintiffs can be secure knowing the need not make any further filings and any objections to the toll are waived:

      The Court tolls any applicable statute of limitations pending its decision on the motion to amend for the parties named in the complaint (*see Moore v. State of Ind.*, 999 F.2d 1125, 1131

---

[1] The New York Court of Appeals has adopted that approach, however (*Perez v Paramount Communs.*, 92 NY2d 749, 755 (1999)), and both in-circuit district courts and out-of-circuit Courts of Appeal have reached similar results. *See, e.g., Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005); *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993); *Mayes v. AT&T Information Systems, Inc.*, 867 F.2d 1172 (8th Cir. 1989); *see also, Durstenberg.*, 2016 US Dist LEXIS 23968, at *7 (collecting cases). That is, there is a robust consensus that filing a motion — at least one with a proposed complaint attached — tolls the statute of limitations, in large part because "a party has no control over when a court renders its decision regarding the proposed amended complaint." *Moore*, 999 F2d at 1131 ("the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion").



(7th Cir. 1993)), and for the purposes of *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974).[2]  If Defendants intend object to this tolling, they shall submit a letter explaining their objection and providing authority on or before October 3, 2022.  In an exercise of its inherent equity powers, the Court tolls the statute of limitations pending such objections.

### **Brief Background**

As the Court may recall, at the core, this case concerns a practice of the NYPD (and DOC) where, contrary to the command of N.Y. Crim. P. L. § 530.70, police take individuals picked up on warrants directly to the City's jails — often Riker's Island.  That often leads to predictable injuries well above and beyond the already grave injury of a person being illegally jailed.  For example, lead Mr. Phillips had a particularly horrific (if tragically characteristic) experience on Riker's — and has never fully recovered from the time he spent there because NYPD failed to bring him to court on a warrant from the 80's that had been vacated decades ago.

N.Y. Crim P. L. § 530.70 is clear:  "A bench warrant must be executed in the same manner as a warrant of arrest, as provided in section 120.80, and following the arrest, such executing police officer or court officer must without unnecessary delay bring the defendant before the court in which it is returnable."  And because, criminal courts in New York City operate arraignment parts where judges address bench and arrest warrant matters roughly seven days per week, 365 days per year, including holidays, and processing by police can be done around the clock, none of the "unavailability" exceptions ever apply in the City — and even if they did, the routine, documented practice of leaving people in jails for days, weeks, or even months is a facial violation of the law.

### **Legal Argument and Discussion**

This motion seeks leave to amend.  "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Following this rule, courts have held that amendments should be permitted when the party seeking leave to amend: "(1) has not unduly delayed; (2) is not acting in bad faith or with a dilatory motive; (3) when the opposing party will not be unduly prejudiced by the amendment; and (4) when the amendment is not futile." *Romano v. Verizon Commc'ns, Inc.*, 01-CV-6737 (LMM), 2002 WL 1484403, at *1 (S.D.N.Y. July 10, 2002) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[T]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).

On the first three factors, Plaintiffs do not believe there will be a dispute.  First, there is no delay here — Plaintiffs sought to amend at virtually the earliest possible stage.  And relatedly, as the discussion at today's conference hopefully made clear, no one here is acting in bad faith or to try to delay.  Similarly, Defendants will not be prejudiced at all — particularly because (1) discovery has not yet even begun in this case and (2) Plaintiffs could simply file the amended complaint and mark it related even if this motion were denied.

---

[2] *American Pipe* being the class action tolling doctrine that any potential member of a putative class action is entitled to tolling on the statute of limitations pending certification or denial of certification.

COHEN&GREEN   Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



That leaves futility.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.  There is no futility issue because each claim here has merit.

First, for **Unlawful Seizure/False Arrest (Claim I)** the detentions of class members — done instead of bringing class members to court — are unlawful on their face by the plain language of N.Y. Crim. P. L. § 530.70.  And indeed, the NYPD Patrol Guide itself confirms this, by falsely stating that Supreme Court arraignments are unavailable "after 1700 hours on weekdays and on weekends" (NYPD Pat. Guide § 208-42) and commanding officers to take people picked up on warrants at those times to correctional facilities.  But New York City staffs every arraignment shift with an acting Supreme Court Justice — including holidays, overnights, and weekend.

Relatedly, for **Excessive Detention (Claim II)** even if the initial detentions were permissible, the periods suffered by the class members (*see, e.g.,* FAC ¶¶ 55 (four days); 97 (17 days with a jaw wired shut the entire time and no food); 106 (four days); 114 (five days) 152 (multiple weeks)) all far exceed the excessive mark.  *See, e.g., Cty. Of Riverside v. McLaughlin*, 500 U.S. 56 (1991); *MacNamara v. City of New York*, 275 F.R.D. 125, 150 (S.D.N.Y. 2011).

Likewise, for **Indifference to Serious Medical Conditions (Claim III)**, as has been explored at length on other dockets (*see, e.g., Nunez v. City of New York*, 11-cv-5845 (LTS)(JCF)), the City is routinely indifferent to the conditions in its jails, to the point of constant crisis and depressingly frequent death.  As pled, for example, about Mr. Phillips, the City totally failed to give Mr. Phillips access to medication necessary to treat his psychiatric issues, opioid dependency, and nerve pain — despite the fact that he literally provided it to the City himself.  *See* FAC ¶¶ 46-47; 58; 64; 67; 70-72.  Mr. Phillips has still not recovered — and, indeed, he both went into full blown withdrawal and backslid in his PTSD and anxiety disorder after decade of progress.

Fourth, for *Monell* **liability (Claim IV)**, Plaintiffs have set out an extensive and plausible basis to conclude (1) the City had official policies as set out above and (2) was on notice to a moral certainty of the consequences of those policies.  Finally, Plaintiffs' **state law claims (Claim V)** are all straightforward, and largely overlap with other claims (except that respondeat superior provides a basis for municipal liability that is unique).

With that, there is no futility argument against the FAC — and even if there were, it would be better made on cross-motions for summary judgment (as discussed at the initial pre-trial conference): Any argument for futility would be purely legal, and logically, that means if Defendants arguments for futility fail, Plaintiffs would be entitled to judgment (and visa-versa, of course).  So even if there were a colorable futility argument, judicial efficiency calls for granting this motion and teeing up the argument in a cleaner fashion.

As always, we thank the Court for its continued time and attention — and especially appreciate the Court making time to address these issues so quickly.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                                      Respectfully submitted,

                                            /s/
                                      _____

                                    J. Remy Green
                                        *Honorific/Pronouns: Mx., they/their/them*
                                    MK Kaishian, *of counsel*
                                        *Honorific/Pronouns: Ms., she/her/hers*
                                    **COHEN&GREEN P.L.L.C.**
                                    *Attorneys for Plaintiffs*
                                    1639 Centre St., Suite 216
                                    Ridgewood, New York 11385

Enclosure

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com