

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 6, 2023

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write to respectfully request a pre-motion conference in accordance with Your Honor's Individual Rules of Practice in anticipation of a motion to dismiss plaintiff's complaint and strike plaintiffs' class allegations pursuant to Rules 12(b)(1), 12(b)(6) and 12(f), Fed. R. Civ. P.

        Plaintiffs allege that they each were arrested on warrants and, pursuant to a City custom or practice, unlawfully transferred to DOC custody instead of being brought immediately to court promptly to appear before a judge (plaintiffs' claims are false— and it appears that the plaintiffs Thompson, Rosario and Wright were promptly arraigned upon their arrests). Plaintiffs' claims should be dismissed and/or their class allegations stricken.

        Plaintiffs make claims for municipal liability. Plaintiffs can satisfy the "policy or custom" prong required for municipal liability by alleging "the existence of (1) a formal policy, see Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978); (2) actions taken or decisions made by final municipal policymakers that caused the violation of [plaintiff's] rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policymakers, see Monell, 436 U.S. at 690-91; or (4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those

with whom municipal employees will come into contact." See City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Plaintiffs' municipal liability claims fail for a number of reasons. First, even a handful of purportedly "similar incident[s]" for which there were no adjudications would be insufficient to plausibly allege such a pervasive "custom or practice" theory at the time of plaintiffs' purported arrests. See e.g. An v. City of New York, 230 F. Supp.3d 224, 229-30 (S.D.N.Y. 2017) (six lawsuits and one newspaper article over four year period insufficient to allege municipal liability where there were no adjudications against defendant). Here, plaintiffs' amended complaint insufficiently outlines only their own incidents which total four in number, none of which have been adjudicated. Second, plaintiffs' allegations of an unlawful custom or practice are contrary to the procedures outlined in the NYPD patrol guide (Ex. A) and DOC Operations Order (Ex. B), upon which the Complaint relies, and which clearly set forth constitutionally sufficient procedures as to the issues plaintiffs have raised. Any claim of an improper formal policy thus fails. Third, to the extent that plaintiffs are alleging indifference by a City policymaker by virtue of the Legal Aid letter which they annex to their amended complaint, and contend was shared with City officials, the Legal Aid letter (and any other evidence in the amended complaint that plaintiffs allege establish deliberative indifference) post-dates all of the dates of incidents of the named plaintiffs, and therefore could not have caused any alleged injuries. Mercado v. City of N.Y., 08 CV 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting Monell, 436 U.S. at 694) ("To establish Monell liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation."). Fourth, the amended complaint does not lend itself to Monell liability based on a municipal failure to train, supervise or discipline as plaintiffs' amended complaint is boilerplate as to such allegation. Plaintiffs' claims in this regard are really no more than an improper "wish list" for City procedure changes.

Plaintiffs' claims for injunctive relief fail for lack of Article III standing pursuant to Rule 12(b)(1), Fed. R. Civ. P. Pursuant to the leading case of City of Los Angeles v. Lyons, 461 U.S. 95 (1983), "a plaintiff seeking injunctive relief must demonstrate both a likelihood of future harm and the existence of an official policy or its equivalent." Shain v. Ellison, 356 F.3d 211, 216 (2d Cir. 2004). "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Harty v. Simon Property Group, L.P., 428 Fed. App'x. 69, 71 (2d Cir. 2011) (summary order) (citing Lyons at 105). Here, none of the plaintiffs can demonstrate Article III standing to seek injunctive relief pursuant to either prong of the foregoing test as they each rely solely on past injuries, their purported past arrests, nor, as seen, can establish Monell liability, which a number of courts have used as the test to determine whether "an official policy or its equivalent" exists.[1] See An v. City of New York, 16 CV 5381 (LGS), 2017 U.S. Dist. LEXIS 84364, at *8 (S.D.N.Y. June 1, 2017).

Plaintiffs' underlying Constitutional claims fail as well. First, it appears that the plaintiffs Thompson, Rosario and Wright were all arraigned promptly upon their arrests.

---

[1] A number of District Courts in this Circuit have required a higher showing to establish a "policy or its equivalent." E.g. MacIsaac v. Town of Poughkeepsie, 770 F. Supp. 2d 587 (S.D.N.Y. 2011).

Second, as to the false arrest claims that plaintiffs may make against the John Doe NYPD officers, the amended complaint seems to concede that there were live warrants in the databases which were accessed by the arresting officers, which establishes probable cause for the purported arrests.[2]  See Morrison v. City of New York, 14 Civ. 4508 (MKB), 2019 U.S. Dist. LEXIS 4839, at *12-16 (E.D.N.Y. Jan. 10, 2019).  Third, plaintiffs' federal excessive detention claim is premised on a violation of the presumptive 48 hour rule set forth in Riverside v. McLaughlin, 500 U.S. 56 (1991), but the Second Circuit has stated that such rule is limited to the "context of pretrial detention, [where] the Supreme Court has held that, when there has been a **warrantless** arrest, the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention."  Bryant v. City of New York, 404 F.3d 128, 136 (2d Cir. 2005) (emphasis added).  Here, there were indisputably warrants.  In any event, plaintiffs' amended complaint does not meet the Iqbal pleading requirement to establish such claims as it is completely silent on what times of the day plaintiffs were arrested and whether the courts were even open when they were apprehended, especially in light of the COVID emergency.  Fourth, the John Doe DOC officers cannot be held liable for "receiving" the plaintiffs as arrestees as there is no such cause of action.

Plaintiffs' state law claims fare no better.[3]  To the extent that plaintiffs' claims are premised on violations of C.P.L §140.20, and New York's 24 hour arrest to arraignment requirement, "the Second Circuit has recognized, [that] C.P.L §140.20 does not create a private right of action allowing the subject of an excessive pre-arraignment detention to pursue a later damages action."  Palacios v. City of New York, 15 Civ. 386 (PAE), 2017 U.S. Dist. LEXIS 146574, at *24 (S.D.N.Y. Sept. 11, 2017) (citing Watson v. City of New York, 92 F.3d 31, 36-37 (2d Cir. 1996)).  Similarly, to the extent that plaintiffs' claims are premised on violations of C.P.L. §530.70, plaintiffs can cite to no authority that a private right of action exists for such claim either.  In fact, plaintiffs can cite to no authority for their underlying premise that the purported "without unnecessary delay" requirement of C.P.L §530.70 should be construed the same way as C.P.L §140.20 has with respect to the 24 hour arrest to arraignment requirement.

Plaintiffs' attempt to convert this lawsuit into a class action should be rejected and the class action allegations stricken.  "Whether to grant or deny a motion to strike lies within the court's sound discretion."  Garcia v. Execu/Search Grp., LLC, 17 Civ. 9401 (WHP), 2019 U.S. Dist. LEXIS 68904, at *3 (S.D.N.Y. Feb. 19, 2019).  "If the 'complaint itself demonstrates that the requirements for maintaining a class action cannot be met,' the Court may strike the class allegations at any practicable time after the suit has been filed."  Shaw v. Hornblower Cruises & Events, LCC, 21 Civ. 10408 (VM), 2022 U.S. Dist. LEXIS 202703, at *12 (S.D.N.Y. Nov. 7, 2022) (internal quotation omitted); see also Camacho v. City of New York, et. al., 19 Civ. 11096 (DLC), 2020 U.S. Dist. LEXIS 125801, at *9-11 (S.D.N.Y. July 16, 2020) (striking class

---

[2] The arrests of Thompson, Wright and Rosario (which was the result of an arrest warrant) were premised on charges that go beyond any open warrants, issues which plaintiffs fail to address in the amended complaint.  Plaintiffs do not even allege that these charges lacked probable cause.

[3] Only the plaintiff Phillips alleges compliance with the notice of claim requirements of New York General Municipal Law.

allegations before a motion for class certification was filed because it was "already clear" that the defects in the class allegations could not be cured); Borgese v. Baby Brezza Enters. LLC, 20 Civ. 1180 (VM), 2021 U.S. Dist. LEXIS 30216 (S.D.N.Y. Feb. 18, 2021) (striking class allegations where there were only conclusive allegations about other class members and the Court's skepticism about whether the claims in the case were suitable for class resolution on the merits). "[T]he plausibility standard will generally apply to such motions." Id., at *12-13 (internal citation omitted).

Plaintiffs' class allegations should be stricken for a number of reasons. First, as it is required that one named class representative have standing to seek injunctive relief, Denny v. Deutsche Bank AG, 443 F.3d 253, 264-265 (2d Cir. 2006), and none does, class injunctive relief may not be obtained. Second, plaintiffs' assertion that there are 40 class members, the presumptive number to meet the numerosity requirement of Rule 23(a)(1), Fed. R. Civ. P., Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)), is speculative and the amended complaint is completely conclusory as to the existence of other class members. Third, it is clear that the requirements of commonality, typicality and predominance (Rules 23(a)(2) and (3) and 23(b)(3)) cannot be met in this case because issues related to the circumstances of any arrest, the nature of the warrants at issue, the times of arrests and court availability are entirely individualized determinations that do not lend themselves to class treatment. See Haus v. City of New York, 03 CV 4915 (RWS)(MHD), 2011 U.S. Dist. LEXIS 155735, at *317 (S.D.N.Y. Aug. 31, 2011) (M.J. Dolinger) (neither commonality nor typicality will be satisfied if the court must engage in a "case-by-case evaluation of each encounter" in order to establish liability.)

The remainder of plaintiffs' claims lack merit and should be dismissed as well.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman

Mark D. Zuckerman
Erica Bianco
James M. Sheehan

cc:     All counsel (via ECF)