

January 10, 2023

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:     Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Carter:

      My firm, with co-counsel represents Plaintiffs and the putative class in the case above. I write to request an extension of time to respond to Defendants' pre-motion letter at Dkt. No. 40, as well as to seek clarification of the Court's Individual Rules. Defendants consent to the extension.

      Under the Court's Individual Rules, at the conference (and presumably in the substantive response as well), a "non-moving party must advise the Court and its adversary whether it intends to file an amended pleading based on the pre-motion conference letter, and if so, when it will do so." Plaintiffs believe at least some of the issues raised in Defendants' pre-motion letter can be addressed by clarifications in the operative pleading, and intend to seek leave to make such amendments to the extent necessary.[1] Without providing too much detail on the public docket, I have been dealing with emergent health issues, and will simply not be able to spend the time necessary on this immediately. Additionally, particularly in of the colloquy with Magistrate Judge Cave at the initial pre-trial conference,[2] Plaintiffs' response may include a cross-motion for either partial summary judgment or class certification. And to prepare that response, Plaintiffs also likely require additional time — particularly in light of the Court's Rule 2(E)(i). Finally, Defendants' request to file a motion to strike class action allegations also may require a response that outlines and includes substantive class discovery, since none has been taken yet (and Defendants have resisted doing such discovery informally).

      Thus, Plaintiffs first seek to clarify: If they intend to amend the complaint, would the Court still want to see a full, substantive response to Defendants' letter? And second, in either event, Plaintiffs seek an additional three weeks from January 11, 2023 to either (1) serve a proposed amendment or (2) serve the full proposed substantive response to Dkt. No. 40 (making the response due on Wednesday, February 1, 2023).

---

[1] A "party" may "amend its pleading once as of course." Fed. R. Civ. P. 15(a). Plaintiff Phillips has already amended, but the other Plaintiffs have not, having appeared in this case for the first time in the amended complaint. It is not exactly clear what the effect of Fed. R. Civ. P. 15's one as-of-right amendment rule is in this situation. Defendants have made clear they believe there is no amendment as of right left.
[2] See, e.g., 2022-08-22 Tr. at 20:20-22:13.



As always, we thank the Court for its continued time and attention.

                                        Respectfully submitted,

                                            /s/
                                      _____
                                      J. Remy Green
                                            *Honorific/Pronouns: Mx., they/their/them*
                                      **COHEN&GREEN P.L.L.C.**
                                      *Attorneys for Plaintiff*
                                      1639 Centre St., Suite 216
                                      Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com