

January 18, 2023

Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

>Re:    Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

As the Court may recall, our firm represents Plaintiffs and the putative class in the case above. I write as the Court directed (ECF No. 23) to ask for a Local Rule 37.2 conference, and ultimately to ask the Court to compel expedited responses to class and John/Jane Doe related discovery requests, in light of the motion Defendants intend to make — as well as to make the proposed amendment Plaintiffs will be making more efficient (*see, e.g.,* Dkt. No. 42).

As the Court may recall, as discussed at the initial pre-trial conference, Plaintiffs initially sought to informally figure out numerosity prior to amendment. *See, e.g.,* 2022-08-22 Tr. 8:17-18:17.[1] Defendants ultimately elected to stand on an objection that they would not produce class discovery without live class claims. Thus, as the Court suggested, Plaintiffs amended the complaint to assert — based on (among other things) consistent information from the City's defender organizations that the practice at issue here was widespread — the class was numerous on information and belief. Defendants recently responded to the amended complaint, and in that response, indicated that they intend to move to strike the class allegations, largely based on their assertion that the numerosity allegations are "speculative and the amended complaint is completely conclusory as to the existence of other class members." Dkt. No. 40.

Thus, shortly Defendants indicated an intention to move to strike the class allegations, Plaintiffs have been asking Defendants whether they would consent to expedited class discovery — because such information would obviously be necessary to oppose a motion to strike. In response to those requests, and the service of other preliminary discovery requests, Defendants baldly asserted that — notwithstanding the fact that there has been a 26(f) and an initial pretrial conference — "We oppose any and all discovery at this stage."

Starting on January 10, Plaintiffs asked to meet and confer on Defendants sword and shield class discovery tactics. Additionally, following the assertion that Defendants believed they could

---

[1] *See, in particular, id.* at 13:21-14:9 (THE COURT: "what I was thinking is if you can draft it and just leave, you know, the number [of class members] sort of blank; but in terms of sketching out what the theory is … and then he could get back to you on whether he's willing to voluntarily share the data with you or whether you'll have to go on, you know, some other basis.").



simply *refuse* discovery, Plaintiffs asked to meet and confer on Defendants' assertion they could simply refuse to engage in discovery. The parties conferred by phone for less than 6 minutes on January 18, 2023.[2] During the conference, Defendants asserted there was nothing to meet about. Defendants also clarified that they intended to make a motion for a protective order as to their claim that no discovery is appropriate right now.[3] As to timing, Plaintiffs found Defendants unwilling to agree to anything — including producing discovery in the ordinary 30 days, let alone in a time that permitted responding to Defendants' motion to strike appropriately — so they declared an impasse and this motion followed.

Discovery, at present, is live. In light of Defendants' continued refusal to provide any informal class information or work cooperatively on these issues, Plaintiffs served a class and Doe-identification specific set of discovery requests (**Exhibit 1**). In order to have responses in time to oppose Defendants' motion, Plaintiffs need responses **before** Defendants move (with a buffer to address deficiencies as well). And that information something that is routinely exchanged in pre-motion discovery — particularly because it is usually uniquely within a defendant's control[4] and because it allows efficient resolution of disputes. *See, e.g., M.G. v Cuomo*, 2022 US Dist LEXIS 188343, at *9 (SDNY Oct. 14, 2022) (compelling production of unredacted numerosity related documents because "the redacted form of the census documents do not permit Plaintiffs to assess which entries in those documents refer to the same individuals; this would leave Defendants in exclusive control of the relevant facts pertaining to numerosity, and would turn Plaintiffs' potential future numerosity arguments into a matter of guesswork"); *Chen-Oster v Goldman, Sachs & Co.*, 285 FRD 294, 301, n 2 (SDNY 2012) ("if there is doubt about numerosity, discovery limited to that issue could result in an early determination of the viability of class claims").[5]

As it stands, Defendants intend to make a motion to strike allegations that they previously refused to provide detail about on February 15, 2023. Early discovery — which, given that the IPTC was on August 22, this is arguably not — on class information is routine in cases of this kind. And it is simply not fair to Plaintiffs to not be allowed to take class discovery **before** Defendants move to strike the class allegations. Indeed, as a matter of the equitable sword and shield principle, Defendants

---

[2] As required by the Court's Practice I(C)(2), that meeting was at approximately 4:24 p.m., Defendants' positions are set out in the body above, and (as also noted above) Plaintiffs declared an impasse on timing.

[3] For that reason, Plaintiffs do not ask the Court to clarify that the City cannot simply stay discovery on a whim — and will oppose that motion in due course. Defendants were not interested in any compromise. For example, they refused a stay that only allowed phased discovery on class issues and the relevant cross-motions discussed at the initial conference (*see, e.g.,* 2022-08-22 Tr. at 21:10-22-7).

[4] Indeed, sometimes the fact that numerosity is uniquely known to a defendant is used to simply find numerosity established for the purposes of a motion. *See, e.g., Laflamme v Carpenters Local #370 Pension Plan*, 212 FRD 448, 453 (NDNY 2003) ("because the information that would give rise to a reasonable belief as to who the class members are is within defendants' control, numerosity is established.").

[5] *Cf. also, Northwest Immigrant Rights Project v United States Citizenship & Immigration Servs.*, 325 FRD 671, 695, n 23 (WD Wash 2016) (criticizing Plaintiff for not seeking numerosity data before a certification motion); *Camacho v City of NY*, 2020 US Dist LEXIS 125801, at *10 (SDNY July 16, 2020) (granting a motion to strike class allegations, but only after "the Court ordered the City to provide the plaintiffs with early discovery on the facts related to numerosity").



Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



cannot now use their refusal to provide class discovery as a sword to strike the class allegations, having already refused to produce it **before** pleading as a shield.  *See, e.g., Brazil v Dole Packaged Foods, LLC*, 2014 US Dist LEXIS 74234, at *63 (ND Cal May 30, 2014) ("Dole cannot use damages discovery as both a sword and a shield … Dole claims that it need not produce discovery relevant to damages before class certification because the discovery is not relevant to class certification. Yet, Dole opposes class certification on the basis that Dr. Capps has not performed his regression analysis.").

As to timing, Plaintiffs need this discovery to prepare to oppose Defendants' motion.  Defendants have made clear they intend to proceed with the motion.  So given that Defendants are refusing to budge on that, it is only fair that they must also provide discovery on the issue so Plaintiffs are not blindsided.  Similarly, since (1) Plaintiffs are moving already, (2) the City has taken four months to investigate the complaint and likely has the information ready to hand, and (3) Plaintiffs will be seeking to amend anyway, it makes sense to include adding the individual Does to the amendment.[6] Rule 34 permits that a "shorter or longer time [than the ordinary 30 days] may … be ordered by the Court" when appropriate.  Fed. R. Civ. P. 34(b)(2)(A).  Here, given the bind Plaintiffs will be in if Defendants' gamesmanship plays out, Plaintiffs respectfully request that the Court order Defendants to identify the Does by January 30 (Ex. 1, Interrogatories 1 and 2), and produce class-related discovery by February 6 (Ex. 1, Interrogatory 3; Document Requests 1-8).  As long as Defendants identify the Does, Plaintiffs need little time to drop their names in.  And for the class information, Plaintiffs need time to make any motions to compel with time to cure deficiencies before they are forced to oppose Defendants' motion.

Finally, given Defendants' tactical use of deadlines and attempt to use class discovery as a sword and a shield, Plaintiffs submit Defendants' positions are not substantially justified — indeed, they are an attempt to win the case not on its merits, but by gamesmanship alone.  Costs and fees under Rule 37 are mandatory, unless a party's position is substantially justified.  *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011).  And here, it is hard to see what justification at all there would be for Defendants' approach to class discovery — the essence of what they have been saying shifting from initially, "we cannot give you numbers without live allegations," to "you cannot plead these claims without numbers only we have access to."[7]  So while expedited discovery responses are perhaps unusual, what has no justification is Defendants' tactical choice to assert Plaintiffs should have to respond to a motion to strike class allegations with no class discovery whatsoever — after already having refused to engage in informal class discovery and using that deadline as a cudgel.

---

[6] Adding the individual Does may also be very important for the shape of the case going forward.  Individual NYPD members, during the mediation, asserted through counsel that the damages in this case should be considered negligible because what happened to Mr. Phillips was simply what the NYPD does in every case.  While, of course, the City is eager to say there is neither a formal or informal policy (*see, e.g.* Dkt. No. 40 at 1-3), the individual Defendants are likely to try to "show that [their] actions were pursuant to an official policy," so they "can at least shift part of [their] liability to the municipality."  *Dunton v County of Suffolk*, 729 F2d 903, 907 (2d Cir 1984).  Since the particulars of this case likely place the *Dunton* conflict latent in all 1983 litigation in stark relief, in the interest of efficiency, it may be best for the individual defendants to appear and decide whether they genuinely want to join the City's motion.

[7] Quotation marks are for clarity, this is not intended to suggest these are verbatim quotes.

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As always, we thank the Court for its continued time and attention.

                                                    Respectfully submitted,
                                                           /s/
                                            _____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com