

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

> Defendant's letter-motion requesting a conference with the Court to address the issues outlined the parties' letters (ECF Nos. 43; 44) is GRANTED. A telephonic conference will be held on **Tuesday, February 7, 2023 at 2:30 p.m.**, on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.
>
> The Clerk of Court is respectfully directed to close ECF Nos. 43 and 44.
>
> SO ORDERED 01/24/23
>
> SARAH L. CAVE
> United States Magistrate Judge

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Paul Phillips, et. al. v. The City of New York, et. al.</u>, 21 Civ. 8149
      (ALC)(SLC)

Your Honor:

  I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write to 1) request a conference with the Court to discuss the matters addressed in the parties' letters; 2) oppose plaintiffs' request for discovery in advance of the City's anticipated motion to dismiss; 3) move for a stay of all discovery pending the outcome of the City's motion to dismiss; and 4) seek a protective order from having to respond to plaintiffs' discovery requests, including their requests for admission. (Exs. A and B hereto)

  The procedural backdrop to the present disputes is as follows: An initial conference was held herein on September 28, 2022. (<u>See</u> Docket 26) At the initial conference, plaintiffs raised with the Court for the first time their desire to convert this action into a class action. (Ex. C hereto, pp. 8-9) This Court deferred setting a discovery schedule as a result of plaintiffs' stated desire to amend the complaint. (<u>See</u> Ex. C hereto, p. 19) On October 24, 2022, plaintiffs filed their first amended class complaint. (Docket 34) On January 6, 2022, the City timely served its request for a pre-motion conference in anticipation of a full motion to dismiss plaintiffs' amended complaint. (Docket 40) In response to the City's request, plaintiffs requested an additional three weeks to serve a second amended complaint, ostensibly to cure the deficiencies in the first amended complaint that were raised by the City in its pre-motion conference letter. (Docket 41) Judge Carter ordered plaintiffs to serve any second amended complaint by February 1, 2022, and further ordered that a briefing schedule on the City's anticipated motion to dismiss would be set immediately thereafter. (Docket 42) Instead of amending the complaint as they stated they would, plaintiffs served by email unduly burdensome

discovery demands on the City (Exs. A and B hereto), most of which plaintiffs now want responded to immediately and before defendants move to dismiss.

"Under Rule 26(c), a party from whom discovery is sought may move for a protective order, Fed. R. Civ. P. 26(c). Under that rule, [the] Court has the discretion to stay discovery where the movant establishes good cause for the stay, to protect that party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" Nieves v. Just Energy N.Y. Corp., 17 Civ. 561S, 2020 U.S. Dist. LEXIS 213610, at *4 (W.D.N.Y. Nov. 16, 2020) (quoting Rule 26(c)(1)). District courts have the discretion to stay discovery for good cause pursuant to Rule 26(c) pending the outcome of a dispositive motion. Trustees of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC, 19 Civ. 7755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3 (S.D.N.Y. Dec. 19, 2010). In determining whether to stay discovery, district courts consider the following factors: (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Id. A stay of discovery is appropriate where the motion appears to have substantial grounds or does not appear to be without legal foundation. Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The same standards have been applied where stays of discovery are sought in connection with motions to dismiss class action complaints. See Nieves, supra, at *4; Fiordirosa v. Publr. Clearing House, Inc. 21 Civ. 6682 (PKC)(JMW), 2022 U.S. Dist. LEXIS 157438, at *3 (E.D.N.Y. Aug. 31, 2022) (M.J. Wicks).

The City's motion for a protective order should be granted as it is predicated upon its motion to stay all discovery pending the outcome of its anticipated full motion to dismiss.[1] As to the first factor that the Court should consider upon its application for a stay, the City has made an overwhelming showing in its pre-motion conference letter to Judge Carter that the claims in plaintiffs' amended complaint lack merit. (See Docket 40) In fact, the City's showing was so overwhelming that plaintiffs asked Judge Carter to serve a second amended complaint instead of substantively responding to the City's arguments. Even in plaintiffs' letter to Your Honor at Docket 43, plaintiffs *still* have not responded to the City's substantive arguments seeking the dismissal of plaintiffs' complaint. As to the second factor, although plaintiffs just served by email their discovery requests on January 18, 2023, (Exs. A and B) it is clear from the face of the requests and the requests' breadth, that it would be unduly burdensome to respond to them. Conducting this type of discovery first would only unfairly delay motion to dismiss briefing and resolution. As to the third factor, there would be no prejudice to plaintiffs or the

---

[1] The only reason that the City did not make this request earlier was plaintiffs' assertion to Judge Carter that they sought, ostensibly, to amend the complaint to cure the deficiencies raised by the City in its pre-motion conference letter. (See Docket 41) We thus thought it made more sense to make that application after plaintiffs served their second amended complaint. It is now clear, however, that plaintiffs have no intent of attempting to cure the deficiencies raised by the City in its pre-motion conference letter, but rather plaintiffs only sought the additional time from Judge Carter to start serving discovery requests that they feel could somehow defeat the City's motion to dismiss. In fact, in our "meet and confer," Mx. Green informed me that the only changes that he would be making in the Second Amended Complaint would be to add hours that the courts are open in support of plaintiffs' argument that judges are available to adjudicate warrants at most times of the day. There is thus no reason that the City's motion to stay discovery should not be adjudicated at this juncture.

putative class by virtue of the requested stay since if "the court decides to enter judgment on the merits in favor of defendants, certification of a plaintiff class 'could only serve to prejudice absent class members.'" Encarnacion v. Barnhart, 191 F. Supp.2d 463 (S.D.N.Y. 2002).

Plaintiffs argue that unprecedented expedited discovery on "numerosity" will be necessary to respond to the branch of the City's anticipated motion which seeks to strike plaintiffs' class allegations.[2] Plaintiffs' argument should be rejected. First, plaintiffs do not recognize that defendants' motion to strike plaintiffs' class allegation seeks to resolve the class issues without class certification discovery. See Shaw v. Hornblower Cruises & Events, LCC, 21 Civ. 10408 (VM), 2022 U.S. Dist. LEXIS 202703, at *12 (S.D.N.Y. Nov. 7, 2022) ("When the issues are 'plain enough from the pleadings,' they may be resolved without further discovery") (citing Gen. Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982)). Plaintiffs still have not responded to the substantive arguments made by the City in its pre-motion conference letter as to why their class allegations should be stricken. Second, the City's motion to strike plaintiffs' class allegations go well beyond the numerosity issue, and include arguments as to the lack of commonality, typicality and predominance. (See Docket 40, p. 4) Third, the City in its pre-motion conference letter to Judge Carter made arguments with overwhelming strength as to why plaintiffs' municipal liability and injunctive relief claims should be dismissed. (Docket 40) Since plaintiffs' class allegations are dependent on the success of their municipal liability claims, dismissal of those claims against the City would defeat the class claims as well. Simply, the City respectfully submits that it is most efficient to decide its motion to dismiss first in this case.

Plaintiffs also argue that there should be "Doe" discovery now before they file a second amended complaint because "the Individual Defendants are likely to try to 'show that [their] actions were pursuant to an official policy,'" and bring Dunton v. County of Suffolk, 729 F.2d 903, 907 (2d Cir. 1984), into play. Such an argument is preposterous and plaintiffs' attempt to argue that a conflict exists where there is none should be rejected. Further, in the City's pre-motion conference letter to Judge Carter, the City argued that plaintiffs' claims against the John Doe defendants are not meritorious and should be dismissed. (See Docket 40) The City has every right to make such motion as to the John Does. Garcia v. City of New York, 09 Civ. 4686 (CM), 2010 U.S. Dist. LEXIS 73638, at *2 (S.D.N.Y. July 14, 2010). Not surprisingly, plaintiffs still have not responded to the merits of the City's arguments as to why plaintiffs' claims against the John Doe defendants should be dismissed. (See Docket 40) Additionally, plaintiffs' request to take John Doe discovery before they file a second amended complaint appears to be just another delay tactic in lieu of responding to defendants' anticipated motion to dismiss, and plaintiffs did not even ask Judge Carter to take such discovery before filing their next amended complaint. Finally, plaintiffs seek to add dozens of John Doe defendants for no reason which would only add to the burdens of responding to the meritless claims being made in this lawsuit.

---

[2] Mx. Green's description of the parties' "meet and confer" is blatantly false. He made no request for a "meet and confer" until January 18, 2023. Within minutes of his request, I responded to his email and we held a telephonic "meet and confer" within the hour. I never stated there was "nothing to talk about." After a few minutes of discussion, when there was an apparent impasse, Mx. Green abruptly stated that he would be filing his motion and hung up the phone. The fact that he filed his letter motion less than an hour later shows that he had been working on it for days and that his requested "meet and confer" was not intended to resolve anything.

Thank you for your consideration herein.

                                      Respectfully submitted,

                                      /s/ Mark D. Zuckerman

                                      Mark D. Zuckerman

cc:    All counsel (via ECF)