

January 26, 2023

Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:     Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)

Dear Judge Cave:

      As the Court may recall, our firm represents Plaintiffs and the putative class in the case above. Per the Court's rules, and as noted in Plaintiffs' reply at Dkt. No. 46, we write in oppositions to Defendants' motions at Dkt. No. 44. Given that all of Defendants' arguments turn on an initial (misguided) assertion that their motion to dismiss is *so* strong that everything should be stayed, Plaintiffs address those issues while attempting to avoid shadow-briefing a not-yet-filed motion or engaging in a contest about which party can more strenuously[1] assert they are right.

      On the merits, Defendants seek two forms of relief: (1) a stay of all discovery pending a motion they have not yet made and (2) a protective order regarding two narrow sets of discovery requests. While neither motion has merit, Plaintiffs have no real objection to staying discovery beyond the requests already served, pending the anticipated "briefing schedule on cross-motions either for summary judgment and/or on the pleadings" (or for dismissal).[2] *See* 2022-08-22 Tr. 20:20-22:07.

      As a starting point, Defendants omit from their summary that this matter is — or at least was — a § 1983 Plan case. Until the initial conference, Plaintiffs were barred from taking discovery pursuant to the Plan's automatic stay. Defendants have enjoyed a stay for well over a year, since October 1, 2021, but have never moved to dismiss the individual claims for which they now assert individual discovery would be horribly burdensome. In fact, Defendants even served an answer and joined issue (Dkt. No. 12), and the parties ultimately attended an initial pretrial conference after a productive 26(f).

      But rather than "keep[ing] meeting and conferring" on how to efficiently bring cross-motions on liability issues (*id.* at 22:8-13) as the Court directed at the initial pretrial conference, Defendants

---

[1] *Cf.* A FEW GOOD MEN (Castle Rock Entertainment 1992).
[2] However, if Defendants genuinely intend to pull the bait and switch maneuver of telling the Court they would not provide limited discovery on class issues, and now seeking to move to strike on the basis that Plaintiffs lack that very information, Plaintiffs cannot agree to stay class discovery — and ask the Court to leave open serving additional class-related discovery so they can prepare an adequate opposition (after an anticipated motion to strike Defendants' forthcoming motion).



filed their pre-motion letter without any discussion.[3]  That letter essentially refused to take the facts in the complaint as true.  It is for this reason that Defendants misunderstand the basic way the Court's Practice operate when they crow that "the City's showing was so overwhelming that plaintiffs asked Judge Carter to serve a second amended complaint."  Dkt. No. 44 at 2.  Instead, as Judge Carter's rules explain, "the non-moving party must advise the Court and its adversary whether it intends to file an amended pleading based on the pre-motion conference letter" and a failure to ask for such leave means that "**it is unlikely that the Court will grant the non-moving party leave to amend**."  Individual Practices of Andrew L. Carter, Jr., ¶ 2(D)(i)-(ii) (2020) (emphasis in original).  In any opposition to a motion that basically asserts the facts in the complaint are not true — as the City does all too often (*see, e.g., In re NY City Policing During Summer 2020 Demonstrations*, 548 F Supp 3d 383, 404 (SDNY 2021) (calling the City's argument that the Court should disregard the pleading and find no history of unconstitutional policing in New York by counting only jury verdicts "absurd")) — Plaintiffs obviously intend to spell out in (perhaps excruciating) detail the facts Defendants claim are "insufficiently outline[d]."  Dkt. No. 40 at 2.

Moreover, amendment was also necessary because of an agreement between the parties.[4]  Perhaps current counsel was not aware, but in discussing the case, previous defense counsel shared that NYPD members represented by the Law Department had asserted they engaged in the conduct at the center of this complaint—namely, that they brought people with warrants to Rikers Island or City jails rather than to court—pursuant to a Department policy.  Defendants therefore initially argued they should not face meaningful (or any) damages *because* they were just following the policy. When Defendants objected to Plaintiffs' inclusion of these statements in the amended Complaint, Plaintiffs made clear that "we would be happy to remove this piece, assuming we are in agreement that the policy's existence is not in dispute."  Defendants *never objected* to that or attempted to clarify the understanding.  So once again, for Defendants to suddenly assert that "[a]ny claim of an improper formal policy" fails because no policy exists is something of a surprise.  But, perhaps more to the point:  (1) Plaintiffs thus need to amend the Complaint to include the fact that both individual officers and an attorney at the Law Department have stated that the City and NYPD have a policy of taking people picked up on bench warrants directly to jail instead of court (as required by law) and (2) that the *fact* (which a motion to dismiss must take as true) that a Law Department lawyer said it, against the City's interest, makes it plausible, at a minimum.

---

[3] This came as a major surprise to Plaintiffs because, prior to the substitution of counsel, Plaintiffs had asked if "Defendants [would let Plaintiffs know] if [they were] moving to dismiss in 30 days [from October 14], so we can prepare our cross-motions (as the Court suggested was most efficient) and discuss a briefing schedule some amount of time in advance" as well as "getting some (likely only very surface level) class discovery done in advance of the 60 day mark," and Defendants' then-counsel agreed that "I think your suggestion makes a lot of sense," but because new counsel was taking over, could not commit.  Nonetheless, then-counsel committed to keeping the timing issues and cooperation on new counsel's radar.

[4] In addition to the above, a more personal factor may contribute to Defendants' perception that some gamesmanship was going on.  Without saying too much on a public docket, on January 6, when the letter was filed, I had been hospitalized twice in the weeks around New Year's — and in the ER a third time.  Faced with that surprising letter, if I had not been in debilitating pain and hospitalized, I might have served the class discovery requests sooner.  Instead, however, given all the givens, I asked for an extension of time to serve a proposed amended complaint, and so on.

COHEN&GREEN                                                                                                      Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Finally, Defendants' merits argument border on frivolous. For example, without explanation, ignoring the entire relevant portions of the Complaint (for example, Dkt. No. 33 ¶¶ 53-59[5] , they assert "plaintiffs Thompson, Rosario and Wright were all arraigned promptly upon their arrests" seeming to assert no standard whatsoever applies to "warrant[ed]" arrests. Dkt. No. 40 at 2-3. And while they say "plaintiffs can cite to no authority for their underlying premise that the purported 'without unnecessary delay' requirement of C.P.L. §530.70 should be construed the same way as C.P.L §140.20 has with respect to the 24 hour arrest to arraignment requirement," the authority is the statute itself. Both statutes — parts of the same general scheme — use same "without unnecessary delay" language:

- CPL § 140.20 (emphasis added): "Upon arresting a person without a warrant, a police officer, **after performing without unnecessary delay all recording, fingerprinting and other preliminary police duties** required in the particular case, **must** except as otherwise provided in this section, **without unnecessary delay bring the arrested person** or cause him to be brought before a local criminal court";
- CPL § 530.70(2) (emphasis added): "…following the arrest, such executing police officer or court officer *must without unnecessary delay bring the defendant* before the court in which it is returnable"

It is, of course, well-settled that "[i]dentical language used in different parts of the same statute should be interpreted to have the same meaning." *Diezcabeza v Lynch*, 75 F Supp 2d 250, 253 (SDNY 1999). Further, Defendants' argument ignores that prime difference between CPL § 140.20 — which Defendants concede gives rise to a claim under a "24 hour arrest to arraignment requirement" (Dkt. No. 40 at 3) — and the bench warrant provision is that CPL § 140.20 *allows an officer to do something else first*. CPL § 530.70(2) does not.

Defendants' arguments as to the stay all turn on the purported "overwhelming strength as to why plaintiffs' municipal liability and injunctive relief claims should be dismissed" (Dkt. No. 44 at 3). But, as shown (at least in part) above, the arguments are little more than paper tigers. Thus, the stay and protective motion are left basically on the assertion that Plaintiffs shouldn't get a fair shot at class discovery because Defendants are trying "to resolve the class issues without class certification discovery"[6] (Dkt. No. 44 at 3) and that a motion to dismiss should automatically stay all discovery. Since there is no such automatic stay, and since Defendants provide no justification at all for their claim that they should get to resolve class issues without discovery because they want to, their motion should be denied. And as noted above, that only applies to the discovery already served, and further class discovery; Plaintiffs have no objections to holding off on merits discovery until after the cross-motions already discussed.

---

[5] Noting, among other things, that, "There is significantly more processing, fingerprinting, drafting of accusatory instruments, and the like involved in the C.P.L. § 140.20 [e.g., arraignments] context than the C.P.L. § 530.70 [e.g., bench warrants] context," so if anything, the presumptively unconstitutional period to hold someone before bringing them to court is *shorter* than the 24 hours that gives rise to a claim under *People ex rel. Maxian v Brown*, 77 NY2d 422, 426-27 (1991). *See, e.g., Dishman v City of NY*, 36 Misc 3d 1216[A], 1216A, 2012 NY Slip Op 51361[U], *4 (Sup Ct, NY County 2012).

[6] So too, presumably, would every defendant.

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As always, we thank the Court for its continued time and attention.

                                               Respectfully submitted,
                                                   /s/
                                              _____
                                              J. Remy Green
                                                 *Honorific/Pronouns: Mx., they/their/them*
                                              **COHEN&GREEN P.L.L.C.**
                                              *Attorneys for Plaintiffs*
                                              1639 Centre St., Suite 216
                                              Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com