

THE CITY OF NEW YORK

| | LAW DEPARTMENT | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARK D. ZUCKERMAN**<br>Senior Counsel<br>E-mail: mzuckerm@law.nyc.gov<br>Phone: (212) 356-3519<br>Fax: (212) 788-9776 |

February 2, 2023

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Paul Phillips, et. al. v. The City of New York, et. al.</u>, 21 Civ. 8149 (ALC)(SLC)

Your Honor:

      I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write in further support of the relief requested in our letter motion at Docket 44 herein.

      At the outset, we understand the municipal liability issue which plaintiffs seek to have addressed is whether individuals who were detained by NYPD officers on open warrants and brought by them directly to DOC custody without being brought to court, resulted in unconstitutionally long detentions that also violated state law. In our opening letter brief, we pointed out that three of the four plaintiffs were in fact brought to court, contrary to plaintiffs' allegations. We have now reviewed plaintiffs' Second Amended Complaint, and our investigations to date still demonstrate that the facts as to at least three of the four named plaintiffs are dissimilar to the municipal liability issue that we thought plaintiffs were raising. Plaintiffs' allegations, despite yet another opportunity to amend, are simply wrong as to at least three of the four plaintiffs. The plaintiffs Rosario, Thompson and Wright were all brought by NYPD officers to appear before a judge upon their subject arrests, none of which were the result of open warrants. Plaintiffs' contention that the City does not have a strong motion to dismiss


plaintiffs' municipal liability claims, the first factor that the Court should consider in whether to grant a stay of discovery pending the outcome of a motion to dismiss[1], is clearly incorrect.

With respect to Rosario, his subject arrest was based on an existing indictment and arrest warrant (which resulted in the issuance of an NYPD probable cause i-card) in connection with his role in covering up a homicide. Rosario's role in the crime was that he was handed a gun by the indicted alleged perpetrator of the homicide, and that he discarded it. He was indicted by a Grand Jury for evidence tampering as a result thereof. Following an attempt to arrest him, his attorney arranged for him to surrender at the 114th Pct., which he did. He was then taken by NYPD detectives to the Queens County Supreme Court to appear before a judge. He was thus not detained due to a warrant, and clearly was not brought directly by NYPD officers to DOC custody. He was indicted in connection with his role in covering up the foregoing homicide and brought directly to see a Supreme Court Justice upon his arrest.

With respect to Thompson, her subject arrest was the result of her theft and subsequent improper use of a credit card that did not belong to her. She was not arrested on an open warrant (although she had two open warrants at the time of her underlying arrest). Upon her arrest, she was brought directly to Manhattan Central Booking by NYPD officers and arraigned. She was not brought by NYPD officers to and placed in DOC custody without seeing a judge as alleged in the Complaint. In fact, it appears that she was arrested by NYPD warrants officers, and not bail bondsmen, as alleged in the Complaint.

With respect to Wright, during the initial frenzy over COVID, on or about March 18, 2020, he was arrested based on his possession of narcotics that were discovered upon a stop of a vehicle in Brooklyn in which he was a passenger. After being processed at the 75th Pct., he was transported to Brooklyn Central Booking to be arraigned on those charges. The Kings County DA's office apparently declined to prosecute on the underlying narcotics charges, but an open warrant was discovered. The plaintiff Wright requested medical treatment while he was at Brooklyn Central Booking and was therefore brought to Brookdale Hospital. NYPD officers were called to transport him to the hospital. At some point after his hospitalization (he was discharged from the hospital late in the next evening) he was brought to DOC custody.

Thus, at this stage of the City's investigation of plaintiffs' allegations, only the original plaintiff Phillips' allegations remotely resemble the general fact pattern that we thought plaintiffs were challenging (and Phillips was detained by police officers from another jurisdiction on a national holiday as celebrated, July 3, 2020, a Friday—during the height of the COVID crisis—and remanded to DOC custody in the evening hours on a national holiday). In light of the foregoing, and the lack of additional sufficient allegations in the Second Amended Complaint as to other "similar" complaints, for the reasons set forth in our pre-motion conference letter to Judge Carter, it is clear that plaintiffs have not plausibly alleged municipal liability and that such claims should be dismissed. It speaks to plaintiffs' desperation that they now seem to base their claim in large part on a purported off the record discussion of some sort with defendants' prior

---

[1] Plaintiffs do not dispute the standard to be applied by the Court in determining such a motion for a stay as set forth in the City's letter brief at Docket 44.

counsel in this case. Defendants' motion to dismiss should thus be resolved before taking class discovery that is completely dependent on municipal liability claims that are likely to fail.

Seemingly knowing that their Monell claims as pled will fail, plaintiffs seem to yet again be trying to improperly broaden the scope of this lawsuit. Although confused in their pleadings, plaintiffs now seem to be taking the position that any direct transfer by NYPD officers of anyone who has an open warrant into DOC custody is *per se* unlawful. There is absolutely no legal support for such a proposition. Additionally, incredibly, plaintiffs now wish to expand this lawsuit again by identifying an unrelated proposed class, persons in DOC custody who have been denied sufficient medical treatment. (SAC, ¶384) Plaintiffs have certainly not plausibly made allegations which support this claim either. A stay of discovery should be granted.

As the Court is aware, the City is also challenging the sufficiency of plaintiffs' class allegations and seeks to strike them. Plaintiffs' Second Amended Complaint attempts to sufficiently plead Rule 23 issues of "predominance." (SAC, ¶356) However, there are numerous individualized determinations that would have to be made that dictate against class treatment and support the City's motion to strike plaintiffs' class allegations due to plaintiffs' clear inability to meet Rule 23's requirements, i.e., What time of day was a person detained?, Was it a holiday,? Was there a court available to adjudicate a warrant?, What type of warrant was it?, What court was the warrant from?, What court could the individual be brought to?, Were there emergency factors such as COVID at issue?, What were the charges at issue other than the warrant?, How long was the individual held for?, What occurred that caused any alleged delay,? Who was involved in the incident and from what agency? This is further reason for the City's motion to strike plaintiffs' class allegations to be resolved first.

With respect to the class discovery that plaintiffs seek immediately, plaintiffs continually refer to "lists" maintained by the City that they claim would easily enable plaintiffs to determine class members. This is not true at all. From our investigation, the "lists" that plaintiffs refer to are prepared by DOC and provided to OCA to ensure that individuals remanded to DOC custody on warrants are timely brought to court. These lists are not prepared based on the origin of the warrants as plaintiffs would lead the court to believe, i.e., these are not lists of individuals who were brought "directly" by NYPD to DOC custody when detained upon warrants. Any attempt to isolate the identity or even the number of such persons would require an unduly burdensome manual examination of a much broader group of persons who are/were in DOC custody based upon warrants. Thus, the scope of responding to the discovery sought by plaintiffs would be incredibly burdensome,[2] and it makes the most sense to stay discovery pending the outcome of defendants' motion to dismiss for this reason as well. Plaintiffs have also not pointed to any prejudice to them by having defendants' motion to dismiss be resolved first.

Thank you for your consideration herein.

---

[2] Plaintiffs' proposed class discovery also would require unduly burdensome e-discovery searches.

          Respectfully submitted,

          /s/ Mark D. Zuckerman

          Mark D. Zuckerman

cc:    All counsel (via ECF)