21 Civ. 8149 (ALC)(SLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et. al.,

Plaintiffs,

- against -

THE CITY OF NEW YORK, et. al.,

Defendants.

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND/OR TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark D. Zuckerman*
*Tel:  (212) 356-3519*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... iv

PRELIMINARY STATEMENT ...................................................................... 1

FACTUAL STATEMENT ............................................................................... 1

    A.  Paul Phillips ..................................................................... 1

    B.  Khaori Wright ................................................................. 2

    C.  Randy Rosario ................................................................ 3

    D.  Kylasia Thompson .......................................................... 3

LEGAL STANDARD FOR RULE 12(B)(6) MOTION ................................ 4

ARGUMENT

        POINT I

               THE PLAINTIFF PHILLIPS' FEDERAL FALSE ARREST CLAIM SHOULD BE DISMISSED ........................................... 6

        POINT II

               PLAINTIFFS' FEDERAL EXCESSIVE DETENTION CLAIMS SHOULD BE DISMISSED ................................. 6

        POINT III

               PHILLIPS AND WRIGHT'S DELIBERATE INDIFFERENCE TO MEDICAL NEEDS CLAIMS SHOULD BE DISMISSED ........................................... 9

        POINT IV

               PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS SHOULD BE DISMISSED ....................................................... 11

        POINT V

               PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF .......................................................... 16

**Page**

A.  Legal Standard Upon Motion to Dismiss
    Pursuant to Rule 12(b)(1), Fed. R. Civ. P............................................. 16

B.  Legal Standard For Standing to Seek Injunctive
    Relief...................................................................................................... 17

C.  Plaintiffs Cannot Demonstrate a Likelihood of
    Future Harm ........................................................................................... 19

D.  Plaintiffs have not Plausibly Alleged "a Formal
    Policy or Its Equivalent" Necessary to Confer
    Standing .................................................................................................. 20

E.  Even Applying the Monell Standard, Plaintiffs
    Fail to Plausibly Allege a "Formal Policy or its
    Equivalent" ............................................................................................. 20

F.  Plaintiffs' Class Allegations Seeking Injunctive
    Relief Should Be Dismissed ................................................................ 21

POINT VI

    THE      COURT      SHOULD      DECLINE
    SUPPLEMENTAL     JURISDICTION     OVER
    PLAINTIFFS' STATE LAW CLAIMS ................................................... 21

POINT VII

    PHILLIPS' STATE LAW FALSE ARREST AND
    ASSAULT AND BATTERY CLAIMS SHOULD
    BE DISMISSED ..................................................................................... 21

POINT VIII

    PHILLIPS'     STATE     LAW     EXCESSIVE
    DETENTION CLAIM SHOULD FAIL ................................................. 22

POINT IX

    PHILLIPS' STATE CONSTITUTIONAL CLAIMS
    SHOULD BE DISMISSED ..................................................................... 22

**Page**

POINT X

      PLAINTIFFS' CLASS ALLEGATIONS SHOULD
      BE STRICKEN PURSUANT TO RULE 12(f), FED.
      R. CIV. P...............................................................................................23

CONCLUSION...........................................................................................................25

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                          <u>**Pages**</u>

Almareh v. Mayorkas,
   20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546
   (S.D.N.Y. Oct. 20, 2021) ................................................................................................ 17-18

An v. City of New York,
   16 Civ. 5381 (LGS), 2017 U.S. Dist. LEXIS 84364 (S.D.N.Y. June 1, 2017)........................20

An v. City of New York,
   230 F. Supp.3d 224 (S.D.N.Y. 2017)................................................................................14, 18

Aquino v. City of New York,
   16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 10436 (S.D.N.Y. Jan. 25, 2017)....................12

Ashcroft v. Iqbal,
   556 U.S. 662 (2008)........................................................................................................4, 9, 11

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007).................................................................................................................4

Borgese v. Baby Brezza Enters. LLC,
   20 Civ. 1180 (VM), 2021 U.S. Dist. LEXIS 30216 (S.D.N.Y. Feb. 18, 2021) .......................24

Boyd v. City of New York,
   336 F.3d 72 (2d Cir. 2003)......................................................................................................22

Broder v. Cablevision Sys. Corp.,
   418 F.3d 187 (2d Cir. 2005).....................................................................................................5

Bryant v. City of New York,
   404 F.3d 128 (2d Cir. 2005).....................................................................................................7

Buari v. City of New York,
   530 F. Supp.3d 356 (S.D.N.Y. 2021)......................................................................................13

Calderon v. City of New York,
   138 F. Supp.3d 593 (S.D.N.Y. 2015)......................................................................................14

Camacho v. City of New York, et. al.,
   19 Civ. 11096 (DLC), 2020 U.S. Dist. LEXIS 125801
   (S.D.N.Y. July 16, 2020) ........................................................................................................23

Carter v. HealthPort Techs., LLC,
   822 F.3d 47 (2d Cir. 2016)......................................................................................................17

**Cases**                                                                    **Pages**

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)..................................................................5

City of Canton v. Harris,
   489 U.S. 378 (1989)...................................................................12, 13

City of Los Angeles v. Lyons,
   461 U.S. 95 (1983)...............................................................18, 19, 20

Collins v. City of New York, et. al.,
   923 F. Supp.2d 462 (E.D.N.Y. 2013) ....................................................14

Consol. Rail Corp. v. Town of Hyde Park,
   47 F.3d 473 (2d Cir. 1995)..................................................................24

Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.,
   790 F.3d 411 (2d Cir. 2015)................................................................18

Darnell v. Pieniero,
   849 F.3d 17 (2d Cir. 2017)..................................................................10

DeLuca v. AccessIT Group, Inc.,
   695 F. Supp.2d 54 (S.D.N.Y. 2010)........................................................5

Demaitre v. City of New York,
   18 Civ. 12403 (PGG), 2020 U.S. Dist. LEXIS 189206
   (S.D.N.Y. Oct. 11, 2020) ...................................................................16

Denny v. Deutsche Bank AG,
   443 F.3d 253 (2d Cir. 2006)............................................................17, 21

District of Columbia v. Wesby,
   138 S. Ct. 577 (2018)..........................................................................9

Farid v. Ellen,
   593 F.3d 233 (2d Cir. 2010)................................................................11

Feliciano v. Anderson,
   15 Civ. 4106 (LTS), 2017 U.S. Dist. LEXIS 47893 (S.D.N.Y. Mar. 30, 2017).....................10

Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc.,
   528 U.S. 167 (2000)....................................................................... 18-19

Galarza v. Monti,
   327 F. Supp.3d 594 (S.D.N.Y. 2018).......................................................7

**Cases**                                                                                      **Pages**

Garcia v. City of New York,
    09 Civ. 4686 (CM), 2010 U.S. Dist. LEXIS 73638 (S.D.N.Y. July 14, 2010)..........................1

Garcia v. Doe,
    779 F.3d 84 (2d Cir. 2014)...................................................................................................10

Garcia v. Execu/Search Grp., LLC,
    17 Civ. 9401 (WHP), 2019 U.S. Dist. LEXIS 68904 (S.D.N.Y. Feb. 19, 2019)....................23

Gaston v. Ruiz,
    17 Civ. 1252 (NGG), 2018 U.S. Dist. LEXIS 112695 (E.D.N.Y. July 6, 2018)....................13

Gen. Tel. Co. v. Falcon,
    457 U.S. 147 (1982)..............................................................................................................24

Harty v. Simon Property Group, L.P.,
    428 Fed. App'x. 69 (2d Cir. 2011).......................................................................................19

Haus v. City of New York,
    03 Civ. 4915 (RWS)(MHD), 2011 U.S. Dist. LEXIS 155735 (S.D.N.Y. Aug.
    31, 2011) ...............................................................................................................................24

Hollins v. City of New York,
    10 Civ. 1650 (LGS), 2014 U.S. Dist. LEXIS 183076 (S.D.N.Y. Mar. 3, 2014) ....................23

Holmes v. City of New York,
    17 Civ. 3874 (WHP), 2018 U.S. Dist. LEXIS 150257
    (S.D.N.Y. Sept. 4, 2018)......................................................................................................10

Horvath v. Daniel,
    423 F. Supp.2d 421 (S.D.N.Y. 2006)...................................................................................22

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)...................................................................................................4

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)...................................................................................................6

John v. Whole Foods Mkt. Grp., Inc.,
    858 F.3d 732 (2d Cir. 2017)................................................................................................17

Klein & Co. Futures, Inc. v. Board of Trade of City of New York,
    464 F.3d 255 (2d Cir. 2006)................................................................................................22

Kolari v. N.Y. Presbyterian Hosp.,
    455 F.3d 118 (2d Cir. 2006)...........................................................................................21, 22

**Cases**                                                                    **Pages**

Kramer v. Time Warner, Inc.,
937 F.2d 767 (2d Cir. 1991) .................................................................15

Kravtchouk v. City of New York, et. al.,
16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982
(E.D.N.Y. Sept. 30, 2019) ..................................................................5

MacIssac v. Town of Poughkeepsie,
770 F. Supp. 2d 587 (S.D.N.Y. 2011) .......................................19, 20, 21

Marcavage v. The City of New York,
689 F.3d 98 (2d Cir. 2012) .................................................................19

McNair v. Ponte,
16 Civ. 1722 (LAP), 2019 U.S. Dist. LEXIS 54287 (S.D.N.Y. Mar. 29, 2019) ...................10

Mercado v. City of N.Y.,
08 Civ. 2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430
(S.D.N.Y. Dec. 5, 2011) ....................................................................13

Monell v. Dep't of Social Services,
436 U.S. 658 (1978) ..............................................12, 13, 14, 17, 20, 21

Morris v. City of New York, et. al.,
20 Civ. 9314 (GBD), 2021 U.S. Dist. LEXIS 186917
(S.D.N.Y. Sept. 29, 2021) ............................................................11, 13

Morrison v. City of New York,
14 Civ. 4508 (MKB), 2019 U.S. Dist. LEXIS 4839 (E.D.N.Y. Jan. 10, 2019) ...............6, 22

Morrison v. Nat'l Austl. Bank,
547 F.3d 167 (2d Cir. 2008) ................................................................18

Mosca v. City of New York, et. al.,
17 Civ. 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 216885
(E.D.N.Y. Dec. 26, 2018) (M.J. Locke),
adopted in part by, Mosca v. City of New York, et. al., 17 Civ. 4327
(SJF)(SIL), 2019 U.S. Dist. LEXIS 30395 (E.D.N.Y. Feb. 25, 2019) ............................. 13-14

O'Shea v. Littleton,
414 U.S. 488 (1974) ....................................................................18, 19

Okin v. Vill. Of Cornwall-On-Hudson Police Dep't.,
577 F.3d 415 (2d Cir. 2009) ................................................................10

**Cases**                                                                                                 **Pages**

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)...........................................................................................................12

Palacios v. City of New York,
    15 Civ. 386 (PAE), 2017 U.S. Dist. LEXIS 146574 (S.D.N.Y. Sept. 11, 2017)....................23

Pearson v. Callahan,
    555 U.S. 223 (2009)...........................................................................................................9

Pembaur v. City of Cincinnati,
    475 U.S. 469 (1986) (plurality opinion) ................................................................................12

People v. Maxian,
    77 N.Y.2d 422 (1991) ...........................................................................................................8

People v. Small,
    26 N.Y.3d 253 (2015) ...........................................................................................................8

Peterec v. City of New York,
    14 Civ. 309 (RJS), 2015 U.S. Dist. LEXIS 28504 (S.D.N.Y. Mar. 6, 2015) .........................13

Plair v. City of New York,
    789 F. Supp. 2d 459 (S.D.N.Y. 2011) (collecting cases)........................................................16

Reich v. City of New York,
    19 Civ. 6491 (EK), 2021 U.S. Dist. LEXIS 137948 (E.D.N.Y. July 23, 2021) .....................16

Reichle v. Howards,
    566 U. S. 658 (2012)...........................................................................................................9

Riverside v. McLaughlin,
    500 U.S. 56 (1991)...........................................................................................................7

Rodriguez v. City of New York,
    16 Civ. 1649 (AMD)(RLM), 2022 U.S. Dist. LEXIS 104160
    (E.D.N.Y. June 7, 2022) ...............................................................................................13, 14

Ross v. Bank of Am., N.A. (USA),
    524 F.3d 217 (2d Cir. 2008)................................................................................................18

Saucier v. Katz,
    533 U.S. 194 (2001)...........................................................................................................10

Shain v. Ellison,
    356 F.3d 211 (2d Cir. 2004)....................................................................................18, 19, 20

**Cases**                                                                                                    **Pages**

Shaw v. Hornblower Cruises & Events, LCC,
    21 Civ. 10408 (VM), 2022 U.S. Dist. LEXIS 202703 (S.D.N.Y. Nov. 7, 2022) .............23, 24

Soberanis v. City of New York,
    244 F. Supp.3d 395 (S.D.N.Y. 2017) ...................................................................................8

Tangreti v. Bachmann,
    983 F.3d 609 (2d Cir. 2020) ..............................................................................................11

Tasini v. New York Times Corp., Inc.,
    184 F. Supp. 2d 350 (S.D.N.Y. 2002) ..............................................................................18

Tieman v. City of Newburgh,
    13 Civ. 4178 (KMK), 2015 U.S. Dist. LEXIS 38703
    (S.D.N.Y. Mar. 26, 2015) ..................................................................................................14

United States v. Vazquez,
    145 F.3d 74 (2d Cir. 1998) ................................................................................................17

Vippolis v. Vill. of Haverstraw,
    768 F.2d 40 (2d Cir. 1985) ................................................................................................13

W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP,
    549 F.3d 100 (2d Cir. 2008) ..............................................................................................17

Walker v. City of New York,
    12 Civ. 5902 (PAC), 2014 U.S. Dist. LEXIS 42272 (S.D.N.Y. Mar. 18, 2014) ....................14

Walker v. City of New York,
    14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 (S.D.N.Y. July 14, 2015) ...........................15

Walker v. Schult,
    717 F.3d 119 (2d Cir. 2013) ..............................................................................................10

Warth v. Seldin,
    422 U.S. 490 (1975) ...........................................................................................................17

Watson v. City of New York,
    92 F.3d 31 (2d Cir. 1996) ...............................................................................................8, 23

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996) ................................................................................................6

White v. City of New York,
    16 Civ. 6183 (LGS), 2017 U.S. Dist. LEXIS 131614
    (S.D.N.Y. Aug. 17, 2017) ..................................................................................................10

**Cases**                                                                                              **Pages**

Williams v. City of New York,
    34 F. Supp.3d 292 (S.D.N.Y. 2014)...........................................................18, 19, 20

Zanfardino v. City of New York,
    230 F. Supp.3d 325 (S.D.N.Y. 2017).................................................................7

**Statutes**

28 U.S.C. § 1367(3)................................................................................................21

42 U.S.C. § 1983.........................................................................................10, 11, 12

C.P.L. §120.90.......................................................................................................8

C.P.L. §140.20....................................................................................................8, 23

C.P.L. §530.70.................................................................................................8, 9, 23

Fed. R. Civ. P. 12(b)(1).....................................................................................1, 17, 18

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 4

Fed. R. Civ. P. 12(f).............................................................................................1, 23

Fed. R. Civ. P. 23(a)(1)..........................................................................................24

Fed. R. Civ. P. 23(a)(2)..........................................................................................24

Fed. R. Civ. P. 23(a)(3)..........................................................................................24

Fed. R. Civ. P. 23(b)(3)..........................................................................................24

Fed. R. Civ. Proc. 8...............................................................................................4

Fed. Rule Civ. Proc. 8(a)(2)......................................................................................5

Gen. Mun. L. §50-e...............................................................................................22

## PRELIMINARY STATEMENT

Defendant City of New York (the "City") hereby respectfully submits its Memorandum of Law in support of its motion to dismiss plaintiffs' second amended complaint (the "Complaint") in its entirety pursuant to Rule 12(b)(6), Fed. R. Civ. P.,[1] plaintiffs' claims for injunctive relief pursuant to Rule 12(b)(1), Fed. R. Civ. P. and to strike plaintiffs' class allegations pursuant to Rule 12(f), Fed. R. Civ. P. For the following reasons, the City's motions should be granted in their entirety and the Complaint dismissed with prejudice. Simply, although the thrust of the Complaint is that the City has an unconstitutional practice of arresting individuals on warrants and bringing them directly to DOC custody without seeing a judge, three of the four named plaintiffs in this case were indisputably arrested on unrelated charges and brought directly to court to see a judge. Further, it is certainly not *per se* unlawful for the NYPD to bring individuals arrested on warrants to DOC custody. Additionally, courts have not applied New York's 24 hour arrest to arraignment rule for **warrantless** arrests to **arrests based on warrants**. Further, as all of plaintiffs' allegations are based on past events, injunctive relief is improper. Finally, class treatment is clearly improper as well. Plaintiffs' Complaint is meritless and their attempt to expand this litigation exponentially into a class action should easily be rejected by the Court.

## FACTUAL STATEMENT

### A.    Paul Phillips

On July 3, 2020, the nationally celebrated Independence Day of 2020, plaintiff Paul Phillips was stopped by a New York State ("NYS") Trooper in Guilderland, New York in connection with an alleged traffic infraction. (Complaint, ¶89) The NYS Trooper told Phillips that

---

[1] All of plaintiffs' claims against the John and Jane Doe defendants should be dismissed as well as plaintiffs have failed to plausibly allege claims against them.  See Garcia v. City of New York, 09 Civ. 4686 (CM), 2010 U.S. Dist. LEXIS 73638, at *2 (S.D.N.Y. July 14, 2010) (dismissing claims against John and Jane Doe defendants).

he had an open warrant from New York Criminal Court dating back to 1989. (Complaint, ¶91 and Ex. A to Declaration of Mark D. Zuckerman, dated February 28, 2023 (hereinafter "Zuckerman Decl.")) The NYS Trooper then arrested Phillips and transported him to the NYS Trooper Barracks. (Complaint, ¶¶94-95) NYS Troopers then transported Phillips to Poughkeepsie, New York, and Phillips was thereafter transported to the NYPD's Bronx Warrant Division. (Complaint, ¶99) Phillips was then brought to Riker's Island, where he was detained for four days without seeing a judge, and released on July 7, 2020. (Complaint, ¶107) NYPD paperwork shows that Phillips' arresting officer was a "Trooper Alleyne" and that a NYS Trooper guarded Phillips when he was in custody at the NYPD's 50th Pct. (Exs. B and C to Zuckerman Decl.) NYPD paperwork also shows that Phillips was transported to Rikers Island at 5:10 p.m. on July 3, 2020 (during the COVID-19 emergency), which as seen was a national holiday. (Ex. B to Zuckerman Decl.)

**B.    Khaori Wright**

"In May 2020" [in fact, March 18, 2020, during the height of the COVID-19 emergency as well], plaintiff Khaori Wright was a passenger in a vehicle that was stopped by the NYPD. (See Complaint, ¶152) Upon the car stop, Wright was arrested for criminal possession of a controlled substance and marihuana.  (Ex. D to Zuckerman Decl.) Upon his arrest for criminal possession of a controlled substance and marihuana, Wright was brought directly by the NYPD to Brooklyn Central Booking for arraignment. (Complaint, ¶157 and Exs. D and E to Zuckerman Decl.) The Kings County DA's Office subsequently declined to prosecute Wright arising on the narcotics and marihuana charges. (Exhibit E to Zuckerman Decl.)

According to Wright, upon his arrest, the NYPD database also "indicated a warrant associated with his name…." (Complaint, ¶153) That warrant was an arrest warrant from Superior Court. (Ex. F to Zuckerman Decl.) NYPD records indicate that on March 19, 2020 that plaintiff requested to be taken to Brookdale Hospital, which he was, and was to be brought back to court

thereafter on the open arrest warrant. (Exhibit E to Zuckerman Decl.) DOC records indicate that Wright, upon his release from Brookdale Hospital, was brought to DOC custody on March 19, 2020. (Ex. G to Zuckerman Decl.)

**C.    Randy Rosario**

Randy Rosario surrendered at the NYPD's 114th Pct. on November 11, 2020 and was arrested. (See Complaint, ¶216 and Ex. H to Zuckerman Decl.) Rosario had previously been indicted for tampering with a gun, which was arrest evidence in connection with a homicide, and an arrest warrant had issued in connection with the charges against Rosario. (Exs. H and I to Zuckerman Decl.) Rosario's surrender and arrest on November 11, 2020 was in connection with the foregoing tampering of evidence charge. (Ex. H to Zuckerman Decl.) Rosario was brought directly to Queens County Supreme Court by the NYPD upon his arrest of November 11, 2020 to see a judge. (Ex. J to Zuckerman Decl.)  After being brought to court, Rosario was then remanded to DOC custody. (Ex. K to Zuckerman Decl.) Rosario makes no allegation that these charges have been resolved, nor could he—the charges are still pending. (See Complaint, ¶¶215-230).

**D.    Kylasia Thompson**

Plaintiff Kylasia Thompson was arrested on November 21, 2019 for grand larceny and theft. (See Complaint, ¶231 and Ex. L to Zuckerman Decl.) She was arrested at a residence where she was staying with a friend by detectives from the NYPD Warrants Squad. (Ex. M to Zuckerman Decl.) She was then brought directly by the NYPD to Manhattan Central Booking for arraignment and to see a judge on the grand larceny and theft charges that she had been arrested for. (Ex. N to Zuckerman Decl.) Thompson also had open bench warrants at the time of her underlying arrest, at least one of which was from Superior Court.  (Exs. N and O to Zuckerman Decl.) After her arraignment, Thompson was remanded to DOC custody. (Ex. P to Zuckerman Decl.)

**LEGAL STANDARD FOR RULE 12(B)(6) MOTION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (quoting Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

Two working principles determine whether a complaint may survive a motion to dismiss. Ashcroft, 556 U.S. at 678-679. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. (citing Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" Id. (citing Fed. Rule Civ. Proc. 8(a)(2)).

"The Court's review of defendant['s] motion to dismiss is limited to the facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, documents integral to the complaint, and matters of which the Court may take judicial notice." Kravtchouk v. City of New York, et. al., 16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982, at *8 (E.D.N.Y. Sept. 30, 2019); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("a court may consider 'matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit'"). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document integral to the complaint." Chambers, 282 F.3d at 152-53. "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents…[and] [t]o be integral to a complaint, the plaintiff must have 1) actual notice of the extraneous information and 2) relied upon the documents in framing the complaint." DeLuca v. AccessIT Group, Inc., 695 F. Supp.2d 54, 60 (S.D.N.Y. 2010) (quoting Chambers at 153). "Insofar as the complaint relies on the terms" of a document either annexed or deemed incorporated by reference, the court "need not accept its description," but may look to the document itself. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005).

# ARGUMENT

## POINT I

### THE PLAINTIFF PHILLIPS' FEDERAL FALSE ARREST CLAIM SHOULD BE DISMISSED

Only the plaintiff Phillips has brought a false arrest claim.  There can be no dispute that probable cause is a complete defense to an action for false arrest. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Phillips seems to concede that there was an indication of a live warrant in the database accessed either by the NYS Trooper who arrested him. (Complaint, ¶¶91-92), and as such, the warrant (which the Court should take judicial notice of and/or find to be integral to the Complaint) would establish probable cause for his arrest. See Morrison v. City of New York, 14 Civ. 4508 (MKB), 2019 U.S. Dist. LEXIS 4839, at *12-16 (E.D.N.Y. Jan. 10, 2019) (indication of a warrant in an NYPD database gives rise to probable cause to arrest). Since Phillips did not plead the lack of an indication of a live warrant any database that could be accessed by the NYPD, Phillips' false arrest claim fails on the basis of probable cause for his arrest.

## POINT II

### PLAINTIFFS' FEDERAL EXCESSIVE DETENTION CLAIMS SHOULD BE DISMISSED

Plaintiffs' federal excessive detention claims fail for a number of reasons. First, plaintiffs' federal excessive detention claims are premised on violations of the presumptive 48 hour rule set forth in Riverside v. McLaughlin, 500 U.S. 56 (1991). However, the Second Circuit has stated that such rule is limited to the "context of pretrial detention, [where] the Supreme Court has held that, when there has been a **warrantless** arrest, the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention." Bryant v. City of New York, 404 F.3d 128, 136 (2d Cir. 2005) (emphasis added). Here, plaintiffs have premised

6

their claims on detentions based upon warrants. As such, the doctrine they cite to as the basis for their claims does not apply.

Second, to the extent that plaintiffs' federal excessive detention claims are based on "'a state rule of criminal procedure,' the claims 'do[] not create a liberty interest that is entitled to protection under the federal Constitution.'" Soberanis v. City of New York, 244 F. Supp.3d 395, 401 (S.D.N.Y. 2017) (M.J. Gorenstein) (quoting Watson v. City of New York, 92 F.3d 31, 37-38 (2d Cir. 1996)). Thus, to the extent that plaintiffs base their federal excessive detention claims upon alleged violations of New York State C.P.L. §§530.70 and 140.20 by the City, such federal claims are not actionable.

Third, in any event, plaintiffs' argument is that New York's 24 hour arrest to arraignment rule for warrantless arrests as set forth in People v. Maxian, 77 N.Y.2d 422 (1991), a decision based on C.P.L. §140.20 only, applies to arrests based on warrants as well. It does not. The New York Court of Appeals in Maxian limited its holding regarding the 24 hour rule to arrests without warrants. Id., at 424. No court has ever applied New York's arrest to arraignment 24 hour rule to arrests based on warrants. In fact, C.P.L. §530.70 references C.P.L. §120.90 on the return of warrants, to which the New York Court of Appeals has stated, "'no specific time span is universally considered unreasonable or per se unconstitutional' in bringing a defendant before the local criminal court." People v. Small, 26 N.Y.3d 253, 258 (2015) (internal quotation omitted). For this reason as well, plaintiffs' federal excessive detention claims fail, although even if the Court adopts plaintiffs' argument, **Rosario and Thompson were arraigned within 24 hours of their arrests in any event.** (Exhibits J and N to Zuckerman Decl.)

Fourth, plaintiffs have not plausibly alleged excessive detention as to any John Doe defendant. As seen, three of the four plaintiffs (Wright, Rosario and Thompson) **were brought to court directly upon their arrests and were each arraigned within 48 hours after their arrests**

7

according to NYPD paperwork.[2]  (Exhibits E, J and N to Zuckerman Decl.) Courts determined what happened to them thereafter.  Plaintiffs have failed to in any way allege that any NYPD officer brought any plaintiff to DOC custody when a court was available to hear returns on any of their warrants.[3] Simply alleging that a court may have been technically open says nothing about whether there was a court part available to hear a return on any warrants at the relevant times. Plaintiffs' allegations in this regard against the John Doe defendants are thus completely conclusory and violative of Iqbal, as no allegations are made against any individual defendant that any plaintiff was brought to DOC custody where a court was available to hear a return on any warrant. In fact, C.P.L. §530.70 expressly authorizes police officers bringing a defendant arrested on a "superior court" warrant to a correctional facility, where a court is not "available." (the Wright and Thompson open warrants were issued by a Superior Court, see Exs. F and O to Zuckerman Decl.)  Plaintiffs' claims are thus without merit.

Fifth, any individual defendant would be entitled to qualified immunity even if the Court finds such that the excessive detention rights that plaintiffs claim actually exist. The Supreme Court and the Second Circuit have recognized that police officers are entitled to qualified immunity unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'"  District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (citing Reichle v. Howards, 566 U. S. 658, 664 (2012)). The United States Supreme Court has ruled that in making qualified immunity determinations, the

---

[2] NYPD records show that Wright was arraigned 26 hours after his arrest.  (Exhibit E to Zuckerman Decl.)

[3] Phillips was transported to DOC custody after 5 p.m. on a national holiday during the COVID-19 emergency.  There is no indication that any court part was available to hear a return on his warrant at that time.  In fact, it is not clear at this time if it was NYS troopers who transported him to Rikers Island. (Exhibits B and C to Zuckerman Decl.)

District Court is no longer bound to determine the existence of a constitutional right first before considering whether the right was clearly established at the time of the governmental official's conduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Courts "generally 'look to Supreme Court and Second Circuit precedent existing at the time of the alleged violation to determine whether the conduct violated a clearly established right…'" Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014) (quoting Okin v. Vill. Of Cornwall-On-Hudson Police Dep't., 577 F.3d 415, 433 (2d Cir. 2009)). Such a right was certainly not clearly established at the time of any plaintiff's detention, and certainly not in the "particularized…sense," see Saucier v. Katz, 533 U.S. 194, 200 (2001), thus, qualified immunity should be afforded to any individual defendant on these claims.

### POINT III

### PHILLIPS AND WRIGHT'S DELIBERATE INDIFFERENCE TO MEDICAL NEEDS CLAIMS SHOULD BE DISMISSED

To state a claim for deliberate indifference to medical needs under §1983, a plaintiff must satisfy a two-prong test. "The first prong is objective: 'the alleged deprivation of adequate medical care must be sufficiently serious.'" McNair v. Ponte, 16 Civ. 1722 (LAP), 2019 U.S. Dist. LEXIS 54287, at *35 (S.D.N.Y. Mar. 29, 2019) (quoting White v. City of New York, 16 Civ. 6183 (LGS), 2017 U.S. Dist. LEXIS 131614, at *7 (S.D.N.Y. Aug. 17, 2017)). To satisfy the first prong, "'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" Id.  (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013). "To create such risk, a condition must be one 'of urgency, one that may produce death, degeneration, or extreme pain, exists.'" Id. (quoting Holmes v. City of New York, 17 Civ. 3874 (WHP), 2018 U.S. Dist. LEXIS 150257, at *18 (S.D.N.Y. Sept. 4, 2018)).

"The second prong is subjective and requires a court to consider the defendant's mental state. Under this prong, 'a defendant possesses the requisite mens rea when he acts or fails to act

9

under circumstances in which he knew, or should have known, that a substantial risk of serious harm to the pretrial detainee would result.'" Id., at 36 (quoting Feliciano v. Anderson, 15 Civ. 4106 (LTS), 2017 U.S. Dist. LEXIS 47893, at *24-25 (S.D.N.Y. Mar. 30, 2017)) (applying Darnell [v. Pieniero, 849 F.3d 17, 29 (2d Cir. 2017)] to a deliberate indifference to medical needs claim).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citations omitted). "'[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). Claims for deliberate indifference to medical needs are subject to dismissal where plaintiff "lumps" the individual defendants in a group pleading such that it is difficult to determine which individual defendant was personally involved. Morris v. City of New York, et. al., 20 Civ. 9314 (GBD), 2021 U.S. Dist. LEXIS 186917, at *13 (S.D.N.Y. Sept. 29, 2021). Deliberate indifference to medical needs claims against John Doe defendants may be dismissed where facts supporting deliberate indifference to medical needs claim against each of them not adequately alleged. Id., at *17.

Only the plaintiffs Phillips and Wright bring deliberate indifference to medical needs claims. As to Phillips, he claims that he was denied access to needed medications for Bipolar Disorder, Opoid addiction and PTSD. (Complaint, ¶126) However, Phillips merely and improperly "lumps" all of the DOC John Doe defendants 1-10 into a single paragraph (see Complaint, ¶132), as improperly occurred in Morris, and in a conclusory manner alleges that they all denied him access to his needed medications. Further, Phillips' allegations completely fail the second prong of the foregoing test for deliberate indifference to medical needs, as he does not allege that any particular John Doe defendant knew of and ignored a risk of serious harm to him. As such, Phillips' deliberate indifference to medical needs claim fails.

As to Wright, he claims in a conclusory manner that he was "starved" while he was incarcerated at Rikers Island because his jaw was "wired shut." (Complaint, ¶¶205, 208) However, Wright does not allege that any particular John Doe defendant was deliberatively indifferent, and rather at times refers improperly to "DOC" as the responsible party. (See Complaint, ¶206) Having failed to identify with sufficient facts any particular individual within DOC who was deliberatively indifferent to his medical needs, i.e., who knew or should have known of a serious risk to his medical needs, Wright's claim fails and should be dismissed.

POINT IV

**PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS SHOULD BE DISMISSED**

"In order to hold the City of New York liable under 42 U.S.C. § 1983 for an alleged constitutional violation, plaintiff must plead: (1) an official policy or custom that (2) cause[d] [plaintiff] to be subjected to (3) a denial of a constitutional right." Aquino v. City of New York, 16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 10436, at *8 (S.D.N.Y. Jan. 25, 2017). A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. Monell v. Dep't of Social Services, 436 U.S. 658, 694-95 (1978). To hold a municipality liable as a "person" within the meaning of §1983, a plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985).

Plaintiff can satisfy the "policy or custom" prong required for municipal liability by alleging "the existence of (1) a formal policy, see Monell, supra, 436 U.S. at 690; (2) actions taken or decisions made by final municipal policymakers that caused the violation of [plaintiff's] rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policymakers, see Monell, 436 U.S. at 690-91; or (4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the

11

rights of those with whom municipal employees will come into contact." <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989). It is well established that a single isolated incident alleged in a complaint, especially where the alleged incident involves only officials below the policymaking level, will not suffice to establish a municipal policy or custom. <u>Oklahoma City v. Tuttle</u>, <u>supra</u>, at 824.

"A plaintiff bringing a <u>Monell</u> claim also must establish a causal connection between the municipality's official policy and the underlying constitutional violation." <u>Gaston v. Ruiz</u>, 17 Civ. 1252 (NGG), 2018 U.S. Dist. LEXIS 112695, at *15-16 (E.D.N.Y. July 6, 2018) (citing <u>City of Canton</u>, <u>supra</u>, at 385).  In fact, "the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." <u>Vippolis v. Vill. of Haverstraw</u>, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted). "To establish <u>Monell</u> liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation." <u>Mercado v. City of N.Y.</u>, 08 Civ. 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting <u>Monell</u>, 436 U.S. at 694); <u>see also</u> <u>Morris</u>, <u>supra</u>, at *19-22 ("Plaintiff's <u>Monell</u> claim fails because the [complaint] does not sufficiently allege the existence of a policy, custom or practice that was the driving force of any violation of Plaintiff's constitutional rights.").

A plaintiff may plead the existence of *de facto* customs or policies "by citing to complaints in other cases that contain similar allegations." <u>Gaston v. Ruiz</u>, <u>supra</u>, at *17. "Such complaints must involve factually similar misconduct, be contemporaneous to the misconduct at issue in the plaintiff's case, and result in an adjudication of liability." <u>Rodriguez v. City of New York</u>, 16 Civ. 1649 (AMD)(RLM), 2022 U.S. Dist. LEXIS 104160, at *27 n.9 (E.D.N.Y. June 7, 2022) (quoting <u>Buari v. City of New York</u>, 530 F. Supp.3d 356, 398 (S.D.N.Y. 2021)). "References to unconnected, irrelevant litigation are patently inadequate to allege a policy or custom of the City,

let alone allege that that policy or custom is the one that gave rise to Plaintiff's alleged violation."
Peterec v. City of New York, 14 Civ. 309 (RJS), 2015 U.S. Dist. LEXIS 28504, at *18-19
(S.D.N.Y. Mar. 6, 2015).

    Courts have consistently stated that evidence of other incidents that post-date the subject
act of misconduct cannot be used to prove municipal liability. See Mosca v. City of New York, et.
al., 17 Civ. 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 216885, at *17 (E.D.N.Y. Dec. 26, 2018)
(M.J. Locke) (newspaper article published two years after subject incident insufficient to support
municipal liability claim), adopted in part by, Mosca v. City of New York, et. al., 17 Civ. 4327
(SJF)(SIL), 2019 U.S. Dist. LEXIS 30395 (E.D.N.Y. Feb. 25, 2019); Tieman v. City of Newburgh,
13 Civ. 4178 (KMK), 2015 U.S. Dist. LEXIS 38703, at *48-49 (S.D.N.Y. Mar. 26, 2015) (citing
Collins v. City of New York, et. al., 923 F. Supp.2d 462, 479 (E.D.N.Y. 2013)) ("a 'litany of other
police-misconduct cases' discussed in plaintiff's complaint 'were insufficient to make a plausible
case for Monell liability,' because they…post-dated the alleged misconduct in the case at
hand…"); see An v. City of New York, 230 F. Supp.3d 224, 230 (S.D.N.Y. 2017) (finding no
widespread custom "at the time of plaintiff's arrest").

    Even a handful of purportedly "similar incident[s]" for which there were no adjudications
would be insufficient to plausibly allege such a pervasive "custom or practice" theory. See An,
supra, at 229-30 (S.D.N.Y. 2017) (six lawsuits and one newspaper article over four year period
insufficient to allege municipal liability where there were no adjudications against defendant);
Calderon v. City of New York, 138 F. Supp.3d 593, 612-613 (S.D.N.Y. 2015) (16 lawsuits over
12 year period where there were no adjudications against defendant did not suggest a pervasive
practice); Tieman, supra, at *50 (13 lawsuits against defendant over four year period without
finding of adjudication against defendant insufficient); Rodriguez, supra, at *27 n.9 (three
purportedly similar cases predating criminal conviction inadequate to allege municipal custom or

practice); <u>Collins v. City of New York</u>, 923 F. Supp.2d 462, 479 (E.D.N.Y. 2013) (dismissing municipal liability claims where litany of other police misconduct cases were dissimilar and had not resulted in liability against the municipality); <u>Walker v. City of New York</u>, 12 Civ. 5902 (PAC), 2014 U.S. Dist. LEXIS 42272, at *6 (S.D.N.Y. Mar. 18, 2014) (10 purportedly similar complaints over a period of a decade insufficient to plausibly allege municipal liability).

Judge Edgardo Ramos' decision in <u>Walker v. City of New York</u>, 14 Civ. 808 (ER), 2015 U.S. Dist. LEXIS 91410 (S.D.N.Y. July 14, 2015), is instructive. In that case, plaintiff attempted to support his municipal liability theory by listing 36 other civil complaints over a 13 year period. <u>Id.</u>, at *19. Plaintiff's municipal liability claims based on an alleged "custom or usage," however, were dismissed upon defendant's motion to dismiss. Judge Ramos reasoned, in part, that there were no findings or adjudication of liability in any of those cases against the City or the individual officer defendants.  <u>Id</u>, at *19-24. "Indeed, although it is routine for courts to take judicial notice of court documents, they do so 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" <u>Id</u>. at *24-25 (quoting <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 774 (2d Cir. 1991)).

Plaintiffs' municipal liability claims should be dismissed for a number of reasons. First, plaintiffs' principal municipal liability theory seems to be that the NYPD has a custom or practice of arresting individuals on warrants and bringing them directly to DOC custody and not to court. (Complaint, ¶¶ 1, 7, 15, 71(d), 254, 262 and 347(d)) Plaintiffs' allegation of an unconstitutional custom or practice in this regard is based solely on their own incidents and the Complaint references purported incidents identified in the Legal Aid Society letter (Complaint, ¶287(a)-(e)) that they have annexed to the Complaint. None of these incidents, however, are alleged to have resulted in liability to the City. As seen, Wright, Rosario and Thompson were all brought directly to Court by the NYPD upon these plaintiffs' arrests. In fact, as seen, Wright, Rosario and

Thompson were not even arrested on old warrants, but rather unrelated charges. As to the five incidents plaintiffs describe from the Legal Aid Society letter, plaintiffs do not allege who was allegedly wrongfully arrested, when the arrests took place nor even that such individuals were taken by NYPD officers upon any such arrests for warrants directly to DOC custody without seeing a judge. (See Complaint, ¶287(a)-(e))  Plaintiffs' allegations are completely insufficient under the foregoing authorities to plausibly allege an unconstitutional and pervasive municipal custom or practice that City policymakers acquiesced to. As such, plaintiffs' custom or practice theory fails.

Second, plaintiffs seem to be alleging that one or more City policymakers caused their injuries by ignoring the issue that the Legal Aid Society raised. (See Complaint, ¶¶277-308) However, the Legal Aid Society Letter indisputably was not sent to the City until December 11, 2020 (Complaint, ¶277), **after all of the subject incidents involving plaintiffs.** Thus, there are no allegations in the Complaint involving any City policymaker that could give rise to the conclusion that City policymakers caused plaintiffs' purported injuries. As such, under the foregoing authorities, this theory of liability clearly fails and plaintiffs' claims fail against the John and Jane Doe Decisionmakers as well.

Third, the NYPD does have a patrol guide provision, Patrol Guide Sec. 208-42 (Ex. Q to Zuckerman Decl. and that is incorporated by reference in the Complaint at ¶¶263-264) and DOC has issued an Operations Order (Ex. R to Zuckerman Decl.) that address the issues raised in the Complaint. Plaintiffs cannot point to any provision in either NYPD Patrol Guide Section 208-42 or the DOC Operations Order that is unconstitutional, or that even violates State law.  As such, for this reason as well, plaintiffs' claims fail.

Fourth, although plaintiffs also allege a municipal failure to train or supervise, these allegations (Complaint, ¶416(d) are entirely and improperly boilerplate. Reich v. City of New York, 19 Civ. 6491 (EK)(RER), 2021 U.S. Dist. LEXIS 137948, at *21-24 (E.D.N.Y. July 23,

2021) (M.J. Reyes); Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (collecting cases). Moreover, wholly conclusory allegations of municipal liability are routinely dismissed by district courts in this Circuit. Demaitre v. City of New York, 18 Civ. 12403 (PGG), 2020 U.S. Dist. LEXIS 189206, at *19-20 (S.D.N.Y. Oct. 11, 2020). As such, any failure to train or supervise theory fails as well.

Fifth, plaintiffs seem to be alleging municipal liability based on an alleged custom or practice of DOC employees' being deliberatively indifferent to the medical needs of inmates. Other than the unproven allegations of Phillips and Wright in this regard, no other purportedly similar incidents are alleged in the Complaint, nor even any other basis for such claim. This claim should therefore be dismissed as well.

Sixth, plaintiffs have not plausibly alleged that any municipal custom, practice or policy was the "moving force" behind the underlying incidents pursuant to the foregoing authorities.

Finally, since plaintiffs have failed to plausibly allege Monell liability of any kind and their class allegations are completely dependent upon Monell liability of the City, plaintiffs' class allegations fail as well.

**POINT V**

**PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF**

**A.     Legal Standard Upon Motion to Dismiss Pursuant to Rule 12(b)(1), Fed. R. Civ. P.**

"The task of the district court is to determine whether the [complaint] 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016)) (internal citations omitted). Plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Warth v. Seldin, 422 U.S.

16

490, 502 (1975). At least one plaintiff must have standing for a class action to be maintained. <u>Denny v. Deutsche Bank AG</u>, 443 F.3d 253, 264-265 (2d Cir. 2006). The Court "accept[s] as true all material allegations of the complaint…and construe[s] the complaint in favor of the complaining party." <u>W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP</u>, 549 F.3d 100, 106 (2d Cir. 2008) (quoting <u>United States v. Vazquez</u>, 145 F.3d 74, 81 (2d Cir. 1998)). However, "[a] court considering a Rule 12(b)(1) motion may [also] consider evidence outside of the pleadings to determine whether subject-matter jurisdiction exists." <u>Almareh v. Mayorkas</u>, 20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546, at *4 (S.D.N.Y. Oct. 20, 2021) (citing <u>Morrison v. Nat'l Austl. Bank</u>, 547 F.3d 167, 170 (2d Cir. 2008)).

**B.    Legal Standard For Standing to Seek Injunctive Relief**

"An objection to standing is properly made on a Rule 12(b)(1) motion." <u>Williams v. City of New York</u>, 34 F. Supp.3d 292, 294 (S.D.N.Y. 2014) (quoting <u>Tasini v. New York Times Corp., Inc.</u>, 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002)). "Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" <u>Ross v. Bank of Am., N.A. (USA)</u>, 524 F.3d 217, 222 (2d Cir. 2008).

"Standing for an equitable claim must appear on the face of the complaint in order to survive a motion to dismiss." <u>O'Shea v. Littleton,</u> 414 U.S. 488 (1974). "'A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action.'" <u>An</u>, <u>supra</u>, at 230 (quoting <u>Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.</u>, 790 F.3d 411, 416-17 (2d Cir. 2015)). "'The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that [he or she] has standing to sue.'" <u>Id</u>. "When seeking injunctive relief against a municipality, a plaintiff has standing only if he can 'carry the burden of establishing that 'he has sustained or is immediately in danger of

sustaining some direct injury as the result of the challenged official conduct.'"" <u>An</u>, <u>supra</u>, at 228 (quoting <u>Shain v. Ellison</u>, 356 F.3d 211, 215 (2d Cir. 2004)) (quoting <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102 (1983)).

To establish standing, a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc.</u>, 528 U.S. 167, 180-181 (2000). An "abstract injury is not enough."  <u>Shain</u>, 356 F.3d at 215.

Under the leading case of <u>City of Los Angeles v. Lyons</u>, <u>supra</u>, "a plaintiff seeking injunctive relief must demonstrate both a likelihood of future harm and the existence of an official policy or its equivalent." <u>Shain</u>, 356 F.3d at 216. "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." <u>Harty v. Simon Property Group, L.P.</u>, 428 Fed. App'x. 69, 71 (2d Cir. 2011) (summary order) (citing <u>Lyons</u> at 105). In fact, plaintiff must show "a sufficient likelihood that he [or she] will again be wronged in a similar way." <u>Marcavage v. The City of New York</u>, 689 F.3d 98, 103 (2d Cir. 2012) (quoting <u>Lyons</u> at 111).  One past incident involving a particular plaintiff and the police has been found to be insufficient to confer standing. <u>City of Los Angeles v. Lyons</u>, <u>supra</u>.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." <u>O'Shea</u>, <u>supra</u>, 414 U.S. at 495-96. The seminal case in this regard, <u>Lyons</u>, <u>supra</u>, "occupies much of the territory" related to a citizen's standing to seek an injunction against law enforcement practices surrounding arrests.  <u>Williams</u>, <u>supra</u>, 34 F. Supp.3d at 296 (citing <u>Shain</u>, <u>supra</u>, 356 F.3d at 215). In <u>Lyons</u>, the plaintiff alleged that he feared again being subjected to an illegal chokehold,

and given the extensive use of chokeholds by the Los Angeles police, that he should be afforded standing to seek injunctive relief. However, the United States Supreme Court held that the risk that plaintiff himself would come into contact with the police and be subjected to a subsequent unlawful chokehold was speculative in nature and insufficient to confer equitable standing. Id., at 109; see also MacIssac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 601 (S.D.N.Y. 2011) (plaintiff's claim that he would be stopped, arrested and subjected to a taser gun again was speculative, and injunctive relief therefore denied).

## C.   Plaintiffs Cannot Demonstrate a Likelihood of Future Harm

Plaintiffs fail the first prong of the foregoing Shain test as the Complaint does not plausibly allege the likelihood of future harm as to any plaintiff. Rather, as seen above, each plaintiff relies exclusively on the one past arrest that is pled in the Complaint. Lyons stands for the proposition that one past law enforcement interaction is insufficient to confer standing in arrest situations; see also MacIssac, supra; Williams, supra. For this reason alone, plaintiffs do not have standing to seek injunctive relief.

Further, any argument by plaintiffs that they will be harmed in a similar way is completely "speculative," "hypothetical," "abstract" and "conjectural" in nature. Each plaintiff's allegations are devoid of any facts as to support any adequate suggestion of future harm. In reality, each plaintiff's allegation is based on an entirely "hypothetical" and "conjectural" set of assertions which are not even present in the Complaint, i.e., if a plaintiff has a hypothetical open warrant in the future, and if he or she is arrested on that warrant by the NYPD and if the NYPD brings the plaintiff directly to DOC custody without seeing a judge and if the court is available to hear the return of the warrant if the plaintiff is held for an unreasonable period of time by DOC, then that particular plaintiff may have a claim on which he or she may attempt to bring. This is precisely

19

the speculation and conjecture that does not confer standing under established caselaw. See Shain,

supra, at 216. As such, plaintiffs' standing argument fails for this reason as well.

**D.      Plaintiffs have not Plausibly Alleged "a Formal Policy or Its Equivalent" Necessary to Confer Standing**

There is a split among district courts in this Circuit as to whether a showing sufficient for

Monell liability is also sufficient to demonstrate a "formal policy or its equivalent" necessary to

confer standing to seek injunctive relief under Lyons.  See An v. City of New York, 16 Civ. 5381

(LGS), 2017 U.S. Dist. LEXIS 84364, at *8 (S.D.N.Y. June 1, 2017) (collecting cases). The City

respectfully submits that the Court should follow the cases which impose a more stringent

requirement on plaintiffs in demonstrating a "formal policy or its equivalent" than merely plausibly

alleging Monell liability.

This issue was squarely addressed in MacIssac v. Town of Poughkeepsie, supra. The

MacIsaac court held that the "formal policy or its equivalent" requirement necessarily carries with

it a "much narrower definition of an 'official policy' [than Monell], but one to which the courts of

the Second Circuit have adhered when determining whether a particular plaintiff may seek

injunctive relief." Id., at 597. The Complaint fails to meet the narrower "official policy or its

equivalent" requirement.  The Complaint fails to point to any official policy of the City to regularly

violate the rights of individual arrested on warrants. Plaintiffs' own allegations are simply

insufficient to confer standing in accordance with the foregoing authorities.

**E.      Even Applying the Monell Standard, Plaintiffs Fail to Plausibly Allege a "Formal Policy or its Equivalent"**

Even if the Court applies the same standard as is required to bring a claim for municipal

liability in its determination of whether plaintiffs have pled a "formal policy or its equivalent,"

which a number of courts have, see An, supra, at *8, for the reasons set forth in Point IV, supra,

plaintiffs' claim for injunctive relief fails.

**F.      Plaintiffs' Class Allegations Seeking Injunctive Relief Should Be Dismissed**

Since no named plaintiff has standing to seek injunctive relief, no injunctive relief may be obtained on behalf of the purported class either. See Denny, supra.

**POINT VI**

**THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER
PLAINTIFFS' STATE LAW CLAIMS**

The Court should decline to exercise supplemental jurisdiction over plaintiffs' alleged state law claims considering the lack of any viable federal claims. See 28 U.S.C. § 1367(3); Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). As the Second Circuit has articulated, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over the remaining state law claims." Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006). In the "usual case" where all federal claims "are eliminated before trial" the balance of factors to be considered – judicial economy, convenience, fairness, and comity – "will point toward declining to exercise jurisdiction over the remaining state law claims." Kolari, supra.

As seen, plaintiffs have failed to plausibly allege any federal claims. As such, the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

**POINT VII**

**PHILLIPS' STATE LAW FALSE ARREST AND ASSAULT AND BATTERY
CLAIMS SHOULD BE DISMISSED**

Since a claim for false arrest is rooted in the Fourth and Fourteenth Amendments, it is substantially the same as a New York state law claim for false arrest. Boyd v. City of New York,

21

336 F.3d 72, 75 (2d Cir. 2003). Phillips' state law false arrest claim[4] should therefore be dismissed for the same reasons as his federal false arrest claim, as argued in Point I, supra. Further, since Phillips has not alleged excessive force, but premises his state law battery claim upon the lack of probable cause for his arrest, his assault and battery claims should be dismissed as well due to the lack of probable cause for his arrest. See Morrison v. City of New York, supra, at *22-23.

## POINT VIII

## PHILLIPS' STATE LAW EXCESSIVE DETENTION CLAIM SHOULD FAIL

In addition to the reasons that the City set forth in Point II, supra, at pp. 6-9 herein, there is an additional reason why Phillips' state law claim for excessive detention fails: there is no private right of action as "the Second Circuit has recognized, [that] C.P.L §140.20 does not create a private right of action allowing the subject of an excessive pre-arraignment detention to pursue a later damages action." Palacios v. City of New York, 15 Civ. 386 (PAE), 2017 U.S. Dist. LEXIS 146574, at *24 (S.D.N.Y. Sept. 11, 2017) (citing Watson, supra, at 36-37). To the extent that Phillips' state law excessive detention claim is based on C.P.L §530.70, plaintiff cannot point to a case that a private right of action lies for the alleged violation of that criminal procedure law section either.

## POINT IX

## PHILLIPS' STATE CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED

Phillips State Constitutional claims are subsumed by his other claims made herein.  As such, these claims should be dismissed as well. See e.g. Hollins v. City of New York, 10 Civ. 1650

---

[4] Only the plaintiff Phillips has pled compliance with New York's notice of claim requirement as set forth in General Municipal Law §50-e.  As such, only Phillips may proceed under any state law theory herein. See Horvath v. Daniel, 423 F. Supp.2d 421, 423 (S.D.N.Y. 2006).

(LGS), 2014 U.S. Dist. LEXIS 183076 (S.D.N.Y. Mar. 3, 2014) (New York constitution provides

no private right of action where Section 1983 provides a remedy).

### POINT X

### PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN PURSUANT TO RULE 12(F), FED. R. CIV. P.

Plaintiffs' attempt to convert this lawsuit into a class action should be rejected and their

class action allegations stricken. "Whether to grant or deny a motion to strike lies within the court's

sound discretion."   Garcia v. Execu/Search Grp., LLC, 17 Civ. 9401 (WHP), 2019 U.S. Dist.

LEXIS 68904, at *3 (S.D.N.Y. Feb. 19, 2019). "If the 'complaint itself demonstrates that the

requirements for maintaining a class action cannot be met,' the Court may strike the class

allegations at any practicable time after the suit has been filed." Shaw v. Hornblower Cruises &

Events, LCC, 21 Civ. 10408 (VM), 2022 U.S. Dist. LEXIS 202703, at *12 (S.D.N.Y. Nov. 7,

2022) (internal quotation omitted); see also Camacho v. City of New York, et. al., 19 Civ. 11096

(DLC), 2020 U.S. Dist. LEXIS 125801, at *9-11 (S.D.N.Y. July 16, 2020) (striking class

allegations before a motion for class certification was filed because it was "already clear" that the

defects in the class allegations could not be cured); Borgese v. Baby Brezza Enters. LLC, 20 Civ.

1180 (VM), 2021 U.S. Dist. LEXIS 30216 (S.D.N.Y. Feb. 18, 2021) (striking class allegations

where there were only conclusory allegations about other class members and the Court's

skepticism about whether the claims in the case were suitable for class resolution on the merits).

"[T]he plausibility standard will generally apply to such motions." Id., at *12-13 (internal citation

omitted).  "When the issues are 'plain enough from the pleadings,' they may be resolved without

further discovery."[5]   Shaw, supra, at *12 (citing Gen. Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982)).

Plaintiffs' class allegations should be stricken for a number of reasons.  First, plaintiffs' assertion that there are 40 class members, the presumptive number to meet the numerosity requirement of Rule 23(a)(1), Fed. R. Civ. P., Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)), is speculative and the Complaint is completely conclusory as to the existence of other class members.  In fact, the only individual who even arguably alleges that he was brought directly to DOC custody, which is the cornerstone of plaintiffs' class allegations (see Complaint, ¶¶ 1, 7, 15, 71(d), 254, 262 and 347(d)), is Phillips, and as to him, as seen herein, his claims are not plausible, and it is not even clear at this time whether NYS Troopers or NYPD officers took him to Rikers Island.

Second, it is clear that the requirements of commonality, typicality and predominance (Rules 23(a)(2) and (3) and 23(b)(3)) cannot be met in this case because issues related to the circumstances of any arrest, the nature of the warrants at issue, the circumstances of any detention, the times of arrests and court availability are entirely individualized determinations that do not lend themselves to class treatment.  See Haus v. City of New York, 03 CV 4915 (RWS)(MHD), 2011 U.S. Dist. LEXIS 155735, at *317 (S.D.N.Y. Aug. 31, 2011) (M.J. Dolinger) (neither commonality nor typicality will be satisfied if the court must engage in a "case-by-case evaluation of each encounter" in order to establish liability.)

In this regard, at a minimum, it is clear that there are numerous individualized determinations that dictate against class treatment due to plaintiffs' clear inability to meet Rule

---

[5] Plaintiffs have had limited discovery with respect to the four named plaintiffs pursuant to Order by Magistrate Judge Cave at Docket 59.  Complaint, arrest and OLPA reports, as well as DD5s, have been produced to plaintiffs' counsel in advance of this motion.

23's requirements, i.e., What time of day was a person detained?; Was it a holiday?; Was there a court available to adjudicate a warrant?; What type of warrant was it?; What court was the warrant from?; What court could the individual be brought to?; Were there emergency factors such as COVID at issue?; What were the charges at issue other than the warrant?; How long was the individual held for?; What occurred that caused any alleged delay?; Who was involved in the incident and from what agency? Plaintiffs' class allegations should clearly be stricken.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant City's motion to dismiss should be granted in its entirety and the Complaint against the City dismissed with prejudice, or alternatively, plaintiffs' class allegations stricken.

Dated:      New York, New York
            February 28, 2023

                        HON. SYLVIA O. HINDS-RADIX
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant City of New York
                        100 Church Street, Room 3-133b
                        New York, New York 10007
                        (212) 356-3519


                        By:     /s/ Mark D. Zuckerman
                                MARK D. ZUCKERMAN
                                Senior Counsel