

March 1, 2023

Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

   Re:  **Phillips v. City of New York**, 21-CV-8149 (ALC)(SLC)

Dear Judge Carter:

   My firm, with co-counsel represents Plaintiffs and the putative class in the case above. I write, under the Court's Individual Practice 2(A), to request a premotion conference for a proposed motion to strike Defendants' motion to dismiss. Pending that motion, since the relief sought would be mooted and at least partially ineffective otherwise, we ask the Court to stay all deadlines (*see* ECF No. 57) on that motion.

   In sum, rather than taking the facts in the second amended complaint as given, Defendants have submitted a large number of exhibits and attempted to rewrite the facts in their favor on the motion. Indeed, many of the citations in Defendants' statement of facts are not to the operative complaint at all — but instead, to their exhibits. *See generally,* ECF No. 64 at 1-3 (as paginated). When parties take this approach, as other judges in this District have explained, "[t]here is no responsible case for failing to grant the plaintiff's motion to strike." *SEC v. Medallion Financial Corp.*, No. 21-cv-11125 (LAK), 2022 WL 3043224 (S.D.N.Y. Aug. 2, 2022).[1]

### Discussion

   Defendants previously previewed how they would approach this motion, claiming they were likely to prevail on their motion to dismiss because "Plaintiffs' allegations … ***are simply wrong*** as to at least three of the four plaintiffs." ECF No. 53 at 1-2 (emphasis added). But that's not how a motion to dismiss works. Rather, the well-trod standard is that courts are "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Global Network Communs., Inc. v City of NY*, 458 F3d 150, 154 (2d Cir 2006).

   Defendants try to use a bevy of documents — only one of which is even *arguably* incorporated in the complaint — to argue with Plaintiffs version of the facts. That is, perhaps, because they view themselves as having somehow "exposed plaintiffs' false allegations." ECF No.

---

[1] Defendants' claim that somehow the complaint incorporates documents it does not even cite is not well-taken. *Compare, e.g.,* ECF No. 64 at 15 (attempting to rely on an "DOC Operations Order," provided as Exhibit R to the Zuckerman Declaration, which is entirely beyond the four corners of the complaint — and after opposing discovery on this issue at all).



56. Whatever the merits of that claim, it is not the job of a motion to dismiss. Defendants do not even hide that they are doing this: They put even in bold that they are saying certain Plaintiffs have not told their story correctly, saying they were "**brought to court directly upon their arrests and were each arraigned within 48 hours after their arrests** according to NYPD paperwork" and "**Rosario and Thompson were arraigned within 24 hours of their arrests in any event.**" ECF No. 64 at 7-8 (emphasis in original). The only thing Defendants cite for rejecting the well-pled facts in the complaint is their own exhibits. That is neither proper nor cognizable — and because Defendants do so as their *basic* version of the story, their entire motion makes no sense without the exhibits they should never have filed in the first place.

When a party submits documents on a motion to dismiss, and in particular, uses them to try to dispute facts in a complaint, it is a plaintiff's right to move to strike.[2] "[Only one] of these exhibits is cited substantially in the Amended Complaint. And even the few that potentially are relevant to [Plaintiffs'] substantive claims are cited improperly for the truth of their contents." *Medallion Financial*, 2022 US Dist LEXIS 137463, at *5.[3]

The result of this is that Defendants' motion "is interspersed with material not properly considered" on a motion to dismiss. *Id.* at *7. It is impossible to respond to the motion without addressing facts Defendants refuse to take as true — and indeed, to respond, Plaintiffs would have to challenge the reliability of records without having the benefit of discovery (including, as discussed just below, discovery into the apparent practice of forging documents on Rikers Island).

The importance of not allowing the City to use documents outside the scope of the complaint without being subjected to discovery is particularly hard to overstate in the context of litigation over detention on Rikers Island. That is, even if a fair reading of the documents Defendants have improperly submitted suggests the facts in the complaint are untrue,[4] documents

---

[2] The alternative is that where, as here, "matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). However, because Defendants have sought and received a stay of most discovery, it is hard to imagine how the conditions for deferring consideration of a summary judgment under Rule 56(d) are not met here.

[3] That is, even if the documents *were* incorporated (and this applies to the Patrol Guide provision that is cited), the Second Circuit has made quite clear that even for such documents, "the court is to consider them on a Rule 12 (b)(6) motion only to determine what the documents stated, and *not to prove the truth of their contents." Roth v Jennings*, 489 F3d 499, 509 (2d Cir 2007) (emphasis in original, quotations omitted).

[4] Plaintiffs do not concede this. Rather, it is improper for them to have to address it at all. And for clarity, should this motion be denied, Plaintiffs do not intend to forgo their right to say Defendants documents do not say what Defendants say they say — or forgo the ability to argue they are likely to be forged. But having to make those arguments at all — which are more appropriately framed on summary judgment (if proper at all on a motion, rather than at trial) — is prejudicial and amounts to taking Plaintiffs by "surprise [and] depriv[ing them] of a reasonable opportunity to contest facts averred outside the pleadings." *Nabila Uddin v Arch*, 2022 US Dist LEXIS 223750, at *2 (SDNY

COHEN&GREEN    Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



that suggest facts counter to those in the complaint, Rikers officials have a history of forging documents.  City officials at Rikers have specifically tampered with records to try to hide the fact that they were illegally holding people for longer than 24 hours in intake cells.  *See, e.g.,* Chris Gelardi, *Rikers Staff Tampered With Records, Hiding Intake Rule Violations, Documents Show*, N.Y. FOCUS (Oct. 17. 2022); *accord also*, Elliot Weld, *Rikers Guards Faked Sick Leave With Forged Docs, Feds Say*, LAW360 (Nov. 10, 2022).  Similarly, in recent major class litigation, at least one lawyer in the Law Department has forged documents to cover up discovery misconduct.  *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY 2022), Dkt. Nos. 523, 524, and 525 (setting out, as the Court put it, the "revelation" that a senior Law Department attorney forged documents to hide non-compliance with a court order, and was ultimately terminated for it).  And in Rikers litigation, Judge McMahon recently colorfully described the DOC saying, across here entire life on the bench, "[t]here is no agency that ... has been a more troublesome litigant in terms of, and you will excuse my language, 'F--- you, judge, I'll do what I want.'"  Graham Rayman, *Federal judge f-bombs Correction Department, NYC officials for withholding information in Rikers Island case*, NY DAILY NEWS (Feb. 3, 2023) ("This is far from the first time that this court has encountered unconscionable and unreasonable lack of response due to the Department of Correction").  Indeed, that case is about the fact that detainees on Rikers Island have illegally been held long after they are ordered released — a very similar issue to the issue here.

All of which is to say, there is no reason for the Court to take the documents Defendants have used to refuse to accept the facts in the complaint at face value at all, let alone to use them as an exception to the broad rule that such documents are improper to submit on a motion to dismiss.  Here, since "the statement of facts in the motion … to dismiss the complaint explicitly is drawn from the allegations in the Amended Complaint and documents these defendants claim are cognizable on a motion to dismiss," but ultimately are not, "it is interspersed with material not properly considered."  *Medallion Financial*, 2022 US Dist LEXIS 137463, at *7.  There is no authority that the City may simply take the hearsay statements of DOC officials as true at **all** — let alone on a motion to dismiss, when those statements contradict the complaint.  As the Second Circuit has explained, documents on a motion to dismiss can simply not be submitted "*to prove the truth of their contents.*"  *Roth,* 489 F3d at 509.  Since, that's expressly what Defendants are doing — as noted above, they say so explicitly — the entire motion is grounded on a refusal to take the complaint as true.  And therefore, it should be stricken.

## Conclusion

For the reasons above, Plaintiffs ask for a pre-motion conference on a motion to strike Defendants' motion to dismiss (because of improper exhibits), without prejudice to "renewal on papers devoid of references to any of the [improper] exhibits."  *Medallion Financial*, 2022 US Dist LEXIS 137463, at *8.[5]  Pending that motion, we also ask for a stay of time to oppose the motion.

---

Dec. 12, 2022) (*citing Medallion Financial*, 2022 WL 3043224;  2022 US Dist LEXIS 137463, at *4 ("mere passing reference or even references . . . to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself") (collecting cases)).

[5] Because of the clarity of this issue, Plaintiffs also have no objection to the motion being resolved on these papers or on the papers and a conference.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As always, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com