

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARK D. ZUCKERMAN**<br>Senior Counsel<br>E-mail: mzuckerm@law.nyc.gov<br>Phone: (212) 356-3519<br>Fax: (212) 788-9776 |

March 6, 2023

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

  I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write in opposition to plaintiffs' motion for a pre-motion conference in advance of a proposed motion to strike the City's motion to dismiss plaintiffs' Second Amended Complaint pursuant to Rules 12(b)(1) and (6), Fed. R. Civ. P. and to strike plaintiffs' class allegations pursuant to Rule 12 (f), Fed. R. Civ.

  Plaintiffs misstate the law as it relates to documents that may be considered upon a motion to dismiss. "The Court's review of defendant[']s motion to dismiss is limited to the facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, documents integral to the complaint, and matters of which the Court may take judicial notice." Kravtchouk v. City of New York, et. al., 16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982, at *8 (E.D.N.Y. Sept. 30, 2019); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("a court may consider 'matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document integral to the complaint." Chambers, 282 F.3d at 152-53. "Insofar as the complaint relies on the terms" of a document either annexed or deemed incorporated by reference, the court "need not accept its description," but may look to the document itself. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005). So, plaintiffs are clearly

incorrect when they contend that only documents that are incorporated by reference in a complaint may be considered upon a motion to dismiss. Documents which are integral to a complaint or of which the court may take judicial notice may be considered as well.

Each of the documents that the City submitted in support of its motion to dismiss may be considered by the Court. First, "[i]n considering a motion to dismiss, the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as plaintiff's arrest reports, indictments, and criminal disposition data." E.g. Corley v. Vance, 365 F.3d 407, 432 (S.D.N.Y. 2019); see also Amelwa v. New York City, 11 Civ. 778 (NRB), 2012 U.S Dist. LEXIS 24244, at *6-7 (S.D.N.Y. Feb. 23, 2012) (judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data). Defendant's exhibits B, C, D, H, L and M submitted at Docket 63 may thus be considered by the Court as such documents are reports associated with plaintiffs' arrests.

"The court [may also] take[] judicial notice of the [w]arrant[s], the OLPA Report[s], and the certificate[s] of disposition. It is well established that these documents are matters of public record and, as such, the court may consider them on a motion to dismiss." Gaston v. Ruiz, 17 Civ. 1252 (NGG)(CLP), 2018 U.S. Dist. LEXIS 112695, at *8 (E.D.N.Y. July 3, 2018) (collecting cases). Exhibits E, J and N submitted at Docket 63 are OLPA reports and thus may be considered. Exhibits A, F, I and O are the underlying warrants, and not only should the Court take judicial notice of them, but they are also clearly "integral" to plaintiffs' Second Amended Complaint, as all of plaintiffs' claims are based thereon, and plaintiffs' counsel seemingly would have had them and relied on them in drafting their complaints (if any investigation was done by plaintiffs' counsel at all). Finally, the DOC movement histories submitted at Docket 63 as Exhibits G, K and P are the DOC equivalent of OLPA reports, and should therefore be considered based on the foregoing authorities as well.

The Court may also take judicial notice of NYPD Patrol Guide provision 208-42, and/or consider it for the reason that Patrol Guide Sec. 208-42 was incorporated by reference into their Second Amended Complaint as admitted by plaintiffs. See Makinen v. City of New York, 722 F. App'x 50, 53 (2d Cir. 2018) (Summary Order) (judicial notice may be taken of patrol guide provision); United States v. Bignon, 18 CR 783 (JMF), 2019 U.S. Dist. LEXIS 25230, at *13 (S.D.N.Y Feb. 15, 2019). DOC Operations Order 6/92 is DOC's equivalent of an NYPD Patrol Guide provision so it should be treated similarly. Further, these documents are clearly "integral" to plaintiffs' Complaint as counsel were in possession of them since the City's submission at Docket 40 and the Second Amended Complaint, filed thereafter, makes core claims with respect to certain NYPD and DOC practices. As such, Exhibits Q and R submitted at Docket 63 should also be considered by the Court upon the City's motion to dismiss.

"No dispute exists regarding the authenticity or accuracy" of any of the documents submitted the City upon its motion to dismiss and the documents are clearly relevant. The documents should therefore be considered, see DeFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010), and plaintiffs' baseless forgery argument should be rejected.

Plaintiffs also do not address the fact that the City has moved to dismiss plaintiffs' claims for injunctive relief pursuant to Rule 12(b)(1) and that a court may consider matters outside the pleadings in deciding such a motion. See Zappia Middle East Const. Co. v. Emirate

of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."). Thus, even if the Court ultimately decides that the submitted documents may not be considered upon the City's Rule 12(b)(6) motion, the documents may still be considered upon the City's Rule 12(b)(1) motion to dismiss plaintiffs' claims for injunctive relief.

Plaintiffs' attempt to expand this litigation exponentially by attempting to make it into a class action is frivolous and they should not be permitted to play a game and argue that the City cannot do anything about it in light of the documents showing that Wright, Thompson and Rosario were all brought directly to court by the NYPD. See Salzmann v. Prudential Securities, Inc., 91 Civ. 4253 (KTD), 1994 U.S. Dist. LEXIS 6377 (S.D.N.Y. May 16, 1994) (allegation that defendant brokers had defrauded their clients easily refuted by account statements considered by the Court). The cornerstone of plaintiffs' allegations is that they were each arrested on warrants and brought directly to DOC custody by NYPD officers instead of being brought to see a judge. (Complaint, ¶¶ 1, 7, 15, 71(d), 254, 262 and 347(d)) However, this is definitively not what occurred with respect to the plaintiffs Wright, Rosario or Thompson. Each of them were arrested on charges unrelated to a warrant (there was an open arrest warrant for Rosario for charges relating to tampering with a gun that was used in a homicide). They were each then brought directly to court. The claims of the plaintiffs added in the amended complaints are frivolous.

Ever since the City filed its pre-motion conference letter in advance of its motion to dismiss, plaintiffs have done anything and everything to attempt to avoid responding to the City's meritorious and substantive arguments (most of which are not dependent upon the exhibits in any event) First, plaintiffs requested of the Court that they should not have to respond to the City's pre-motion conference letter. (Docket 41) Then they served discovery requests, including requests for admission, which Magistrate Judge Cave ultimately disallowed. (Docket 59) Next they sought a "long briefing schedule" which they proposed should be preceded by a conference with Your Honor. (Docket 55) Then plaintiffs filed the instant motion. Simply, the City's motion to dismiss should finally be fully briefed and submitted to Your Honor for decision. The City deserves that in this case.

In any event, should the Court exclude the documents submitted by the City, striking the motion is not the proper remedy. "[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion," a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000); see Rule 12(d), Fed. R. Civ. P. Should the Court decide to exclude the submitted documents, therefore, the proper remedy is to convert the City's motion to dismiss to a motion for summary judgment in accordance with Rule 12(d).

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc: All counsel (via ECF)