

March 7, 2023

Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

<u>By Electronic Filing.</u>

   Re: <u>Phillips v. City of New York</u>, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

  As the Court may recall, our firm represents Plaintiffs and the putative class in the case above. Per the Court's direction in the Order at Dkt. No. 59, we write to identify the limited discovery that we think makes sense to move forward pending Defendants' motion to dismiss. Specifically, we see no reason identification of Doe Defendants should wait — and significant reasons delaying that discovery could prejudice Plaintiffs.

  Defendants' motion to dismiss only argues that claims by Plaintiffs Phillips and Wright about the horrifying treatment they received at the hands of City employees — having been deprived of basic medication City officials knew was necessary and being literally starved for weeks, respectively — are not cognizable because (they claim) Plaintiffs "failed to identify with sufficient facts any particular individual within DOC who was deliberatively indifferent to [their] medical needs." Dkt. No. 64 at 11; *see also, id.* at 10 (Phillips "does not allege that any particular John Doe defendant knew of and ignored a risk of serious harm to him"). Putting aside that Defendants misread the pleadings,[1]

---

[1] *See, e.g., for Phillips:*
  Dkt. No. 58 ¶¶ 109-10 ("NYPD Doe 1 had Mr. Phillips' medications with him when he transported Mr. Phillips to Riker's Island" and "NYPD Doe 1 knew, or should have known, that Mr. Phillips required medical attention and access to his prescription medications"); 127 ("During Mr. Phillips's four-day detention at Riker's Island, both Mr. Phillips and his fiancée told DOC employees among DOC Does 1-10 that Mr. Phillips needed access to his prescription medications that he needed to take to treat his Bipolar Disorder, Opioid addiction, and Post-Traumatic Stress Disorder"); 132 ("DOC Does 1-10 denied Mr. Phillips access to his prescription medications that he needed to take to treat his Bipolar Disorder, Opioid addiction, and Post-Traumatic Stress Disorder, causing him to suffer Opioid withdrawal as well as severe Bipolar episodes and extreme and enduring pain, panic, and anxiety");
*and for Wright:*
  Dkt. No. 58 ¶¶ 166-67 ("At the time of his arrest, Mr. Wright had his jaw wired shut due to a preexisting injury. DOC members refused to provide him with food he could eat" and "When he requested food he would be able to swallow with his jaw wired shut, such as pudding or soft foods, DOC Does mocked him and offered moldy and expired items that had become soggy"); 168 ("DOC Does knew Mr. Wright would not be able to eat, and would starve"); 205-208 ("During these

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the issue is that Defendants completely control access to information about who was staffing their prisons at the relevant times. Plaintiffs did not have the ability to take pictures, record information, and the like. Rather, the only way to figure out which people heard — for example — Mr. Wright's desperate pleas for edible food and ignored them is by reviewing the City's records.

No matter the result on Defendants' motion to dismiss, the actions against individual Does will survive (or, at a minimum, be dismissed without prejudice, after which Plaintiffs will seek pre-action discovery on an emergency basis in state court,[2] and so on), since the Does are not named now. Substantively, if — as seems to be the case — the City is claiming those Does violated City policy[3] by refusing to provide Mr. Phillips with his medication and Mr. Wright with food, then either (1) there is clear respondeat liability, if they were within the scope of employment or (2) extraordinarily strong individual liability (with punitive damages) because they clearly stepped beyond that scope. But either way, nothing in the motion to dismiss addresses the basic issue that (1) City employees, despite literally having necessary medication, refused to provide it to Mr. Phillips and (2) City employees refused to provide food to Mr. Wright at all.[4] Nor do Defendants make any argument that such conduct would not be actionable.

Thus, Plaintiffs have a right to identify those Does and name them before the statute of limitations. The statute of limitations for the constitutional claims against individual officers runs, at the earliest, in July this year for Mr. Phillips and in May this year for Mr. Wright. That may be longer, depending on the application and interaction between the COVID-19 executive toll and the rule that the § 1983 statute of limitations picks up the applicable general tort statute (which in turn, at least

---

seventeen nightmarish days, Mr. Wright starved," "He lost approximately 20 pounds because the DOC refused to provide him with food he was able to eat," "That is, Defendants provided him with no food consumable while his jaw was wired shut, at any time in custody," and "Defendants had no plan to provide him with food consumable with his jaw wired shut.").

[2] Indeed, one of the main situations where courts have blessed that device is when it is used "to identify prospective defendants" who work for the City of New York. *Stewart v. New York City Transit Authority*, 112 A.D.2d 939, 940 (2nd Dep't 1985) *see, also, e.g., Sokolova v. City of New York*, 2022 N.Y. Misc. LEXIS 7310, at *5 (Sup. Ct. NY County November 22, 2022) (discussing CPLR 3102(c) as "allowing pre-action discovery not only to frame a complaint or preserve evidence but also to ascertain the identities of prospective defendants" and collecting authority). And that is particularly so in situations, like this one, where "the petitioner seeking pre-action discovery may not recall the events that took place due to the traumatic nature of the incident or the potentially diminished cognitive abilities of petitioner resulting from the incident." *Id.* It is hard to imagine a better example of that than a person in the throes of withdrawal or in literal starvation.

[3] It is confusing that Defendants seem to be moving to dismiss the respondeat superior claims related to their obvious failure to provide medical care to Mr. Phillips and food to Mr. Wright, since "there is no requirement that respondeat superior liability be predicated on the conduct of an individual who is named as a defendant in the suit," or even known. *Tardif v City of NY*, 344 F Supp 3d 579, 592 (SDNY 2018) (collecting extensive authority, including about "unidentified" officers). Yet, the phrase "respondeat" only appears in the context of discussing *Monell* discovery — where there is no respondeat theory (as Defendants rightly point out).

[4] It does not take any special training to recognize that a person with their jaw wired shut cannot eat solid food.

Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



arguably, incorporates the COVID-19 toll[5]).  Much of the delay between the filing of the first amended complaint and the present is because Defendants asked for a total of nearly six months to answer the first amended complaint.  *See* Dkt. Nos. 36, 32, and 31.  At this stage, Plaintiffs must name those Doe officers, *particularly* because the City seems to be poised to argue that their actions were the actions of a few bad apples.  And there is no serious question that their conduct is actionable.

Thus, Plaintiffs ask that they be allowed to work to identify the Doe Defendants while the motion to dismiss is pending.  As always, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[5] Because the Corporation Counsel does not yet represent the individual defendants here, it is not as if the parties could simply enter a tolling agreement.

    Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com