

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

March 14, 2023

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write in opposition to plaintiffs' motion for certain Doe discovery as requested at Docket 67.

For a number of reasons, plaintiffs' motion should be denied. First, plaintiffs' most recent motion is a subset of a discovery motion that the Court has already denied. The Court will recall that plaintiffs sought, in part, the very same discovery at Docket 43 (see Docket 43, Exhibit 1, Interrogatory 2). The Court denied plaintiffs this very discovery at Docket 59 after holding a conference with counsel. Plaintiffs should not be allowed to make the very same motions over and over again.

Second, the City has now moved to dismiss the claims against the Doe defendants who plaintiffs wish the City to identify seemingly for the sole purpose of adding them as defendants in this matter. (See Dockets 62 and 64, pp. 8-10) The City's arguments as set forth in its motion to dismiss are meritorious, and thus adding these purported individual defendants at this time would be a waste of resources. As argued in the City's motion to dismiss, plaintiffs have simply failed to plausibly allege deliberate indifference to medical needs claims against

theses Doe defendants.[1]  Judge Carter at Docket 57 set a briefing schedule on the City's motion to dismiss as to the Second Amended Complaint as it presently exists even while plaintiffs' first motion for Doe discovery was pending.  Adding individual defendants at this juncture would only cause delay, which has clearly been plaintiffs' strategy ever since the City indicated that it intended to move to dismiss plaintiffs' amended complaint.  The City's motion to dismiss has now been timely filed and plaintiffs' attempt to further delay its resolution should be rejected.

Third, plaintiffs' argument that they have made a state law claim against the City arising out of alleged indifference to the medical needs of Phillips and Wright, and that this is somehow a basis to conduct Doe discovery based thereon at this time, should be rejected as well.  In actuality, the true reason for plaintiffs' motion at Docket 67 is to attempt to infuse such state law claims into this case where none exist.  Plaintiffs' state law claims in the Second Amended Complaint at Docket 51, pp. 54-58, do not include such claims.  Plaintiffs' belated and bad faith attempt to now infuse such claims into the case only after the City's filing of its motion to dismiss should be flatly rejected.  In fact, no plaintiff other than Phillips alleges compliance with the notice of claim requirements of Gen. Mun. Law §50-e, and, thus, as argued by the City in its motion to dismiss (see Docket 64, p. 22 n.4), no state law claims by any other plaintiff are even cognizable for that reason alone.  See Horvath v. Daniel, 423 F. Supp.2d 421, 423 (S.D.N.Y. 2006) (dismissing state law claims where complaint does not alleged compliance with notice of claim requirements).

Fourth, for similar reasons that the underlying allegations against these John and Jane Does should be dismissed, it is unclear to the City what other investigation could be conducted to even provide plaintiffs the identities of these purported John and Jane Does.  Plaintiffs' allegations completely lack specificity as to the John and Jane Doe defendants[2] who supposedly were deliberatively indifferent to the medical needs of Phillips and Wright.  We wouldn't know with any precision who to even search for.  As with virtually everything else in the Second Amended Complaint, plaintiffs' allegations are completely false: it appears that

---

[1] Plaintiffs argue without authority that even if there is a dismissal against these John and Jane Doe defendants on this basis, it would be without prejudice and that they can then run to state court and refile the same claims.  Plaintiffs are incorrect.  The dismissal would be with prejudice. See Massey v. City of New York, 20 Civ. 5665 (GBD)(DF), 2021 U.S. Dist. LEXIS 187162, at *10 (S.D.N.Y. Sept. 29, 2021) (dismissal against John Doe defendants with prejudice where claims against them were futile).

[2] The one exception to this is the so-called "NYPD Doe 1" who allegedly transported Phillips to DOC custody.  We have investigated this portion of plaintiffs' allegations and cannot even confirm that it was an NYPD officer who transported Phillips to DOC custody, much less that officer's identity.  The documents that the City has located and voluntarily produced to plaintiffs as part of the discovery previously ordered by Your Honor at Docket 59 indicate that it was a NYS Trooper Alleyne who was Phillips' arresting officer and guarded him while Phillips was in custody at the NYPD's 50th Pct.  (See Exhibits A and B hereto)  In any event, it's hard to imagine how a transporting NYPD officer could be liable for a medical situation that **later** allegedly occurred at Rikers Island.

3

Phillips and Wright did see medical providers while detained in DOC custody. There was no deliberate indifference to these plaintiffs' medical needs by any DOC officer. We do not know with any precision who plaintiffs are trying to add as individual defendants. For this reason as well, plaintiffs' motion should be denied.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/ Mark D. Zuckerman

      Mark D. Zuckerman

cc:   All counsel (via ECF)