

March 17, 2023

Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

    Re:    Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Carter:

    My firm, with co-counsel represents Plaintiffs and the putative class in the case above.  I write, given the upcoming deadline that remains on the calendar, to separately ask (or perhaps, to highlight the existing ask, see ECF No. 65 at 1; at 3) that the Court stay the time to respond to the motion to dismiss pending resolution of Plaintiffs' motion to strike the motion to dismiss.  See, ECF Nos. 65 and 66.

    Without getting too deeply into the issues already discussed in the briefing, I only note that the logic of staying the time to respond matches exactly the logic of staying discovery pending the motion to dismiss — which the Court has done.  Essentially, responding to the motion will likely be wasted time, since at a minimum, the hearsay statements in arrest and prison processing documents that Defendants attempt to interject are not cognizable for their truth.[1]  And beyond that, to brief the motion in its current state, Plaintiffs would have to essentially (in an abundance of caution) brief three totally different versions of the facts:  (1) what the complaint says; (2) what Defendants say the facts are based on documents; and (3) what the facts would actually be if what the documents say is true, since Defendants have gone well beyond even those (beyond-the-complaint) documents' four corners and leapt to several inferences in their favor in converting what those documents say to what those documents mean.[2]  Further, that state of affairs likely would require Plaintiffs to ask for a substantial page extension, since the legal merits of the complaint would vary — and the applicable case law with it — depending on which of the three versions of the facts were being discussed.

    Thus, while the pending motion to strike had separately asked that the Court stay the time to oppose the motion to dismiss (see ECF No. 65 at 3; at 1), given that opposition is due next week.  See ECF No. 57.  In the alternative, we ask for an extension of three weeks (I have not been available

---

[1] Indeed, were it otherwise, it would be legally impossible to make it past a motion to dismiss for a so-called "fair trial rights" claim about "[s]tatements made in charging instruments."  Case v City of NY, 408 F Supp 3d 313, 323 (SDNY 2019).  But of course, such claims proceed all the time — and indeed, even at summary judgment, the Court need not (and should not) take statements in arrest paperwork at face value in the presence of a different narrative from a party.

[2] We also simply note, for the record, that if we must proceed, we do expect Defendants will not object to the volume of time spent on this motion if and when a fee application is necessary.



for the last two weeks, having been largely juggling urgent issues on the consolidated docket in *In re New York City Policing During Summer 2020 Protests*, 20-cv-8924, and several other emergency issues), as well as a page limit expansion from the Court's default of 25 to 40.

As always, we thank the Court for its continued time and attention.

                                              Respectfully submitted,

                                              /s/
                                      _____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.   ·   1639 Centre Street, Suite 216 · Ridgewood, New York · 11385   ·   t : (929) 888.9480   ·   f : (929) 888.9457   ·   FemmeLaw.com