

**THE CITY OF NEW YORK**

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARK D. ZUCKERMAN**<br>Senior Counsel<br>E-mail: mzuckerm@law.nyc.gov<br>Phone: (212) 356-3519<br>Fax: (212) 788-9776 |

March 20, 2023

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

  I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write in opposition to plaintiffs' motion at Docket 70 for an extension of time to respond to the City's motion to dismiss. Plaintiffs' motion should be denied (plaintiffs never even requested the City's consent to an extension of time to respond to the motion to dismiss before filing their motion).

  As the Court is aware, plaintiffs' attempt to convert this lawsuit into a class action is frivolous. The cornerstone of plaintiffs' allegations is that they were each arrested on warrants and brought directly to DOC custody by NYPD officers instead of being brought to see a judge. (See Complaint, ¶¶ 1, 7, 15, 71(d), 254, 262 and 347(d)) However, this is definitively not what occurred with respect to the plaintiffs Wright, Rosario or Thompson.[1]

---

[1] Furthermore, it is far from clear that the plaintiff Phillips was brought directly to DOC custody by an NYPD officer either. There are indications that he was not. Phillips' arresting officer was a NYS Trooper Alleyne, who also guarded him while Phillips was at the NYPD's 50th Pct. (Exs. B and C at Docket 63)

Ever since the City filed its pre-motion conference letter in anticipation of its motion to dismiss (Docket 40), plaintiffs have done everything and anything to avoid substantively responding to the City's arguments in support of dismissal.  First, plaintiffs requested at Docket 41 permission to file a second amended complaint in lieu of the substantive response to the City's pre-motion conference letter that is required by the Court's Individual Rules of Practice.  Second, in the same filing at Docket 41, plaintiffs signaled that they would counter the City's anticipated motion to dismiss with an immediate motion for summary judgment and/or class certification.  Third, once Your Honor granted plaintiffs' request to not have to submit a substantive response to the City's arguments made in its pre-motion conference letter, they used the additional time that Your Honor granted them to serve a second amended complaint, to instead serve Requests for Admissions, class discovery and Doe discovery that Magistrate Judge Cave did not allow to go forward at this time.  (Dockets 43, 44 and 59). Fourth, plaintiffs then sought a pre-motion conference with Your Honor to further delay the City's filing of its motion to dismiss and in the alternative a "long" briefing schedule.  (Docket 55)  Your Honor instead set a tight briefing schedule on the City's motion to dismiss (Docket 57) and the City timely filed its motion on February 28, 2023.  (Docket 62).  Fifth, undeterred, plaintiffs then filed a meritless motion to strike the City's motion to dismiss at Docket 65.  Sixth, in what appears to be yet another attempt to delay resolution of the City's motion to dismiss since plaintiffs are again seeking to have individual defendants added at this time, plaintiffs filed another request for Doe discovery at Docket 67.[2]  Now, with the deadline looming to respond to the City's motion to dismiss, plaintiffs are seeking a last minute reprieve from finally having to respond substantively to the City's motion to dismiss.  (Docket 70)

Plaintiffs are attempting to turn these proceedings into a mockery and their lying and games have to stop.  Per the Docket, plaintiffs have five attorneys working on this case who their Complaint alleges are qualified to litigate class actions.  Surely, one of those attorneys can work on the response to the City's motion.  Further, if plaintiffs would stop filing letter motions virtually around the clock, maybe they could work on a response to the motion to dismiss.

The City deserves a substantive response to its motion to dismiss and a court decision thereon.  Plaintiffs' motion for an extension of time should easily be denied.[3]

Thank you for your consideration herein.

---

[2] This is yet another frivolous attempt to expand this lawsuit as the plaintiffs Phillips and Wright apparently did see medical providers upon entry to DOC custody, and the medical providers (and not DOC personnel) appear to have made the medical recommendations of which these plaintiffs complain.

[3] There is no need for excess pages either, and allowing plaintiffs to exceed the page limit in their response would be unfair to the City, since the City complied with Your Honor's 25 page limit.  Plaintiffs' excuse that they would have to present three versions of the facts is also nonsense and lame.  For once, they should simply tell the truth and that would suffice.

                                            Respectfully submitted,

                                            <u>/s/ Mark D. Zuckerman</u>
                                            Mark D. Zuckerman

cc:     All counsel (via ECF)