UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TAFARI BARNETT,

                Plaintiff(s),

10 CIV 3899

Hon. Ronald L. Ellis

    -against-

MOUNT VERNON POLICE DEPT.,
DETECTIVE BAIA, DETECTIVE BONCARDO
                Defendant(s).
-----------------------------------------------------------------x


# MEMORANDUM OF LAW


Dated: Mount Vernon, New York
       April 10, 2011

                              Yours, etc.

                              Loretta J. Hottinger
                              Corporation Counsel
                              Attorney for Defendant
                              The City of Mount Vernon
                              Office and PO Address
                              One Roosevelt Square
                              Mount Vernon, New York 10550

                              By: Hina Sherwani    (HS 8283)

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | FACTUAL BACKGROUND.................................................................. | 4 |
| II. | SUMMARY OF PLAINTIFF'S COMPLAINT........................................ | 5 |
| III. | THE LEGAL STANDARDS.................................................................. | 6 |
| | A. Motion To Dismiss | |
| | B. False Imprisonment | |
| IV. | DETECTIVES HAD PROBABLE CAUSE TO ARREST PLAINTIFF ....................................................................... | 8 |
| | A. Victims' Report to Police on the Night of the Attack and The Police Officer's Personal Observations | |
| | B. Plaintiff's Injuries to His Hands | |
| | C. Mr. Douse's Identification of Plaintiff | |
| | D. Collective Knowledge Doctrine | |
| | E. Probable Cause Was Not Negated by Ms. Wright's Recantation | |
| V. | QUALIFIED IMMUNITY........................................................................ | 15 |
| VI. | PLAINTIFF'S COMPLAINT AS TO THE CITY MUST BE DISMISSED ........................................................................ | 17 |
| VII. | CONCLUSION..................................................................................... | 19 |

Plaintiff misleads this Honorable Court by annexing Exhibit # 1, as attached to the complaint, which was a photo array that included plaintiff on August 1, 2007 as evidenced by the document itself in a completely different matter by a completely different witness. These are two separate arrays used at two separate times as is plain from the documents themselves. Plaintiff's conclusory allegations without any facts or evidence must be dismissed. Plaintiff provides no evidence whatsoever that Exhibit Number 1 was ever used in the identification by Mr. Douse and as such the Complaint must be dismissed.

## III. THE LEGAL STANDARDS

### A. Motion To Dismiss

The standard of review on a motion for judgment on the pleadings under Rule 12(c) is whether the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Serv., Inc. v. Int'l. Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995). This standard is the same as that applicable to a motion to dismiss or failure to state a claim pursuant to 12(b)(6). Nat'l Ass'n of Pharm. Mfrs. v. Ayerst Lab., 850 F.2d 904, 909 n. 2 (2d Cir. 1988).

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In Aschroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court also held that "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (quoting *Twombly,* 550

6

U.S. at 557). A complaint does not need "detailed factual allegations," but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly. at 555. A court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, at 1950"

A complaint is deemed to include any written instrument attached to it as an exhibit, , materials incorporated in it by reference and documents that, although not incorporated by reference, are "integral" to the complaint, , see Fed.R.Civ.10(c); Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985)see Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991),Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Plaintiff's allegation that Mr. Douse was shown a premarked photo array is baseless and not supported with any facts or evidence to indicate that such occurred. He does not make this conclusory allegation based on any personal knowledge or any other credible basis. As such, this single conclusory allegation is not sufficient to survive this motion as even if it were true, plaintiff's arrest was based on far more than simply the photo array shown to Mr. Douse.

### B.    False Imprisonment

To prevail on a false imprisonment claim, a plaintiff must establish that "(1) the defendant intended to confine (him), (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Broughton v. State. 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 93, 335 N.E.2d 310 (1975).

If officers had probable cause at the time of plaintiff's arrest or imprisonment, the confinement is privileged. Whether the probable cause standard has been met in

a particular case is determined by reference to the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 231, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983). Probable cause exists where the officer has "knowledge or reasonably trustworthy caution in the belief that the person to be arrested has committed or is committing a crime. Weyant v. Okst, 101 F.3d 845, 852 (2nd Cir. 1996).

As will be evident to this Honorable Court, there were several factors that established probable cause for Plaintiff's arrest and imprisonment therefore Plaintiff's complaint must be dismissed.

## IV. DETECTIVES HAD PROBABLE CAUSE TO ARREST PLAINTIFF FOR ASSAULT

### A. Victims' Report to Police on the Night of the Attack and the Police Officer's Personal Observations

Detectives based their arrest of Plaintiff on several factors not just the single photographic array identification by Mr. Douse. Immediately after the attacks, Ms. Nordia Wright and Mr. Douse reported the assault and robbery to Police.

When Police Officer Monge arrived at the scene, he contemporaneously observed injuries to both victims' faces. He observed swelling and blood running out of Ms. Wright's nose. Ms. Wright told Officer Monge that it was Plaintiff who attacked her and Mr. Douse.

It is well-established that law enforcement officials have probable cause to arrest when they have received information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth. "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the

8

person to be arrested." U.S. v. Washington, 270 Fed.Appx. 26, 27, 2008 WL 744228, 1 (2nd Cir. 2008) *citing* Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir.2007). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." U.S. v. Washington, 270 Fed.Appx. 26, 27, 2008 WL 744228, 1 (2nd Cir. 2008) *citing* Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir.2001). Ms. Wright's identification as recorded by Police Officer Monge and his own personal observations established probable cause for Plaintiff's arrest.

Further, Ms. Wright told Officer Monge that she had an Order of Protection against Plaintiff and Officer Monge was able to confirm same by checking that there was an Order of Protection valid until 1/29/14 against Plaintiff in NYSPIN (New York State Police Information Network) further affirming Ms. Wright's credibility. It is well established that "probable cause to arrest a suspect exists when a crime victim identifies the suspect". Jones v. Greene 2007 WL 4246330, 9 (N.D.N.Y.2007) *citing* Breitbard v. Mitchell, 390 F.Supp.2d 237, 245 (E.D.N.Y.2005) (victim's identification of suspect in a police complaint "provides probable cause for an arrest, so long as the arresting officer's belief in the complaint's allegations was reasonable").

Here, there was no doubt that Ms. Wright personally and intimately knew her attacker and she plainly identified him as Plaintiff to Officer Monge at the scene. Officer Monge's reliance on her identification, the confirmation of the Order of Protection on NYSPIN and Officer Monge's personal observations established probable cause for plaintiff's arrest as evidenced by Police Report 09-36534

### B. Plaintiff's Injuries to his Hands

Both Ms. Wright and Mr. Douse complained to Police that they had been punched in the face by Plaintiff. Officer Monge notes, in Police Report 09-36534, the swelling and

9

bloody nose sustained by Ms. Wright and the injuries sustained by Mr. Douse requiring treatment at the Emergency Room. Photographs of Mr. Douse are a part of Incident Report Number 09-36534 Bates Stamp 0000016-0000018. The photographs were taken on August 27, 2009. Mr. Douse advised Detective Baia that he received fifteen stitches around his right eye. Victim's Statement Bates Stamp 000014. See Exhibit A as annexed to the Declaration.

On August 28, 2009, plaintiff was questioned by Mount Vernon detectives. When detectives observed Plaintiff, there were injuries to his left and right hands. Upon being questioned as to how he received the cuts and injuries, he answered, he did not know. (**Exhibit A** Incident Report 09-36534 Bates Stamp 000009-0000012) Plaintiff was unable to hold a pen in his right hand and told the detectives that he was right hand dominant. The detectives obviously inferred that Plaintiff used his right hand to punch the victims and sustained injuries to that hand as a result. Plaintiff's inability to use his hand in order to hold a pen and sign his name will be evident to this Honorable Court from his attempted signature on the Miranda Warnings (**Exhibit A to the Declaration** Bates Stamp 000019) as compared to the clarity of his signature as it appears on page 7 of the Amended Complaint (**Exhibit B**).

Plaintiff's inability to explain the injuries to his hands led to the Officers' reasonable inference that he punched both Ms. Wright and Ms. Douse based on the injuries to his hands established probable cause for his arrest and imprisonment.

### C. Mr. Douse's Identification of Plaintiff

On the night of the assault, Mr. Douse was punched by Plaintiff and he reported same to Police Officer Monge as reflected in Incident Report 09-36534. Mr. Douse was present when Nordia Wright identified her attacker by name: Tafari Barnett. Mr.

10

Douse independently identified Plaintiff on a photo array. See **Exhibit A**, Bates Stamp 0000015, previously annexed to the Declaration.

When detectives asked Mr. Douse is asked if he knew who Tafari Barnett was, he stated that he was Nordia Wright's babies' father. Victim's Statement Bates Stamp 000014. A positive photo identification by an eyewitness is normally sufficient to establish probable cause to arrest. *See* Bail v. Ramirez, No. 04 Civ. 5084(WHP), 2007 WL 959045, at *8 (S.D.N.Y. Mar.29, 2007). *See also* Miloslavsky v. AES Engineering Soc., Inc., 808 F.Supp. 351, 355 (S.D.N.Y.1992), *aff'd*, 993 F.2d 1534 (2d Cir.1993). Photographic identification evidence is both competent and admissible within the meaning of subdivision 1 of CPL 190.65 and is legally sufficient to support an indictment of the Grand Jury. People v. Brewster 100 A.D.2d 134, 143, 473 N.Y.S.2d 984, 990 (2nd Dept.,1984). The identification of a suspect from a photo array has been held sufficient to provide probable cause to arrest the suspect. A witness's identification of the defendant at a photographic array furnishes probable cause for his arrest. People v. Ballinger 62 A.D.3d 895, 896, 880 N.Y.S.2d 650, 651 (2nd Dept. 2009). Here, Mr. Douse's selection of plaintiff was only one of several factors which allowed the detectives to have probable cause for Plaintiff's arrest.

Therefore, it certainly establishes the requisite probable cause for arrest by the detectives especially when combined with other evidence.

The photo array added further reliability and veracity to Mr. Douse's identification of plaintiff as his attacker. The reliability and veracity of an identified citizen is presumed, particularly in light of "the criminal sanctions attendant upon falsely reporting ... information to the authorities" People v. Chipp, 75 N.Y.2d 327, 340, 553 N.Y.S.2d 72, 552 N.E.2d 608 (1990); People v. Griffen, 15 AD3d. 502 (2nd Dept., 2005). "A citizen's reliability, as differentiated from that of a paid or anonymous

11

informant, is assumed, since he [or she] could be prosecuted if his [or her] report were a fabrication" People v. Bero 139 A.D.2d 581, 584 (1988). Here, Mr. Douse under the penalty of perjury, identified plaintiff to be his attacker. He was of sound mind and body at the time and appeared at the Police Station, thereafter picking plaintiff's photograph.

Probable cause exists where an officer receives 'information from some person-normally the putative victim or eyewitness-who it seems reasonable to believe is telling the truth.'. Thus, even "[a]ssuming the information ... relied upon was wrong, probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." McDermott v. City of New York WL 347041, 3 -4 (E.D.N.Y.,1995) *citing* Colon v. City of New York., 468 N.Y.S.2d 453, 455-456 (1983).

### D. The Collective Knowledge Doctrine

A day after the attack, Ms. Wright blamed someone else for the attack. However, detectives did not believe her recantation based on their combined investigation. When Ms. Wright blamed someone else for the attack, detectives doubted she was telling the truth as there were too many corroborating factors establishing probable cause that Plaintiff had committed the assault including unexplained injuries to Plaintiff's 'fists'. Ms. Wright's motivation in changing her story as to who attacked her was not atypical of domestic cases. As there was a valid Restraining Order on Plaintiff, any violent act, such as this one by Plaintiff would surely lead to a stiff criminal sentence.

Here, the Department's combined investigation, especially Police Officer Monge's initial report and observations from the scene, casted doubt on Ms. Wright's recantation. Detectives discredited her new account as Plaintiff's injuries to his hands

12

were consistent with the assaults as originally reported by Ms. Wright and recorded in Police Report 09-36534. Her motivation in changing her story was obvious: for multiple reasons, perhaps fear as he had threatened her before, guilt, or love, she did not want to pursue criminal charges against the father of her children.

As they were obviously intimate in the past and shared children, and Plaintiff had threatened her in the past as evidenced by the Protective Order, there was great motivation for her to recant.

The "collective knowledge doctrine" or "fellow officer rule" permitted Detectives Baia and Boncardo, the arresting officers in this matter, to rely upon other law enforcement officers' knowledge to justify probable cause to arrest. **See** Savino v. City of New York, 331 F.3d 63, 74 (2d Cir.2003) ( [F]or the purpose of determining whether an arresting officer had probable cause to arrest, 'where law enforcement authorities are cooperating in an investigation, ... the knowledge of one is presumed shared by all.' "); Stokes v. City of New York, No 05-CV-0007 (JFB)(MDG), 2007 U.S. Dist. LEXIS 32787, at *17 (E.D.N.Y. May 3, 2007) ("[U]nder the collective knowledge doctrine, defendant Buskey is permitted to rely on knowledge obtained by any other officers during the investigation"); Phelps v. City of New York, No. 04 CIV. 8570(DLC), 2006 U.S. Dist. LEXIS 42926, at *9-10 (S.D.N.Y. June 29, 2006) ("The rationale behind the [collective knowledge] doctrine is that in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation; sometimes his authority to arrest a suspect is based on facts known only to his superiors or associates. ...(I)t is not improper for an officer to verify a criminal complaint based upon facts learned from another officer. Jackson v. County of Nassau 2010 WL 335581, 14 (E.D.N.Y. 2010).

Ms. Wright's contemporaneous identification of Plaintiff on the night of the

13

attack: such excited utterances on the night of the assault by Ms. Wright in identifying Plaintiff as the attacker and Police Officer's recording of her statement and his present sense impressions and observations in that business record make his police report extremely credible and reasonable to rely on. Police Officer Monge's personal observations observed blood and swelling on Ms. Wright's face as she reported to him that she had been hit by Plaintiff Tafari Barnett. See Police Report annexed to as Exhibit A: 09-36534.

### E. Probable Cause Was Not Negated by Ms. Wright's Recantment and does not amount to a violation of the Plaintiff's Rights

It does not matter that an "investigation might have cast doubt upon the basis for the arrest. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted. Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury". Krause v. Bennett, 887 F.2d 363, 371-72 (2d Cir.1989). **See also** Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir.2001). The Second Circuit has established that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under Section 1983." Weyant v. Okst 101 F.3d 845 at 852 (2nd Cir. 1996) **quoting** Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994) and **citing** Broughton v. State, 335 N.E.2d 310, 315 (N.Y.1975) (holding that, under New York law, "[j]ustification may be established by showing that the arrest was based on probable cause") and Singer, 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). (W)here law enforcement authorities are cooperating in an investigation ...,

14

the knowledge of one is presumed shared by all. <u>Calamia v. City of New York</u>, 879 F.2d 1025, 1032 (2d Cir.1989). In New York State, "a police officer may arrest a person for ... [a] crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." N.Y.Crim. Proc. Law § 140.10(1)(b). " 'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." <u>Conte v. County of Nassau</u> 2010 WL 3924677, 12 (E.D.N.Y. 2010); N.Y.Crim. Proc. Law § 70.10. As Detectives Baia and Boncardo reasonably relied on their own investigation and observations and Officer Monge's investigation and recordings at the scene at the time of the assault and discredited Ms. Wright's later recantation, Plaintiff's arrest was based on probable cause and his complaint must be dismissed.

## V. QUALIFIED IMMUNITY

If facts supporting probable cause to arrest are ultimately found not to have existed, an arresting officer will nonetheless be entitled to immunity from suit based on "arguable probable cause," which requires that he or she show that it was objectively reasonable to believe that probable cause existed or that "officers of reasonable competence could disagree on whether the probable cause test was met." <u>Finigan v. Marshall</u>, 574 F.3d 57, 61 (2d Cir.2009) (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir.2004)). **Accord** <u>Droz v. McCadden</u>, 580 F.3d 106, 109 (2d Cir.2009).

In <u>Robison v. Via</u>, 821 F.2d 913, 921 (2nd Cir. 1987), the Court of Appeals for the Second Circuit held that an officer is entitled to qualified

15

immunity as a matter of law if the undisputed facts and all permissible inferences show either (a) that it was objectively reasonable for the officer to believe that probable cause existed or (b) that officers of reasonable competence could disagree on whether there was probable cause or reasonable suspicion under Terry v. Ohio . Robison at 921.

The existence of probable cause or arguable probable cause gives government officials an absolute immunity defense to such claims and affords the arresting officers qualified immunity from litigation. Bradley v. Village of Greenwood Lake 376 F.Supp.2d 528 (S.D.N.Y. 2005) *citing* Caldarola v. Calabrese, 298 F.3d 156 (2d. Cir. 2002).

Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff. Escalera v. Lunn 361 F.3d 737 (2nd Cir. 2004). Even if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a 1983 suit for damages if he can establish that there was arguable probable cause to arrest; "arguable probable cause" exists if either it was objectively reasonable for the officer to believe that probable cause existed, or officers of reasonable competence could disagree on whether the probable cause test was met (emphasis added). 42 U.S.C.A. §1983.

In §1983 action false arrest, if there remains an objective basis to support arguable probable cause, remaining factual disputes are not material to the issue of qualified immunity and summary judgment should be granted the

16

Defendants on the basis of qualified immunity.

### Detectives Baia and Boncardo

Here, it was objectively reasonable for Detectives Baia and Boncardo to believe that probable cause existed to arrest Plaintiff for assault based on the original report by Ms. Wright, Mr. Douse's identification and injuries to Plaintiff's hands which were consistent with punching the victims. All of this evidence including Mr. Barnett's inability to explain how he injured his hands, established probable cause, or at the very least arguable probable cause for Plaintiff's arrest. As such, Detectives Baia and Boncardo are entitled to qualified immunity.

As qualified immunity applies to both state law and section 1983 claims, Detectives Baia and Thompson are entitled to qualified immunity on all claims. Calamia v. City of New York, 879 F.2d 1025, 1035-36 (2d Cir. 1989).

## VI. PLAINTIFF'S COMPLAINT AS TO THE CITY OF MOUNT VERNON MUST BE DISMISSED

A municipality cannot be liable under §1983 on a theory of respondeat superior for the isolated unconstitutional acts of its employees. Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, in order to establish liability against the City, plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy. Plaintiff's complaint as against the City must be dismissed as it does not allege that any custom or policy that violated his constitutional rights.

Plaintiff must show "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris 489 U.S.378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff must show that the municipal policy

17

was the "moving force (behind) the constitutional violation." Id. at 389. Here, plaintiff makes no such allegations.

The Complaint is void of allegations sufficient to give rise to a finding of municipal liability, and in any case, there is no evidence to support such allegations. Accordingly, plaintiff's complaint must be dismissed on all claims against the City. See Canario v. City of New York, 2006 WL 2015651, at *2 (dismissing § 1983 claims against the City of New York for failure to plead the involvement of a municipal policy or custom in the events that formed the basis for the lawsuit).

Municipalities are immune from liability based on the discretionary acts of their employees-including police officers-provided the actions of the officers were not inconsistent with acceptable police practice. McCormack v. City of New York, 80 N.Y.2d 808, 811, 587 N.Y.S.2d 580, 600 N.E.2d 211 (1992); Arias v. City of New York, 22 A.D.3d 436, 802 N.Y.S.2d 209 (2d Dept.2005). No fact alleged in the complaint even remotely suggests that the officer defendants acted in a manner that was inconsistent with acceptable police practice.

The City of Mount Vernon cannot be held liable to the plaintiffs in negligence. In New York, municipalities cannot be sued directly for common law negligence unless it can be shown the municipality owed a specific duty to the plaintiffs or went beyond their governmental obligations. See Lauer v. City of New York, 95 N.Y.2d 95, 100-101, 711 N.Y.S.2d 112, 733 N.E.2d 184 (2000). The duty must be more than that owed to the public generally. Id. In this case, the City owed no special duty to the plaintiff, above and beyond what it owed to the public at large. There is nothing to indicate that the actions of the Mount Vernon Police Department were anything other than investigatory police work as such claims for stress or intentional infliction of emotional distress must be dismissed.

18

To recover for intentional infliction of emotional distress New York law requires that the defendants conduct be extreme and outrageous, such that it exceeds the bounds of decency. Howell v. New York Post Co., 596 N.Y.S.2d 293, 303 (1993). No such claim can be made even taken the facts most favorable to the Plaintiff. Therefore, Plaintiff's state law claims must be dismissed.

## CONCLUSION

In sum, Plaintiff's complaint fails to advise the court that his arrest was based on his identification by not just Mr. Douse but also Ms. Nordia Wright who was with Mr. Douse and is the mother of Plaintiff's child(ren). Plaintiff's former girlfriend's identification of Plaintiff as the attacker to police contemporaneously on the night of the attack (there was already a Restraining Order against Plaintiff valid until 1/29/14) and Officer Monge's contemporaneous observations established probable cause for Plaintiff's arrest. Therefore, there was probable cause to arrest Plaintiff based on Ms. Wright's statements, Mr. Douse's identification, Plaintiff's inability to explain cuts on his hand and his inability to use his right hand to even to sign his name. The arrest and imprisonment were privileged and Plaintiff's constitutional rights were not violated.

Even if probable cause is found not to exist, there was arguable probable cause and Detectives Baia and Boncardo acted reasonably based on the totality of the circumstances and are entitled to qualified immunity with regard to Plaintiff's complaint. Plaintiff fails to allege any viable claims against the City of Mount Vernon. Thus, dismissal of the complaint all Defendants are entitled to

19

summary judgment and all causes of action should be dismissed as to all of them.

RESPECTFULLY SUBMITTED,

LORETTA J. HOTTINGER, ESQ.
CORPORATION COUNSEL

By: _____
HINA SHERWANI (HS 8283)
City Hall
1 Roosevelt Square
Mount Vernon, New York 10550
(914) 665-2366
Attorneys for Defendants