21 Civ. 8149 (ALC)(SLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et. al.,

                                    Plaintiffs,

-against-

CITY OF NEW YORK, et. al.,

                                    Defendants.

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendant City of New York*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel:  Mark Zuckerman*
    *Tel:  (212) 356-3519*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT

      POINT I

            THE EXHIBITS ANNEXED TO THE CITY'S MOTIONS SHOULD BE CONSIDERED BY THE COURT IN RULING ON THE MOTIONS ............................................. 2

      POINT II

            THE COURT SHOULD NOT STRIKE THE CITY'S MOTIONS ..................................................................... 8

CONCLUSION ......................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Pages**

Almareh v. Mayorkas,
   20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546
   (S.D.N.Y. Oct. 20, 2021) ...............................................................................................7

Awelwa v. New York City,
   11 Civ. 778 (NRB), 2012 U.S. Dist. LEXIS 24244 (S.D.N.Y. Feb. 22, 2012) .........................4

Betts v. Shearman,
   12 Civ. 3195 (JPO), 2013 U.S. Dist. LEXIS 11139 (S.D.N.Y. Jan. 24, 2013) ......................5, 6

Broder v. Cablevision Sys. Corp.,
   418 F.3d 187 (2d Cir. 2005)...........................................................................................6

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)........................................................................................2, 3

Corley v. Vance,
   365 F.3d 407 (S.D.N.Y. 2019).........................................................................................3

DeFolco v. MSNBC Cable LLC,
   622 F.3d 104 (2d Cir. 2010)...........................................................................................7

Fox v. City of New York,
   18 Civ. 9661 (AT), 2019 U.S. Dist. LEXIS 114650 (S.D.N.Y. July 10, 2019) .........................5

Friedl v. City of New York,
   210 F.3d 79 (2nd Cir. 2000)...........................................................................................8

Gaston v. Ruiz,
   17 Civ. 1252 (NGG), 2018 U.S. Dist. LEXIS 112695 (E.D.N.Y. July 6, 2018)...........3, 4, 5, 8

Kramer v. Time Warner, Inc.,
   937 F.2d 767 (2d Cir. 1991).................................................................................2, 3, 7, 9

Kravtchouk v. City of New York, et. al.,
   16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982
   (E.D.N.Y. Sept. 30, 2019)...............................................................................................2

Makinen v. City of New York,
   722 F. App'x 50 (2d Cir. 2018) (Summary Order)..................................................................6

Morrison v. Nat'l Austl. Bank Ltd.,
   547 F.3d 167 (2d Cir. 2008)...........................................................................................7

| Cases | Pages |
|---|---|

SEC v. Medallion Fin. Corp.,
   21 Civ. 11125 (LAK), 2022 U.S. Dist. LEXIS 137463
   (S.D.N.Y. Aug. 2, 2022)................................................................................................8

United States v. Bignon,
   18 CR 783 (JMF), 2019 U.S. Dist. LEXIS 25230 (S.D.N.Y Feb. 15, 2019) ............6

Wims v. New York City Police Dep't,
   10 Civ. 6128 (PKC), 2011 U.S. Dist. LEXIS 78641 (S.D.N.Y. July 20, 2011).........3

**Statutes**

Fed. R. Civ. P. 12(b)(1)................................................................................................1, 6, 7

Fed. R. Civ. P. 12(b)(6)..............................................................................................1, 2, 6, 7

Fed. R. Civ. P. 12(d) ...........................................................................................................1, 7

Fed. R. Civ. P. 56....................................................................................................................7

Fed. R. Evid. 201 ........................................................................................................2, 3, 4, 5

Fed. R. Evid. 201(b)(2)............................................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PAUL PHILLIPS, et. al.,

                                                  Plaintiffs,

-against-

CITY OF NEW YORK, et. al.,

                                                  Defendants.

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

**21 CV 8149 (ALC)(SLC)**

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

Defendant City of New York (the "City") hereby respectfully submits its Memorandum of Law in opposition to plaintiffs' motion to strike the City's motions at Dockets 62-64 herein, and/or the exhibits submitted in support thereof at Docket 63-1.  For the reasons set forth herein, plaintiffs' motion should be denied in its entirety.  Each of the exhibits that the City has submitted with its motions are either incorporated by reference into plaintiffs' Second Amended Complaint (the "Complaint"), are "integral" thereto or are of matters to which the Court should take judicial notice.  The exhibits submitted by the City may therefore be considered on each of its motions, and plaintiffs do not even address the use of such exhibits in connection with the City's Rule 12(b)(1) motion.  Further, the remedy that plaintiffs seek, the striking of the City's motions, is contrary to Rule 12(d), Fed. R. Civ. P., which states that in the event that the Court elects not to consider certain of the City's exhibits upon its Rule 12(b)(6) motion, the Court should still proceed to rule on it without consideration of such exhibits, or in the alternative, convert the City's motion to a motion for summary judgment.  Plaintiffs' motion to strike is a thinly veiled attempt to have this case, at a minimum, wrongfully proceed to discovery based on municipal

liability and class allegations, and to bury the City in discovery in connection therewith, when it is clear that three of the four named plaintiffs were arrested on charges other than warrants, and were brought directly to court (and not to DOC custody), which is directly contrary to the alleged "policy" of the City of which plaintiffs complain.

## ARGUMENT

### POINT I

#### THE EXHIBITS ANNEXED TO THE CITY'S MOTIONS SHOULD BE CONSIDERED BY THE COURT IN RULING ON THE MOTIONS

Each of the exhibits that the City has submitted with its motions may be considered by the Court. "The Court's review of defendant[']s motion to dismiss is limited to the facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, documents integral to the complaint, and matters of which the Court may take judicial notice." Kravtchouk v. City of New York, et. al., 16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982, at *8 (E.D.N.Y. Sept. 30, 2019); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("a court may consider 'matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"). In fact, the Second Circuit has stated with respect to Rule 12(b)(6) motions, "[o]f course, [a district court] may [] consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document integral to the complaint." Chambers, 282 F.3d at 152-53. "Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." Kramer, supra, at 774.

2

Plaintiffs state that they have no objection to the Court's consideration of documents evidencing warrants for each of the plaintiffs at Docket 63-1, Phillips (Ex. A), Wright (Ex. F), Rosario (Ex. I) and Thompson (Ex. O), upon the City's motion to dismiss. Courts may take judicial notice of warrants submitted in connection with a motion to dismiss. Gaston v. Ruiz, 17 Civ. 1252 (NGG), 2018 U.S. Dist. LEXIS 112695, at *8 (E.D.N.Y. July 6, 2018) (collecting cases). The warrants are also clearly integral to plaintiffs' Complaint, as plaintiffs clearly rely upon the terms and effect of the warrants throughout the Complaint. See Chambers, supra. The warrants should therefore be considered upon the City's motions, and there is no longer an objection thereto.

The documents submitted with the City's motion to dismiss at Docket 63-1, B, C, D, E, G, H, J, K, L, M, N and P, may also be considered upon the City's motion to dismiss despite plaintiffs' objections. Exhibits D (Wright), H (Rosario) and L (Thompson) are NYPD arrest reports and are offered by the City to demonstrate that these three plaintiffs' subject arrests were for crimes unrelated to warrants. "In considering a motion to dismiss, the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as Plaintiff's arrest reports, indictments, and criminal disposition data." Corley v. Vance, 365 F.3d 407, 432 (S.D.N.Y. 2019) (citing Kramer, at 773-75). Rule 201(b)(2), Fed. R. Evid., states as follows: "The court may judicially notice a fact that is not subject to reasonable dispute because it: can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. The Court should take judicial notice of the fact that each of the plaintiffs Wright, Rosario and Thompson were arrested on charges unrelated to any open warrants, which is fully supported by the caselaw. See Wims v. New York City Police Dep't, 10 Civ. 6128 (PKC), 2011 U.S. Dist. LEXIS 78641, at *8 (S.D.N.Y. July 20, 2011) (considering charges in

arrest paperwork upon motion to dismiss); see also Awelwa v. New York City, 11 Civ. 778 (NRB), 2012 U.S. Dist. LEXIS 24244, at *9-10 (S.D.N.Y. Feb. 22, 2012) (considering upon motion to dismiss what is stated in NYPD arrest report).  The arrest reports of the plaintiffs Wright, Rosario and Thompson, Exhibits D, H and L at Docket 63-1, are public documents and the arrest reports are being offered principally for the arrest charges against the plaintiffs Wright, Rosario and Thompson, and not whether these plaintiffs actually committed the charges that were the bases for their arrests.  The simple fact of the bases of these plaintiffs' arrests should not even be the subject of dispute and these plaintiffs of course knew why they were arrested.  Exhibits D, H and L should not be stricken and should be considered upon the City's motions.

       Exhibits E (Wright), J (Rosario) and N (Thompson) at Docket 63-1 are OLPA reports, which courts have stated are "matters of public record and, as such, [courts] may consider them on a motion to dismiss." Gaston, supra, at *8.  The City has offered these exhibits principally for the simple (and which also should be undisputed) facts that the plaintiffs Wright, Rosario and Thompson were brought directly to court to see a judge upon their arrests on charges unrelated to any warrants, as well as each of their arrest to arraignment times.  In accordance with F.R.E. 201, these are simple facts which the Court can readily ascertain from public documents, and that are not subject to dispute.  These documents should not be stricken and should be considered upon the City's motions.

       Exhibits G (Wright), K (Rosario) and P (Thompson) at Docket 63-1 are DOC movement history reports for these plaintiffs and are the DOC equivalents of NYPD OLPA reports. As such, they are also "matters of public record, as such, [courts] may consider them on a motion to dismiss" as well. Gaston, supra, at *8. The City has offered these exhibits principally for the simple (and which should be undisputed as well) fact that the plaintiffs Wright, Rosario and

Thompson were only brought to DOC custody after they were brought to court to see a judge. In accordance with F.R.E. 201, this is a simple fact which the Court can readily ascertain from public documents, and that are not subject to dispute. These documents should not be stricken and should be considered upon the City's motions.

Exhibits B and C are the command log and holding pen log entries, respectively, for the plaintiff Phillips from the date of his arrest, July 3, 2020. Other than providing background to Phillips' arrest as to the undisputed fact that his arrest originated with State troopers in upstate New York, the fact most relevant to the City's arguments in support of its motions that is contained in these documents is the fact that Phillips was transported (allegedly to Rikers Island) from the NYPD's 50th Precinct at 5:10 p.m. on July 3, 2020, as set forth in Exhibit B, which should not be seriously disputed either. The Court should take judicial notice of that simple fact pursuant to F.R.E. 201 pursuant to the foregoing authorities, since it is similar to a time record that is set forth in an OLPA report. See Gaston, supra.

The City's arguments in its motions are not dependent on Exhibit M, which is a DD5 in connection with the plaintiff Thompson's arrest. Exhibit M is submitted for background only to refute another of plaintiffs' untruths, that the plaintiff Thompson was picked up by bail bondsmen in connection with her subject arrest. This is another fact that should be undisputed in this case, as the plaintiff Thompson was arrested by NYPD detectives.

In addition to the Court taking judicial notice over these documents, Exhibits B, C, D, E, G, H, J, K, L, M, N and P are also integral to plaintiffs' Complaint. See Fox v. City of New York, 18 Civ. 9661 (AT), 2019 U.S. Dist. LEXIS 114650, at *9 (S.D.N.Y. July 10, 2019) ("Here, the arrest report is integral to Plaintiff's complaint because it 'provides crucial details associated with [Plaintiff's] allegations.'") (quoting Betts v. Shearman, 12 Civ. 3195 (JPO), 2013 U.S. Dist.

5

LEXIS 11139, at *9 (S.D.N.Y. Jan. 24, 2013)) ("the Court will consider the [domestic incident report] and the accusatory instrument in Betts' misdemeanor prosecution for harassment, as both documents are uncontested for validity, integral to Betts' Complaint, and available to both parties."). The documents submitted by the City with its motion to dismiss provide crucial details associated with plaintiffs' allegations as to what they were charged with and whether they were brought directly to court, as opposed to DOC custody. Plaintiffs are fully aware of what is contained in these documents as to the reasons that the City is offering them as exhibit. Thus, for this additional reason, these documents should not be stricken and should be considered upon the City's motions.

Plaintiffs have no objection to the Court's consideration of NYPD Patrol Guide provision 208-42, Exhibit Q at Docket 63-1, upon the City's motions. This document should be considered upon the City's motions because the Court may take judicial notice of this exhibit. See Makinen v. City of New York, 722 F. App'x 50, 53 (2d Cir. 2018) (Summary Order) (judicial notice may be taken of patrol guide provision); United States v. Bignon, 18 CR 783 (JMF), 2019 U.S. Dist. LEXIS 25230, at *13 (S.D.N.Y Feb. 15, 2019). This exhibit is also incorporated by reference into plaintiffs' Complaint at, e.g., ¶¶263-264; see Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005) ("Insofar as the complaint relies on the terms" of a document either annexed or deemed incorporated by reference, the court "need not accept its description," but may look to the document itself.). Finally, Exhibit Q is integral to plaintiffs' Complaint since the gravamen of plaintiffs' Complaint is their baseless claim that the City's policies and practices are unconstitutional, including Patrol Guide 208-42. For these reasons, this exhibit should be considered upon the City's motions.

6

DOC Operations Order 6/92 (Exhibit Q at Docket 63-1) is DOC's equivalent of an NYPD Patrol Guide provision and it should be treated similarly to NYPD Patrol Guide 208-42.[1] This document is clearly integral to plaintiffs' Complaint[2] as counsel was in possession of it since the City's submission at Docket 40, and the Second Amended Complaint, filed thereafter, as seen, makes core claims with respect to certain NYPD and DOC practices. Plaintiffs' decision to select NYPD's Patrol Guide provision for consideration upon the City's motion to dismiss, but to object to DOC Operations Order 6/92, is akin to the selective and misleading use of documents that the Court of Appeals in Kramer cautioned against. Id., at 774. DOC Operations Order 6/92 should not be stricken and should be considered upon the City's motions.

"No dispute exists regarding the authenticity or accuracy" of any of the documents submitted the City upon its motions for the purposes offered by the City and the documents are clearly relevant. The documents should therefore all be considered. See DeFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

Plaintiffs also completely fail to address the fact that the City's motion to dismiss is not solely based on Rule 12(b)(6), Fed. R. Civ. P., but also seeks the dismissal of plaintiffs' claims for injunctive relief pursuant to Rule 12(b)(1), Fed. R. Civ. P. for lack of standing. "A court considering a Rule 12(b)(1) motion may consider evidence outside the pleadings to determine whether subject-matter jurisdiction exists." Almareh v. Mayorkas, 20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546, at *4 (S.D.N.Y. Oct. 20, 2021) (citing Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)). The exhibits submitted by the City at Docket 63-1, namely

---

[1] There is no serious dispute that Operations Order 6/92 is presently in effect at DOC. Should there be any doubt at all, the City will submit a declaration attesting to that simple fact.

[2] The Court should take judicial notice of DOC Operations Order 6/92 as well based on the foregoing authorities that support the Court taking judicial notice of NYPD Patrol Guide 208-42.

7

the arrest and OLPA reports, demonstrate that the named plaintiffs Wright, Rosario and Thompson's subject arrests were not based upon warrants at all, and that each of them was brought to court to see a judge, and not directly to DOC custody. As such, the Court may clearly consider these documents for the additional reason that they are allowable upon a Rule 12(b)(1) motion for lack of subject matter jurisdiction.

## POINT II

### THE COURT SHOULD NOT STRIKE THE CITY'S MOTIONS

Rule 12(d), Fed. R. Civ. P., states as follows: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." "When faced with extrinsic documents improperly submitted by a party, the court may either convert the motion to dismiss to one for summary judgment or simply decline to consider the extrinsic documents." Gaston, supra, at *9 (citing Friedl v. City of New York, 210 F.3d 79, 83 (2nd Cir. 2000)). Thus, the only case cited by plaintiffs as authority to strike the City's motions without prejudice to refiling, SEC v. Medallion Fin. Corp., 21 Civ. 11125 (LAK), 2022 U.S. Dist. LEXIS 137463 (S.D.N.Y. Aug. 2, 2022), is an outlier, and even in that case, Judge Kaplan was faced with a situation where the defendants submitted 39 exhibits in support of its motion to dismiss. (See Docket 61 in SEC v. Medallion Fin. Corp., 21 Civ. 11125 (LAK)). Thus, should the Court here ultimately decide not to consider some of the City's exhibits, the Court should simply decide the City's motion without considering any excluded exhibits.[3] Additionally, there are also only a limited number of sub-

---

[3] In deciding to allow plaintiff's motion to strike to proceed, the Court only allowed plaintiffs to seek to strike exhibits, and not the motion as a whole. See Docket 72. Despite this Court's admonition, and Magistrate Judge Cave having reminded plaintiffs' counsel of the same at a recent

8

arguments that the City made in its motion that are dependent upon any exhibits at all, and such arguments are clear and distinct.[4] There is no basis to strike the City's motions and plaintiffs are merely trying to delay consideration of the City's meritorious motions.

Finally, plaintiffs' strategy is clear and improper. This lawsuit was originally filed by the plaintiff Phillips only, who alleged that he was transported to Rikers Island from the NYPD's 50th Precinct upon his transfer from New York State troopers' custody, when a live warrant appeared during a traffic stop conducted by New York State Troopers. Plaintiffs have now attempted to needlessly expand this litigation by attempting to certify a class and seek injunctive relief by adding three plaintiffs who were not even arrested on warrants and who were brought directly to court (and not to DOC custody) by NYPD officers upon their unrelated arrests. Plaintiffs wish to bury the City in discovery, including vexatious class and Monell discovery, by making completely false accusations and claiming the Court has to accept these false allegations in the Complaint as true, without the City being able to do anything about it. This is far worse than the situation that the Second Circuit warned against in Kramer, supra. Plaintiffs' motion to strike should be denied and the City's motion to dismiss should be allowed to finally proceed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to strike should be denied in its entirety and the Court should consider the exhibits at Docket 63-1 upon the City's motions.

---

discovery conference, see Docket 74, p. 14, plaintiffs still moved to strike the entirety of the City's motions without prejudice anyway.

[4] As plaintiffs are well aware, the City is not offering the exhibits at Docket 63-1 for the wide ranging uses that plaintiffs discuss in their opening brief.

Dated: New York, New York
April 18, 2023

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-133b
                              New York, New York 10007
                              (212) 356-3519

                By:   /s/ Mark D. Zuckerman
                       MARK D. ZUCKERMAN
                       Senior Counsel