

April 20, 2023

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

   Re:  Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

  As the Court may recall, our firm represents Plaintiffs and the putative class in the case above. I write in brief response to Defendants' motion to modify the Court's Order at Dkt. No. 83.

  Defendants made no effort to confer with us before filing it. That said, we are glad they raised the issue, because it does suggest that the task Defendants should do is different.

  If Mr. Wright's memory about exactly *where* he was is in fact wrong,[1] the solution seems to be to find people matching the relevant description at the other location — rather than scrapping efforts to identify a party to this case altogether. However, there is also what seems to be a clear fact dispute (*see also,* Dkt. No. 78 at 22-24; Dkt. No. 77-1 (City officials admitting these kinds of records are forged on occasion)[2]) about where Mr. Wright was at the time. So, we think the best path forward is for Defendants to identify anyone meeting the description in Dkt. No. 83 ¶ 2(e) in *either* of AMKC and VCBC. As we have emphasized throughout this process, Mr. Wright was literally starving at the time we are discussing. It is certainly possible he has remembered the sequence of events out of order. But — as set out in the letter — his firm memory is that he "managed to flag down two captains — he remembers [that] specifically because he was extremely hopeful a captain would be able to do something — during the third and fourth day." Dkt. No. 79 at 6.

  Since that description is "non-white female officers holding the rank of Captain who worked on the mornings of March 22, 2020 or March 23, 2023," (*id.*), and as the Court observed this morning, there should not really be a lot of people matching that description, providing the list across both VCBC and AMKC should be minimally burdensome. Or, if the City is absolutely certain there isn't even a possibility an unknown person working long hours recorded something incorrectly (to say nothing of the possibility raised by City officials in Dkt. No. 77-1), at a minimum, the City should provide the list for AMKC.

  As always, we thank the Court for its continued time and attention.

---

[1] There is no reason to think the hearsay of an unknown declarant is necessarily correct.
[2] Defendants did not contest this fact in their opposition to the motion.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

<a>
</a>
<b></b>



        Respectfully submitted,

          /s/
        _____

        J. Remy Green
          *Honorific/Pronouns: Mx., they/their/them*
        **COHEN&GREEN P.L.L.C.**
        *Attorneys for Plaintiffs*
        1639 Centre St., Suite 216
        Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com