

June 20, 2023

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

Re: Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)

Dear Judge Cave:

As the Court may recall, our firm represents Plaintiffs and the putative class in the case above. I write to ask that — during the Doe-identification focused conference the Court scheduled for June 27, 2023 — the Court allow Mr. Phillips to review documents remotely (perhaps using a document camera and meeting software, if that is of concern[1]), given the significant logistical issues that we did not discuss at the most recent conference.

Mr. Phillips has a number of significant physical disabilities. Specifically, he suffers from nerve damage, degenerative disc disease, osteoarthritis, and spinal stenosis. He was also struck by a car this past November compounding those conditions. As part of his treatment, because of deep vein thrombosis (or "DVT") in his leg, he must keep that leg frequently elevated.

He also lives in Rotterdam, New York — between five and six hours by train, or three hours by car, from the Courthouse. As the Court may recall, Mr. Phillips was arrested on the "zombie" warrant from the 80's in Guilderland (near Rotterdam), taken to Poughkeepsie, and only then eventually transported to the Bronx and Rikers Island. Dkt. No. 58 ¶¶ 89-109.

That distance means that having him in Court first thing in the morning likely requires a hotel stay room the night before the appearance. And because of his conditions, we would need to arrange an expensive, medical transportation solution for Mr. Phillips. And even with those burdensome accommodations, the burden of a two-day trip with a large share of the trip spent in transit will pose a burden that I do not think was contemplated by the Court's initial Order.

I apologize that I was not focused during the last conference on the fact that Mr. Phillips lived quite so far away, that his pain conditions had deteriorated, and that he would need such extensive accommodation. These hurdles have only really become apparent as we attempted to organize the logistics of having Mr. Phillips appear on the 27th.

---

[1] Defendants' primary articulated concern was the "integrity" of the process. But see Snoussi v. Bivona, No. 05 CV 3133 (RJD)(LB), 2009 U.S. Dist. LEXIS 18155, at *6 (E.D.N.Y. Mar. 10, 2009). Using screensharing and a document camera — which I am happy to arrive early and test out to ensure everything is functioning, without sharing *copies* of documents — serves largely the same function.



    Thus, we respectfully request the Court allow Mr. Phillips the reasonable accommodation of using a videoconference platform and document camera to review documents Defendants can still produce in physical form, and not have digital copies made.  As noted in n. 1 above, I am happy to arrive early and spend whatever time is necessary testing out and troubleshooting to ensure there is a sufficient technological solution.  If this motion is granted, Mr. Wright will still appear in person.

    As always, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com