

July 24, 2023

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

        Re:     Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)

Dear Judge Cave:

      As the Court may recall, our firm represents Plaintiffs and the putative class in the case above. I write in response to the Court's Order at ECF No. 106, which asked that Plaintiffs file a letter "indicating how they will proceed with the information obtained at the Conference" and (presumably) through the other parts of the Doe discovery process (*see, e.g.,* ECF No. 95 at 7 n. 10).

      On the most basic level, Plaintiffs intend to file a complaint naming the Does. However, there are several considerations that make that more complicated than it may seem:

- Defendants have refused to consent to any amendment;
- There is a motion to dismiss, and a fully briefed motion to strike the motion to dismiss awaiting decision, and both parties are eager to see that process see resolution;[1] and
- There are two ways, given the date, the statute of limitations may be tolled: diligence (as the Court observed at the second most recent conference) and the COVID-19 toll (which will expire for the claims here in early November 2023) — but diligence requires relation back.

If the diligence related tolling did not require relation back under Rule 15, given Defendants' refusal to consent to an amendment,[2] Plaintiffs might simply file a new complaint against the as-yet-unnamed Defendants, mark it related, and seek consolidation.

---

[1] Defendants have repeatedly and loudly objected to anything that slows the process of "responding to the arguments made in the City's motion to dismiss." ECF No. 95 at 8. *See also, e.g.,* ECF No. 71 at 2 ("plaintiffs have done everything and anything to avoid substantively responding to the City's arguments in support of dismissal"); ECF No. 64 at 3 (similar).

[2] Though Defendants will inevitably raise that this is the third amended complaint, Plaintiffs sought to get the discovery necessary to avoid needing a third amendment in advance of the second amended complaint, to avoid just that argument, or in the alternative. *See* ECF No. 43. Defendants opposed that too.



But, since it does, Plaintiffs intend to seek leave to amend the complaint to simply name the Does — and would ask that the Court decide such a motion before early November, such that they may file a separate complaint if the Court denies the motion.

In order to address the stack of motions, and to "avoid" any further delays in "substantively responding to the City's arguments in support of dismissal" — as Defendants insist they would prefer (ECF No. 71 at 2) — Plaintiffs sought Defendants' consent, or at least position, on a stipulation that would address and avoid mooting the pending motions. Saying Plaintiffs assumed no one "want[ed] to rebrief any of what's pending," and saying we were "open to different framings or wordings," Plaintiffs asked whether the Defendants "would agree that a motion to amend or amended complaint does not moot or alter the pending motions." Plaintiffs also sent draft language.[3]

Defendants refused to answer the question without first seeing a copy of the proposed amended pleading that they had already declined to consent to Plaintiffs' filing.[4] Indeed, I sent an email saying, "[c]an you just give an answer to whether you would agree to the kind of stipulation I proposed?" Defendants said, simply, "No." And when we said we were asking about the stipulation since it would impact our proposal in this letter, Defendants simply said, "We will respond to your letter as necessary."

So, given all of the above, Plaintiffs would ask that the Court enter an order substantially to the following effect:

"Plaintiffs may file a letter motion to amend the complaint to name the Does, with no other substantive amendments, on or before August 21, 2023, which shall be accompanied by a copy of the proposed amended complaint. Defendants may file an opposition on or before August 28, 2023.

Because the Court has directed that no substantive amendments may be made, the pending motion to dismiss, and motion to strike the motion to dismiss (ECF Nos. 62 and 76) are not mooted or otherwise impacted by the filing of an amended complaint, and to the extent necessary, the motions are deemed to address any amended complaint."

---

[3] Proposing, "the filing of a motion to amend, and any subsequent grant of that motion, which is done in order to name certain John and Jane Does officers, does not impact, moot, or otherwise have any effect on the pending motion to dismiss or pending motion to strike. Any later named defendants shall be able to answer or move to dismiss in the ordinary time following service."

[4] Despite having already conferred this issue to impasse, at the Court's direction (ECF No. 94), Defendants have repeatedly demanded a copy of the yet-to-be-drafted amended pleading in order to evaluate a motion they had already made clear they would oppose — and that would necessarily follow the Court expressing its preference on the path forward (since the form in which it would be drafted would necessarily differ based on that preference). might be.

COHEN&GREEN    Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



  Language like the above second paragraph would avoid the need to re-brief any of the issues that have been before the Court and fully briefed as of April 25, 2023.

  As always, we thank the Court for its continued time and attention.

                Respectfully submitted,
                  /s/
                _____
                J. Remy Green
                  *Honorific/Pronouns: Mx., they/their/them*
                **COHEN&GREEN P.L.L.C.**
                *Attorneys for Plaintiffs*
                1639 Centre St., Suite 216
                Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com