199 Water Street
New York, NY 10038
T (212) 577-3530
www.legal-aid.org

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

**THE
LEGAL AID
SOCIETY
CRIMINAL
DEFENSE**

December 11, 2020

Hon. Tamiko Amaker
Administrative Judge
New York City Criminal Court
100 Center Street
New York, NY 10013

Hon. Matthew D'Emic
Administrative Judge for Criminal Matters
New York State Supreme Court
Kings County
320 Jay Street
Brooklyn, New York 11201

Commission Cynthia Brann
New York City Department of Correction
75-20 Astoria Blvd.
East Elmhurst, NY 11370

Hon. Desmond Green
Administrative Judge
New York State Court
Richmond County
26 Central Avenue
Staten Island, NY 10301

Hon. Ellen Biben
Administrative Judge
New York State Supreme Court
New York County
100 Center Street
New York, NY 10013

Hon. Julio Rodriguez III
Administrative Judge
New York State Supreme Court
Bronx County
265 East 161st Street
Bronx, NY 10451

Hon. Joseph Zayas
Administrative Judge
New York Supreme Court
Queens County
125-01 Queens Blvd.
Kew Gardens, NY 11415

Re:     Re: Request for Immediate Action to Vacate Warrants

Dear Chief Administrative Judges and Commissioner Brann,

We write to ask you to take immediate steps to address the increasing number of people in New York City Department of Corrections ("DOC") custody who have been arrested on outstanding bench warrants and are not being brought before the courts within the statutorily prescribed time period in Criminal Procedure Law § 530.70(2).

Over the past few months, we have encountered numerous incidents in which people are taken directly into DOC custody on a bench warrant only to languish in jail for days and even weeks without being brought before a court. In these instances, defense counsel is not notified and the person is not provided with information about how to contact a lawyer. Some of these individuals are held on matters for which bail is not authorized and therefore their release would be all but assured if they had access to counsel or were brought before a court. For example, in May, a client of the Legal Aid Society in Brooklyn spent 17 days in DOC custody on a Supreme Court warrant for a non-bail eligible offense before a Legal Aid supervisor was notified and petitioned the court to release them. In another Brooklyn case in October, where a client was arrested on a new charge and subsequently released on their own recognizance on the 180.80 date, the client nonetheless sat in jail for two weeks because they were never brought before the court to clear an outstanding warrant. Similarly, in a case from Staten Island in July, a client arrested on a bench warrant was incarcerated for a month without being brought before a judge and ended up pleading guilty to a petit larceny when he was finally able to get in front of the court, a plea undoubtedly influenced by the client's strong desire to resolve the matter and avoid further unnecessary incarceration. In the Bronx in August, a client was brought to corrections from outside of New York City and held for seven days before his family reached his attorney. He was not scheduled to appear in Bronx Supreme Court until 15 days after coming into DOC custody. Finally, in Manhattan this month, we have a client who was arrested on December 1 whose court date was scheduled for December 15, the earliest date the court would accommodate. In many of these cases, the client was only brought to court and released because they managed to reach a Legal Aid attorney who intervened to ensure their unlawful incarceration ended swiftly.

These are but a few examples of a trend that we have seen escalating in recent weeks. We do not understand the reason for the prolonged delay in bringing people arrested on bench warrants before a judge and bring this matter to your attention in the hope of identifying the reason and resolving it quickly. Whatever the reason, it cannot be squared with the statutory requirements of CPL § 530.70(2).  Moreover, as you are no doubt aware, each day of incarceration raises the risk that our clients will lose their homes, jobs, children, and now, risk exposure to COVID-19.

We hope that you can take immediate steps to end this practice and ask for confirmation of the steps you have taken in writing, or a meeting to discuss the cause of this problem and its solutions. Additionally, we respectfully request the name, NYSID, and indictment or docket numbers for each person currently held in DOC custody on a Supreme or Criminal Court warrant who has not seen a judge within twenty-four hours of the time their arrest and that this disclosure be ongoing until the issue is resolved.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,


Marie Ndiaye
Supervising Attorney, Decarceration Project
Criminal Defense Practice


**Justice in Every Borough.**

Cc: Hon. Lawrence K. Marks, Chief Administrative Judge of the Courts of New York State
Justin Barry, Chief Clerk, New York City Criminal Court
Deanna Logan, Acting General Counsel, Mayors Office of Criminal Justice
Heidi Grossman, General Counsel, Legal Division, NYC Department of Correction
Wesley E. Bauman, Supervising Assistant General Counsel, Legal Division, NYC Department of
Correction

**Justice in Every Borough.**