

December 5, 2023

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

    Re:    Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Carter:

    My firm, with co-counsel represents Plaintiffs and the putative class in the case above. After a lot of physical legwork by our process server, Plaintiffs have now served all but two of the newly named Defendants. This letter motion concerns Defendant Jasdeep Mangat, and seeks leave to serve him by alternative means (specifically, email) because he appears to be in South Africa.[1] Defendants do not consent.

    By way of background, Defendants provided an address for Defendant Mangat on October 26, 2023. However, it turns out that address was no longer good — so efforts to serve him there were unsuccessful. See ECF No. 132 at 4. Plaintiffs raised this issue with Defendants, and also, in light of the time that has passed and the efforts it took to serve various Defendants, asked for a last known email address so they could move for alternative service. After some back and forth, Defendants refused to respond further, saying, "Mangat should be resolved by you doing the public records search you said you would do promptly and trying to serve him at that address." So, Plaintiffs did so, and attempted to serve Mangat at the address in the public records search. He no longer lived there either.

    When Plaintiffs asked again for an email address — or in the alternative, a date of birth to run a skiptrace, Defendants counsel said he was "informed (unofficially, and without confirmation) that Dr. Mangat is presently doing work in South Africa." So, even a current physical address would make service completely impracticable and unnecessarily expensive. And while the public records search reveals three possible email addresses for Defendant Mangat, (jsmangat@gmail.com, nmmangat@gmail.com, or roketman25@yahoo.com), Defendants' counsel refuses to confirm which, if any, of these email addresses matches what Defendants have in Defendant Mangat's employment records. And Defendants refuse to even *say* what mode of service they believe Plaintiffs should pursue, in light of the fact that Defendant Mangat appears to be in South Africa — saying only that they oppose any alternative service and otherwise "don't have enough facts at the moment" to take any position.

---

[1] One other Defendant still needs to be served, but Defendants have stated that they are in the process of seeing if that Defendant will designate a City office for service.



Plaintiffs now seek leave, as provided by Fed. R. Civ. P. 4(e)(1) and CPLR § 308(5), to serve Defendant Mangat at the three email addresses that appear in a public records search.

## ARGUMENT

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant in any way authorized by state law in the district where the Court sits. In turn, then, CPLR 308(5) allows a Court to approve any method of service not specifically named in the rules, provided the methods in CPLR (1), (2), and (4) are "impracticable."[2] "Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require a showing of due diligence." *Ransome v Epstein*, 2018 US Dist LEXIS 15295, at *3 (SDNY Jan. 30, 2018). That is, what matters is not how hard a party has worked, but rather, based on the facts available to the Court, whether physical, personal service is just not practical.[3]

Second, Fed. R. Civ. P. 4(f)(3) permits service by any "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). This is an even lower bar than Rule 4(e)(1): "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 2018 U.S. Dist. LEXIS 40128, 2018 WL 1275752, at *2 (S.D.N.Y. 2018). Thus, a party need not even make attempts to serve in another means once it is clear a party is in another country because "the rule does not require a party to serve process by the means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by 'other means' under Rule 4(f)(3)." *Id*. That is, while South Africa is a Hague Convention signatory (*see* Fed. R. Civ. P. 4(f)(1)), a party is not required to use Hague Convention methods before the simpler methods authorized in Rule 4(f)(3). Indeed, "there is no hierarchy among the subsections in Rule 4(f)." *Kaneka Corp. v. Purestart Chem Enter. Co.*, 2017 WL 11509784, at *2 (E.D.N.Y. Oct. 17, 2017) *quoting Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012).

Here, either standard is readily met. At this point, Plaintiffs have attempted physical service at two different physical addresses — one provided by Defendants, the other Defendants insisted on before discussing other service approaches further — to no avail. So, given the information from Defendants' counsel that Defendant Mangat is in South Africa, even with an accurate physical address, the modes of service in CPLR (1), (2), and (4) are certainly "impracticable" and unduly expensive. CPLR 308(5). *See, e.g., Cengage Learning v Xuhong Wang*, 2017 US Dist LEXIS 233195, at *4 (SDNY Sep. 14, 2017) (email service to parties in China with unknown addresses); *Safadjou v Mohammadi*, 105 AD3d 1423, 1424 (4th Dept 2013) (affirming decision to allow service of a known party in Iran by email, noting that the law "does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308");

---

[2] Plaintiffs thus repeatedly asked Defendants to explain what other method of service — short of email — should be used given that Defendant Mangat appears to be in South Africa. Defendants' counsel instead refused to answer.

[3] Of course, diligence can be used to ***show*** impracticability. *See, e.g., McGraw-Hill Global Educ. Holdings, LLC v Turcios*, 2018 US Dist LEXIS 68071, at *3 (SDNY Apr. 20, 2018).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Likewise, there is no "international agreement" (Fed. R. Civ. P. 4(f)(3)) with South Africa that prohibits email service — so under Rule 4(f)(3), email service is appropriate too.

Finally, because Defendants' counsel refuses to do so on his own, Plaintiffs ask the Court to direct Defendants to confirm which of the three email addresses from the public records search matches their employment file — or to provide the email in their file if it is different (since Defendants inexplicably refuse to provide this information).[4]

In sum, for the reasons above, the Court should permit alternative service by email, whether under Rule 4(e)(1) or Rule 4(f)(3). And as always, we thank the Court for its continued time and attention.

                                       Respectfully submitted,

                                          /s/
                                     _____

                                      J. Remy Green
                                          *Honorific/Pronouns: Mx., they/their/them*
                                     **COHEN&GREEN P.L.L.C.**
                                     *Attorneys for Plaintiff*
                                     1639 Centre St., Suite 216
                                     Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[4] It is also unclear why this motion is necessary at all, since Defendants' statement that "the doctors and medical personnel newly added as defendants by the plaintiff Phillips would be represented by this Office in a limited scope for the purposes of the motion to dismiss" (ECF No. 127 at 1-2) seems to suggest that "the doctors" including Defendant Mangat have already reached an agreement with the Corporation Counsel about the scope of representation — at least as contrasted with the City's standard request for the Court to grant a "sua sponte" extension of time to answer, premised on the idea that the Corporation Counsel cannot act at all without speaking first to a current or former City employee.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com