

January 30, 2024

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:     Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Carter:

      My firm, with co-counsel represents Plaintiffs and the putative class in the case above.  I write regarding Plaintiffs' motion to strike Defendants' motion to dismiss.

      Upon Plaintiffs' review of the new motion, on relevant issues, they believe it is more or less the same motion, using the same exhibits for the same purposes.[1]  That is, Defendants' motion continues to use documents outside the four corners of the complaint (whether by judicial notice or otherwise) for the impermissible purpose of "the truth of their contents."  *Roth v Jennings*, 489 F3d 499, 509 (2d Cir. 2007); *see also, Corley v Vance*, 365 F Supp 3d 407, 432 (SDNY 2019) ("Where the Court takes judicial notice, it does so in order to determine what statements the public records contained, not for the truth of the matters asserted.").  Thus, Plaintiffs ask that the Court simply treat the prior motion as renewed.  *See* ECF Nos. 76-78.

      We have discussed with Defendants, and they have indicated they have no objection, but may want to submit an updated opposition to the motion.  So Plaintiffs ask the Court to treat the motion at ECF No. 76 as renewed, and then set a schedule for opposition and reply (if Plaintiffs believe there is anything new that actually needs an amended reply).

      And as always, we thank the Court for its continued time and attention.

---

[1] Defendants raise some new arguments.  For example, Defendants describe their refusal to provide any "food [a person] would be able to swallow with his jaw wired shut" over two weeks (ECF No. 128 ¶ 235) as merely a failure to provide "preferred food."  ECF No. 143 at 15-16.  They likewise refuse to read what is actually alleged in those instances.  *Compare, e.g., id.* ("Wright does not allege … that he even formally asked Rikers Island medical personnel for such foods") *with* ECF No. 128 ¶¶ 235 (Wright "requested food he would be able to swallow with his jaw wired shut"); 243 ("Mr. Wright told various DOC Does that he needed to have something that was pureed, a liquid meal substitute, or otherwise consumable with his jaw wired shut."); 246 ("Mr. Wright begged for the same from Defendant [Captain] Horton and the other captain: that he be provided some kind of food he could consume.").  But these are not impermissible uses of documents so much as simple failures to address what is pled in the complaint such that a response can point out the allegations Defendants say are missing, as well as the authority that supports the claims.



                                        Respectfully submitted,

                                              /s/
                                     _____

                                      J. Remy Green
                                          *Honorific/Pronouns: Mx., they/their/them*
                                     **COHEN&GREEN P.L.L.C.**
                                     *Attorneys for Plaintiffs*
                                     1639 Centre St., Suite 216
                                     Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com