21 Civ. 8149 (ALC)(SLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et. al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et. al.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York, Dr.*
    *Aung Oo, Terry Gravesande, Terry Hailand,*
    *Edward Horton, Christopher Johnson, Dr.*
    *Jasdeep Mangat, Gabriel Montalvo,*
    *Krystalbella Murnane-Victorelli, Michael*
    *Prilook, Roman Maslovskiy, Mireille Zamy*
    *and Dr. David Rosenberg*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Mark D. Zuckerman*
    *Tel:  (212) 356-3519*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...........................................................................................................II

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT

        POINT I

                THE EXHIBITS ANNEXED TO DEFENDANTS'
                MOTIONS SHOULD BE CONSIDERED BY THE
                COURT IN RULING ON THE MOTIONS ............................................. 2

        POINT II

                THE COURT SHOULD NOT STRIKE
                DEFENDANTS' MOTIONS ...................................................................... 11

CONCLUSION ............................................................................................................................ 13

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                    <u>Pages</u>

Abely v. Aeterna Zentaris, Inc.,
    12 Civ. 4711 (PKC), 2013 U.S. Dist. LEXIS 78388
    (S.D.N.Y. May 29, 2013)..................................................................................................11

Almareh v. Mayorkas,
    20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546
    (S.D.N.Y. Oct. 20, 2021) ...................................................................................................9

Awelwa v. New York City,
    11 Civ. 778 (NRB), 2012 U.S. Dist. LEXIS 24244
    (S.D.N.Y. Feb. 22, 2012) ...................................................................................................4

Barnett v. Mount Vernon Police Dep't,
    523 F. App'x 811 (2d Cir. 2013) (Summary Order)..............................................................11

Benson v. Westchester Med. Ctr.,
    20 Civ. 5076 (PMH), 2022 U.S. Dist. LEXIS 123143
    (S.D.N.Y. July 12, 2022) ...................................................................................................8

Betts v. Shearman,
    12 Civ. 3195 (JPO), 2013 U.S. Dist. LEXIS 11139
    (S.D.N.Y. Jan. 24, 2013).....................................................................................................6

Broder v. Cablevision Sys. Corp.,
    418 F.3d 187 (2d Cir. 2005).................................................................................................8

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)..............................................................................................2, 3

Corley v. Vance,
    365 F.3d 407 (S.D.N.Y. 2019).............................................................................................4

Cortec Indus., Inc. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir. 1991)...................................................................................................7

DeFolco v. MSNBC Cable LLC,
    622 F.3d 104 (2d Cir. 2010).................................................................................................9

Fox v. City of New York,
    18 Civ. 9661 (AT), 2019 U.S. Dist. LEXIS 114650
    (S.D.N.Y. July 10, 2019) ...............................................................................................6, 10

Friedl v. City of New York,
    210 F.3d 79 (2d Cir. 2000)..................................................................................................11

**Cases**                                                                                             **Pages**

Gagnon v. Alkermes PLC,
    368 F. Supp.3d 750 (S.D.N.Y. 2019)...................................................................... 10-11

Gaston v. Ruiz,
    17 Civ. 1252 (NGG), 2018 U.S. Dist. LEXIS 112695
    (E.D.N.Y. July 6, 2018) .................................................................................3, 4, 5, 11

Griffith v. Clarkstown Police Dep't,
    20 Civ. 6505 (PMH), 2022 U.S. Dist. LEXIS 74135
    (S.D.N.Y. Apr. 25, 2022)...........................................................................................6

Heckman v. Town of Hempstead,
    568 F. App'x 41 (2d Cir. 2014) (Summary Order).......................................3, 6, 10

Kramer v. Time Warner, Inc.,
    937 F.2d 767 (2d Cir. 1991)..............................................................3, 4, 8, 10, 13

Kravtchouk v. City of New York, et. al.,
    16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982
    (E.D.N.Y. Sept. 30, 2019)..........................................................................................2

L-7 Designs, Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011)......................................................................................7

Makinen v. City of New York,
    722 F. App'x 50 (2d Cir. 2018) (Summary Order)....................................................7

Marlin v. City of New York,
    15 Civ. 2235 (CM), 2016 U.S. Dist. LEXIS 122426
    (S.D.N.Y. Sept. 7, 2016)......................................................................................11, 12

Morrison v. Nat'l Austl. Bank Ltd.,
    547 F.3d 167 (2d Cir. 2008)......................................................................................9

Obilo v. City Univ. of City of New York,
    01 Civ. 5118 (DGT), 2003 U.S. Dist. LEXIS 2886
    (E.D.N.Y. Apr. 7, 2003)....................................................................................6, 7, 9

Roth v. Jennings,
    489 F.3d 499 (2d Cir. 2007)................................................................................10, 11

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)........................................................................................3

**Cases**                                                                                              **Pages**

SEC v. Medallion Fin. Corp.,
    21 Civ. 11125 (LAK), 2022 U.S. Dist. LEXIS 137463
    (S.D.N.Y. Aug. 2, 2022) ................................................................................ 11-12

United States v. Bignon,
    18 CR 783 (JMF), 2019 U.S. Dist. LEXIS 25230
    (S.D.N.Y Feb. 15, 2019) .....................................................................................7

Wims v. New York City Police Dep't,
    10 Civ. 6128 (PKC), 2011 U.S. Dist. LEXIS 78641
    (S.D.N.Y. July 20, 2011) ....................................................................................4

**Statutes**

Fed. R. Civ. P. 12(b)(1)................................................................................9, 10

Fed. R. Civ. P. 12(b)(6)......................................................................1, 2, 7, 9, 11

Fed. R. Civ. P. 12(c) .....................................................................................11

Fed. R. Civ. P. 12(d) ...................................................................................1, 11

Fed. R. Evid. 201 .................................................................................2, 3, 4, 5, 10

Fed. R. Evid. 201(b)(2) .....................................................................................4

Gen. Mun. L. § 50-i .........................................................................................9

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1327.....................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

PAUL PHILLIPS, et. al.,

                                                    Plaintiffs,     **DEFENDANTS'
                                                                    MEMORANDUM OF LAW
                                                                    IN OPPOSITION TO
                            -against-                               PLAINTIFFS' MOTION TO
                                                                    STRIKE**
CITY OF NEW YORK, et. al.,

                                                    Defendants.

                                                                   **21 CV 8149 (ALC)(SLC)**


--------------------------------------------------------------------------x

                        **PRELIMINARY STATEMENT**

        Defendants City of New York (the "City), Dr. Aung Oo, Terry Gravesande, Terry

Hailand, Edward Horton, Christopher Johnson, Dr. Jasdeep Mangat, Gabriel Montalvo,

Krystalbella Murnane-Victorelli, Michael Prilook, Roman Maslovskiy, Mireille Zamy and Dr.

David Rosenberg, hereby respectfully submit their Memorandum of Law in opposition to

plaintiffs' motion to strike defendants' motions at Dockets 141-143 herein, and/or the exhibits

submitted in support thereof at Docket 142.  For the reasons set forth herein, plaintiffs' motion

should be denied in its entirety.  Each of the exhibits that defendants' have submitted with their

motions are either incorporated by reference into plaintiffs' Third Amended Complaint (the

"Complaint"), are "integral" thereto or are of matters to which the Court should take judicial

notice.  The exhibits submitted by defendants may therefore be considered on each of their

motions.  Further, the remedy that plaintiffs seek, the striking of defendants' motions, is contrary

to Rule 12(d), Fed. R. Civ. P., which states that in the event that the Court elects not to consider

certain of the defendants' exhibits upon their Rule 12(b)(6) motions, the Court should still proceed

to rule on it without consideration of such exhibits, or in the alternative, convert defendants'

motion to dismiss to a motion for summary judgment.  Plaintiffs' motion to strike is a thinly veiled

attempt to have this case, at a minimum, wrongfully proceed to discovery based on municipal

liability and class allegations, and to bury defendants in discovery in connection therewith, when

it is clear that three of the four named plaintiffs were arrested on charges other than warrants, and

were brought directly to court (and not to DOC custody), which is directly contrary to the alleged

"policy" of the City of which plaintiffs complain.  Plaintiffs have tried every procedural maneuver

possible for over a year (requests for discovery, motions to amend and a motion to strike) to avoid

substantively responding to defendants' motions.  Plaintiffs' motion to strike should be denied in

its entirety and plaintiffs ordered to finally respond to defendants' motion to dismiss.

## ARGUMENT

### POINT I

**THE EXHIBITS ANNEXED TO DEFENDANTS' MOTIONS SHOULD BE CONSIDERED BY THE COURT IN RULING ON THE MOTIONS**

Each of the exhibits that defendants have submitted in support of their motions at

Dockets 141-143 may be considered by the Court in connection with defendants' pending motions.

"The Court's review of defendants' motion to dismiss is limited to the facts alleged in the

complaint, documents attached to the complaint or incorporated by reference in the complaint,

documents integral to the complaint, and matters of which the Court may take judicial notice."

Kravtchouk v. City of New York, et. al., 16 Civ. 4787 (RRM), 2019 U.S. Dist. LEXIS 173982, at

*8 (E.D.N.Y. Sept. 30, 2019); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.

2002) ("a court may consider 'matters of which judicial notice may be taken, or . . . documents

either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing

suit.'").  In fact, the Second Circuit has stated with respect to Rule 12(b)(6) motions, "[o]f course,

2

[a district court] may [] consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document integral to the complaint." Chambers, 282 F.3d at 152-53. "Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." Kramer, supra, at 774.

Plaintiffs state that they have no objection to the Court's consideration of documents evidencing warrants for each of the plaintiffs at Docket 142, Phillips (Ex. A to Declaration of Mark D. Zuckerman (hereinafter "Zuckerman Decl.")), Wright (Ex. E), Rosario (Ex. H) (arrest warrant) and Thompson (Ex. N), upon defendants' motion to dismiss. Courts may take judicial notice of warrants submitted in connection with a motion to dismiss. Gaston v. Ruiz, 17 Civ. 1252 (NGG), 2018 U.S. Dist. LEXIS 112695, at *8 (E.D.N.Y. July 6, 2018) (collecting cases). The warrants are also clearly integral to the Complaint, as plaintiffs clearly rely upon the terms and effect of the warrants throughout the Complaint. See Chambers, supra. The warrants should therefore be considered upon defendants' motions, and there is no objection thereto by plaintiffs.

The documents submitted with the City's motion to dismiss at Docket 142, Exhibits B, C, D, F, G, I, K J, L, M and O to the Zuckerman Decl., may also be considered upon defendants' motion to dismiss over plaintiffs' objections. Exhibits C (Wright), G (Rosario) and K (Thompson) are NYPD arrest reports and are offered by defendants to demonstrate that these three plaintiffs' subject arrests were for crimes unrelated to warrants, the facts of what the charges were, and not for their truth. The arrest reports are not being offered for the proposition that plaintiffs committed the crimes charged. The Second Circuit has stated that a court may consider facts of which judicial

notice may be taken under Rule 201 of the Federal Rules of the Federal Rules of Evidence." Heckman v. Town of Hempstead, 568 F. App'x 41, 43 (2d Cir. 2014) (summary order) (citing Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)). "In considering a motion to dismiss, the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as Plaintiff's arrest reports, indictments, and criminal disposition data." Corley v. Vance, 365 F.3d 407, 432 (S.D.N.Y. 2019) (citing Kramer, at 773-75). Rule 201(b)(2), Fed. R. Evid., states as follows: "The court may judicially notice a fact that is not subject to reasonable dispute because it: can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. The Court should thus take judicial notice of the fact that each of the plaintiffs Wright, Rosario and Thompson were arrested on charges unrelated to any open warrants, determinations which are fully supported by the caselaw. See Wims v. New York City Police Dep't, 10 Civ. 6128 (PKC), 2011 U.S. Dist. LEXIS 78641, at *8 (S.D.N.Y. July 20, 2011) (considering charges in arrest paperwork upon motion to dismiss); see also Awelwa v. New York City, 11 Civ. 778 (NRB), 2012 U.S. Dist. LEXIS 24244, at *9-10 (S.D.N.Y. Feb. 22, 2012) (considering upon motion to dismiss what is stated in NYPD arrest report). As seen, the arrest reports of the plaintiffs Wright, Rosario and Thompson, Exhibits C, G and K at Docket 142, are public documents and the arrest reports are being offered principally for the arrest charges against the plaintiffs Wright, Rosario and Thompson, and not whether these plaintiffs actually committed the charges that were the bases for their arrests. The simple fact of the bases of these plaintiffs' arrests should not even be the subject of dispute and these plaintiffs of course know why they were arrested. Exhibits C, G and K should not be stricken and should be considered upon defendants' motions at Docket 141-143.

Exhibits D (Wright), I (Rosario) and M (Thompson) to the Zuckerman Decl. at Docket 142, are OLPA reports, which courts have stated are "matters of public record and, as such, [courts] may consider them on a motion to dismiss." Gaston, supra, at *8.  Defendants have offered these exhibits principally for the simple (and which also should be undisputed) facts that the plaintiffs Wright, Rosario and Thompson were brought directly to court to see a judge upon their arrests on charges unrelated to any warrants, as well as each of their arrest to arraignment times. These documents are also offered for what they state as set forth in defendants' Memorandum of Law at Docket 143.  In accordance with F.R.E. 201, these are simple facts which the Court can readily ascertain from public documents, and which are not subject to dispute.  These documents should not be stricken and should be considered upon defendants' motions at Dockets 141-143.

Exhibits F (Wright), J (Rosario) and O (Thompson) to the Zuckerman Decl. at Docket 142, are DOC movement history reports for these plaintiffs and are the DOC equivalents of NYPD OLPA reports.  As such, they are also "matters of public record, [and courts] may consider them on a motion to dismiss" as well.  See Gaston, supra, at *8.  Defendants have offered these exhibits principally for the simple (and which should be undisputed as well) fact that the plaintiffs Wright, Rosario and Thompson were only brought to DOC custody after they were brought to court to see a judge.  In accordance with F.R.E. 201, this is a simple fact which the Court can readily ascertain from public documents, and that are not subject to dispute.  These documents should not be stricken and should be considered upon defendants' motions at Dockets 141-143.

Exhibit B to the Zuckerman Decl. at Docket 142 is the command log entry for the plaintiff Phillips from the date of his arrest, July 3, 2020.  The fact that is most relevant to defendants' arguments in support of their motions at Dockets 141-143 that is contained in this

document is the fact that Phillips was transported to Rikers Island from the NYPD's 50th Precinct at 5:10 p.m. on July 3, 2020, which should not be seriously disputed either.  The Court should take judicial notice of that simple fact pursuant to F.R.E. 201, since it is similar to a time record that is set forth in an OLPA report.  See Gaston, supra.

None of defendants' arguments in their motions are dependent on Exhibit L to the Zuckerman Decl. at Docket 142, which is a DD5 in connection with the plaintiff Thompson's arrest.  Exhibit L is submitted for background only to refute another of plaintiffs' untruths, that the plaintiff Thompson was picked up by bail bondsmen in connection with her subject arrest.  She was not.  She was arrested by NYPD detectives.  This is another fact that should be undisputed in this case, as the plaintiff Thompson was arrested by NYPD detectives, and not bail bondsmen.

In addition to the Court taking judicial notice over these documents, Exhibits B, C, D, F, G, I, K J, L, M and O to the Zuckerman Decl. at Docket 142 are also integral to plaintiffs' Complaint.  See Fox v. City of New York, 18 Civ. 9661 (AT), 2019 U.S. Dist. LEXIS 114650, at *9 (S.D.N.Y. July 10, 2019) ("Here, the arrest report is integral to Plaintiff's complaint because it 'provides crucial details associated with [Plaintiff's] allegations.'") (quoting Betts v. Shearman, 12 Civ. 3195 (JPO), 2013 U.S. Dist. LEXIS 11139, at *9 (S.D.N.Y. Jan. 24, 2013)) ("the Court will consider the [domestic incident report] and the accusatory instrument in Betts' misdemeanor prosecution for harassment, as both documents are uncontested for validity, integral to Betts' Complaint, and available to both parties."); Griffith v. Clarkstown Police Dep't, 20 Civ. 6505 (PMH), 2022 U.S. Dist. LEXIS 74135, at *3 n.3 (S.D.N.Y. Apr. 25, 2022) (citing Heckman, supra, at 43) (considering on motion to dismiss a Clarkstown Police Department Case Report completed by an individual defendant); Obilo v. City Univ. of City of New York, 01 Civ. 5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *18 (E.D.N.Y. Apr. 7, 2003) ("There is a strong argument that the

contents of the incident report, police complaint, the two DD5s and plaintiffs' handwritten

statement can properly be considered as integral to plaintiffs' complaint."). The documents

submitted by defendants with their motions at Docket 141-143 provide crucial details associated

with plaintiffs' allegations as to what they were charged with and whether they were brought

directly to court, as opposed to DOC custody. Plaintiffs are fully aware of what is contained in

these documents and the reasons that defendants are offering them as exhibits. In fact, all of the

NYPD documents at Docket 142 were produced in discovery in this case upon order by Magistrate

Judge Cave after the City's original motion to dismiss following plaintiffs' motion for discovery.[1]

(Dockets 43, 59) Thus, for this additional reason, these documents should not be stricken and

should be considered upon defendants' motions at Dockets 141-143.

       To the extent that plaintiffs complain that their Complaint did not rely on the NYPD

or DOC documents submitted in support of defendants' motions at Dockets 141-143, and thus

argue that such documents are not integral to the Complaint, plaintiffs' argument should be

rejected. "'Plaintiffs' failure to include matters of which as pleaders they had notice and which

were integral to their claim—and that they apparently most wanted to avoid—may not serve as a

means of forestalling the district court's decision on [a 12(b)(6)] motion.'" L-7 Designs, Inc. v.

Old Navy, LLC, 647 F.3d 419, (2d Cir. 2011) (quoting Cortec Indus., Inc. v. Sum Holding L.P.,

949 F.2d 42, 44 (2d Cir. 1991)); see Obilo, supra, at *15 (quoting 5 C. Wright & A. Miller, Federal

Practice and Procedure § 1327, at 489 & n. 15) ("stating that when 'plaintiff fails to introduce a

pertinent document as part of his pleading, defendant may introduce the exhibit as part of his

motion attacking the pleading.'"). Here, plaintiffs are making an improper and conscious effort to

---

[1] The DOC documents were filed as exhibits to the City's original motion to dismiss at Docket 63.
So, plaintiffs have had all of the documents made exhibits in connection with defendants' motions
at Dockets 141-143 well before filing their Second Amended and now the subject Complaint.

avoid the documents that defeat their claims, but which really should have been addressed in the

Complaint, in an improper effort to bury defendants in <u>Monell</u> and class discovery.  The Court

should reject this effort.

Plaintiffs have no objection to the Court's consideration of NYPD Patrol Guide

provision 208-42, Exhibit P to the Zuckerman Decl. at Docket 142, upon defendants' motions at

Dockets 141-143.  This document should be considered upon defendants' motions because the

Court may take judicial notice of this exhibit.  <u>See</u> <u>Makinen v. City of New York</u>, 722 F. App'x

50, 53 (2d Cir. 2018) (summary order) (judicial notice may be taken of patrol guide provision);

<u>United States v. Bignon</u>, 18 CR 783 (JMF), 2019 U.S. Dist. LEXIS 25230, at *13 (S.D.N.Y Feb.

15, 2019).  This exhibit is also incorporated by reference into plaintiffs' Complaint at, <u>e.g.</u>, ¶¶340-

341; <u>see</u> <u>Broder v. Cablevision Sys. Corp.</u>, 418 F.3d 187, 196 (2d Cir. 2005) ("Insofar as the

complaint relies on the terms" of a document either annexed or deemed incorporated by reference,

the court "need not accept its description," but may look to the document itself.).  Finally, Exhibit

P is integral to the Complaint since the gravamen of the Complaint is their baseless claim that the

City's policies and practices are unconstitutional, including Patrol Guide 208-42.  For these

reasons, this exhibit should be considered upon defendants' motions.

DOC Operations Order 6/92 (Exhibit Q to the Zuckerman Decl. at Docket 142) is

DOC's equivalent of an NYPD Patrol Guide provision and it should be treated similarly to NYPD

Patrol Guide 208-42.  This document is clearly integral to plaintiffs' Complaint[2] as counsel was

in possession of it since the City's submission at Docket 40, and the subject Complaint, filed well

thereafter, as seen, makes core claims with respect to certain NYPD and DOC practices.  Plaintiffs'

---

[2] The Court should take judicial notice of DOC Operations Order 6/92 as well based on the foregoing authorities that support the Court taking judicial notice of NYPD Patrol Guide 208-42.

decision to select NYPD's Patrol Guide provision for consideration upon defendants' motion to dismiss, but to object to DOC Operations Order 6/92, is akin to the selective and misleading use of documents that the Court of Appeals in Kramer cautioned against.  Id., at 774.  DOC Operations Order 6/92 should not be stricken and should be considered upon defendants' motions at Dockets 141-143.

The plaintiff Phillips's notice of claim, Exhibit R to the Zuckerman Decl. at Docket 142, may also be considered upon defendants' motion to dismiss[3].  E.g. Benson v. Westchester Med. Ctr., 20 Civ. 5076 (PMH), 2022 U.S. Dist. LEXIS 123143, at *18 (S.D.N.Y. July 12, 2022) (collecting cases) ("[F]iling the Notice of Claim was a precondition to filing tort claims against Defendants—that document is, therefore, integral to the Second Amended Complaint."); see Obilo, supra, at *18 ("the contents of the Notice of Claim can be considered").  The plaintiff Phillips was required to comply with New York's notice of claim requirements of General Municipal Law § 50-i before bringing suit.  As such, the plaintiff Phillips's Notice of Claim is integral to his state law allegations in the Complaint, and in any event, the Court should take judicial notice of it.  Defendants are offering Phillips's Notice of Claim for what it states and not for the truth of the allegations contained therein.  It should thus be considered upon defendants' motions at Dockets 141-143.

"No dispute exists regarding the authenticity or accuracy" of any of the documents submitted by defendants upon their motions at Dockets 141-143 for the purposes offered by defendants and the documents are clearly relevant.  Plaintiffs make no good faith argument that any of the exhibits submitted at Docket 142 were "inaccurate," "forged" or "fraudulent," nor lack

---

[3] Plaintiffs have not addressed this exhibit in their renewed motion to strike at Docket 151, despite Phillips's notice of claim being submitted at Docket 142-18 (for the first time in light of plaintiffs' recent amendments) in support of defendants' motion to dismiss.

authenticity, and plaintiffs have not even established that any other DOC documents in the past were "forged" either.  As seen, the exhibits submitted by defendants are all of the type that are customarily considered by the Court on motions to dismiss.  The documents should therefore all be considered.  See DeFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

Plaintiffs also fail to adequately address the fact that defendants' motion to dismiss is not solely based on Rule 12(b)(6), Fed. R. Civ. P., but also seeks the dismissal of plaintiffs' claims for injunctive relief pursuant to Rule 12(b)(1), Fed. R. Civ. P. for lack of standing.  "A court considering a Rule 12(b)(1) motion may consider evidence outside the pleadings to determine whether subject-matter jurisdiction exists."  Almareh v. Mayorkas, 20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546, at *4 (S.D.N.Y. Oct. 20, 2021) (citing Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)).  The exhibits submitted by defendants at Docket 142, namely the arrest and OLPA reports, demonstrate that the named plaintiffs Wright, Rosario and Thompson's subject arrests were not based upon warrants at all, and that each of them was brought to court to see a judge, and not directly to DOC custody.  As such,  the Court may clearly consider these documents for the additional reason that they are allowable upon a Rule 12(b)(1) motion for lack of subject matter jurisdiction.

Even though plaintiffs seem to concede that the exhibits submitted by defendants may be considered for "what is stated" in the documents pursuant to Rule 201, Fed. R. Evid. (which by itself means that the documents can be considered by the Court), plaintiffs argue that the exhibits are really being "offered for their truth," and therefore cannot be considered at all under Roth v. Jennings, 489 F.3d 499 (2d Cir. 2007)[4].  In Roth, the Court stated that in a "**securities**

_____

[4] Much of plaintiffs' Memorandum of Law in Support is dedicated to trying to convince the Court that it should deny defendants' motion to dismiss the Complaint in the event the exhibits **are**

**fraud**" case (which this case is not), "[i]f the court takes judicial notice, it does so in order 'to determine what statements [they] contained'—but 'again not for the truth of the matters asserted.'" Id., at 509 (emphasis added) (quoting Kramer, at 774).  Thereafter, however, as seen, the Second Circuit in Heckman, supra, stated "that a court may consider facts of which judicial notice may be taken under Rule 201 of the Federal Rules of Evidence." Id., supra, at 43.  Further, as seen, district courts have considered documents integral to the complaint for their truth in police cases.  See e.g. Fox, supra, at *8-11 (dismissing plaintiff's false arrest and malicious prosecution claims based on "facts of the arrest report").  Finally, even in securities fraud cases, district courts have considered certain documents for their truth.  E.g. Gagnon v. Alkermes PLC, 368 F. Supp.3d 750, 764 (S.D.N.Y. 2019) (collecting cases).  Roth simply does not preclude consideration of defendants' exhibits submitted at Docket 142 under the circumstances of this case.

Where exhibits submitted in support of a motion to dismiss may be considered by the Court under the foregoing authorities, denial of plaintiffs' motion to strike is warranted.  Abely v. Aeterna Zentaris, Inc., 12 Civ. 4711 (PKC), 2013 U.S. Dist. LEXIS 78388, at *63-68 (S.D.N.Y. May 29, 2013).  For these reasons alone, plaintiffs' motion to strike should be denied.

### POINT II

### THE   COURT   SHOULD   NOT   STRIKE DEFENDANTS' MOTIONS

Rule 12(d), Fed. R. Civ. P., states as follows: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  "When faced with extrinsic documents improperly submitted by a party, the court may either convert the motion to dismiss to

---

considered by the Court, and not whether the exhibits are considered at all, which is really the question presented on plaintiffs' motion to strike.

one for summary judgment or simply decline to consider the extrinsic documents." Gaston, supra,

at *9 (citing Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)).  Thus, the only case

directly cited by plaintiffs as authority to strike defendants' motions without prejudice to refiling,

SEC v. Medallion Fin. Corp., 21 Civ. 11125 (LAK), 2022 U.S. Dist. LEXIS 137463 (S.D.N.Y.

Aug. 2, 2022), is an outlier, and even in that case, Judge Kaplan was faced with a situation where

the defendants submitted 39 exhibits in support of its motion to dismiss.[5]  (See Docket 61 in SEC

v. Medallion Fin. Corp., 21 Civ. 11125 (LAK)).  Thus, should the Court here ultimately decide not

to consider some of defendants' exhibits, the Court should simply decide defendants' motions

without considering any excluded exhibits.[6]  But the Court should have the benefit of the fully

briefed motions at Dockets 141-143 before deciding what documents to consider and not to

consider, which is the more customary way to deal with these issues, so that the Court can consider

both side's arguments in the full context of defendants' motions.  Additionally, there are also only

a limited number of sub-arguments that defendants made in their motions at Docket 141-143 that

are dependent upon any exhibits at all, and less that are offered in any way for their truth, and such

---

[5] The other cases principally relied on by plaintiffs are inapposite.  While the Second Circuit in
Barnett v. Mount Vernon Police Dep't, 523 F. App'x 811 (2d Cir. 2013), excluded certain exhibits
from consideration in deciding a motion to dismiss in that case, the Court did not address the
concepts of "judicial notice" or whether the documents were "integral" to the complaint in that
case at all.  Id., at 814.  The other case cited by plaintiffs in support of their motion, Marlin v. City
of New York, 15 Civ. 2235 (CM), 2016 U.S. Dist. LEXIS 122426 (S.D.N.Y. Sept. 7, 2016),
addressed only whether a motion for summary judgment on qualified immunity grounds was
appropriate where defendants claimed that "they did nothing wrong."  As such, these authorities
do not add any weight to plaintiffs' arguments.  Id., at *18-19.

[6] In deciding to allow plaintiff' motion to strike to proceed, the Court only allowed plaintiffs to
seek to strike exhibits, and not the motion as a whole.  See Docket 72.  Despite this Court's
admonition, and Magistrate Judge Cave having reminded plaintiffs' counsel of the same at a
discovery conference, see Docket 74, p. 14, plaintiffs still moved to strike the entirety of the
defendants' motions without prejudice anyway.

arguments are clear and distinct.[7]  There is thus no basis to strike defendants' motions at Dockets

141-143 and plaintiffs are merely trying to again delay consideration of defendants' meritorious

motions.

      Finally, plaintiffs' strategy is clear and improper.  This lawsuit was originally filed

by the plaintiff Phillips only, who alleged that he was transported to Rikers Island from the

NYPD's 50th Precinct upon his transfer from New York State troopers' custody, when a live

warrant appeared during a traffic stop conducted by New York State Troopers.  Plaintiffs have

now attempted to needlessly expand this litigation by attempting to certify a class and seek

injunctive relief by adding three plaintiffs who were not even arrested on warrants and who were

brought directly to court (and not to DOC custody) by NYPD officers upon their unrelated arrests.

Plaintiffs wish to bury the City in discovery, including vexatious class and Monell discovery, by

making completely false accusations and claiming the Court has to accept these false allegations

in the Complaint as true, without the City being able to do anything about it.  This is far worse

than the situation that the Second Circuit warned against in Kramer, supra.  Plaintiffs' motion to

strike should be denied and defendants' motions at Dockets 141-143 should be allowed to finally

proceed.

### CONCLUSION

      For the foregoing reasons, plaintiffs' motion to strike should be denied in its

entirety and the Court should consider the exhibits at Docket 142 upon defendants' motions at

Dockets 141-143.

---

[7] As plaintiffs are well aware, defendants are not offering the exhibits at Docket 142 for the wide ranging uses that plaintiffs discuss in their opening brief.

Dated:      New York, New York
              February 21, 2024

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York, Dr.
Aung Oo, Terry Gravesande, Terry Hailand,
Edward Horton, Christopher Johnson, Dr. Jasdeep
Mangat, Gabriel Montalvo, Krystalbella Murnane-
Victorelli, Michael Prilook, Roman Maslovskiy,
Mireille Zamy and Dr. David Rosenberg
100 Church Street, Room 3-133b
New York, New York 10007
(212) 356-3519


By:    /s/ Mark D. Zuckerman
       MARK D. ZUCKERMAN
       Senior Counsel

14