

February 26, 2024

Hon. Sarah L. Cave, U.S.M.J.[1]
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:     Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

      My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. As happened before, after quite a lot of physical and communications legwork, Plaintiffs seek to serve Defendant Renan Beachard by alternative means. Defendants do not consent, and have made that clear several times. With that said, however, it is not clear how the current Defendants have standing to take any position on this application.

      By way of background, Defendants provided an address for Defendant Beauchard all the way back on October 26, 2023, and Plaintiffs attempted to serve him around then. However, it turns out that address was no longer good — so efforts to serve him there were unsuccessful. *See* ECF No. 132 at 5. Plaintiffs raised this issue with Defendants, and also, in light of the time that has passed and the efforts it took to serve various Defendants, asked for a last known email address so they could move for alternative service.

      Defendants' counsel said, "I did a public records search for Beauchard and the address we provided appears to be current per our search," and refused to provide an email address. Defendants then said, before Plaintiffs moved, "PAGNY is going to try to see if they can reach out to Beauchard. So, I suggest you allow that effort to be made." Plaintiffs did. Plaintiffs also did their own public records search, and confirmed with Defendants that we'd both seen the same address. So, we tried to serve Defendant Beachard at that last known address, but our server was informed he no longer lived there either.

      Defendants offered to — and did — conduct apparently significant outreach efforts to Defendant Beachard and he was apparently as non-responsive to his former employers as he was to us. Several times, we have agreed to hold off on a motion to let Defendants attempt to reach out, and not had any luck.

---

[1] Given the letter at ECF No. 133 on a similar alternate service issue and Your Honor's related Order at ECF No. 134 signaling it would be handled by Your Honor and not Judge Carter, Plaintiffs have addressed this motion accordingly.



The parties alerted the Court to the basics of this situation in ECF No. 146 by noting that the parties had agreed that service-related discovery would not be stayed.  The Court entered an Order directing that Defendants either "(i) confirm to Plaintiffs' counsel that the City will represent Defendant Renan Beauchard and will waive service or accept service on his behalf, or (ii) provide to Plaintiffs' counsel the last-known contact information for Mr. Beauchard."  ECF No. 147.  After that order, Defendants provided the initial last know address where Plaintiff attempted service the first time, along with two phone numbers and five email address.[2]

Plaintiff then served a waiver of service pursuant to Fed. R. Civ. P. 4(d).[3]  The time to waive service has expired, without any response.  I have also personally called both numbers multiple times, but with no response.

Even now, as it was with Defendant Mangat (*see generally* ECF No. 133), Defendants refuse to even *say* what mode of service they believe Plaintiffs should pursue — having said only that they oppose any alternative service and otherwise "don't have enough facts at the moment" to take any position.  And Plaintiffs note that as soon as soon as they filed their alternative service motion for Defendant Mangat, the City suddenly was able to contact him and agreed to represent him.  *See* ECF No. 136.  Finally, the City has not explained how it has any standing to object to alternative service.

Plaintiffs now seek leave, as provided by Fed. R. Civ. P. 4(e)(1) and CPLR § 308(5), to serve Defendant Beauchard at the email addresses that the City provided for him.

## ARGUMENT

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant in any way authorized by state law in the district where the Court sits.  In turn, then, CPLR 308(5) allows a Court to approve any method of service not specifically named in the rules, provided the methods in CPLR (1), (2), and (4) are "impracticable."[4]  "Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require a showing of due diligence."  *Ransome v Epstein*, 2018 US Dist LEXIS 15295, at *3 (SDNY Jan. 30, 2018).  That is, what matters is not how hard a party has worked, but rather, based on the facts available to the Court, whether physical, personal service is just not practical.[5]

Here, that standard is readily met.  At this point, Plaintiffs have attempted physical service at two different physical addresses, served a waiver, to no avail.  And there is no further address available

---

[2] beauchard@yahoo.com; rbeauchard@yahoo.com; rbeauchard96@gmail.com; rbeauchard07@aol.com; rbeauchard@netscape.net.
[3] Plaintiff will seek fees and costs for this motion and any future service efforts shortly after completion of service.  *See, e.g., United States v. Jones,* No. 11-cv-2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013).
[4] Plaintiffs thus repeatedly asked Defendants to explain what other method of service — short of email — should be used for both Defendant Mangat and Defendant Beachard.  Defendants' counsel instead refused to answer.
[5] Of course, diligence can be used to *show* impracticability.  *See, e.g., McGraw-Hill Global Educ. Holdings, LLC v Turcios*, 2018 US Dist LEXIS 68071, at *3 (SDNY Apr. 20, 2018).

COHEN&GREEN                                                                                                                                         Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



beyond the email addresses, making the modes of service in CPLR (1), (2), and (4) are certainly "impracticable" and unduly expensive — particularly when alternative service is available. CPLR 308(5).[6] *See, e.g., Cengage Learning v Xuhong Wang*, 2017 US Dist LEXIS 233195, at *4 (SDNY Sep. 14, 2017) (email service to parties with unknown addresses); *Safadjou v Mohammadi*, 105 AD3d 1423, 1424 (4th Dept 2013) (affirming decision to allow service of a known party by email, noting that the law "does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308").[7]

Finally, the City has no standing to object to this request. The City is not representing Defendant Beauchard — and has confirmed that at this point. *See* ECF No. 147. There is no injury in fact it suffers if the Court allows alternative service; if anything, it may be able to argue some kind of set off if Plaintiff obtains and collects a default judgment from Defendant Beauchard (unless it promptly elects to defend Defendant Beauchard upon service[8]).

In sum, for the reasons above, the Court should permit alternative service on Defendant Beauchard, by email to the emails above under Rule 4(e)(1).

And as always, we thank the Court for its continued time and attention.

> Respectfully submitted,
>
> /s/
> _____
> J. Remy Green
>      *Honorific/Pronouns: Mx., they/their/them*
> **COHEN&GREEN P.L.L.C.**
> *Attorneys for Plaintiff*
> 1639 Centre St., Suite 216
> Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[6] Indeed, when my firm has taken the other approach — using an expensive, boutique process server to ensure in-person service with a recalcitrant defendant, instead of seeking leave to use alternative service — a federal judge "caution[ed] against doing so in the future," suggesting alternative service of some kind or another was the better choice. *See* ECF No. 46 at 4 n. 5, *Rudler v. MLA Law Offices et al.*, 19-cv-2170 (EDNY).
[7] It is also unclear why this motion is necessary at all, since Defendants' statement that "the doctors and medical personnel newly added as defendants by the plaintiff Phillips would be represented by this Office in a limited scope for the purposes of the motion to dismiss" (ECF No. 127 at 1-2) seems to suggest that "the doctors" including Defendant Beauchard have already reached an agreement with the Corporation Counsel about the scope of representation — at least as contrasted with the City's standard request for the Court to grant a "sua sponte" extension of time to answer, premised on the idea that the Corporation Counsel cannot act at all without speaking first to a current or former City employee.
[8] And at *that* point, if the Court does not grant this motion, the City would be on the hook under Fed. R. Civ. P. 4(d) for the *increased* costs of the boutique process service efforts that would necessarily come next (*see* n. 6 above), making it almost the opposite of an injury in fact.