UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et al.,

                Plaintiffs,

-v-                                  CIVIL ACTION NO. 21 Civ. 8149 (ALC) (SLC)

CITY OF NEW YORK, et al.,                           **ORDER**

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I.    INTRODUCTION

Before the Court is Plaintiffs' letter-motion requesting permission to serve the Third Amended Complaint ("TAC") on Defendant Renan Beachard ("Mr. Beachard")[1] by email. (ECF No. 155 (the "Motion"). For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is made." Metromedia Co. v. Cowan, No. 13 Civ. 3787 (LGS), 2013 WL 4780039, at *1 (S.D.N.Y. June 24, 2013) (citing Fed. R. Civ. P. 4(e)(1)).[2] "New York law provides for service by personal delivery; substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing." Corson v. Power Moves, Inc., No. 19 Civ. 8847 (VSB), 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (citing N.Y. C.P.L.R. §§ 308(1)–(4)). Where

---

[1] It is unclear from Plaintiffs' submission whether this Defendant's last name is "Beachard" or "Beauchard." The Court uses "Beachard," the spelling that appears on the docket.
[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

these methods prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." Id. (citing N.Y. C.P.L.R. § 308(5)). "Though the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under N.Y. C.P.L.R. § 308(4), or to make a showing that the actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." Metromedia, 2013 WL 4780039, at *1. "However, a court order directing service under section 308(5) does require proof of impracticability in using other forms of service." Id.; see Sirius XM Radio Inc. v. Aura Multimedia Corp., 339 F.R.D. 592, 593 (S.D.N.Y. 2021) ("[i]n general, plaintiff must make some showing that the other prescribed methods of service could not be made").

"Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the action." Corson, 2020 WL 3318099, at *1. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Thus, the movant must "suppl[y] the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." Fortunato v. Chase Bank USA, N.A., No. 11 CIV. 6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012).

### III.   APPLICATION

Here, Plaintiffs have demonstrated that serving Mr. Beachard via the means provided under state law is impracticable. After the appearing Defendants ("Defendants") provided Plaintiffs with Mr. Beachard's address on October 26, 2023, Plaintiffs promptly attempted

personal service but were unsuccessful. (See ECF Nos. 155 at 1; 132 at 5). According to the Affidavit of Attempted Service, the process server attempted to serve Mr. Beachard on November 2, 2023, but "[t]he current occupants of the . . . premises denied knowing [Mr. Beachard] and refused service." (ECF No. 132 at 5). Plaintiffs then asked Defendants to provide Mr. Beachard's email address for service, and Defendants refused, instead performing a public records search which revealed a second physical address for Mr. Beachard. (ECF No. 155 at 1). Plaintiffs also did their own public records search which revealed the same second address. (Id.) Plaintiffs attempted to serve Mr. Beachard at this second address, but the process server was told that Mr. Beachard no longer lived there. (Id.) Plaintiffs report that Defendants attempted to contact Mr. Beachard several times, including via the Physician Affiliate Group of New York, but were also unable to reach him. (Id.) Defendants provided Plaintiffs with two phone numbers and five email addresses for Mr. Beachard, and Plaintiffs called both numbers multiple times but did not reach Mr. Beachard. (Id. at 2). Plaintiffs' efforts have more than satisfied their burden of showing that service via traditional methods is impracticable. See, e.g., Noble v. Crazetees.com, No. 13 Civ. 5086 (PAE), 2014 WL 12792236, at *1 (S.D.N.Y. Jan. 28, 2024) (holding that plaintiff "more than show[ed] the impracticability of traditional service" where "actual prior attempts, performed with due diligence, have been unsuccessful"); Metromedia, 2013 WL 4780039, at *2 (same, where plaintiff "attempted to serve Defendant at all known addresses and has been unable to determine Defendant's true address despite a diligent search").

The Court finds, however, that Plaintiffs have not made a sufficient showing that the five email addresses actually belong to Mr. Beachard and that the TAC is "likely to reach" him at any

of these email addresses. The only fact Plaintiffs provide with respect to these email addresses is that Defendants provided them to Plaintiffs. (ECF No. 155 at 2). There is no indication that these email addresses actually belong to Mr. Beachard, and the Motion does not indicate that Plaintiffs have attempted to contact Mr. Beachard at these email addresses to confirm one or more of them belong to him, or even that the email addresses are active. This falls short of the minimum factual support that courts in this District have found sufficient to establish a likelihood that service by email is likely to reach its intended target. See Sirius, 339 F.R.D. at 593 (authorizing service by email based on evidence that defendant listed the email address with his registration for the Florida State Bar and emails to the address did not result in "bounceback[s]"); GP Acoustics (US), Inc. v. J&V Audio, Inc., No. 17 Civ. 5305 (AKH), 2017 WL 11570459, at *2 (S.D.N.Y. Sept. 13, 2017) (authorizing service by email at email address listed on defendant's website and through which defendant "appears to communicate[] with customers"); Noble, 2014 WL 12792236, at *2 (authorizing service at email addresses listed on defendants' websites); Metromedia, 2013 WL 4780039, at *2 (authorizing email service where "Defendants' emails to Plaintiff and the Court confirm that Defendant is receiving information by email"); F.T.C., 2013 WL 841037, at *4 (authorizing email service on individual defendants for whom "[t]he email addresses . . . were demonstrably used for various tasks involved in the alleged scheme").

Accordingly, based on the facts provided, Plaintiffs have not shown that service by email would comport with due process.

## IV. CONCLUSION

For the reasons stated above, the Motion is DENIED WITHOUT PREJUDICE.

The Clerk of Court is respectfully directed to close ECF No. 155.

Dated:    New York, New York        SO ORDERED.
             February 28, 2024

SARAH L. CAVE
United States Magistrate Judge