

March 4, 2024

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

    Re:    <u>Phillips v. City of New York</u>, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

    My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write to renew the motion at ECF No. 155, which the Court denied without prejudice at ECF No. 156, with the additional support the Court asked for in that Order.

    As the Court may recall, that motion sought leave to use email to serve Defendant Beauchard,[1] given the difficulties to date in serving him any other way. The Court's decision applied the two-pronged test for alternative service, requiring first a showing of the "impracticability" of other more standard forms of service, and second, a showing that the alternative "method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the action." ECF No. 156 at 1-2, *quoting Corson v. Power Moves, Inc.*, No. 19 Civ. 8847 (VSB), 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (in turn, *citing* N.Y. C.P.L.R. §§ 308(1)–(4)).

    The Court ultimately found "Plaintiffs' efforts have more than satisfied their burden of showing that service via traditional methods is impracticable," but "Plaintiffs have not made a sufficient showing that the five email addresses actually belong to Mr. Beachard and that the TAC is 'likely to reach' him" when emailed. ECF No. 156 at 3-4.

    For convenience, this letter incorporates the prior letter's arguments on the first prong: for the same reasons, "service via traditional methods is impracticable." ECF No. 156 at 3.

    On the second prong, upon receiving the Court's Order, Plaintiffs engaged an OSINT (short for "open-source intelligence") counsel has worked with before with great results. That investigator, Kathryn Tewson, has prepared a declaration setting out her methods and conclusions, which I have attached to this letter.

    As the Tewson Declaration sets out, the "rbeauchard96@gmail.com" email address (the "Email Address") she has concluded based on standard OSINT techniques that "it is virtually certain that the email address rbeauchard96@gmail.com belongs not just to a Renan Beauchard, but to the

---

[1] I believe his name as spelled on the docket and in the operative complaint — "Beachard" — is a typo. It should be spelled "Beauchard." *See* ECF No. 156 n. 1. I apologize for the confusion.



same Renan Beauchard who purchased the Property and signed the Mortgage" for 53 West Clarkstown Rd., Clarkstown, NY 10956 (the "Property").  Specifically, she has followed a series of digital breadcrumbs showing that the owner of the Email Address goes by Renan Beauchard, left a review of the of the Mortgage company that handled the mortgage for the Property, and did so just after Dr. Beauchard closed on the Property just over three years ago.  Tewson Decl. ¶¶ 6-14.

Defendants provided the address for the Property as Dr. Beauchard's last known address in response to the Court's Order at ECF No. 147, as well as less formally for the initial round of attempted service, and we understand that to be the home address where, for example, he received work related mail and so on when he was employed on Rikers.  That is, there appears to be no dispute that Dr. Beauchard lived at and owned the Property at some point — only whether he moved out within three years of buying it and misled the process server to avoid service.[2]

In summary, as set out in the Court's prior order, at this stage, service by another method is impractical.  And as set out in the Tewson Declaration, it is "virtually certain that the email address rbeauchard96@gmail.com belongs not just to a Renan Beauchard, but to the same Renan Beauchard" named in this case.  Tewson Decl. ¶ 14(a).  Therefore, we ask the Court to permit alternative service on Dr. Beauchard by email to the Email Address (that is, rbeauchard96@gmail.com).

And as always, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

cc:
All relevant parties by electronic filing.

---

[2] Ms. Tewson's investigation has revealed that Dr. Beauchard, at least on paper, still owns the Property.  But when process was attempted there, "the "current occupants of the above referenced premises denied knowing the defendant and refused service." ECF No. 132 at 5.  However, the specifics of how that happened could not be resolved without a significantly more costly investigation.  *See, e.g.,* Tewson Decl. ¶ 14 n. 2 (expressing "no view on whether (1) Dr. Beauchard is subletting the property through some third party; (2) Dr. Beauchard or his spouse attempted to hide from a process server; or (3) something else entirely").

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com