

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

March 6, 2024

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149
(ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter.  The City writes in opposition to plaintiffs' renewed motion to serve the defendant Renan Beauchard by email at Docket 157 and to provide the Court the pertinent information we have in order for the Court to make its decision.

At the outset, Mr. Beauchard was formerly employed by the Physician Affiliate Group of New York, P.C. ("PAGNY") as a physician's assistant, and not a medical doctor as plaintiffs represent to the Court.  Mr. Beauchard formerly worked at Rikers Island as a physician's assistant providing treatment to inmates.  According to the public records that we have obtained, Mr. Beauchard would be 71 years old today.  His final day of employment with PAGNY was December 22, 2021, well over two years ago.  We are not aware of any employment that Mr. Beauchard has engaged in since his employment ended with PAGNY.  We also do not know what physical or mental condition Mr. Beauchard is presently in.

Plaintiff's Third Amended Complaint, filed in late 2023, for the first time named Mr. Beauchard as an individual defendant in this matter.  Essentially, the plaintiff Phillips alleges medical malpractice and deliberate indifference to medical needs against approximately a dozen medical professionals who interacted with Mr. Phillips, or allegedly were responsible for his care, during his four day subject incarceration in early July, 2020.  Upon information and belief, all that plaintiffs' counsel did was to peruse Mr. Phillips's subject medical records and name as defendants virtually every person who was mentioned in the medical records.  No specific

allegations are made in the Third Amended Complaint against Mr. Beauchard.  He was named as a defendant in this case only because his name appeared in the medical records.   He only interacted with Mr. Phillips, if at all, as a physician assistant, not a medical doctor.

As the Court is aware, the Corporation Counsel represents all of the other individual defendants in the case.  I would certainly like to find Mr. Beauchard, as I am sure the Court would appreciate as well.   However, plaintiffs' quest for the Court to approve email service at the rbeauchard96@gmail.com address is truly not calculated to be an attempt by plaintiffs to actually have Mr. Beauchard receive the summons and complaint, as required by the Court in its decision denying plaintiffs' initial application at Docket 156, but something much more sinister.   Plaintiffs' counsel knows full well that attempts have been made by PAGNY, myself and themselves to contact Mr. Beauchard at that email address, all of which have been unsuccessful and led to no response whatsoever.  This is strong evidence that Mr. Beauchard is not presently receiving emails using that address.  Upon information and belief, the requests for waivers to Mr. Beauchard that plaintiffs' counsel forwarded to Mr. Beauchard, and to which they continually refer, were sent **only** to the email addresses which the Court has thus far stated would not be sufficient for service of process.  (Exhibit A)  When the "waiver period" expired, I reached out to plaintiffs' counsel and asked about the status of service.  The response that I got back speaks volumes about the intent of plaintiffs' counsel:   "We are *just* out of the waiver period, so we will be moving shortly for alternative service, then seeking fees for that motion under Fed. R. Civ. P. 4(d)."  (Exhibit B)  So, plaintiffs are really not actually making efforts to find Mr. Beauchard at this time, but are merely trying to position themselves to obtain a judgment by default and an award against Mr. Beauchard of fees and costs when there has been absolutely **no showing whatsoever** that Mr. Beauchard has done anything wrong as alleged in the Third Amended Complaint, or that he is trying to evade service.  Given all of the foregoing, in fact, it is unlikely that Mr. Beauchard has any inkling what this lawsuit is even about.

Aside from the fact that efforts have been made to contact Mr. Beauchard by email by PAGNY, myself and purportedly plaintiffs' counsel, all of which have been completely unsuccessful, at the email address that plaintiffs now want to serve him, all attempts to locate him have been unsuccessful as well, including phone calls by PAGNY, plaintiffs' counsel and myself.[1]   Plaintiffs now rely entirely on the report of Kathryn Tewson at Docket 157-1 in arguing that service by email would "reliably deliver documents" to Mr. Beauchard.   As plaintiffs' counsel are fully aware, they are relying solely on Ms. Tewson's finding that **3 years ago**, someone using the rbeauchard96@gmail.com commented on Skype about a mortgage company's performance.   Even if the Court takes the leap of logic that **3 years ago** Mr. Beauchard was using that email address, plaintiffs have provided absolutely no evidence that Mr. Beauchard is using it today or that he would be likely to receive the summons and complaint by that process **today.**  Based on what we know **today,** Mr. Beauchard has not been employed by

---

[1] The one attempt that plaintiffs contend that their process server made at the residence which they now contend is owned by Mr. Beauchard resulted in the process server stating vaguely that "the current occupants of the above referenced premises denied knowing the defendant and refused service."  (Exhibit C hereto)

PAGNY for well over two years and all of our efforts to find him **today** have been unsuccessful. So, even if as the Court has found that it is impractical to serve him personally at this time, under the authorities that the Court cited in its decision at Docket 156, the information about Mr. Beauchard using that email address is clearly "stale." See United States v. Rodrigue, 33 C.I.T. 1453, 1486 (2009) (collecting cases) ("Diligent plaintiffs are sensitive to the problem of "stale" information"). Information from 3 years ago does not demonstrate that Mr. Beauchard would receive the summons and complaint by that email address today. As such, in accordance with the Court's decision at Docket 156, due process would not be satisfied.

I have offered to plaintiffs' counsel to try to work with them to productively attempt to find Mr. Beauchard, but they have refused. In their renewed application at Docket 157, plaintiffs for the first time inform the Court that it does appear that Mr. Beauchard owns property in Clarkstown, New York. In my experience, what an investigator often does in these circumstances is to talk to neighbors to determine the subject's whereabouts, if they are unsuccessful in talking to the individuals living in the residence. It does not appear that these reasonable steps were even tried because plaintiffs' counsel is only interested in emailing the summons and complaint to an email address that will likely not garner a response and then move for a default and an application for fees and costs against a 71 year old man who likely has no idea what is even going on here. In fact, counsel have never even met and conferred at all on this issue, nor have plaintiffs' counsel shared with me what information that they do have other than what has been provided to the Court. These reasonable steps should be taken as there is no immediate rush for this issue to be resolved. The other appearing defendants have moved to dismiss the complaint. Plaintiffs have moved to strike defendants' motion, which is not even fully briefed yet. If he does appear in the case, Mr. Beauchard, in my estimation, is similarly situated to the other individual medical defendants that Mr. Phillips has indiscriminately named by his counsel by merely going through his medical records. So, counsel should be ordered to meet and confer and in good faith continue efforts to find Mr. Beauchard, and plaintiffs' motion denied.

For the foregoing reasons, plaintiffs' motion for email service should be denied.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc:    All counsel (via ECF)