

March 4, 2024

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

Re:   Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write in brief reply to Defendants' letter at ECF No. 160. While not much of the mudslinging requires much addressing,[1] I asked Ms. Tewson to provide a brief explanation for how she is confident the information in her declaration is current.

Putting aside the basic background fact that people generally keep personal email addresses, as set out in the attached declaration, the "account was last accessed on February 24, 2024 at 1:08 PM UTC" (Tewson Reply Decl. ¶ 5) — that is, after the service waiver request, among other things. Unambiguous, open-source information shows the address is current and not stale. And I can also note that the waiver request I sent did not bounce back.

Finally, as a brief note, the City never explains how it has any standing to object here. And while it claims there is something "sinister" at work, all Plaintiffs are trying to do is serve process so the case can move forward. And Plaintiffs do intend to seek the fees they are entitled to under Rule 4(d), because it is clear Defendant Beauchard is doing everything he can to avoid the "duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Indeed, the fact that the City emphasizes that "attempts have been made by PAGNY, myself and themselves to contact Mr. Beauchard at that email address, all of which have been unsuccessful and led to no response whatsoever" (ECF No. 160 at 2)[2] — all before February 24, 2024 (Tewson Reply Decl. ¶ 5) — only underscores the fact that Mr. Beauchard is trying to avoid service altogether, shirking his duties under Rule 4.

Likewise, for its part, City is doing everything it can to make that process more time consuming and costly. Indeed, their now "helpful" suggestions do not suggest any probability of success, only more things to do, to incur more costs, when the easiest path is clear. Thus, Rule 4(d) fees here are

---

[1] I will note, however, that Mr. Zuckerman's claim he "offered to plaintiffs' counsel to try to work with them to productively attempt to find Mr. Beauchard, but they have refused" ignores months of correspondence, where Mr. Zuckerman has steadfastly refused to work cooperatively on any of this.

[2] Notably, the City does not appear to have gotten a bounceback either.



serving their core function:  Enforcing the "duty" to avoid such expenses, for both Mr. Beauchard and the City.

And as always, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com