UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et al.,

                Plaintiffs,

  -v-                                      CIVIL ACTION NO. 21 Civ. 8149 (ALC) (SLC)

CITY OF NEW YORK, et al.,                        **ORDER**

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I. BACKGROUND

On February 26, 2024, Plaintiffs filed a letter-motion requesting permission to serve the Third Amended Complaint ("TAC") on Defendant Renan Beauchard ("Mr. Beauchard")[1] by email. (ECF No. 155 (the "First Motion")). On February 28, 2024, the Court denied the First Motion without prejudice on the grounds that Plaintiffs failed to demonstrate that the five email addresses at which they proposed to serve Mr. Beauchard belonged to him or that emails to those addresses were "likely to reach" him. (ECF No. 156 (the "Feb. 28 order")). Phillips v. City of New York, No. 21 Civ. 8149 (ALC) (SLC), 2024 U.S. Dist. LEXIS 35251, at *3–6 (S.D.N.Y. Feb. 28, 2024).

Before the Court is Plaintiffs' renewed letter-motion requesting permission to serve Mr. Beauchard by email. (ECF No. 157 (the "Second Motion")). Attached to the Second Motion is the Declaration of Kathryn Tewson, an investigator engaged to determine whether an email to the address "rbeauchard96@gmail.com" (the "Email Address") would likely reach

---

[1] Based on the parties' submissions (see ECF Nos. 157; 160), this Defendant's last name is "Beauchard," as opposed to "Beachard," the name that currently appears on the docket. The Clerk of Court is respectfully directed to amend the case caption accordingly.

Mr. Beauchard.  (ECF No. 157-1 (the "First Decl.")).  Ms. Tewson concludes that, because the Email Address can be linked to a three-year-old "Google review" of a mortgage services firm relating to a property Mr. Beauchard purchased in 2020, emails to the Email Address would, "to a reasonable degree of professional certainty," reach Mr. Beauchard.  (ECF No. 157-1 ¶¶ 4, 6–12, 14).  Defendants oppose the Second Motion, noting that Plaintiffs have omitted the fact that the Physician Affiliate Group of New York, P.C., Mr. Beauchard's former employer; Defendants' counsel; and Plaintiffs' counsel have all tried to contact Mr. Beauchard at the Email Address without success.  (ECF No. 160 at 2).  Plaintiffs filed a reply letter (ECF No. 161) together with a supplemental declaration from Ms. Tewson (ECF No. 161-1 (the "Second Decl.," with the First Decl., the "Declarations")), noting that the Email Address was last accessed on February 24, 2024 and is therefore unlikely to be stale, and arguing that the City does not have standing to object to the Second Motion.  (See ECF No. 161 at 1).

For the reasons set forth below, the Second Motion is DENIED WITHOUT PREJUDICE.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is made."  Metromedia Co. v. Cowan, No. 13 Civ. 3787 (LGS), 2013 WL 4780039, at *1 (S.D.N.Y. June 24, 2013) (citing Fed. R. Civ. P. 4(e)(1)).[2]  "New York law provides for service by personal delivery; substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing." Corson v. Power Moves, Inc., No. 19 Civ. 8847 (VSB), 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (citing N.Y. C.P.L.R. §§ 308(1)–(4)).  Where

---

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

these methods prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." Id. (citing N.Y. C.P.L.R. § 308(5)). "Though the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under N.Y. C.P.L.R. § 308(4), or to make a showing that the actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." Metromedia, 2013 WL 4780039, at *1. "However, a court order directing service under section 308(5) does require proof of impracticability in using other forms of service." Id.; see Sirius XM Radio Inc. v. Aura Multimedia Corp., 339 F.R.D. 592, 593 (S.D.N.Y. 2021) ("[i]n general, plaintiff must make some showing that the other prescribed methods of service could not be made").

"Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the action." Corson, 2020 WL 3318099, at *1. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Thus, the movant must "suppl[y] the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." Fortunato v. Chase Bank USA, N.A., No. 11 CIV. 6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012).

### III.  APPLICATION

Here, as noted in the Feb. 28 Order, Plaintiffs have adequately demonstrated that serving Mr. Beauchard via the means provided under state law is impracticable. Phillips, 2024 U.S. Dist. LEXIS 35251, at *3–6. Plaintiffs still have not, however, demonstrated that

emailing the TAC to the Email Address would be "likely to reach" Mr. Beauchard. At most, Ms. Tewson's Declarations suggest that, <u>three years ago</u>, the user of the Email Address wrote an online review in connection with a mortgage related to a property Mr. Beauchard once purchased (<u>see</u> ECF No. 157-1 ¶¶ 6–12), and that the Email Address was accessed in February 2024 (<u>see</u> ECF No. 161-1 ¶¶ 5–6). The fact that Mr. Beauchard's former employer, Defendants' counsel, and Plaintiffs' counsel have all tried to contact Mr. Beauchard at the Email Address without success, casts doubt on the significance of the "access[ing]" of the Email Address in February 2024 for purposes of effecting service. (ECF No. 160 at 2). The Court is not persuaded that Mr. Beauchard is currently and actively using the Email Address, and Plaintiffs have not cited any cases authorizing service by email under circumstances similar to those present here. As noted in the Feb. 28 Order, courts in this District require more reliable indicia that email service will reach its intended target. <u>See</u> <u>Phillips</u>, 2024 U.S. Dist. LEXIS 35251, at *6 (collecting cases). Plaintiffs cite no law for the proposition that Defendants lack standing to oppose the Second Motion, and, even if Defendants do lack standing, the Court would reach the same conclusion.

Accordingly, based on the facts provided, Plaintiffs have not shown that service by email would comport with due process.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Second Motion is DENIED WITHOUT PREJUDICE. As Plaintiffs and Defendants have represented a mutual desire to locate Mr. Beauchard, the parties

shall meet and confer in order to do so.  By **March 15, 2024**, the parties shall file a joint letter reporting on their progress and whether they have been able to locate Mr. Beauchard.

    The Clerk of Court is respectfully directed to close ECF No. 157, and to amend the case caption to reflect the correct spelling of Defendant Renan Beauchard.

Dated:        New York, New York        SO ORDERED.
                March 6, 2024

                                                                                        SARAH L. CAVE
                                                                                       United States Magistrate Judge