

March 14, 2024

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:     Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)

Dear Judge Carter:

      My firm, with co-counsel represents Plaintiffs and the putative class in the case above. I write to ask that the Court consider Plaintiff's initial reply (ECF No. 87) on the renewed motion to strike (attached hereto as **Exhibit 1**), as supplemented by the below.

### Brief Supplement on Motion to Strike Reply

      Defendants opposition to the renewed motion appears to be almost identical to the prior opposition, except for two substantive points: (1) it addresses Plaintiff's notice of claim (one of the now eighteen exhibits attached to Defendants' motion to dismiss) and (2) rather than failing entirely to cite or discuss *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007) as they did the first time around, Defendants now claim that the Circuit has created a motion to dismiss standard that is different for "securities fraud" cases and all other cases. ECF No. 154 at 10-11.

      On (1), Plaintiff has no objection to the Court taking notice of Plaintiff's notice of claim, subject to proper use, and would not move to strike it on its own.

      On (2), Defendants' argument is both misleading and misguided. To start with how it's misleading, here's how Defendants describe *Roth*:

> In *Roth*, the Court stated that in a "**securities fraud**" case (which this case is not), "[i]f the court takes judicial notice, it does so in order 'to determine what statements [they] contained'—but 'again not for the truth of the matters asserted.'"

(ECF No. 154 at 11 (emphasis added by Defendants), claiming to quote *Roth* at 509). But the words "securities fraud" *do not appear on the page Defendants cite*, or even in the same section. In fact, those words appear only once on in the entire opinion, six pages earlier (e.g., on page 503), in the context of a block quotation in a different analytical section of the opinion. That is, there is nothing suggesting those words presents a limit on the Circuit's Rule 12 and judicial notice analysis six pages later.



Nor is the meaning Defendants attribute to their relocated, emphasized language something that can be reasonably taken from *Roth*. Instead, here is the full quotation from *Roth*:

> "Consideration of such documents filed with the SEC is appropriate with respect to a nondisclosure or misrepresentation claim because "no serious question as to their authenticity can exist," and because the court is to consider them on a Rule 12 (b)(6) motion "only to determine what the documents stated," and *"not to prove the truth of their contents." Kramer,* 937 F.2d at 774 (emphases added).
>
> Similarly, where public records that are integral to a fraud complaint are not attached to it, the court, in considering a Rule 12(b) (6) motion, is permitted to take judicial notice of those records. *See, e.g., id.; Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir. 1993). If the court takes judicial notice, it does so in order "to determine what statements [they] contained"--but *"again not for the truth of the matters asserted." Kramer,* 937 F.2d at 774 (emphases added); *see, e.g., Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992)."

489 F3d at 509 (emphasis and all formatting as in original). Nothing in the quotation suggests the rule the Second Circuit describes is limited to securities fraud. Instead, Defendants had to relocate text to add to the quotation,[1] and then ***emphasize it***, to argue *Roth* does anything besides set out the general and well-established limit that judicial notice on a motion to dismiss is "*again[,] not [to be used to establish] the truth of the matters asserted*" (489 F3d at 509), period.

Moreover, there would be no textual basis in Rule 12 for that distinction either: There is not one set of Federal Rules for securities fraud litigation and another entirely for civil rights litigation. In fact, in their motion proper, just in the standards section, Defendants themselves cite an antitrust case (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a copyright case (*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)), a labor/unjust enrichment case (*DeLuca v. AccessIT Group, Inc.*, 695 F. Supp.2d 54, 60 (SDNY 2010)), and a cable rate-setting case (*Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005)), all without comment. ECF No. 143 at 5-6. Likewise, in *Roth,* the Circuit itself relies on its prior decision in a statutory trust case under 7 U.S.C. § 196 — not a securities fraud case. 489 F3d at 509, *Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992). Tellingly, Defendants do not cite a single case that actually says Rule 12 or judicial notice works differently for a civil rights case than any other, because, of course, no such case exists.[2]

---

[1] It is not clear if the emphasized portion of the quotation that Defendants added to *Roth* was invented by counsel, or somehow introduced by the use of something like ChatGPT.

[2] Defendants incorrectly say "district courts have considered documents integral to the complaint for their truth in police cases," citing *Fox v City of NY*, 2019 US Dist LEXIS 114650, at *9 (SDNY July 10, 2019). Not so, and indeed, that is not what even *Fox* did. Rather *Fox* considered an arrest report for the fact of what it said, not the underlying truth, in the context of analyzing whether a complaining witness had made certain allegations. Moreover, the *pro se* nature of the case, and the fact that the Court was bending over backwards to analyze potential claims not "explicitly alleg[ed]" (*id.* at *8) is relevant to the precision of the analysis. Regardless, however, even if *Fox* did take something in an arrest report for truth (again, it does not appear

COHEN&GREEN                                                                                                      Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Put simply, in *Roth*, the Circuit meant exactly what it said:  When the Court considers documents outside the four corners of the complaint on a motion to dismiss, "[(1)] no serious question as to their authenticity can exist," and (2) "because the court is to consider them on a Rule 12 (b)(6) motion," it can do so "only to determine what the documents stated, and *not to prove the truth of their contents*."  489 F3d at 509 (emphasis in original, quotation marks omitted).  It didn't hide a silent, "securities fraud only" limitation, and Defendants' efforts to insert that limitation by simply ***adding it*** to the Circuit's quotation are troubling.

<u>Conclusion</u>

As set out above, Plaintiffs ask the Court to consider the attached reply and the brief supplement above together as Plaintiffs' reply on their renewed motion to strike.  And as always, we thank the Court for its continued time and attention.

                                                  Respectfully submitted,

                                                      /s/
                                             _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

that Judge Torres was taking facts in an arrest report for their truth), that a single district judge applied the wrong standard does not authorize this Court to ignore the plain rule the Second Circuit announced.

Defendants' other cases are no different.  *Gagnon v Alkermes PLC*, 368 F Supp 3d 750, 764 (SDNY 2019) recognizes a split specifically about specifically the use of "Forms 4," which present a different issue because of the specific nature of SEC filings in securities actions.  *See discussion in Malin v XL Capital Ltd.*, 499 F Supp 2d 117, 133 (D Conn 2007).  Likewise, the summary order in *Heckman v. Town of Hempstead*, 568 F. App'x 41 (2d Cir. 2014) only recites the uncontroversial standard for ***what*** can be noticed, without applying it to ***how*** it can be used — to say nothing of Defendants' seeming claim it allowed notice of a document for underlying truth (all the cases *Heckman* cites are about conventional notice for fact of the documents' contents, not truth).

 Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com