

THE CITY OF NEW YORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

March 15, 2024

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter. We write jointly with plaintiffs' counsel in accordance with Your Honor's status report order at Docket 162. Neither side has yet located Mr. Beauchard beyond what was previously set out.

Defendants' Position

        The City retained an investigator on March 13, 2024 to try to determine Mr. Beauchard's whereabouts and requested that the investigator complete his work by March 27, 2024. The City's goal is to find Mr. Beauchard and discuss the situation with him, including possible representation. Just like the work product that plaintiffs have compiled through use of their own investigators, which of course they have never shared with us, the investigator's work that we have requested is subject to the same work product issues as plaintiff's investigations. However, if we determine where plaintiff presently resides, we will disclose it. With respect to a photograph and NPI number, as I have told plaintiffs' counsel, I will be reaching out to PAGNY to see if they have such information, and to determine if they have any objection to it being provided to plaintiffs' counsel. PAGNY was Mr. Beauchard's employer, and plaintiffs continue to be under the continued misapprehension that Mr. Beauchard worked for DOC. He did not. However, we view the first logical step in this process as whether we can find Mr. Beauchard and have him appear through counsel of his choosing, which would cause to be moot the remainder of the issues raised by plaintiffs herein.

Plaintiffs' Position

      Immediately after the Court entered its Order at Docket 162, Plaintiffs asked Defendants (1) for a photograph of Defendant Beauchard to attempt to serve again, in light of the fact that Mr. Beauchard still owns the house where service was previously attempted, and might have been the person who "denied knowing the defendant and refused service" (*see* Dkt. No. 157 ¶ 14 n. 2); and (2) to confirm that Mr. Beauchard's National Provider Identifier (or "NPI")[1] number is 1528385135.  Defendants initially indicated they needed time to determine whether they would be willing to cooperate and share this basic information, and still have not taken a position.  Defendants' suggestion they need to communicate with PAGNY before even taking a position on whether they will cooperate with Plaintiffs in basic ways does not explain why those documents would not be within the City's own custody and control, which makes little sense — it is hard to imagine a PA working on Rikers (that is, not working *for the City*, but working in a City facility, with extreme security[2]) doesn't have a photo for identification purposes in the City's records, for example.

      Defendants likewise have indicated they are unwilling to commit to sharing the ***results*** of their investigator's work with a privilege log and redactions for those privileged parts (Plaintiffs ***did*** share the ultimate results of Ms. Tewson's investigation, contrary to Defendants' suggestions).  Plaintiffs are also looking into further measures, but the most obvious step is to send a process server back out to 53 West Clarkstown Rd., with a photograph of Mr. Beauchard.  But Plaintiffs cannot do that without such a photograph to confirm whether the person there *is* Mr. Beauchard.  Plaintiffs ask that the Court compel Defendants to share the above.

      The parties thus propose that their next status report be submitted by March 29, 2024.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/ Mark D. Zuckerman
      Mark D. Zuckerman

---

[1]     *See* https://www.cms.gov/regulations-and-guidance/administrative-simplification/nationalprovidentstand#:~:text=The%20NPI%20is%20a%20unique,financial%20transactions%20adopted%20under%20HIPAA.

[2] The parties have traded several drafts of this letter, and even in the latest draft where Defendants say "plaintiffs continue to be under the continued misapprehension that Mr. Beauchard worked for DOC," they do not deny the City has within its custody and control a photograph of Mr. Beauchard and at least ***some*** document reflecting his NPI number. Again, it's almost unthinkable that someone could work — for a subcontracted provider or not — on Rikers without the City having that information.

cc: All counsel (via ECF)