

April 2, 2024

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

    Re:    <u>Phillips v. City of New York</u>, 21-CV-8149 (ALC)(SLC)

Dear Judge Cave:

    My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. We heard today, from Defendants, that they "will not contest your nail and mail service and will respond to the third amended complaint by 4/12/24." This letter, per the Court's Rules, is to "request a pre-motion conference by Letter-Motion [because] counsel believes that an informal conference with the Court may obviate the need for the motion or reduce the issues in dispute." Individual Practices in Civil Cases of Hon. Mag. J. Sarah L. Cave § III (Feb. 24, 2020). Specifically, Plaintiffs intend to make a motion under Rule 4(d) for their costs and fees related to serving Defendant Beauchard.

    Plaintiffs asked Mr. Beauchard to waive service, and he refused.[1] As the Court knows, from there, quite a bit of work was necessary to serve him — including both parties retaining investigators, multiple letters, and quite a bit of attorney work.

    Legally speaking, Rule 4 "operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed." Fed. R. Civ. P. 4, Advisory Committee Note of 1993. "This device is useful in dealing with defendants who are furtive." *Id.* Moreover, the entitlement under Rule 4 is a "freestanding cost provision." *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005). It has nothing to do with the merits of the case, and "there is no requirement that the award [of expenses under Rule 4] wait until the end of the litigation." *United States v. Jones, No.* 11-cv2869 (JFB), 2013 U.S. Dist. LEXIS 175753, at *7 (E.D.N.Y. Dec. 9, 2013).[2] Put directly: "it is simply a defendant's failure to comply with a plaintiff's request for

---

[1] To the extent Defendants dispute whether (1) the request to waive service actually was sent to Mr. Beauchard or (2) that Mr. Beauchard or one of his relatives was the person who falsely told Plaintiffs' process server that Mr. Beauchard was not associated with the property where he was later served (*see* ECF No. 168 (admitting Mr. Beauchard "does appear to be the record owner of the subject property in New City, New York" and going on that Defendants' investigator, at the property, "encountered a relative of Mr. Beauchard"). We also asked Defendants to confer on these issues, or a motion to expedite discovery (with relevant, narrow requests attached (*see* **Exhibit 1**), but they refused to meet.

[2] And, indeed, the provision includes the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses" — so even now Mr. Beauchard, through counsel, continues to escalate the costs. FRCP 4(d)(2)(B).

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



waiver that triggers the plaintiff's entitlement to reimbursement of costs and reasonable fees under Rule 4(d)." *Reints v City of Rapid City*, 2015 US Dist LEXIS 119607, at *7 (DSD Sep. 9, 2015) (collecting cases).

In the interest of keeping further costs down, we asked Defendants if they would confer on costs or whether they would contest the Rule 4(d) entitlement. Unfortunately, Defendants refused to even state a position, responding to requests for basic information or discussion with brief, curt refusals:

> "[Plaintiffs:] …[P]lease let us know if you intend to contest the Rule 4(d) cost and fee entitlement here -- if so, there may be limited discovery we ask for (e.g., confirming Beauchard's email address is in fact what we believe it is; confirming when he's been at the property so we know whether it was him that incorrectly told our process server it was the wrong address, etc.). Otherwise, we can keep the costs down to what has already been incurred (unless an application on the amount of fees becomes necessary) and I can send you an initial demand to try to settle that without litigation.
>
> [Defendants:] We're not agreeing to your Rule 4(d) application.
>
> [Plaintiffs:] Okay. What basis, if any, are you refusing that on? Knowing what objection there is will help narrow litigation and keep costs down.
>
> Will you confirm what Mr. Beauchard's email is that you're using to communicate with him, or do we need to serve discovery on that? […]
>
> [Defendants:] I'm not debating the issue with you."

Defendants' refusal to even state a position makes productive discussion difficult. However, particularly as Defendants have previously become much more willing to state positions or engage cooperatively once the Court is involved, it appears this is an instance where "an informal conference with the Court may obviate the need for the motion or reduce the issues in dispute." Individual Practices in Civil Cases of Hon. Mag. J. Sarah L. Cave § III (Feb. 24, 2020). That is, among other possible efficiencies:

- If Defendants actually explain their objection, Plaintiffs need not brief everything, and Defendants need not either;
- If Defendants claim Mr. Beauchard's email is not rbeauchard96@gmail.com (as counsel previously represented, and Plaintiffs' OSInt investigator confirmed to a reasonable degree of professional confidence) or one of the others provided by Defendants' counsel, the Court may cut through that by directing counsel to confirm what email Mr. Beauchard is using to communicate with counsel or directing responses to Ex. 1;
- Likewise, if Defendants make other claims or raise some unforeseen objection to Rule 4(d) costs, the Court can narrow briefing to those issues (and targeted discovery or disclosure if

COHEN&GREEN                                                                                             Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



there is some fact dispute) — and direct measures to clarify those issues that do not further delay and expand litigation in this case.

Thus, Plaintiffs ask the Court to set an informal telephone conference, so Defendants can explain their reason for opposing the Rule 4 cost entitlement.  We are optimistic that this issue can be resolved without litigation.  And, as always, we thank the Court for its continued time and attention.

            Respectfully submitted,

            /s/
            _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com