


**T**HE **C**ITY OF **N**EW **Y**ORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

April 3, 2024

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  <u>Paul Phillips, et. al. v. The City of New York, et. al.</u>, 21 Civ. 8149 (ALC)(SLC)

Your Honor:

      I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants in the above referenced matter. We write in accordance with Your Honor's Order at Docket 169 herein and in response to plaintiffs' letter at Docket 170.

      This Office will be representing the defendant Renan Beauchard in this lawsuit and we intend to timely file a motion to dismiss on his behalf by April 12, 2024. Mr. Beauchard will not be contesting plaintiffs' "nail and mail" method of service in his defense to plaintiffs' underlying claims, though as we have stated previously, as well as herein, plaintiffs' purported service of process as claimed at Dockets 166 and 167 was not proper, and we will certainly be contesting it for the purposes of defending plaintiffs' application for fees and costs pursuant to Rule 4(d), Fed. R. Civ. P.

      Plaintiffs' application for fees and costs pursuant to Rule 4(d) should be denied. Plaintiffs' motion is premised on the notion that they made a proper request for the return of a waiver to Mr. Beauchard in accordance with Rule 4(d). But they did not. Plaintiffs' purported waiver was purportedly transmitted by email only to the five email addresses that were discussed by the Court in its decision at Docket 156. (<u>See</u> Exhibit A hereto) However, plaintiffs did not include a "prepaid means for returning the form." <u>See</u> Rule 4(d)(1)(C). Plaintiffs as much as concede this in their purported email transmission to Mr. Beauchard, Exhibit A hereto, as they instead state, "[p]lease feel free to return the completed form electronically. If, for some reason, returning the form electronically is not possible, I am happy to provide any other pre-paid means

of returning the waiver." In their purported request for the return of a waiver, plaintiffs did not provide a self-addressed prepaid envelope for a return of any signed waiver, which by itself defeats their motion.

Courts have consistently stated that the failure to provide a self-addressed prepaid envelope in which to return a signed waiver causes the purported request for a waiver to be defective and defeats an application for fees and costs pursuant to Rule 4(d)(2). See Kumaran v. Vision Fin. Mkts., LLC, 338 F.R.D. 17, 18-19) (M.J. Aaron) (failure to send self-addressed prepaid envelope with purported email request for waiver defeats claim for fees and costs) (citing Gaby's Bags, LLC v. Mercari, Inc., 20 Civ. 734 (WHA), 2020 U.S. Dist. LEXIS 242884 (N.D. Cal. Dec. 25, 2020)) ("In order for its costs and fees to be recoverable under Rule 4(d)(2), [a party] must first show that it made proper requests for waiver of service, meeting the condition[s] precedent[] in Rule 4(d)(1)."); Calenture, LLC v. Shiff, 23 Civ. 11238 (AT)(RFT) (M.J. Tarnofsky) (denying application for fees and costs pursuant to Rule 4(d) where "the waiver request was sent by email and did not include a self-addressed stamped envelope or other prepaid form of mailing."); Wright v. Mail Media Inc., 23 Civ. 7124 (ALC), 2024 U.S. Dist. LEXIS 16119, at *3 (S.D.N.Y. Jan. 30, 2024) ("Plaintiffs' failure to include self-addressed stamped envelopes constitutes a failure to substantially comply with Rule 4(d)(1)'s procedural requirements and Plaintiff's motion [for fees and costs] is therefore denied."); see also Mason Tenders Dist. Council Pension Fund v. Messera, 95 Civ. 9341 (RWS), 1997 U.S. Dist. LEXIS 3840, at *15 (S.D.N.Y. Mar. 30, 1997) ("[A plaintiff's failure to include a stamped, self-addressed envelope in the mailing to the defendant may forfeit a costs sanction altogether.")

Here, plaintiffs indisputably did not provide Mr. Beauchard a self-addressed pre-paid envelope to return any signed waiver. Under the foregoing authorities, plaintiff's application for fees and costs should be denied for this reason alone.

There are other reasons to deny plaintiffs' application as well. Rule 4(d)(1)(G) requires that any such request for waiver to "be sent by first-class mail or other reliable means." Here, this Court has already found twice that plaintiffs' proposed service of Mr. Beauchard by email to the same email address did not establish a likelihood that it would reach him. (See Dockets 156, 162). Based on the Court's findings at Dockets 156, 162, the same result should be reached here in any determination of whether the request for waiver was sent by a "reliable means."

Next, there would be "good cause" for any failure by Mr. Beauchard to return a signed waiver in addition to the above. See Rule 4(d)(2), Fed. R. Civ. P. For the entirety of the time that the service issue has been ongoing, Mr. Beauchard has been traveling to and from the Country of Haiti. Although he is the record owner of the property in New City, New York, he has not lived there at any point while the service issue has been ongoing and for a substantial period before that. When he is in the United States, Mr. Beauchard principally lives in a residence that he owns in Florida. Mr. Beauchard has rented his New City residence to a family member for some time that extends well before the service issue arose. He does not presently live at the residence in New City where plaintiff has apparently made two physical attempts to serve him through a process server. Plaintiffs have apparently made no attempts to serve him where he does reside when he is in the United States, his home in Florida. Mr. Beuachard has not been employed by PAGNY since 2021, therefore, there was certainly no expectation on his

2

part that he would be named as a defendant in this lawsuit. Given this situation, there would be good cause for any failure to return a waiver (which he does not remember receiving).

Finally, plaintiffs have not engaged in good faith attempts to locate Mr. Beauchard, but rather have merely attempted to secure a default judgment or an award of fees and costs against him. They should not be rewarded for their behavior. Seeking a default against Mr. Beauchard and/or obtaining an award of fees and costs is all that plaintiffs have tried to do. As the Court is aware, plaintiffs have twice made applications to the Court for permission to serve Mr. Beauchard by email. Both applications were denied by this Court (the second of which had to be defended by this Office). See Dockets 156, 162. These attempts were only made by plaintiffs in an attempt to secure a default judgment against Mr. Beauchard, knowing full well that he had not responded to prior communications by plaintiffs' counsel, our office and PAGNY, his former employer, by the very same email address. Plaintiffs' expert witness who gave a declaration in support of their second unsuccessful application, Kathryn Tewson, was never even approved by the Court, therefore, any costs in connection with her use would not be recoverable in any event. See Torrico v. IBM, 01 Civ. 841 (GEL), 2004 U.S. Dist. LEXIS 26142, at *5 (S.D.N.Y. Jan. 3, 2005) (expert witness fees are not taxable as costs unless prior court approval was obtained). Finally, plaintiffs' "nail and mail" purported service of March 22, 2024 at the New City location was not proper either since Mr. Beuachard does not reside there. See N.Y. C.P.L.R. 308(4); First Tenn. Bank, N.A. v. Black, 10 Civ. 4925 (FB)(SMG), 2011 U.S. Dist. LEXIS 16358, at *2-3 (E.D.N.Y. Feb. 18, 2011); Schwartzman v. Musso, 201 A.D.2d 551, 552 (2d Dep't 1994). Plaintiffs' counsel apparently never even tried through an investigator to talk to the inhabitant of the New City address to obtain information as to Mr. Beuachard's whereabouts, which the City did, and enabled us to correspond with Mr. Beauchard while he was in Haiti. The "sharp practices" of plaintiffs' counsel should be rejected by the Court, and defendants also respectfully submit that Mr. Beauchard has been fully cooperative since we were able to communicate with him, which also includes his agreement not to contest plaintiffs' improper "nail and mail" service for purposes of defending plaintiffs' frivolous substantive claims made against him. Our Office has also been fully cooperative with plaintiffs and the Court in providing the necessary information that has now allowed all dozen individual defendants to be identified and served, even though a number of them have left their subject employments underlying this litigation.

Based on the foregoing, there is no basis for plaintiffs' application for an award of Rule 4(d) fees and costs, and plaintiffs' request for limited Rule 4(d) discovery should be denied as completely unnecessary and harassing of Mr. Beauchard in light of the foregoing.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc: All counsel (via ECF)