

**T**HE **C**ITY OF **N**EW **Y**ORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

April 8, 2024

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants in the above referenced matter.  I write to provide the Court with supplemental authority in opposition to plaintiffs' pending motion to strike defendants' motion to dismiss at Docket 151.  On March 29, 2024, Judge Vyskocil issued an opinion and order granting defendants' motion to dismiss plaintiff's amended complaint in Nieves v. City of New York, et. al., 22 Civ. 10204 (MKV), 2024 U.S. Dist. LEXIS 59377 (S.D.N.Y. Mar. 29, 2024).  In granting defendants' motion to dismiss in that case, the Court in Nieves expressly ruled that an arrest warrant and summons submitted by defendants could be considered by the Court upon defendants' motion to dismiss as the documents were incorporated by reference to the complaint and were of matters to which the court could take judicial notice.  In doing so, the Court also held in that §1983 case that "[e]ven on a motion to dismiss, the Court is not required to accept assertions that are 'contradicted by . . . documentary evidence' deemed part of the pleadings." Id., at *5 (quoting L-7 Designs, Inc. v. Old Navy LLC, 647 F.3d 419, 422 (2d Cir. 2011) and citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2000)).  Thus, plaintiffs' continuous assertions throughout the motion to strike briefing in Phillips that documentary evidence that is deemed incorporated by reference or integral to the complaint, or of matters of which the Court may take judicial notice, may not be considered by the Court upon defendants' pending motion to dismiss simply because plaintiffs contend that have made contrary assertions thereto in their complaint, is simply wrong.

Thank you for your consideration herein.

                                                Respectfully submitted,

                                                /s/ Mark D. Zuckerman
                                                Mark D. Zuckerman

cc:     All counsel (via ECF)