

April 12, 2024

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:      Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)

Dear Judge Cave:

      My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write, jointly with counsel for Defendants, as directed by the Court in ECF No. 174 to report on the parties' meet and confer.

**Plaintiff's Position**

      Plaintiffs have asked Defendants whether there is any compromise measure of any kind they will agree to. Defendants are unwilling to compromise so a briefing schedule is below. The discovery/information issues previously raised are moot because Defendants have now confirmed rbeauchard96@gmail.com is the email address Mr. Beauchard uses.

      On briefing, Plaintiffs believe it could (initially, at least) be limited to two issues: *First,* whether Plaintiffs can "show 'substantial compliance' with the requirements under Rule 4(d)(1)" (*United States v. Glaister*, 2021 U.S. Dist. LEXIS 76856, 2021 WL 1565678, at *1 (S.D.N.Y. Apr. 21, 2021) (citation omitted)) sufficient to trigger Rule 4's "duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). *And second*, whether there was good cause to refuse to waive service.[1] That is, based on the meet and confer, it appears that the only real questions in dispute are these:

- Whether the fact that Mr. Beauchard "could have returned [the waiver] via email the same way he received it, without cost" counts as — or counts as, for the purposes of "substantial compliance," at least — a "prepaid means of returning the waiver." *Evans v Scribe One Ltd. LLC*, 2020 US Dist LEXIS 62585, at *3 (D Ariz Mar. 16, 2020) (rejecting argument otherwise because "[t]his is the digital age")[2]; and

---

[1] Litigating just these issues would allow the parties to attempt to settle the amount of any entitlement afterwards if the Court grants the motion, and thus save all involved the time of briefing that issue if it proves unnecessary.

[2] *See also, Securitynational Mtge. Co. v Head*, 2014 US Dist LEXIS 129351, at *6 (D Colo Sep. 15, 2014) ("Defendants returned the waivers of service via email … Defendants do not state that they incurred any expense in returning the waivers via email. Accordingly, the contention that a 'prepaid means of returning the



- Whether "traveling to and from the Country of Haiti" and his assertion he "no expectation … that he would be named as a defendant in this lawsuit" (ECF No. 172) qualify as "good cause" to refuse to return a waiver he admittedly received.  *But see, e.g.,* 1993 Comm. N. to Fed. R. Civ. P. 4(d) at 8 ("[i]t is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction").

Once those issues are resolved, Plaintiffs believe the parties might be in a better position to compromise, and the need to brief and decide rates, fees, etc., might be obviated — and certainly simplified.

**Defendants' Position**

Defendants do not agree with the legal standards and positions that plaintiffs have inserted into this letter in order to improperly preview the arguments they will be making when they file their motion.  Defendants also do not agree that the issues are as plaintiffs frame them either in this letter, or are limited to such.  Defendants believe all issues raised by plaintiffs' motion should just be briefed together.  Plaintiffs can raise the arguments they wish to make when they file their motion, and defendants will respond with the arguments they wish to make.  Defendants do not agree with plaintiffs' proposed bifurcation approach, which could lead to multiple briefings of the issues raised by plaintiffs' anticipated motion, which would not be in the interests of judicial economy.  Further, defendants believe that there could be overlapping issues given the overall bad faith approach that plaintiffs have taken to the subject service issue.  Defendants are not waiving any arguments or bases for opposing plaintiffs' anticipated motion.  Defendants therefore respectfully submit that the issues should not be bifurcated as plaintiffs propose and that all issues be decided upon one single motion in accordance with the following briefing schedule.

Finally, for a briefing schedule, the parties agree upon the following:

- May 7, 2024 for opening papers;
- May 28, 2024 for opposition; and
- June 4, 2024 for reply, if any.

As ever, the parties thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**

---

form' was lacking is incorrect") (citations omitted); *AIRFX.com v AirFX LLC,* 2011 US Dist LEXIS 121772, at *16, n 3 (D Ariz Oct. 20, 2011) (similar).



Page 1 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN

Page 1 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com