Hon. Sarah L. Cave, U.S.M.J.
United States District Court Southern District
500 Pearl Street
New York, NY 10007-1312

> The Court is in receipt of the parties' joint letter at ECF No. 176. A telephone conference to discuss Plaintiffs' contemplated motion for service costs and fees under Federal Rule of Civil Procedure 4(d) is scheduled for **Wednesday, May 8, 2024 at 2:00 p.m.** The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.
>
> SO ORDERED.    4/11/2024
>
> SARAH L. CAVE
> United States Magistrate Judge

By Electronic Filing.

Re:    Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write, jointly with counsel for Defendants, as directed by the Court in ECF No. 174 to report on the parties' meet and confer.

**Plaintiff's Position**

Plaintiffs have asked Defendants whether there is any compromise measure of any kind they will agree to. Defendants are unwilling to compromise so a briefing schedule is below. The discovery/information issues previously raised are moot because Defendants have now confirmed rbeauchard96@gmail.com is the email address Mr. Beauchard uses.

On briefing, Plaintiffs believe it could (initially, at least) be limited to two issues: *First,* whether Plaintiffs can "show 'substantial compliance' with the requirements under Rule 4(d)(1)" (*United States v. Glaister*, 2021 U.S. Dist. LEXIS 76856, 2021 WL 1565678, at *1 (S.D.N.Y. Apr. 21, 2021) (citation omitted)) sufficient to trigger Rule 4's "duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). *And second*, whether there was good cause to refuse to waive service.[1] That is, based on the meet and confer, it appears that the only real questions in dispute are these:

- Whether the fact that Mr. Beauchard "could have returned [the waiver] via email the same way he received it, without cost" counts as — or counts as, for the purposes of "substantial compliance," at least — a "prepaid means of returning the waiver." *Evans v Scribe One Ltd. LLC*, 2020 US Dist LEXIS 62585, at *3 (D Ariz Mar. 16, 2020) (rejecting argument otherwise because "[t]his is the digital age")[2]; and

---

[1] Litigating just these issues would allow the parties to attempt to settle the amount of any entitlement afterwards if the Court grants the motion, and thus save all involved the time of briefing that issue if it proves unnecessary.

[2] *See also, Securitynational Mtge. Co. v Head*, 2014 US Dist LEXIS 129351, at *6 (D Colo Sep. 15, 2014) ("Defendants returned the waivers of service via email … Defendants do not state that they incurred any expense in returning the waivers via email. Accordingly, the contention that a 'prepaid means of returning the