UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIPS, ET AL., <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF NEW YORK, ET AL., <br><br> Defendant. | 21-cv-08149 (ALC) <br><br> **OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Paul Phillips, Randy Rosario, Kylaysia Thompson, and Khaori Wright, on behalf of those who are similarly situated, submit a motion to strike defendants' motions at ECF Nos. 141-143 and/or select exhibits submitted in support of Defendants' motion to dismiss at ECF No.142. Defendants City of New York (the "City"), Dr. Aung Oo, Terry Gravesande, Terry Hailand, Edward Horton, Christopher Johnson, Dr. Jasdeep Mangat, Gabriel Montalvo, Krystalbella Murnane-Victorelli, Michael Prilook, Roman Maslovskiy, Mireille Zamy, and Dr. David Rosenberg, oppose Plaintiffs' motion to strike. For the reasons set forth below, Plaintiffs' motion to strike is **DENIED**.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Third Amended Complaint. Plaintiffs allege that the City and the New York Police Department ("NYPD") have a policy of bringing individuals directly to Riker's Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance. Under this policy, if the warrant is invalid, arrested individuals are allegedly not immediately released; if the warrant is valid, a future court date is not set for them. Plaintiffs state that "[t]hese individuals are effectively sentenced to indefinite

detention upon a joint decision by the NYPD and DOC, with zero oversight or process for challenge, and in direct violation of the letter and spirit of the law requiring a judge's prompt involvement in these cases." ECF. No 119 at ¶ 19.  In addition, Plaintiffs argue that this alleged policy violates statutory law, which requires that an arrested individual appear before a judge "without unnecessary delay" and further violates the constitutional rights of those who are incarcerated extrajudicially and indefinitely based on the appearance of an existing warrant. C.P.L. § 530.70.

## PROCEDURAL HISTORY

On February 28, 2023, Defendant City filed a motion to dismiss and motion for the striking of plaintiffs' class allegations. ECF No. 62.  That same day, Mark D. Zuckerman, an attorney for Defendant City, filed a declaration ("Zuckerman Decl.") to place relevant information and documents on the record in support of the Defendant's motion to dismiss and motion to strike Plaintiffs' class allegations. ECF No. 63.  On March 20, 2023, this Court granted leave for Plaintiffs to file a motion to strike, and that briefing of Defendants' motion to dismiss will be held in abeyance pending resolution of the Plaintiffs' motion to strike.  ECF No. 72.

On April 4, 2023, Plaintiffs filed their motion to strike specific exhibits attached to Zuckerman's Decl. including exhibits B, C, D, E, G, H, J, K, L, M, N, P, and R, as well as to strike or deny the balance of Defendants' motion to dismiss as "fatally interspersed with references to the stricken material."[1]  ECF No. 76.  On April 18, 2023, Defendants filed an

---

[1] Exhibit B is a copy of the NYPD Command Log entry for Paul Phillips dated July 3, 2020. Exhibit C is a copy of the NYPD arrest report for plaintiff Khaori Wright related to his arrest on March 18, 2000. Exhibit D is a copy of the NYPD's OLPA report for Khaori Wright's arrest on March 18, 2000. Exhibit E is a copy of an arrest warrant for Khaori Wright.  Exhibit F is a copy of a DOC movement history for Khaori Wright.  Exhibit G is a copy of the NYPD arrest report for plaintiff Randy Rosario for his arrest on November 11, 2020. Exhibit H is a copy of an arrest warrant for Randy Rosario.  Exhibit I is a copy of the NYPD's OLPA report for Randy Rosario's arrest on November 11, 2020. Exhibit J is a copy of a DOC movement history for Randy Rosario.  Exhibit K is a copy of the NYPD arrest report for plaintiff Kylasia Thompson for her arrest on November 21, 2019.  Exhibit L is a copy of an NYPD Complaint follow up report for Kylasia Thompson's arrest on November 21, 2019.  Exhibit M is a copy of

opposition to the Plaintiffs' motion to strike. ECF No. 80. On April 25, 2023, Plaintiffs filed their reply memorandum in further support of Plaintiffs' motion to strike. ECF No. 87. On August 8, 2023, this Court denied all pending motions and granted Plaintiffs leave to amend their complaint to add more defendants. ECF No. 116.

On October 25, 2023, Plaintiffs filed their Third Amended Complaint. ECF No. 128. On December 22, 2023, all defendants, except for defendant Renan Beauchard, renewed their motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, as well as their motion to strike Plaintiffs' class allegations. ECF No. 141. On January 30, 2024, Plaintiffs requested that the Court treat their prior motion to strike at ECF No. 76 as renewed. ECF No. 151. On February 21, 2024, Defendants filed an opposition to Plaintiffs' motion to strike. ECF No. 154. On March 14, 2024, Plaintiffs filed a reply memorandum in further support of Plaintiffs' motion to strike. ECF No. 163. This Court considers the motion fully briefed.

## STANDARD OF REVIEW

At the motion-to-dismiss stage, a court treats all factual allegations in the complaint as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and considers documents attached to or incorporated by reference in the complaint as part of the plaintiff's allegations. *Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415 (2d Cir. 2024). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. *See*, e.g., *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir.1998), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "Generally, a court may incorporate documents referenced where (1) [the]

---

the NYPD's OLPA report for Kylasia Thompson's arrest on November 11, 2020. Exhibit N is a copy of a bench warrant for Kylasia Thompson. Exhibit O is a copy of a DOC movement history for Kylasia Thompson. Exhibit P is a copy of the NYPD's Patrol Guide Section 208-42. Exhibit Q is copy of the DOC's Operations Order 6/92. Exhibit R is a copy of Phillips's Notice of Claim.

plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed." *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017) (emphasis omitted) (collecting cases); *see also Dunkelberger v. Dunkelberger*, No. 14-CV-3877, 2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to the complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." (alterations omitted) (quoting *Bill Diodato Photography LLC v. Avon Prods., Inc.*, No. 12-CV-847, 2012 WL 4335164, at *3 (S.D.N.Y. Sept. 21, 2012))).

In addition, even if not attached or incorporated by reference, a document "upon which [the complaint] solely relies and which is integral to the complaint" may be considered by the court in ruling on such a motion. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991). Furthermore, when considering a motion to dismiss, the Court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991). Judicial notice may be taken of public records, including "arrest reports, criminal complaints, indictments, and criminal disposition data." *Wims v. New York City Police Dep't*, No. 10 Civ. 6128(PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011) (citing *Vasquez v. City of New York,* 99 Civ. 4606, 2000 WL 869492, at *1 n. 1 (S.D.N.Y. June 29, 2000). Where the Court takes judicial notice of these public records, it does so "to determine what statements [the public records] contained ... not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal citations omitted).

## DISCUSSION

Plaintiff moves to strike Defendants' motion to dismiss and/or alternatively to strike select exhibits submitted in support of ECF No. 142. The Court will first analyze the appropriateness of striking the entire motion to dismiss, and then discuss whether to strike specific exhibits used in support. For the reasons set forth below, Plaintiffs' motion to strike is DENIED.

The Court finds that the Plaintiffs have not met the burden to prevail on a Rule 12(f) motion to strike the motion to dismiss in its entirety. "When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (alteration adopted) (quotation marks omitted). If, on a motion to dismiss, the court must "rely on the extrinsic materials, the proper course is to convert the motion to a motion for summary judgment ..., after providing notice to the parties and an opportunity to be heard." *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 231 (2d Cir. 2016). When faced with extrinsic documents improperly submitted by a party, the court may also decline to consider the extrinsic documents. Here, the Court finds that it would be more appropriate to decide whether to consider some of the Defendants' exhibits. Therefore, the "extreme sanction of striking the…entire motion to dismiss or excluding the reports upon which the motion relies is unwarranted." *In re Take-Two Interactive Software, Inc. Derivative Litig*., No. 1:06CV5279 LTS/DFE, 2009 WL 1066251, at *6 (S.D.N.Y. Apr. 21, 2009).

Plaintiffs argue that the Defendants' motion to dismiss uses documents outside the four corners of the complaint, whether by judicial notice or otherwise, for the impermissible purpose of "the truth of their contents." ECF No. 151 at 1. That is not the case here. For purposes of Rule 12(b)(6), "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991)); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext*, 62 F.3d at 72.

In this case, Defendants maintain that each of the exhibits they have submitted with their motion to dismiss are either incorporated by reference into plaintiffs' Third Amended Complaint and are "integral" thereto or are of matters to which the Court should take judicial notice because they provide "crucial details associated with plaintiffs' allegations as to what they were charged with and whether they were brought directly to court, as opposed to DOC custody." ECF No. 154 at 7. This Court finds that these are permissible uses of the exhibits of which it may take judicial notice and will not be used to prove the truth of the matter asserted.

### I.    Public Documents

This Court finds that the public documents cited in support of the Defendant's motion to dismiss may be considered and therefore will not be stricken. In considering a motion to dismiss, the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as Plaintiff's arrest reports, indictments, and criminal disposition

data. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991) (holding that the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201); *see also Awelewa v. New York City*, No. 11 Civ. 778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) (judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data (citing *Wims v. N.Y.C. Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011)). Where the Court takes judicial notice, it does so "in order to determine what statements [the public records] contained ... not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks and emphases omitted) (quoting *Kramer*, 937 F.2d at 774).

Here, Defendants argue that Exhibit C (Wright), Exhibit G (Rosario) and Exhibit K (Thompson) are NYPD arrest reports that the Defendant City seeks to offer to demonstrate that these plaintiffs' arrests were for crimes unrelated to any open warrants. Defendants state that these arrest reports are being offered principally to show the arrest charges against the plaintiffs Wright, Rosario and Thompson and not the truth of the matter asserted as to whether these plaintiffs actually committed the charges that formed the basis for these arrests. This Court agrees that these are permissible uses of the exhibits. Exhibit D (Wright), Exhibit I (Rosario) and Exhibit M (Thompson) are OLPA reports that Defendant seeks to demonstrate that these plaintiffs were brought directly to see a judge in court after their arrests on charges unrelated to any warrants, as well as each of their arrest to arraignment times. Specifically, this Court acknowledges that Defendants seek to use Exhibit D to show that Plaintiff Wright was to be brought back to court …on the open arrest warrant." ECF No. 64 at 2-3. This Court will still consider this exhibit, but not to establish that Plaintiff Wright was returned the next morning for the Supreme Court warrant.

Furthermore, Defendants maintain that Exhibit F (Wright), Exhibit J (Rosario) and Exhibit O (Thompson) are DOC movement history reports that seek to show that these plaintiffs were brought to DOC custody after they were brought to court to see a judge. Documents like OLPA reports, DOC movement history reports, and arrest reports are matters of public record, and in accordance with F.R.E. 201, these are facts which the Court can readily ascertain from public documents that are not subject to dispute. Notably, this Court acknowledges the Plaintiff's allegations that documents like the DOC movement history reports have been forged based on evidence submitted in Remy Green's declaration. ECF No. 77-1 ("Over the past few days, we have documented 17 incidents where a person in custody in the EMTC intake had their "In Custody at Court" start time (the time reported on their Securing Order) changed on the DOC's Intake Dashboard."). However, the Plaintiffs do not allege with specificity as to whether the accuracy of the DOC movement reports in question, specifically Exhibits F, J, and O, are in dispute. Therefore, this Court finds that these exhibits can be considered when analyzing the Defendants' motion to dismiss under 12(b)(6).

## II.    Command Log Entry

This Court finds that there is no reason to strike Exhibit B, which is the command log entry for plaintiff Phillips from the date of his arrest on July 3, 2020.  As discussed above, the Court should take judicial notice of this exhibit under F.R.E. 201 because it can be treated similarly to a time record that can be found in an OLPA report, which would be permissible as a public document.

## III.    NYPD Complaint Follow Up Report

This Court will also consider Exhibit L in the Defendants' motion to dismiss. Exhibit L is a copy of an NYPD Complaint Follow up report for Kylasia Thompson's arrest of November 21,

2019. Here, Defendants include Exhibit L to refute the allegation that Plaintiff Thompson was picked up by bail bondsmen in connection with her arrest. This Court finds that it is a permissible use under *Kramer* because the Defendants seek to show what the report states and not prove the truth of the matter asserted. In this case, Defendants seek to show that Plaintiff Thompson was arrested by NYPD detectives rather than bail bondsmen, not to prove that she was in fact arrested. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("If the court takes judicial notice, it does so in order "to determine what statements [they] contained"—but "again not for the truth of the matters asserted." (citing *Kramer*, 937 F.2d at 774 (emphases added); *see, e.g.*, *Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992).

### IV.   NYPD Patrol Guide Provision 208-42 and DOC Operations Order 6/92

In light of Plaintiff's lack of objection to the Court's consideration of NYPD Patrol Guide provision 208-42, this Court finds that it will take judicial notice of Exhibit P.  Like the NYPD patrol guide, this Court will also take judicial notice of Exhibit Q, which is the DOC Operations Order 6/92. On review of a Rule 12(b)(6) dismissal, we accept the facts alleged in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir.2004). We are, however, not limited solely to the allegations in the complaint. Where a plaintiff has "reli[ed] on the terms and effect of a document in drafting the complaint," and that document is thus "integral to the complaint," we may consider its contents even if it is not formally incorporated by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).

Here, Exhibits P and Q will be considered as part of the Defendants' motion to dismiss. Exhibit P has been incorporated by reference in the Complaint and Exhibit Q is integral to the

complaint. To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents .... [and][t]o be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 60 (S.D.N.Y.2010) (internal citations and quotation marks omitted). Exhibit P is explicitly referenced through the complaint and therefore is incorporated by reference. *See* Third Amended Complaint ¶¶ 340-348. Plaintiffs argue that Exhibit Q should be stricken because this document is not referenced in the complaint and that there is no authority establishing that this is the current DOC policy. Defendants, however, argue that Exhibit Q is integral to the complaint as it should be treated as the equivalent of the NYPD Patrol Guide provision and further relates to the City's core claims regarding specific NYPD and DOC practices. This Court finds that Exhibit Q is clearly integral to the Complaint as the Defendants seek to address the constitutionality of the City's DOC policies and practices. Furthermore, the Plaintiff had notice of this exhibit when it previously submitted it as part of its submissions to this Court. *See* ECF No. 40 (Exhibit B).

V. **Notice of Claim**

This Court finds that judicial notice can be taken for Exhibit R, which is Plaintiff Phillip's notice of claim that was served on the Defendant City around September 2020. The Notice of Claim and its contents can properly be considered since it was expressly referred to in paragraph 25 of Plaintiff's Third Amended Complaint. ("Plaintiff Paul Phillips timely served a Notice of Claim on the municipal Defendant on or about September 28, 2020, and otherwise complied with all conditions precedent to commencing an action under New York law."); *see also Brass v. Am. Film Techs.*, 987 F.2d 142, 150 (2d Cir.1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991)).

### VI. Warrants

Finally, the Court finds that there is no reason to strike the consideration of Exhibits A (Phillips), Exhibit E (Wright), Exhibit H (Rosario), and Exhibit N (Thompson). Plaintiffs state that they have no objection to the Court's consideration of these exhibits, which constitute warrants for each of the plaintiffs. Furthermore, these exhibits are integral to the Complaint and that the Plaintiffs seek to include to demonstrate the terms and effect of the warrants.

### CONCLUSION

For the reasons set forth above, Plaintiffs' motion to strike select exhibits in the Defendants' motion to dismiss is **DENIED**.  The Clerk of Court is respectfully directed to terminate ECF No. 151.

**SO ORDERED.**

**Dated: September 26, 2024**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**