**21-UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

Phillips, et al.,
      *Plaintiff*s,
 v.
The City of New York, et al.,
      *Defendant*s.

21-cv-8149 (ALC) (SLC)

**DECLARATION OF
J. REMY GREEN**

I, Remy Green, being duly sworn, depose and say:

1. I am a partner at Cohen&Green P.L.L.C., co-counsel for Plaintiffs in the putative class action above.

2. I make this declaration in opposition to Defendants' motion to dismiss to (1) place certain records in my control in record and (2) to clarify which claims Plaintiffs are pursuing and withdraw others.

## Exhibits

3. Attached as **Exhibit 1** is a true and correct copy, with redactions for privilege of messages after the relevant messages, of an email thread between the Legal Aid Society and City officials about the policies at issue in this case.

4. In addition to the in-line versions, I am attaching full size versions of the timelines in the memorandum of law to this declaration, so the Court can review them that way if it prefers.

  a. Attached as **Exhibit 2** is a timeline of events relevant to Phillips;

  b. Attached as **Exhibit 3** is a timeline of events relevant to Wright;

  c. Attached as **Exhibit 4** is a timeline of events relevant to Rosario; and

1

    d. Attached as **Exhibit 5** is a timeline of events relevant to Thompson.

## Claims

5. The operative, Third Amended Complaint ("TAC") set out the following theories:

    i. § 1983 Unlawful Seizure / False Arrest by Phillips only;

    ii. § 1983 Excessive Detention by all Plaintiffs;

    iii. § 1983 Deliberate Indifference to Medical Needs by Phillips and Wright only;

    iv. § 1983 *Monell* Theories for (i) – (iii), by all Plaintiffs, against the City;

    v. State law and state constitutional claims by Phillips only; and

    vi. Americans with Disabilities Act ("ADA") claims by Phillips and Wright only.

6. For clarity, Plaintiffs are asserting claims against Defendants as follows, or in the following ways, as a matter of clarity:

    i. § 1983 Unlawful Seizure / False Arrest:

- Phillips: Defendant Prilook, Montalvo, and one Doe Defendant.

    ii. § 1983 Excessive Detention;

- Phillips: Montalvo, Prilook, various Doe Defendants;
- Wright: Various Doe Defendants; Horton;

2

- Rosario: Various Doe Defendants;[1],[2] and

- Thompson: Various Doe Defendants.

   iii. § 1983 Deliberate Indifference to Medical Needs;

- Phillips: Prilook, Montalvo, Zamy, Murnane-Victorelli, Oo, Rosenberg, Mangat, Beachard, Johnson, Hailand, Gravesande, and Maslovskiy, and various Doe Defendants;

- Wright: Horton, and various Doe Defendants.

   iv. § 1983 *Monell* Theories for (i) – (iii).

- Phillips: Claims for (i), (ii), and (iii) against the City;

- Wright: Claims for (ii) and (iii) against the City;

- Rosario: Claims for (ii) against the City; and

- Thompson: Claims for (ii) against the City.

   v. State law and state constitutional claims:

- Phillips: Against relevant Defendants, and the City through *respondeat superior*.

   vi. Americans with Disabilities Act ("ADA") claims by Phillips and Wright only:

- Phillips and Wright: Against the City only.

7. That clarification should address at least a meaningful amount of what is in Defendants' motion.

---

[1] For Rosario and Thompson, this means that the underlying claim is not necessarily core, it is simply pled to establish the requisite underlying constitutional violation for the *Monell* theory.

[2] To be clear, for Rosario and Thompson, Plaintiffs have pled the violation of the text of the warrants (disobeying the plain terms of a warrant violates the Fourth Amendment, per *Simon v City of NY*, 893 F3d 83, 95 (2d Cir 2018), as a theory of excessive detention, since some detention was permitted by the warrant. It is also conceptually coherent to think of those claims as a kind of false arrest: Once Defendants exceeded the scope of the warrant, they no longer have probable cause, and therefore the arrest itself becomes problematic. For organizational clarity, however, Plaintiffs intend that theory to fall under the general heading of "Excessive Detention."

3

8.     Additionally, Plaintiffs agree to withdraws their injunctive claims, among other reasons, because (among other things) it appears things have actually significantly improved in the last two years, which likely resolves the *Lyons* issue. *See* DMOL Point VI. This also means Plaintiffs are not seeking to certify an injunctive class.

I declare, under penalty of perjury, that the statements above are true and correct.

Executed On: February 24, 2025

/s/
_____
J. Remy Green