**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL PHILLIPS, KHAORI WRIGHT, RANDY ROSARIO, AND KYLASYIA THOMPSON, *on behalf of themselves and all others similarly situated*, <br><br>        Plaintiffs, <br>v. <br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT MEMBERS JOHN AND JANE DOES 1-12, DEPARTMENT OF CORRECTIONS MEMBERS JOHN AND JANE DOES 1-25; and DECISIONMAKERS JOHN AND JANE ROES 1-8, <br><br>        Defendants. | 21-cv-8149 (ALC) (SLC) <br><br><br>**PLAINTIFFS' SECOND CLASS DISCOVERY REQUESTS** |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiffs hereby requests The City of New York, and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action, serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of Remy Green, Cohen&Green P.L.L.C., 1639 Centre St., Suite 216, Ridgewood, NY 11385, by email to Remy@femmelaw.com and Protests@femmelaw.com, within 30 days after service hereof.

**INSTRUCTIONS**

1. Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem

1

appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4. For each person identified who is not a New York City Police Department ("NYPD") agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

5. For each person identified who is a NYPD employee or agent, set forth separately their true, full, and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

6. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

   a. The name(s) and title(s) of the person(s) who searched for the document.

   b. A statement of the specific efforts made by that person to locate the document, and the locations searched.

   c. A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

    d. The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

    e. If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8. If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9. Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

10. These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

11. When called upon to identify an event or events, provide at least the event name(s); organizer(s); date, time, borough; and any identifying numbers or other designations utilized by the NYPD internally to identify each such event.

12. If documents or information responsive to a particular interrogatory or document request have been produced in other litigation, Defendants may identify the document(s) or information by date(s) of production and other information sufficient for Plaintiff's counsel to locate the document(s) or information in question, such as Bates Number(s) or other identifiers.

## DEFINITIONS

1. Any capitalized term not otherwise defined herein shall have the meaning assigned to it in the First Amended Complaint.

2. These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

3. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4. "Individual Defendants" refers to the individuals named or identified as Defendants (whether as Does or otherwise) in the Complaint (*i.e.,* the non-municipal Defendants).

5. "Individual Plaintiffs" refer to the named Plaintiffs, Paul Phillips, Khaori Wright, Randy Rosario, and Kylasyia Thompson.

6. The "Class" and each "Subclass" are defined as set out in ECF No. 33, ¶¶ 179, 199, and 201

7. "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

8. "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

9. "Investigation" means "[a] police activity undertaken to obtain information or intelligence."

**DOCUMENT REQUESTS**

9. Produce all documents concerning any method used by Defendants to track production of people to court pursuant to warrants, N.Y.P.D. Patrol Guide 208-42 ¶ 8(a), (b), or (c), NYCDOC Operations Order No. 6/92 ¶ III(B), or any other similar system.[1]

10. Produce all documents concerning any method used by Defendants to track the requirements of warrants that are used to hold people.

11. Produce all documents concerning the substantive tracking done pursuant to the methods referenced in Requests 9 and 10 above, between October 24, 2019 and present.

12. Produce all copies of the priority list (colloquially called the "hot list") for production of people to court that name members of the class.[2]

13. Produce copies of all warrants for all members of the Class, including all members of both Subclasses.

14. To the extent there are copies of the "list" described in the January 28, 2021 email (a copy of which is now on the docket at ECF No. 199-1) that were not, in fact, "reviewed" by Defendant John Doe 1, produce those copies as well.

---

[1] For the absence of doubt, this request applies to any successor policies, or other procedure for producing
[2] Plaintiffs have no objection to the redaction of information about non-class members.

Dated:    Ridgewood (Queens), NY
          November 18, 2025

                                                   **COHEN&GREEN P.L.L.C.**

                                                   /s/
                            **BY:**    J. Remy Green

                            1639 Centre St., Suite 216
                            Ridgewood, New York 11385
                            t : (929) 888-9480