

December 30, 2025

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

<u>By Electronic Filing.</u>

Re:    <u>**Phillips v. City of New York**, 21-cv-8149 (ALC)(SLC)</u>

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above.  As directed by the Court in ECF No. 221, this letter specifies the discovery Plaintiffs seek on the issues relevant to class certification.

By way of background status, informally, Defendants have produced lists (the "Lists") of some thousand or more people on (per the documents) "OUTSTANDING WARRANTS" that needed to be "added for Court production," along with their "HOUSING_AREA" and "FACILITY (e.g., they are in prison).

Attached as **Exhibits 1 and 2** are the relevant discovery requests, dated November 18, 2025 and January 18, 2023.[1]

Plaintiffs' understanding is that Defendants object to answering these requests at all (at least at present).  No formal discovery responses of any kind have been served in this case (to either set of requests or otherwise).

With that caveat (e.g., that it is difficult to say what remains without formal responses), the documents Plaintiffs are seeking in their class discovery requests fall largely into four categories, listed here in order of priority.[2]

1. **Documents Formally Tracking Production of People to Court on Warrants** (Request Nos. 1, 9, 11, 12, 13):  Plaintiff is seeking these documents to get at whether the class is sufficiently numerous, as well as whether the claims are susceptible to class treatment.  Because Defendants assert the Lists largely do not cover class members, Plaintiffs need formal tracking documents to evaluate that claim and determine the size and analyze common fact patterns

---

[1] Some of what is in the first set of requests, served in 2023, concerned issues around identifying John/Jane Does.  Interrogatory Nos. 1 and 2 are not relevant to the current requests

[2] Assuming the informal production of the Lists is complete, and Defendants are not withholding any documents, Request Nos. 2, 3, and 14 are moot.



for class members (for example, confirming whether all class members have language in their warrants requiring production in less than 24 hours).

2.  **Communications About the Specific Problem at Issue** (Request No. 5): Because the Mayor's Office worked with LAS to specifically address the problem at issue in this case, communications on these issues would bear heavily on both numerosity and the appropriateness of class treatment.

3.  **Warrant Production Policy Documents** (Request Nos. 4, 9, 10): These documents seek to (1) assist in determining if Plaintiffs have failed to request some document that would contain relevant information and (2) get at whether the class is susceptible to class-wide resolution.

4.  **Direct Identification Requests** (Interrogatory No. 3; Request Nos. 6, 7, 8): Last, Plaintiffs seek identification of class members directly.

These requests are, essentially, backstops: If Defendants assert no formal tracking exists, then Plaintiffs seek documents sufficient to fill in the gaps. If the other documents requested identify class members, these requests do not come into play, since they only seek "documents sufficient to identify" class members.

Respectfully submitted,[3]

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[3] This letter, without the address or signature, but inclusive of footnotes, contains 474 words.

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457 · FemmeLaw.com