

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 9, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Paul Phillips, et. al. v. The City of New York, et. al.</u>, 21 Civ. 8149 (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants in the above referenced matter. We write in accordance with the Court's Order at Docket 221 outlining discovery issues relating to class certification discovery which the parties are presently engaged in.

**Identification of Class Members** (Interrogatory 3, Document Requests 6, 7, 8)**:** The City proposes to attempt to determine, if feasible and not unduly burdensome, members of the putative class in accordance with the claim that Judge Carter in his decision on defendants' motion to dismiss at Docket 211 ruled has been alleged in this case: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." <u>See also</u> TAC, ¶424. To date, DOC has been attempting to determine the feasibility of isolating the identities of such individuals through its online Inmate Information System. The City proposes to update the Court on the feasibility issue by February 17, 2026.

**DOC "Tracking" of Individuals Held on Warrants** (Document Requests 1, 9, 11, 12 and 13). Other than documents sought in Request 13, the City has already produced the warrant "tracking" documents, which comprise DOC Capt. Rigault's "lists." Capt. Rigault's "lists" derived from his review of daily reports of all inmates held in DOC custody, including those on unrelated charges. Production of the underlying warrants would require accessing each

individual inmate's "inmate file," and the warrants themselves were not used by Capt. Rigualt to "track" production of inmates held on warrants.

**Document Request 5:** Defendants oppose this Request as it does not in any way relate to class certification issues and seemingly would involve unduly burdensome, unnecessary and disproportionate email searches.

**Document Requests 4 and 10:** The City has already produced the "policy" documents at issue, namely NYPD Patrol Guide 208-42 and DOC Operations Order 6/92. Request No. 10 is a repeat of the issues addressed as to "tracking" above.

**Requests for Admission:** Although not refenced in their letter, plaintiffs are still insisting on responses to the Requests annexed hereto as Exhibit A, which are presently due on January 14, 2025. Plaintiffs refuse to agree to an extension unless we agree that an extension allows them to argue that we failed to admit such requests as of the present date. We ask the Court to stay responses to these RFAs (which also use the class definition in ¶424 of the TAC) as they add nothing to the attempt by the City to determine the individuals who are putative class members as set forth above and are not something that we could substantively respond to at this time with information readily obtainable. Capt. Rigualt's "lists" were not prepared to capture the class definition that plaintiffs have proposed in this case.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc:   All counsel (via ECF)