| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | |
| PAUL PHILLIPS, KHAORI WRIGHT, RANDY ROSARIO, AND KYLASYIA THOMPSON, *on behalf of themselves and all others similarly situated*, | 21-cv-8149 (ALC) (SLC) |
| Plaintiffs, | **PLAINTIFFS' FIRST CLASS DISCOVERY REQUESTS FOR ADMISSION** |
| v. | |
| THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT MEMBERS JOHN AND JANE DOES 1-12, DEPARTMENT OF CORRECTIONS MEMBERS JOHN AND JANE DOES 1-25; and DECISIONMAKERS JOHN AND JANE ROES 1-8, | |
| Defendants. | |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs request that defendant City of New York and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action, answer the following requests for admissions ("Requests") under oath and fully in writing within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

## DEFINITIONS

1. Any capitalized term not otherwise defined herein shall have the meaning assigned to it in the First Amended Complaint (Dkt. No. 34).

2. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, e.g., should be construed to include employees of any agency of the City of New York.

1

3.      "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

4.      "Defendants," "You," and "Yours" shall mean the defendants answering these requests for admission.

5.      "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

6.      "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

## INSTRUCTIONS

1.      The answers to these requests for admissions shall specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

2.      A denial shall fairly respond to the substance of the requested admission.

3.      When good faith requires that a party qualify an answer or deny only a part of the matter to which an admission is requested, the party shall specify the portion that is true and qualify or deny the remainder.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only*** if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  Further, a reasonable inquiry necessarily "includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may

2

lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well." *Diederich v Dept. of Army*, 132 FRD 614, 619 (SDNY 1990).

4. The grounds for objecting to a request must be stated.

5. A party ***must not*** object solely on the ground that the request presents a genuine issue for trial.

6. Identify each Person who assisted or participated in preparing and/or supplying any of the information given in a response to or relied upon in preparing the answers to these requests for admissions.

7. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation. The words "any" and "all" shall be construed so as to make the request inclusive rather than exclusive.

8. The singular shall include the plural, and vice versa.

9. Defendants are under a continuing duty to supplement their responses to these discovery requests without further request from Plaintiffs.

10. The citations to evidence below are not meant to limit the Requests in any way. Rather, they are intended as a courtesy to assist Defendants in the required investigation.

## REQUESTS

1. There are at least 40 unique individuals identified in lists produced as D331-338.

2. At least 40 of the individuals identified in the lists produced as D331-388 are members of the class proposed in ECF No. 128, ¶ 424.

3. At least 40 of the individuals identified in the lists produced as D331-388 are members of the proposed "§ 1983 Subclass" class proposed in ECF No. 128, ¶ 457.

4. At least 40 of the individuals identified in the lists produced as D331-388 are members of the proposed "State Law Subclass" class proposed in ECF No. 128, ¶ 459.

5. In light of the lists produced as D331-338, the law applied to the fact of D331-388 is that the proposed class is sufficiently numerous for certification under Rule 23.

Dated:   December 15, 2025
         Queens, New York

**COHEN&GREEN P.L.L.C.**

/s/
_____
**BY:**   J. Remy Green

1639 Centre St., Suite 216
Ridgewood, New York 11385
t : (929) 888-9480

4