

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T HE C ITY OF N EW Y ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 26, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

        I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants in the above referenced matter. We write in opposition to plaintiffs' application for an extension of 45 days to file a motion to amend the complaint for a fourth time.

        At the outset, as Your Honor noted at the last court conference, it is imperative that this issue to be resolved as soon as possible, as plaintiffs' proposed amendment appeared to the Court at the last conference to be a proposed "fundamental" change to the claim being asserted in this case. Your Honor repeated on a number of occasions at the last conference the relevant portion of Judge Carter's decision on defendants' motion to dismiss: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). This is consistent with the entirety of the claims brought in plaintiffs' operative Third Amended Complaint.

        So, this issue goes well beyond the numerosity prong of Rule 23(a)(1), Fed. R. Civ P., or certifying a class, and the scope of discovery in general in this case is dependent on its resolution, as courts within this Circuit have recognized, as a general proposition, that, to be entitled to discovery, a plaintiff must state a claim. Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010); see also Zurich Am. Ins. v. Dah Sing Bank, Ltd., 03 Civ. 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, at *27 (S.D.N.Y. June 15, 2004) ("Having shown no ability to

state a claim against Union Bank, Zurich is not entitled to discovery."); Baird v. Kingsboro Psychiatric Ctr., 11 Civ. 159 (NGG)(LB), 2013 U.S. Dist. LEXIS 153847, at *14 (E.D.N.Y. Oct. 24, 2013) ("The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted."). Given the clear necessity of resolving this issue, there should not be a 45 day delay in briefing, and plaintiffs have not provided an adequate reason for the requested delay.

       Further, although plaintiffs improperly argue the merits of their proposed motion to amend in their request for an extension, regardless, they are simply wrong when they repeatedly contend that their opposition to defendants' motion to dismiss can be considered as the amendment to the complaint. See e.g. Lazaro v. Good Samaritan Hosp., 54 F. Supp.2d 180, 182 (S.D.N.Y. 1999) ("Furthermore, 'it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.'") (internal quotation omitted). So, a motion to amend will be necessary to resolve this issue and there should not be a further delay in briefing it.

       Finally, plaintiffs' counsel never presented to me their request for an extension of time based on the needs of Mx. Green's schedule or the receipt of the transcript from the last conference. The only reason they gave to me for the requested extension was their contention that defendants' discovery responses could obviate the need for their motion (and they never sought to telephonically confer on the issue), which, as seen, does not seem likely to me. We note that Ms. Widdi was asked by the Court at the last conference for how long plaintiffs needed to file their motion, and that there was even conferral by her with Mx. Green by telephone at the conference. We do not oppose a short extension at this point, but it just seems inevitable that this issue needs to be resolved, and it ought to be briefed sooner rather than later.

       Thank you for your consideration herein.

                                        Respectfully submitted,

                                        /s/ Mark D. Zuckerman
                                        Mark D. Zuckerman

cc:     All counsel (via ECF)