

January 23, 2026

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312



<u>By Electronic Filing</u>

Re:    <u>**Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)**</u>

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above.  As set out below, Plaintiff asks the Court for an extension of 45 days to March 14, 2026 (or other term to be discussed at the conference currently scheduled for February 26, 2026) of the time the Court set for a potential motion to amend.  *See* ECF No. 224.

Pursuant to the Court's rules:  (1) the original is January 28, 2026; (2)/(3) this is the first request; (4) the reason for the present request is described more below; (5) Defendants do not consent; and (6) Defendants' position was: "I'm not consenting to plaintiffs' filing a motion to amend at a later time, but of course if plaintiffs don't want to file such a motion at this juncture as allowed by Magistrate Judge Cave, that's plaintiffs' choice."

Plaintiffs seek more time for a number of reasons.  Among them, (1) Plaintiffs believe it is much more efficient to review at least the first round of discovery Defendants produce ***before*** amendment, to avoid the need for still further amendments; (2) depending on discovery, a motion to amend may not be necessary at all anyway[1]; (3) Plaintiffs only just received a copy of the transcript of the most recent conference yesterday; and (4) I have had other commitments in the last two weeks and have not been able to dig in fully on drafting a motion.

If a motion is necessary, Plaintiffs intend to brief it thoroughly, particularly in light of the history here.[2]

---

[1] To be clear, this is not to concede any amendment would be necessary.  As the Seventh Circuit succinctly put it, "[a] complaint must contain three things: a statement of subject-matter jurisdiction, a claim for relief, and a demand for a remedy. Fed.R.Civ.P. 8(a). Class definitions are not on that list. Instead the obligation to define the class falls on the judge's shoulders under Fed.R.Civ.P. 23(c)(1)(B)…The judge may ask for the parties' help, but motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint."  *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015).

[2] On the motion to dismiss, Defendants sought to strike (among other things) the status of two plaintiffs as class representatives because they were in a literal sense brought "to court," but not brought to resolve their warrants.  And in response, Plaintiffs clarified that, despite Defendants' assertions to the contrary, "Plaintiffs seek to certify a Class consisting of '[a]ll persons' that 'have been jailed by the NYPD and/or DOC' specifically '[b]ased on the existence of a warrant bearing their name'; and who 'NYPD and/or DOC did not



     For now, moving on amendment may not be the most efficient mode of litigating:  If there are more than 40 members of the class *just* in the piece covering people never brought to court before jail (and by all appearances there are), then there is no need to fight over amending (*see Chapman, supra*) and no need to fight over any discovery past there.  Instead, the parties can simply litigate the appropriate definition of the class in the class certification motion.

     And at a minimum, I would ask for a few more weeks, just because of workload (the kind of extension Plaintiffs have consistently consented to when Defendants have asked in this case).

     Accordingly, Plaintiffs ask the Court to extend the time set for a motion to amend at least until Plaintiffs have received Defendants' first production (of any kind) in this case.  And nothing in Defendants' bare bones reasons for refusing consent provides a basis to deny that motion.

             Respectfully submitted,

             /s/
             _____

             J. Remy Green
              *Honorific/Pronouns: Mx., they/their/them*
             **COHEN&GREEN P.L.L.C.**
             *Attorneys for Plaintiffs*
             1639 Centre St., Suite 216
             Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Plaintiffs' request at Dkt. No. 227 is GRANTED IN PART to the extent that the briefing schedule for their Motion to Amend is EXTENDED 2 weeks.  Accordingly, the deadline for Plaintiffs to file a Motion to Amend, if any, is EXTENDED to **Wednesday February 11, 2026**.  By **Wednesday, February 25, 2026**, Defendants shall file their opposition. By **Wednesday, March 4, 2026**, Plaintiffs shall file their reply, if any. If Plaintiffs do not intend to file a Motion to Amend by the February 11, 2026 deadline, Plaintiffs will still retain the ability to seek leave to amend on a showing of good cause under Federal Rule of Civil Procedure 16, see Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021), but the Court will not delay discovery or otherwise hold the case in abeyance while Plaintiffs ponder how to frame their claims, which have been pending for nearly five years.

The Clerk of the Court is respectfully directed to close Dkt. No. 227.

SO ORDERED    1/26/26

*Sarah L. Cave*
SARAH L. CAVE
United States Magistrate Judge

bring to court prior to incarceration,' or more p[...]
before incarceration." ECF No. 200 at 16 (emp[...]
who were literally brought to court but not to h[...]
considered that history, *see* ECF No. 183), so it a[...]
to court" as narrowly as the City does.

COHEN&GREEN