

February 11, 2026

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

Re:    <u>**Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)**</u>

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. Per the Court's Order at ECF No. 229, I write to inform the Court that Plaintiffs do not intend to move to amend the complaint at this time.

For posterity — and to avoid this decision being misconstrued in the future — Plaintiffs note that they are not seeking to amend because at this time, there is no need to do so. To avoid any misconstruction of this filing, Plaintiffs provide some brief explanation below. And if the Court has questions, we can discuss this issue at the forthcoming conference.

To start, the issue that precipitated this discussion is a proposed class definition, but proposed definitions do not bind the parties in what can be certified at the class certification stage. *See generally, e.g., Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015).

Likewise, it is hard to imagine that any relevant information about people taken from a court without adjudicating a warrant to jail would not be covered in discovery, regardless of what the complaint says, because of the mode of keeping information.[1]

Beyond that, people taken from court to jail without adjudicating a warrant against them typically meet the proposed class definition anyway: First, because the typical process in such circumstances is that a person is released and ***then*** re-arrested and not brought to court but to jail. So, they meet the definition in paragraph 424 because they were free (after the court appearance), and at ***that*** point were "jailed" and were not brought "to court prior to incarceration." And second, for the reasons it appears Judge Carter implicitly adopted in denying Defendants' motion to strike (in relevant part) some of the Plaintiffs as class representatives.[2]

---

[1] This is not to concede that Defendants would be entitled to withhold discovery about such potential class members; just that as a pragmatic matter, discovery on the subjects will reveal numerosity (or not) regardless.
[2] That is, if Judge Carter believed the proposed class could not include people who were brought to court on other issues, but not brought to court on the warrant, he would have stricken some of the Plaintiffs as class representatives. *See, e.g.,* ECF No. 200 at 16; ECF No. 143 at 33 ("In fact, the only individual who even



Accordingly, Plaintiffs will not be making a motion to amend at this time, as we believe one is unnecessary.  And we appreciate the Court making it clear that "Plaintiffs will still retain the ability to seek leave to amend on a showing of good cause under Federal Rule of Civil Procedure 16."  ECF No. 229.

As ever, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

arguably alleges that he was brought directly to DOC custody in lieu of court by NYPD officers … is the proposed class representative Phillips.").