

May 6, 2026

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

**Re:** **Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)**

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above.  I write under the Court's Rule II(C)(2) to request a discovery conference on a motion to compel Defendants to comply with the 2015 Amendments to the discovery Rules.

Per the Court's Rules:  (1) the parties conferred on May 6, 2026; (2) for approximately 45 minutes; (3) including me for Plaintiffs and Mark Zuckerman for Defendants; (4) Defendants refused to make any changes to their discovery responses (other than an agreement to serve verified interrogatory responses at some point in the future); and (5) we made clear that, without *some* compromise, there was an impasse.

### Discussion

Because this is a global issue, in light of the Court's 1050 word limit[1] and Local Rule 37.1, Plaintiff has annexed verbatim copies of the relevant discovery materials, with the Requests as **Exhibit 1** and the Objections and Responses as **Exhibit 2**.  Plaintiff sent a detailed deficiency letter prior to the meet and confer, which is attached as **Exhibit 3**.  Because it hangs over all other issues, Plaintiff is moving on the 2015 Amendment issue first.

As Judge Peck explained in what he called a "discovery wake-up call to the Bar in this District," post-2015, objections must clearly state whether anything has been withheld.  *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *2 (SDNY Feb. 28, 2017).  More, when partial production is made, the "objection to part of a request *must specify the part* and permit inspection of the rest."  *Id.* at *4-5 (emphasis added).  And in discussing another issue, the Advisory Committee Note discusses — using the definitive article — "the statement of *what* has been withheld." 2015 Adv. Comm. Notes to Fed. R. Civ. P. 34 (emphasis added).  Thus, if it were at all in doubt, the Committee makes clear intended that when the Rule requires that a party "specify the part" of a request there is an objection to, it must also make some "statement of *what* has been withheld."  *Id.* (emphasis added).

---

[1] Excluding the signature blocks, salutations, and the like, this letter contains 1,043 words.



Defendants' responses fail to do so.  For example, in their Response to Doc. Request No. 1, after a variety of objections, with no explanation of what it means, Defendants simply say, "There are documents being withheld in response to this Document Request."  Ex. 2 at 11.  Defendants confirmed at the meet and confer that the request does not allow a reader to know what is being withheld.  Defendants stated some documents that were being withheld, but refused to put the fact that those documents were being withheld in writing — or more importantly, address the many other instances where it is not clear what it is being withheld.  The same exact problem appears in Doc. Req. No. 5 and 17.  The purpose of the 2015 Amendments was force parties to make objections that would "facilitate an informed discussion of the objection."  2015 Adv. Comm. Notes to Fed. R. Civ. P. 34.  A non-specific statement that something has been withheld fails to accomplish that goal.[2]

More, Defendants' objections include significant amounts of impermissible "meaningless boilerplate."  *Fischer*, 2017 US Dist LEXIS 28102, at *8.  For example, in objecting to at least 30 requests, Defendants — without any explanation — say Requests are "vague and ambiguous in [their] entirety."  No statement of whether this boilerplate was the basis for withholding is included, either.  Nor are the Requests that received this treatment particularly vague.  For example, using the Local Rule "concerning," Request No. 6 seeks "all communications concerning the LAS letter attached as Exhibit 1 to the Third Amended Complaint" including some specified but not limited examples.  Ex. 2 at 14.  That is, all documents "relating to, referring to, describing, evidencing, or constituting" (Local Civ. R. 26.3(c)(7)) the LAS Letter.  How Defendants find that simple request ambiguous — or whether that ambiguity is the basis for any withholding — is not explained.

That same request is also a good illustration of the problem with other meaningless boilerplate.  The LAS Letter is specifically about the core issue being litigated here, as other filings have discussed at length.  Yet, without explanation, Defendants say documents "concerning" the LAS letter somehow are "not relevant to any party's claim or defense."  Ex. 2 at 14.  Then Defendants add, without answering basic questions like "Why is it burdensome? How is it overly broad?" (*Fischer*, 2017 US Dist LEXIS 28102, at *8), the same request is not "proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof."  Ex. 2 at 14.

Likewise, the pervasive boilerplate includes inexplicable assertions, like a claim that IAB, CCRB, and similar investigative departments and agencies "do not readily maintain records of 'investigations.'" Ex. 2 at 27.  Defendants make an unexplained claim that the defined term, "Relevant Issues" is vague.  But despite the letter teeing this up (Ex. 3 at 4), at the meet and confer, Defendants simply asserted, on the example the parties discussed that the "policies" concerning "CPL § 530.70" (one of the "Relevant Issues") (Ex. 2 at 10; definition in Ex. 1 at 6) "could mean anything at all."[3]  Defendants refused to say more or explain. And Defendants refused to withdraw or amend on these issues at the meet and confer.

---

[2] At the meet and confer, Defendants made clear their express position is that they are under no obligation to say what they were withholding, or to say which specific objections were the basis for withholding, only to state that *something* had been withheld.

[3] Curiously, Defendants had no issue determining what "Relevant Issues" meant in some requests.  *See, e.g.,* Ex. 2 at 13 (no objection); 15 (same); 16 (same); 18 (same).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



These problems pervade the Responses. Put simply, they must be amended to "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of [each] objection)." *Fischer*, 2017 US Dist LEXIS 28102, at *9.

The Court should also grant Rule 37 fees. Basic compliance with the Rules should not require a motion. A refusal to make specific objections is not substantially justified. Without substantial justification for opposition, fees are mandatory. *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011).

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com