**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL PHILLIPS, KHAORI WRIGHT, RANDY ROSARIO, AND KYLASYIA THOMPSON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT MEMBERS JOHN AND JANE DOES 1-12, DEPARTMENT OF CORRECTIONS MEMBERS JOHN AND JANE DOES 1-25; and DECISIONMAKERS JOHN AND JANE ROES 1-8,<br><br>Defendants. | 21-cv-8149 (ALC) (SLC)<br><br><br>**PLAINTIFFS' FIRST INTERROGATORIES TO ALL DEFENDANTS** |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiffs hereby requests The City of New York, and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action, serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of Remy Green, Cohen&Green P.L.L.C., 1639 Centre St., Suite 216, Ridgewood, NY 11385, by email to Remy@femmelaw.com and Protests@femmelaw.com, within 30 days after service hereof.

## INSTRUCTIONS

1.      Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

1

2.      If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4.      For each person identified who is not a New York City Police Department ("NYPD") or Department of Corrections and Community Supervision ("DOCCS") agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

5.      For each person identified who is a NYPD or DOCCS employee or agent, set forth separately their true, full, and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

6.      Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7.      If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

    a.  The name(s) and title(s) of the person(s) who searched for the document.

    b.  A statement of the specific efforts made by that person to locate the document, and the locations searched.

    c.   A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

    d.   The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

    e.   If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8.    If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9.    Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

10.    These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

11.     When called upon to identify an event or events, provide at least the event name(s); organizer(s); date, time, borough; and any identifying numbers or other designations utilized by the NYPD internally to identify each such event.

12.     If documents or information responsive to a particular interrogatory or document request have been produced in other litigation, Defendants may identify the document(s) or information by date(s) of production and other information sufficient for Plaintiff's counsel to locate the document(s) or information in question, such as Bates Number(s) or other identifiers.

## DEFINITIONS

1.     Any capitalized term not otherwise defined herein shall have the meaning assigned to it in the First Amended Complaint.

2.     These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

3.     "City," "DOCCS," and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4.   "Arrest" means an Officer's seizure, detention, or arrest of a person, including but not limited to for the purpose of issuing them a C-Summons ("summons") or Desk Appearance Ticket ("DAT") or fully processing them for arraignment. This includes people arrested on a warrant, whether in conjunction with new charges or not.

5.   "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

6.   "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c), and for purposes of these Requests shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 34.

4

Examples of documents include, but are not limited to, all writings in any form, calendars, correspondence, diaries, manuals, memoranda, notes, log entries, reports, records, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, FINEST messages, electronic mail messages, telephonic text messages (including SMS and MMS, iMessages, WhatsApp messages and all instant messages sent and received by whatever means or platform), spreadsheets, databases, all other forms of electronic communication, and other data or data compilations of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form).  For the avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

7.   "Individual Defendants" refers to the individuals named or identified as Defendants (whether as Does or otherwise) in the Complaint (*i.e.,* the non-municipal Defendants).

8.   "Individual Plaintiffs" refer to the named Plaintiffs, Paul Phillips, Khaori Wright, Randy Rosario, and Kylasyia Thompson.

9.   The "Class" and each "Subclass" are defined as set out in ECF No. 128, ¶¶ 424, 457, and 459, with the clarification briefed on the motion to dismiss, *see, e.g.,* ECF No. 200 at 16.

10.  "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

11.  "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

12.    "Investigation" means "[a] police activity undertaken to obtain information or intelligence."

13.    The "Relevant Issues" are:

a.  Procedures, policies, and practices concerning taking persons with outstanding warrants to court to resolve those warrants;
b.  CPL § 530.70;
c.  Compliance with CPL § 530.70(2);
d.  Procedures, policies, and practices concerning CPL § 530.70(2);
e.  Procedures, policies, and practices concerning transporting persons currently being held in jail on warrants to court;
f.  the determination as to the "availability" of a court to hear an arraignment on a warrant at any given time, as referenced in ECF No. 143;
g.  Any other issues concerning issues substantially similar to the claims made in the TAC in this case.

### INSTRUCTIONS

1. Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2. If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3. No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4. If any interrogatory demands an answer that any Defendant claims may be withheld due to privilege, work product or any other privilege or immunity from disclosure, Defendants shall answer any portion of the interrogatory that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding, including:

   a. the identity of the person(s) having knowledge of the information;

   b. the identity of all persons to whom the information was communicated or otherwise made available;

   c. the job title or position of every person identified in response to subparagraphs (a)and (b);

   d. the date(s) on which the information was received or became known by each person having knowledge of its existence;

   e. a brief description of the nature and subject matter of the information; and the statute, rule or decision that is claimed to give rise to the privilege.

5. If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as

can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory and the estimated cost and time required to obtain the response to the interrogatory.

6.  If Defendants cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available to Defendants concerning the unanswered portion of said interrogatory.

7.  Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is between October 1, 2018, until the present.

8.  In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of the interrogatory responses that might be otherwise construed outside to be outside their scope, construe:

    a.  the use of the singular form of any word as including the plural and vice versa;

    b.  the use of a verb in any tense as the use of that verb in all other tenses; and

    c.  the use of the feminine, masculine, or neuter genders as including all genders.

9.  The Interrogatories are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if Defendants obtain further or different information.

## **INTERROGATORIES**

1.      Identify each person involved in the arrest of any Individual Plaintiff for the respective arrest at issue, as listed in the TAC.

2.      Identify each and every person associated with or otherwise involved in the factual circumstances giving rise to the detention of Plaintiff Phillips.

3.      Identify each member of the NYPD or the New York City Department of Corrections involved in the transport of any Individual Plaintiff to and from any jail or prison facility related to the detention at issue, as listed in the TAC.

4.      To the extent not identified in Interrogatory 1 through 3, identify New York City Police Department Members John and Jane Does 1-12, Department of Corrections Members John and Jane Does 1-25; and Decisionmakers John and Jane Roes 1-8.

5.      Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), the Mayor's Office of Criminal Justice (MOCJ") or the NYC Law Department), the Internal Affairs Bureau (IAB") and/or NYPD by any means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding the Relevant Issues.

6.      Identify each and every individual who has been detained by the Department of Corrections based on the existence of a warrant bearing their name, *prior to* arraignment on that warrant.

7.      Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice involved in the promulgation or operation of the system referred to in the

January 26, 2021 email and the January 28, 2021 emails from MOCJ to LAS (described in ¶ 379 of the TAC), from its promulgation in 2021 to the date of this response, including the individual tasked with addressing and tracking such situations.

8.    Identify all internal DOC databases that provide information regarding outstanding warrants.

9.    Identify all databases accessible to members of the NYPD or DOC which provide information regarding outstanding warrants.

10.    Identify all policies and procedures concerning the Relevant Issues.

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL PHILLIPS, KHAORI WRIGHT, RANDY ROSARIO, AND KYLASYIA THOMPSON, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br> v. <br><br> THE CITY OF NEW YORK et al., <br><br> Defendants. | 21-cv-8149 (ALC) (SLC) <br><br><br> **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, Plaintiffs here request that defendants City of New York and all other individual defendants named in the pleadings in this action ("Defendants") produce for examination, inspection and copying, within thirty (30) days of the service hereof, or such shorter time as the Court orders or the parties stipulate, all documents described below to Remy Green, Cohen&Green P.L.L.C., 1639 Centre St., Suite 216, Ridgewood, NY 11385, by email to Remy@femmelaw.com and Protests@femmelaw.com, within 30 days after service hereof.

## DEFINITIONS

1.      These Requests adopt the definitions used above.

## INSTRUCTIONS

1.      In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be

11

construed as the use of that verb in all other tenses; and (b) the use of the feminine, masculine, or neutral genders shall include all genders.

2.      No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

3.      Unless otherwise indicated, the relevant time period for purposes of these Requests is between October 1, 2018, and the present.

4.      All Documents shall be produced in the manner in which they are maintained in the usual course of business. A request for a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

5.      Any Request that calls for production of specific documents or forms where the information contained within such documents or forms is maintained in electronic databases or similar repositories, Plaintiffs request production of the underlying data in lieu of the documents or forms themselves, unless the documents or forms contain additional or unique information, in which case the Request encompasses both the underlying data and the documents and forms.

6.      In the event Defendants withhold any Document called for by these Requests on the basis of a claim of privilege, Defendants shall provide the information required by Rule 26.2 of the Local Civil Rules.

7.      In the event that any Document called for by these Requests has been destroyed or discarded, Defendant shall provide an affidavit by a person with personal knowledge identifying the Document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of Document withheld; (ii) any author, addressor and/or

12

addressee; (iii) any indicated or blind copy recipients; (iv) the Document's date, subject matter, number of pages, and attachments or appendices; (v) all persons to whom the Document was distributed, shown or explained; (vi) the Document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vii) the persons authorizing and carrying out such destruction or discard.

8.      If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

9.      If there are no Documents responsive to any particular request, the response shall state so in writing.

10.      These Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if Defendants obtain further or different information.

**DOCUMENTS REQUESTED**

**Request No. 1:**

Produce all documents concerning what persons were held in DOC facilities pursuant solely to warrants during the relevant period defined above.


**Request No. 2:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the NYPD relating to Officers' treatment and processing of people arrested on a warrant, including but not limited to Patrol Guide § 208-42 (ECF No. 188-16).

**Request No. 3:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the Department of Correction relating to Officers' processing and transport of people arrested on a warrant, including but not limited to Operations Order 6/92 (ECF No. 142-17).

**Request No. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by the NYPD and/or the Department of Correction relating to the Relevant Issues.

**Request No. 5:**

For any and all training materials, presentations, or other similar materials responsive to Request Nos. 1-4 above, produce documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

**Request No. 6:**

Produce all communications concerning the LAS letter attached as Exhibit 1 to the Third Amended Complaint (hereinafter "LAS Letter"), including, but not limited to, discussion of how to respond to that letter within the Mayor's Office of Criminal Justice ("MOCJ"), the Department of Corrections, the NYPD, and the Office of Court Administration.

**Request No. 7:**

Produce all notes related to the call between MOCJ and Legal Aid personnel wherein the LAS

Letter and the Relevant Issues were discussed, including notes prepared in advance of the call,

notes taken contemporaneous to the call, and notes taken subsequent to the call.

**Request No. 8:**

Produce all communications related to the call between MOCJ and Legal Aid personnel wherein

the LAS Letter and the Relevant Issues were discussed, including communications between the

Mayor's Office of Criminal Justice ("MOCJ"), the Department of Corrections, the NYPD, and

the Office of Court Administration.

**Request No. 9**

Produce all documents created related to the "processes" established by the Mayor's Office of

Criminal Justice to keep track of persons in DOC custody who are being held on a warrant, as

stated in the January 28, 2021 email described in ¶ 379 of the TAC.

**Request No. 10:**

Produce all documents concerning the "lists" that were reviewed as stated in the January 28,

2021 email described in ¶ 379 of the TAC.

**Request No. 11:**

15

Produce all versions of the list Defendant Roe 1 reviewed regarding persons in DOC custody, as described in ¶ 379 of the TAC.

**Request No. 12:**

Produce any and all documents created by the Department of Corrections in response to the issue outlined in the LAS Letter or related to the Relevant Issues, including but not limited to investigative reports or findings, directives, memorandums, changes in training, or FINEST messages.

**Request No. 13:**

Produce all Documents concerning policies, procedures, directives, and training materials relating to MOCJ's system for identifying when a person was transferred directly into DOC custody by the NYPD and notifying criminal defense attorneys, as referred to in the January 26, 2021 email and the January 28, 2021 emails from MOCJ to LAS.

**Request No. 14:**

Produce all communications from the MOCJ persons responsible, as identified in response to Interrogatory No. **7**, to LAS personnel or clerks of the court notifying either party of an individual in DOC custody who falls into the category/are class members.

**Request No. 15:**

For Individual Plaintiffs and each person identified in response to Interrogatory Nos. 5 and 6, provide the following Documents:

16

a)  Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

b)  Online Booking System ("OLBS") Report (including handwritten/scratch version);

c)  Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d)  Arrest Warrant

e)  Arrest Report – Supplement (PD244-157);

f)  Prisoner Pedigree Card (PD244-092);

g)  Command Log Entry (as referenced in ¶ 3 of ECF 142);

h)  DOC Movement History (as referenced in ¶¶ 7, 11 of ECF 142);

i)  NYPD Complaint Follow up report (as referenced in ¶ 13 of ECF 142);

j)  Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

k)  Mass Arrest Pedigree Label (244-093);

l)  Complaint Report (313-152) (including handwritten/scratch version);

m)  Complaint Report Worksheet (313-152A) and Omniform Complaint Revision(including handwritten/scratch versions);

n)  Online Prisoner Arraignment ("OLPA") Report;

o)  Property Clerk Invoice (521-141);

p)  Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

q)  Medical Treatment of Prisoner (244-150);

r) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

s) Scratch and/or memo book or activity log entries for any and all officers involved;

t) C-Summons;

u) Desk Appearance Ticket (PD 260-121);

v) Desk Appearance Ticket Investigation Sheets (360-091);

w) Records provided to any local prosecutor;

x) DA Datasheets;

y) Decline to Prosecute Forms;

z) Criminal Court Complaint; and

aa) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**Request No. 16:**

Produce all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, and/or, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case

18

analysis, or other outcome recommendations made by any person within the NYPD with respect to allegations of excessive detention on a warrant or the Relevant Issues.

**Request No. 17:**

For each Officer identified in response to **Interrogatory Nos. 1 and/or 2 and/or 3 and/or 4 or in Plaintiffs' Class and John/Jane Doe Discovery Requests**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

19

l) *Giglio* profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

**Request No. 18:**

Produce all Documents concerning communications between and among any and all NYPD personnel and personnel of the Office of the Mayor, including the Mayor's Office of Criminal Justice, and the Office of Court Administration concerning the treatment of people arrested on warrants or concerning the Relevant Issues.

**Request No. 19:**

Produce all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, post-mortem reviews, and project debriefs, concerning (1) the NYPD's treatment of people arrested on warrants, including when such people do not have a future court appearance scheduled, or (2) concerning any of the Relevant Issues.

20

**Request No. 20:**

Produce all Documents concerning policies, procedures, directives, and training materials concerning court Production Lists, colloquially called "Hot sheets," including how Production Lists or Hot Sheets are generated, and its use for determining a person's production to court.

**Request No. 21:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the DOC and/or the NYPD related to the process of looking up and verifying warrants, including any process related to correcting or inquiring about potential errors in the warrant.

**Request No. 22:**

For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset.

**Request No. 23:**

Produce all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

21

**Request No. 24:**

Produce copies of all subpoenas Defendants served on any party, or any individual or entity, concerning this litigation.

**Request No. 25:**

Produce all documents received in response to any subpoenas served.

**Request No. 26:**

Produce all documents concerning the nature and structure of any relevant databases and/or information systems, including, but not limited to, documents sufficient to identify the database(s) or other location(s) in which the underlying data housed in or accessible through each NYPD or DOCCS front-end system are stored, and including documents concerning: the information contained in each database and system; the fields in each database and system; the manner in which changes to the database/information system are logged; how audit logs are created and stored in the database and system; documentation of what information is stored in the database and system and how it is stored; all of the ways in which the database and system can be searched and queried; how information can be exported from the database and system; and any and all documents concerning training materials used in training users of the database or system.

**Request No. 27:**

Produce all documents concerning the forgery of time records as referenced in the email at ECF 77-1.

**Request No. 28:**

Produce any surveillance video or BWC from the NYPD or the Department of Corrections depicting Plaintiff Wright during his time in custody from March 18, 2020 to April 4, 2020.

**Request No. 29:**

Produce all BWC worn by or depicting defendant Prilook on July 3, 2020.

**Request No.  30:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the DOC related to the provision of medications, including but not limited to psychiatric medications and opioid use disorder medication.

**Request No. 31:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the DOC relating to the provision of food for people in DOC custody including related to accommodations for medical or other reasons.

**Request No. 32:**

Produce all documents related to Plaintiff Phillips' medical or psychiatric care while in NYPD and DOC custody from July 2, 2020 through July 7, 2020.

**Request No. 33:**

Produce all documents referenced in Defendants' Motion to Dismiss and accompanying

documents to the extent they have not been produced in response to other Requests.

Ridgewood (Queens), New York

Dated:

COHEN&GREEN P.L.L.C.

/s/

_____

**BY:**
J. Remy Green
Leena Mohmoud Widdi
Jessica Massimi
1639 Centre St., Suite 216
Ridgewood, New York 11385
t : (929) 888-9480
