UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PAUL PHILLIPS, KHAORI WRIGHT, RANDY
ROSARIO, AND KYLASYIA THOMPSON, *on behalf of
themselves and all others similarly situated*,

                                       Plaintiffs,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT MEMBERS JOHN AND JANE DOES 1-
12, DEPARTMENT OF CORRECTIONS MEMBERS
JOHN AND JANE DOES 1-25; and DECISIONMAKERS
JOHN AND JANE ROES 1-8,

                                     Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFFS' FIRST SET
OF INTERROGATORIES
AND DOCUMENT
REQUESTS**

21-cv-8149 (ALC)(SLC)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Michael Prilook, Gabriel Montalvo, Edward Horton, Krystalbella Murnane-Victorelli, Dr. David Rosenberg, Dr. Aung Oo, Dr. Jasdeep Mangat, Renan Beauchard, Terry Gravesande, Mireille Zamy, Terra Hailand, Christopher Johnson and Ronan Maslovskiy respond and object to plaintiffs' First Set of Interrogatories and Document Requests as follows:

**<u>GENERAL STATEMENT AND GENERAL OBJECTIONS</u>**

1.     By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.    Defendants object to these Interrogatories and Document Requests to the extent that they demand documents and/or information which are protected by the attorney-client or work-product privileges, or which constitute material prepared for litigation purposes.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.    Defendants further object in the entirety to the interrogatories and document requests to the extent that they seek the home addresses and phone numbers of defendants.

6.    With respect to the request for the production of documents, defendants will provide a privilege log under separate cover, if necessary.

7.    Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8.    Defendants object to plaintiffs' interrogatories and document requests on the grounds that, individually and cumulatively (as well as plaintiffs' previous interrogatories and document requests), the discovery sought is unduly burdensome (and well beyond the Court's caution to seek what plaintiffs "really need") and seeks discovery not proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, the

parties' resources and that the burden and/or expense thereof outweighs any likely benefit thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person involved in the arrest of any Individual Plaintiff for the respective arrest at issue, as listed in the TAC.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is vague and ambiguous as to the word "involved" and phrase "as listed in the TAC." Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City identifies the following responsive NYPD officers:

1) Paul Phillips- Michael Prilook, Brian Garay and Ruben Guerrero;

2) Randy Rosario-Scott Sohn and David Mischo;

3) Kylasyia Thompson-Sean Kwalwasser, Michael Palam and Peter Ellison;

4)      Khaori Wright-Michael Amello, Charles Barhold, Sergio Castillo, Marina Andrade, Vincent Peluso and Oscar Mancilla.

**INTERROGATORY NO. 2:**

Identify each and every person associated with or otherwise involved in the factual circumstances giving rise to the detention of Plaintiff Phillips.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that the phrase "associated with or otherwise involved in the factual circumstances giving rise to the detention of Paul Phillips" is vague and ambiguous. Subject to the foregoing, and without waiving in any way

or limiting these objections or the General Objections, defendants City and Michael Prilook identify Michael Prilook, Brian Garay and Ruben Guerrero as members of the NYPD who were involved in the arrest and/or detention of Paul Phillips. No other defendant has knowledge sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify each member of the NYPD or the New York City Department of Corrections involved in the transport of any Individual Plaintiff to and from any jail or prison facility related to the detention at issue, as listed in the TAC.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants hereby object to Interrogatory No. 3 on the grounds that it is vague and ambiguous in its entirety, overbroad and seeks information not relevant to any party's claim or defense as plaintiffs' claim as Judge Carter has framed it is as follows: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211) Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendants City and Michael Prilook identify Michael Prilook, Brian Garay and Ruben Guerrero as members of the NYPD who transported the plaintiff Phillips to Rikers Island on July 3, 2020. As to the plaintiff Randy Rosario, defendant City is searching its records to determine if there were members of NYPD who transported him to Rikers Island on November 11, 2020 (or where else he was brought), and if so, their identities. Defendant City will supplement its response to Interrogatory No. 3 as to the plaintiff Rosario upon the completion of its search for such pertinent records. As to the plaintiffs Khaori Wright and Kylasyia Thompson, these plaintiffs were brought to Court upon their arrests and they have so

admitted. As such, as to the plaintiffs Khaori Wright and Kylasyia Thompson, DOC is searching its records to locate documents that would indicate who transported the plaintiffs Wright and Thompson from court to Rikers Island upon their admissions to DOC custody, and defendant City will produce same to plaintiffs, if located, by June 1, 2026. No other defendant has knowledge sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 4:**

To the extent not identified in Interrogatory 1 through 3, identify New York City Police Department Members John and Jane Does 1-12, Department of Corrections Members John and Jane Does 1-25; and Decisionmakers John and Jane Roes 1-8.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants hereby object to Interrogatory No. 4 on the grounds that it is vague and ambiguous to the extent that plaintiffs' Corrected Third Amended Complaint at Docket 128 does not sufficiently allow defendant City to identify the John and Jane Does sought (and the Court conducted a process for identifying the Department of Correction John and Jane Doe defendants which culminated in the July 17, 2023 in person court conference) and seeks information not relevant to any party's claim or defense as to the "New York City Police Department Members John and Jane Doe 1-12" since plaintiffs' false arrest claims (other than that of the plaintiff Phillips) have been dismissed with prejudice (and defendant City previously provided plaintiffs with documents bearing bates nos. D044-D201 and D324-D330, which identify certain of the individuals involved in plaintiffs' arrests). Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, it appears to defendant City that the identity of John Roe 1 as set forth in plaintiffs' Corrected Third Amended Complaint at Docket 128 is DOC Capt. Jamal Rigault. Plaintiffs' Corrected Third Amended Complaint at Docket 128 does not sufficiently provide information to allow defendant City to

identify the remainder of the "Decisionmakers John and Jane Roes 1-8" as alleged therein. No other defendant has knowledge sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), the Mayor's Office of Criminal Justice (MOCJ") or the NYC Law Department), the Internal Affairs Bureau (IAB") and/or NYPD by any means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding the Relevant Issues.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is vague and ambiguous in its entirety, violates Local Rule 33.3, requests information from non-party entities and beyond the custody and control of the City (i.e., the "CCRB"), is unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof as, upon information and belief, these agencies do not readily maintain records as plaintiff requests and the Corrected Third Amended Complaint does not contain any allegation regarding the existence of such "complaints," but rather involves the issue as Judge Carter framed it (as well as a complaint by the Legal Aid Society to MOCJ only): "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211).

**INTERROGATORY NO. 6:**

Identify each and every individual who has been detained by the Department of Corrections based on the existence of a warrant bearing their name, *prior to* arraignment on that warrant.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 as it is vague and ambiguous as to the phrase "prior to arraignment on that warrant," overbroad, requests sealed and private information and seeks information not relevant to any party's claim or defense as it requests information beyond the plaintiffs' claim as Judge Carter has framed it is as follows: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211) Interrogatory No. 6 is also unduly burdensome and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof, given the aforementioned claim that Judge Carter has framed that remains in this case, the time that DOC IT has already put into preparing the excel spreadsheet that has been produced herein in attempting to determine the class as plaintiffs have framed it in the Corrected Third Amended Complaint and the time that would be necessary for DOC IT to prepare a similar excel spreadsheet to include detentions of all individuals held on warrants as requested in this Interrogatory (and which would thus include individuals who are not putative class members since they were admitted to DOC through one of its court parts and thus had to have been brought to court).

**INTERROGATORY NO. 7:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice involved in the promulgation or operation of the system referred to in the January 26, 2021 email and the January 28, 2021 emails from MOCJ to LAS (described in ¶ 379 of the TAC), from its promulgation in 2021 to the date of this response, including the individual tasked with addressing and tracking such situations.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague and ambiguous in its entirety and assumes facts not in evidence. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, MOCJ identifies Deanna Logan, Kia Moore, Shiri Wolf, Scott Mathews-Novelli and Tresa Joseph as individuals working for MOCJ who were involved in communications regarding the subject matters referenced in the documents previously produced as D389-D396 and D331-D388. The City further responds, upon information and belief, that "personnel of the Office of the Mayor" were not involved in communications regarding the foregoing subject matters.

**INTERROGATORY NO. 8:**

Identify all internal DOC databases that provide information regarding outstanding warrants.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the

General Objections, the City identifies DOC's Inmate Information System as having information regarding individuals detained in a DOC facility on a warrant, and the City refers plaintiff to the DOC Excel spreadsheet previously produced herein, which contains certain information from DOC's Inmate Information System.

**INTERROGATORY NO. 9:**

Identify all databases accessible to members of the NYPD or DOC which provide information regarding outstanding warrants.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is vague and ambiguous as to the phrase "databases accessible to members of the NYPD or DOC which provide information regarding outstanding warrants," and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof given the lack of sufficient specificity in this Interrogatory. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City identifies DOC's Inmate Information System as having information regarding individuals detained in a DOC facility on a warrant (and to which certain DOC members would have access), and the City refers plaintiff to the DOC Excel spreadsheet previously produced herein, which contains certain information from DOC's Inmate Information System. The City also identifies NYPD's ECMS system to which certain NYPD members would have access.

**INTERROGATORY NO. 10:**

Identify all policies and procedures concerning the Relevant Issues.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague and ambiguous as to the phrase "Relevant Issues." Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to the version of NYPD Patrol Guide 208-42 previously produced herein with defendants' motion to dismiss and other versions of NYPD Patrol Guide 208-42 that were in effect from October 24, 2019 through the present and produced herewith as D581-D595. Defendant City also refers plaintiffs to DOC Operations Order, 6/92, previously produced herein with defendants' motion to dismiss.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Produce all documents concerning what persons were held in DOC facilities pursuant solely to warrants during the relevant period defined above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 as it is overbroad, seeks documents that contain sealed and private information, and seeks information not relevant to any party's claim or defense as it requests documents beyond the plaintiffs' claim as Judge Carter has framed it is as follows: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211) Document Request No. 1 is also unduly burdensome, i.e., plaintiffs are seeking "all documents" for each individual detention, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case,

considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof, given the aforementioned claim that Judge Carter has framed that remains in this case, the time that DOC IT has already put into preparing the excel spreadsheet that has been produced herein in attempting to determine the putative class as plaintiffs have framed it in the Corrected Third Amended Complaint and the time that would be necessary for DOC IT to prepare a similar excel spreadsheet to include detentions of all individuals held on warrants as requested in this Document Request (and which would include individuals who are not putative class members since they were admitted to DOC through one of its court parts and were therefore brought to court). No additional searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches. There are documents being withheld in response to this Document Request.

**DOCUMENT REQUEST NO. 2:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the NYPD relating to Officers' treatment and processing of people arrested on a warrant, including but not limited to Patrol Guide § 208-42 (ECF No. 188-16).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to the version of NYPD Patrol Guide 208-42 previously produced herein with defendants' motion to dismiss and other versions of NYPD

Patrol Guide 208-42 that were in effect from October 24, 2019 through the present and produced herewith as D581-D595. Defendant City is also searching its records for any responsive Detective's Guide procedures and training materials and will produce responsive documents to plaintiffs by June 1, 2026, if located.

**DOCUMENT REQUEST NO. 3:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the Department of Correction relating to Officers' processing and transport of people arrested on a warrant, including but not limited to Operations Order 6/92 (ECF No. 142-17).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to DOC Operations Order, 6/92, previously produced in defendants' motion to dismiss and to DOC training materials produced herewith bearing bates nos. D596-D789.

**DOCUMENT REQUEST NO. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by the NYPD and/or the Department of Correction relating to the Relevant Issues.

- 12 -

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to the version of NYPD Patrol Guide 208-42 previously produced herein with defendants' motion to dismiss and other versions of NYPD Patrol Guide 208-42 that were in effect from October 24, 2019 through the present and produced herewith as D581-D595. Defendant City is also searching its records for any responsive Detective's Guide procedures and training materials and will produce responsive documents to plaintiffs by June 1, 2026, if located. Defendant City refers plaintiffs to DOC Operations Order, 6/92, previously produced with defendants' motion to dismiss and to DOC training materials produced herewith bearing bates nos. D596-D789.

**DOCUMENT REQUEST NO. 5:**

For any and all training materials, presentations, or other similar materials responsive to Request Nos. 1-4 above, produce documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague and ambiguous in its entirety, is unduly burdensome, seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs

any likely benefit thereof given the number of police officers in NYPD and correction officers in DOC, the sufficiency of the production of pertinent training materials and the lack of a sufficient relationship to the issues raised herein as Judge Carter has framed it: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches. There are documents being withheld in response to this Request.

**DOCUMENT REQUEST NO. 6:**

Produce all communications concerning the LAS letter attached as Exhibit 1 to the Third Amended Complaint (hereinafter "LAS Letter"), including, but not limited to, discussion of how to respond to that letter within the Mayor's Office of Criminal Justice ("MOCJ"), the Department of Corrections, the NYPD, and the Office of Court Administration.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is vague and ambiguous in its entirety, requests documents outside the custody of defendants (i.e., the "Office of Court Administration"), assumes facts not in evidence and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City will produce non-privileged emails located and maintained by MOCJ regarding the general subject matter of the LAS Letter by May 1, 2026 (emails from December 27, 2021 through February 16, 2022).

- 14 -

Additionally, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 7:**

Produce all notes related to the call between MOCJ and Legal Aid personnel wherein the LAS Letter and the Relevant Issues were discussed, including notes prepared in advance of the call, notes taken contemporaneous to the call, and notes taken subsequent to the call.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is vague and ambiguous in its entirety, assumes facts not in evidence and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City is not aware of responsive "notes" that were taken or maintained by MOCJ responsive to this Document Request.

**DOCUMENT REQUEST NO. 8:**

Produce all communications related to the call between MOCJ and Legal Aid personnel wherein the LAS Letter and the Relevant Issues were discussed, including communications between the Mayor's Office of Criminal Justice ("MOCJ"), the Department of Corrections, the NYPD, and the Office of Court Administration.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous in its entirety, requests documents outside the custody of defendants (i.e., the "Office of Court Administration"), assumes facts not in evidence and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 9:**

Produce all documents created related to the "processes" established by the Mayor's Office of Criminal Justice to keep track of persons in DOC custody who are being held on a warrant, as stated in the January 28, 2021 email described in ¶ 379 of the TAC.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague and ambiguous in its entirety, assumes facts not in evidence and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City will produce non-privileged emails located and maintained by MOCJ regarding the general subject matter of individuals held in DOC custody on warrants (emails from December 27, 2021 through February

- 16 -

16, 2022), by May 1, 2026. Additionally, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 10:**

Produce all documents concerning the "lists" that were reviewed as stated in the January 28, 2021 email described in ¶ 379 of the TAC.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, or admitting that documents were prepared as framed in this Document Request, upon information and belief, defendant City refers plaintiffs to the documents previously produced bearing bates nos. D331-D388, which are "lists" prepared by DOC Capt. Jamal Rigault. Defendant City will also produce non-privileged emails located and maintained by MOCJ regarding the general subject matter of this Request (emails from December 27, 2021 through February 16, 2022), by May 1, 2026. Additionally, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 11:**

Produce all versions of the list Defendant Roe 1 reviewed regarding persons in DOC custody, as described in ¶ 379 of the TAC.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, or admitting that documents were prepared as framed in this Document Request, upon information and belief, defendant City refers plaintiffs to the documents previously produced bearing bates nos. D331-D388, which are "lists" prepared by DOC Capt. Jamal Rigault.

**DOCUMENT REQUEST NO. 12:**

Produce any and all documents created by the Department of Corrections in response to the issue outlined in the LAS Letter or related to the Relevant Issues, including but not limited to investigative reports or findings, directives, memorandums, changes in training, or FINEST messages.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these

objections or the General Objections, defendant City refers plaintiffs to the documents previously produced bearing bates nos. D331-D388, which are "lists" prepared by DOC Capt. Jamal Rigault. Additionally, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 13:**

Produce all Documents concerning policies, procedures, directives, and training materials relating to MOCJ's system for identifying when a person was transferred directly into DOC custody by the NYPD and notifying criminal defense attorneys, as referred to in the January 26, 2021 email and the January 28, 2021 emails from MOCJ to LAS.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague and ambiguous in its entirety, assumes facts not in evidence and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City will produce non-privileged emails located and maintained by MOCJ regarding the general subject matter of individuals held in DOC custody on warrants (emails from December 27, 2021 through February 16, 2022), by May 1, 2026. Additionally, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 14:**

Produce all communications from the MOCJ persons responsible, as identified in response to Interrogatory No. 7, to LAS personnel or clerks of the court notifying either party of an individual in DOC custody who falls into the category/are class members.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is vague and ambiguous in its entirety, assumes facts not in evidence and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City will produce non-privileged emails located and maintained by MOCJ regarding the general subject matter of this Request (emails from December 27, 2021 through February 16, 2022), by May 8, 2026. Additionally, defendant City is willing to apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians and produce relevant, non-privileged responsive ESI returned from those searches.

**DOCUMENT REQUEST NO. 15:**

For Individual Plaintiffs and each person identified in response to Interrogatory Nos. 5 and 6, provide the following Documents:

      a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

      b) Online Booking System ("OLBS") Report (including handwritten/scratch version);

c) Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d) Arrest Warrant

e) Arrest Report – Supplement (PD244-157);

f) Prisoner Pedigree Card (PD244-092);

g) Command Log Entry (as referenced in ¶ 3 of ECF 142);

h) DOC Movement History (as referenced in ¶¶ 7, 11 of ECF 142);

i) NYPD Complaint Follow up report (as referenced in ¶ 13 of ECF 142);

j) Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

k) Mass Arrest Pedigree Label (244-093);

l) Complaint Report (313-152) (including handwritten/scratch version);

m) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision(including handwritten/scratch versions);

n) Online Prisoner Arraignment ("OLPA") Report;

o) Property Clerk Invoice (521-141);

p) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

q) Medical Treatment of Prisoner (244-150);

r) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

s) Scratch and/or memo book or activity log entries for any and all officers involved;

t)  C-Summons;

u)  Desk Appearance Ticket (PD 260-121);

v)  Desk Appearance Ticket Investigation Sheets (360-091);

w)  Records provided to any local prosecutor;

x)  DA Datasheets;

y)  Decline to Prosecute Forms;

z)  Criminal Court Complaint; and

aa) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document Request No. 15 on the grounds that it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof given the number of requests that plaintiffs have made and the fact that the plaintiffs Rosario, Thompson and Wright's false arrest claims have been dismissed.

As to plaintiffs' requests for documents regarding individuals identified in Interrogatory No. 5, defendants object to Document Request No. 15 on the grounds that Interrogatory No. 5 is vague and ambiguous in its entirety, requests information from non-party entities and beyond the custody and control of the City (i.e., the "CCRB"), is unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof, as, upon information and belief, these agencies do not readily maintain records as plaintiff requests and the Corrected Third Amended Complaint does not contain any allegation regarding the existence of such

- 22 -

"complaints" and rather involves the issue as Judge Carter framed it (as well as a complaint by the Legal Aid Society to MOCJ only): "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). No searches will be conducted for the documents requested herein and defendants object to conducting any such searches.

As to plaintiffs' requests for documents regarding individuals identified in Interrogatory No. 6, defendants object to Document Request No. 15 on the grounds that Interrogatory No. 6 is vague and ambiguous as to the phrase "prior to arraignment on that warrant," overbroad, requests sealed and private information and seeks information not relevant to any party's claim or defense as it requests information beyond the plaintiffs' claim as Judge Carter has framed it is as follows: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211) Interrogatory No. 6 is also unduly burdensome (and any search for each of the requested documents regarding each of the individuals who are the subject of Interrogatory No. 6 would be unduly burdensome given the number of responsive individuals) and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein and that the burden and/or expense thereof outweighs any likely benefit thereof, given the aforementioned claim that Judge Carter has framed that remains in this case, the time that DOC IT has already put into preparing the excel spreadsheet that has been produced herein in attempting to determine the class as plaintiffs have framed it in the Corrected

Third Amended Complaint and the time that would be necessary for DOC IT to prepare a similar excel spreadsheet to include detentions of all individuals held on warrants as requested in this Interrogatory (and which would include individuals who are not putative class members since they were admitted to DOC through one of its court parts and were therefore brought to court). No searches will be conducted for the documents requested herein and defendants object to conducting such searches.

Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to the following documents regarding the named plaintiffs:

Phillips:

1) Command Log previously produced bearing bates no. D200;

2) Defendant Prilook's file previously produced bearing bates nos. D324-D330

3) Defendant Prilook's activity log previously produced bearing bates nos. D328-D329;

4)  DOC inmate file produced herewith bearing bates nos. D397-D424;

5) DOC inmate look-up sheet bearing bates no. D542;

6) DOC movement history (to be produced by June 1, 2026, if located);

7) NYPD ECMS file produced herewith bearing bates nos. D575-D580.

Upon information and belief, there are no other responsive documents for the plaintiff Phillips's arrest, including BWC.

Wright:

1) Complaint Report-previously produced bearing bates nos. D193-D194;

2) Arrest Report-previously produced bearing bates nos. D195-D197;

3) OLPA Report-previously produced bearing bates nos. D198-D199;

4) Medical treatment of prisoner form (to be produced by June 1, 2026, if located);

5) Command Log-(to be produced by June 1, 2026, if located);

6) BWC-will be produced by May 1, 2026;

7) DOC inmate file produced herewith bearing bates nos. D469-D512;

8) DOC inmate look-up sheet produced herewith bearing bates no. D543;

9) DOC movement history produced herewith bearing bates no. D549;

10) NYPD ECMS file produced herewith bearing bates nos. D550-D566;

11) Criminal Court file (to be produced 7 days after receipt, if located);

12) District Attorney's file (to be produced 7 days after receipt, if located).

No other searches will be conducted for the documents requested herein and defendants object to conducting any such searches.

Thompson:

1) Complaint Report-previously produced bearing bates nos. D92-D94;

2) Arrest Report-previously produced bearing bates nos. D95-97;

3) DD5s-previously produced bearing bates nos. D98-D190;

4) OLPA Report-previously produced bearing bates nos. D91-D92;

5) BWC-none;

6) DOC inmate file produced herewith bearing bates nos. D425-D468;

7) DOC inmate look-up sheet produced herewith bearing bates nos. D544-D545;

8) DOC movement history produced herewith bearing bates no. D548;

9) NYPD ECMS file produced herewith bearing bates no. D550-D567;

10) Command Log (to be produced by June 1, 2026, if located);

11) Criminal Court file (to be produced 7 days after receipt, if located);

12) District Attorney's file (to be produced 7 days after receipt, if located).

No other searches will be conducted for the documents requested herein and defendants object to conducting any such searches.

Rosario:

1)  Complaint Report-previously produced bearing bates nos. D44-D46;

2)  Arrest Report-previously produced bearing bates nos. D47-D49;

3)  DD5s-previously produced bearing bates nos. D50-D89 and defendant City refers plaintiffs to that prior production.

4)  OLPA Report-previously produced bearing bates nos. D90-D91;

5)  BWC-none;

6)  Command Log-not located;

7)  DOC inmate file produced herewith bearing bates nos. D513-D540;

8)  DOC inmate look-up sheet produced herewith bearing bates nos. D546;

9)  DOC movement history produced herewith bearing bates no. D548;

10) Arrest Warrant-previously produced with defendants' motion to dismiss;

11) NYPD ECMS file produced herewith bearing bates no. D568-D574;

12) Criminal Court file (to be produced 7 days after receipt, if located);

13) District Attorney's file (to be produced 7 days after receipt, if located).

No other searches will be conducted for the documents requested herein and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 16:**

Produce all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates

Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, and/or, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to allegations of excessive detention on a warrant or the Relevant Issues.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is vague and ambiguous in its entirety, is unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof as, upon information and belief, these numerous agencies do not readily maintain records of "investigations" as plaintiff requests and the Corrected Third Amended Complaint does not contain any allegation regarding the existence of such "complaints" and rather involves the issue as Judge Carter framed it (as well as a complaint by the Legal Aid Society to MOCJ only): "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 17:**

For each Officer identified in response to **Interrogatory Nos. 1 and/or 2 and/or 3 and/or 4 or in Plaintiffs' Class and John/Jane Doe Discovery Requests**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a)  Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b)  The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c)  Central Personnel Index ("CPI") file records or similarly defined records;

d)  Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e)  Performance profiles, or similarly defined records;

f)  Psychological Services Unit ("PSU") records or similarly defined records;

g)  Risk Assessment Information Liability System ("RAILS") records;

h)  Early warning or intervention records or similarly defined records;

i)  Supervisor complaint reports or command discipline election reports;

j)  Any and all letters requesting sealing of disciplinary records or charges;

k)  Any and all documents related to performance monitoring;

l)  *Giglio* profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

- 28 -

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 on the grounds that it is vague and ambiguous in its entirety, requests information outside the custody and control of defendants (information related to civil lawsuits), is overbroad in time and scope as it requests private and personal information relating to incidents that are not similar to plaintiffs' allegations herein and beyond ten years before the subject incident, requests matters of public record and as to non-parties to this litigation and beyond the allegations made against them herein, may violate the deliberative process, self-critical analysis and law enforcement privileges as to any open investigations, that it seeks information not relevant to any party's claim or defense, is unduly burdensome given the scope of the request and to the extent it seeks information not relevant nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit of the discovery sought. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the City will provide CCRB closing reports and IAB logs, as well as CCRB, IAB, CPI and DOC disciplinary history resume entries for similar allegations,

as well as dishonesty, for up to ten years preceding the subject incident, as well as the identity of civil rights lawsuits against the individually named defendants in the Corrected Third Amended Complaint (not John and Jane Does) that the City is aware of, by June 1, 2026. No other searches will be conducted for the documents requested herein and defendants object to conducting any such searches. There are documents being withheld in response to this Document Request.

**DOCUMENT REQUEST NO. 18:**

Produce all Documents concerning communications between and among any and all NYPD personnel and personnel of the Office of the Mayor, including the Mayor's Office of Criminal Justice, and the Office of Court Administration concerning the treatment of people arrested on warrants or concerning the Relevant Issues.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Document Request No. 18 on the grounds that it is vague and ambiguous in its entirety, assumes facts not in evidence, is unduly burdensome given the size of NYPD, seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof given the lack of a sufficient relationship to the issues raised herein as Judge Carter has framed it: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). It also does not appear that NYPD was involved in the MOCJ communications referenced in the Corrected Third Amended Complaint. No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 19:**

Produce all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, post-mortem reviews, and project debriefs, concerning (1) the NYPD's treatment of people arrested on warrants, including when such people do not have a future court appearance scheduled, or (2) concerning any of the Relevant Issues.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. 19 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome given the size of NYPD, seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof given the lack of a sufficient relationship to the issues raised herein as Judge Carter has framed it: "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 20:**

Produce all Documents concerning policies, procedures, directives, and training materials concerning court Production Lists, colloquially called "Hot sheets," including how Production Lists or Hot Sheets are generated, and its use for determining a person's production to court.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome, seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to DOC Operations Order, 6/92, previously produced in defendants' motion to dismiss and to DOC training materials produced herewith bearing bates nos. D596-D789.

**DOCUMENT REQUEST NO. 21:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the DOC and/or the NYPD related to the process of looking up and verifying warrants, including any process related to correcting or inquiring about potential errors in the warrant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No. 21 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome given the size of NYPD and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof given that plaintiffs' claims related to the issue raised in this Document Request are limited to the plaintiff Phillips's claim against the defendant Prilook. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City will produce responsive "policies, procedures [and] directives," if located, by June 1, 2026. No additional searches for the

documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 22:**

For each and every dataset produced pursuant to these Requests or in response to any of plaintiffs' Interrogatories, provide any and all dictionaries identifying and defining all codes used in each field of the dataset.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof as Request No. 22 has no logical connection to the issues herein. No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 23:**

Produce all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants refer plaintiffs to the documents previously produced and herewith bearing D043-D1015.

**DOCUMENT REQUEST NO. 24:**

Produce copies of all subpoenas Defendants served on any party, or any individual or entity, concerning this litigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

None

**DOCUMENT REQUEST NO. 25:**

Produce all documents received in response to any subpoenas served.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

None

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning the nature and structure of any relevant databases and/or information systems, including, but not limited to, documents sufficient to identify the database(s) or other location(s) in which the underlying data housed in or accessible through each NYPD or DOCCS front-end system are stored, and including documents concerning: the information contained in each database and system; the fields in each database and system; the manner in which changes to the database/information system are logged; how audit logs are created and stored in the database and system; documentation of what information is stored in the database and system and how it is stored; all of the ways in which the database and system can be searched and queried; how information can be exported from the database and system; and any and all documents concerning training materials used in training users of the database or system.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome, seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof as Request No. 26 has no logical connection to the issues

herein.. No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 27:**

Produce all documents concerning the forgery of time records as referenced in the email at ECF 77-1.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague and ambiguous in its entirety, assumes facts not in evidence, is intended to harass, seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof as Request No. 27 has no logical connection to the issues herein and, in any event, plaintiffs can make no showing that additional discovery is needed. No searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 28:**

Produce any surveillance video or BWC from the NYPD or the Department of Corrections depicting Plaintiff Wright during his time in custody from March 18, 2020 to April 4, 2020.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

None. Correction officers were not equipped with BWC during that time period and surveillance video from March 18, 2020 to April 4, 2020 is beyond its retention period. NYPD BWC will be produced by May 1, 2026.

**DOCUMENT REQUEST NO. 29:**

Produce all BWC worn by or depicting defendant Prilook on July 3, 2020.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 to the extent that it seeks BWC "depicting Prilook" on July 3, 2020 on the grounds that it is unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof as NYPD BWC is not maintained in that manner and such a search cannot be reasonably conducted for such BWC. Further, there was only a partial NYPD rollout of BWC as of July 3, 2020. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the defendant Prilook was not equipped with BWC as of July 3, 2020. No searches will be conducted for BWC "depicting defendant Prilook" on July 3, 2020 and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 30:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the DOC related to the provision of medications, including but not limited to psychiatric medications and opioid use disorder medication.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof given that plaintiffs' claims related to the issue raised in this Document Request are limited to the plaintiff Phillips's medical claims. Subject to the foregoing, and without waiving in any way or limiting these objections or the General

Objections, defendant City refers plaintiffs to the training documents produced herewith bearing bates nos. D790-D917. Defendant City is continuing to search its records and will produce responsive "policies, procedures [and] directives" and any additional training materials, by June 1, 2026, if located. No additional searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 31:**

Produce all Documents concerning policies, procedures, directives, and training materials promulgated by the DOC relating to the provision of food for people in DOC custody including related to accommodations for medical or other reasons.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is vague and ambiguous in its entirety, may be unduly burdensome and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues herein, and that the burden and/or expense thereof outweighs any likely benefit thereof given that plaintiffs' claims related to the issue raised in this Document Request are limited to the plaintiff Wright's claim against the defendant Horton. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiffs to the training documents produced herewith bearing bates nos. D918-D1015. Defendant City is continuing to search its records and will produce responsive "policies, procedures [and] directives" and any additional training materials, by June 1, 2026, if located. No additional searches for the documents requested in this Document Request will be conducted and defendants object to conducting any such searches.

**DOCUMENT REQUEST NO. 32:**

Produce all documents related to Plaintiff Phillips' medical or psychiatric care while in NYPD and DOC custody from July 2, 2020 through July 7, 2020.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants refer plaintiffs to the documents previously produced that were received from Correctional Health Services bearing bates nos. D202-D323.

**DOCUMENT REQUEST NO. 33:**

Produce all documents referenced in Defendants' Motion to Dismiss and accompanying documents to the extent they have not been produced in response to other Requests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it is vague and ambiguous in its entirety. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, none.

Dated:      New York, New York
            April 24, 2026

STEVEN BANKS
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York, Michael Prilook, Gabriel Montalvo, Edward Horton, Krystalbella Murnane-Victorelli, Dr. David Rosenberg, Dr. Aung Oo, Dr. Jasdeep Mangat, Renan Beauchard, Terry Gravesande, Mireille Zamy, Terra Hailand, Christopher Johnson and Ronan Maslovskiy*
100 Church Street, Room 3-200
New York, New York 10007
(212) 356-3519
mzuckerm@law.nyc.gov

- 39 -

By:    /s/ Mark D. Zuckerman
MARK ZUCKERMAN
*Senior Counsel*