

April 29, 2026

Mark Zuckerman
Senior Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

By Electronic Mail Only.

     **Re:**    **Phillips et al. v. City of New York et al, 21-CV-8149 (ALC)**

Dear Mr. Zuckerman:

As you know, my firm is co-counsel for Plaintiffs and the putative class in the case above. As set out below, this letter is to raise Defendants' failure to comply with the rules governing federal discovery, and related deficiencies and improper objections in Defendants' April 24, 2026 responses and objections (the "Responses") to Plaintiff's requests dated February 13, 2026 (the "Requests")..

Broadly speaking, the Responses reflect an overall failure to heed the "discovery wake-up call to the Bar in this District." *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *2 (SDNY Feb. 28, 2017). This letter is a detailed — but not exhaustive — attempt to individually address the improper objections Defendants have made, and the related problems that causes. To that end, it appears every single objection *is* improper in this respect, and the law on this point is outlined in more detail below.

There are so many improper objections and deliberate refusals to disclose core documents and information, like the names of witnesses, Plaintiffs are worried that the City of New York has no intention of complying with the Court's recent suggestions the parties need to begin to move with more alacrity in this case. Most of the objections interposed have no basis and should simply be removed or corrected. In other instances, Plaintiffs invite a meet and confer to discuss what discovery Defendants will actually be providing, and when.

Relatedly, we should schedule a meet and confer on search terms, as your Responses suggest, at the same time as that meet and confer.

1. **Defendants' Responses to the Document Requests and Interrogatories violate the 2015 Amendments to the Federal Rules of Civil Procedure, and include numerous invalid and inapplicable objections.**

The Federal Rules of Civil Procedure were amended in 2015 to bar the kind of boilerplate, unspecific objections Defendants have interposed. Compounding this violation, Defendants have also included objections in the Responses that are not applicable, ignore blackletter law, sometimes have no basis in the law. Plaintiffs expect Defendants to revise and otherwise correct their Responses and Objections to conform with the law, at or before our meet and confer.



**a. Defendants improperly assert non-specific, vague, and boilerplate objections, in violation of the 2015 Amendments to the Federal Rules of Civil Procedure, and then compound this abuse by failing to state what documents, if any are being withheld based on each objection.**

As an initial matter that cuts across Defendants' responses, Defendants fail to conform to the 2015 amendments to the Rules, which were implemented to bar the exact type of boilerplate, vague responses that Defendants have employed here. It is no longer acceptable to list a series of objections and then at the end state vaguely what may or may not be produced. Since 2015, FRCP 34(b)(2)(C) has been clear that "An objection must state whether any responsive materials are being withheld on the basis of that objection" and that an "objection to part of a request must specify the part and permit inspection of the rest."

Thus, the majority of Defendants' responses and objections are inadequate and operate to waive objections for vagueness, relevance, burden, proportionality, and breadth. *See Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). '

Additionally, "'[a]n objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" although "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" *Id.* at *2-4 (citing 2015 Advisory Committee Notes to Rule 34). Additionally, "meaningless boilerplate" objections such as statements that requests are "overly broad and unduly burdensome" that does not explain why the requests are burdensome or how they are overbroad are "'improper unless based on particularized facts'" that are articulated as part of the objection. *Id.* at *8. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

Furthermore, Defendants did not state whether they have withheld any responsive materials on the basis of these objections, and, if so, which documents they have withheld, on the basis of which objection, despite the clear mandates of Fed. R. Civ. P. 34(b)(2)(C). That is improper. *See Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology)."). Defendants cannot interpose multiple, overlapping objections that make it impossible to know what is being withheld (if anything) based on each specific objection.

Consider some specific examples.  The objection to Document Request 1 shotguns boilerplate, before saying — without specificity — "[t]here are documents being withheld in response to this Document Request."  Defendants do not state *what* documents are being withheld.  They do

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



not say why it would be burdensome to comply, though it is apparently "unduly burdensome." None of this complies with the rules.

So too for, for example, Document Request 16, which seeks basic documents about any investigations by investigatory agencies and sub-agencies, like the IAB. Incredibly, the City apparently claims "these numerous agencies" — including the IAB, Patrol Bureau *Investigations*, and so on — "do not readily maintain records of 'investigations.'" Responses at 27. Suffice to say, just by way of example, IAB itself disagrees: "IAB helps to ensure that trust by detecting, *investigating*, and bringing to justice the small number of New York City police officers and civilians who engage in misconduct and corruption." <u>Internal Affairs</u>, NYPD, available online at https://www.nyc.gov/site/nypd/bureaus/investigative/internal-affairs.page (emphasis added). This sort of nonsensical response only serves to slow down discovery.

Because of the manner in which Defendants have asserted their purported objections, Plaintiffs are at a loss as to which documents Defendants have simply not searched for, and which documents Defendants have searched for, but withheld from production, and why. By failing to conform to the 2015 Amendments, Defendants have obfuscated their objections and disguised the scope of the ultimate production. This unnecessarily complicates the meet and confer process, and delays progress of this case.

We will make a motion unless Defendants unambiguously commit to amend their responses to state whether they are deliberately withholding documents, or are refusing to search for documents, based on each and every objection interposed, and state what documents are being withheld.

To be clear: Each individual objection should be followed by a clear statement as to whether documents are being withheld based on that objection, and if so, it should then state exactly the documents or categories of documents that are being withheld pursuant to that individual objection. Each individual objection should also be followed by a statement of whether Defendants have contracted the scope of documents reviewed or searched based on the objection, along with a statement of exactly what investigative efforts Defendants have undertaken. This will prevent Plaintiffs from being forced to waste time arguing over objections that Defendants only (improperly) submitted as boilerplate, rather than a basis to withhold documents.

**b. Defendants improperly claim that defined terms, and words with plainly understood—or explicitly defined by governing rules or the requests—meanings, are vague.**

Defendants repeatedly claim terms with plain meanings—or, indeed, terms defined by the Local Rules or the Requests themselves—are vague and undefined. These objections then improperly fail to state how Defendants limited their responses or interpreted the terms they claim are ambiguous. So each is improper on its face, since they do not "help[] … understand what about the request is vague or ambiguous." *Caprate Events, LLC v Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 US Dist LEXIS 227238, at *5 (EDNY Apr. 18, 2018). Instead, the objections are "vacuous boilerplate." *Id.*, *citing Fischer,* 2017 US Dist LEXIS 28102, at *8. Nonetheless, below are illustrative explanations of how Defendants' vagueness objections are not in good faith.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants claim no less than *thirty* requests are "vague and ambiguous in [their] entirety," without any explanation at all. This is simply a reheated general objection, and general objections were barred by the 2015 Amendments.

Defendants say they do not understand the phrase "prior to arraignment on that warrant" (Responses at 7; 23), but do not explain how. The context for the statement is a request that seeks to identify those "individual[s] who [have] been detained by the Department of Corrections based on the existence of a warrant bearing their name, *prior to* arraignment on that warrant." Interrogatory No. 6 (emphasis in original). What this means is clear: If someone is detained by DOC on a warrant *prior to* arraignment *on that warrant.*

Defendants similarly claim they do not understand "the phrase 'databases accessible to members of the NYPD or DOC which provide information regarding outstanding warrants.'" Responses at 9. And again, this purported confusion is unexplained. The phrase means what it says: Plaintiff is seeking to identify all databases, accessible to members of the NYPD or DOC, that can provide those members with information regarding outstanding warrants.

Defendants say the defined term, "Relevant Issues," is vague. Responses at 10. The term is defined:

> a. Procedures, policies, and practices concerning taking persons with outstanding warrants to court to resolve those warrants;
> b. CPL § 530.70;
> c. Compliance with CPL § 530.70(2);
> d. Procedures, policies, and practices concerning CPL § 530.70(2);
> e. Procedures, policies, and practices concerning transporting persons currently being held in jail on warrants to court;
> f. the determination as to the "availability" of a court to hear an arraignment on a warrant at any given time, as referenced in ECF No. 143;
> g. Any other issues concerning issues substantially similar to the claims made in the TAC in this case.

Requests at 6. How Defendants think this defined term is vague is unexplained.

In sum, none of these objections based on vagueness or ambiguity have any validity, and they should be removed from the Responses and not asserted going forward. *See Caparte Events, LLC*, 2018 US Dist LEXIS 227238, at *5.

### c. Defendants' third party and public access objections are factually and legally misplaced.

Defendants claim in various places that either (1) some documents are "matters of public record" and (2) request information from non-party entities and beyond the custody and control of the City. *See, e.g.,* Interrogatory No. 5, Document Request Nos. 6, 8, 15, 17.

COHEN&GREEN                                                                Page 4 of 8

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



The factual premise for these is specious.  First, it is simply false to claim, as Defendants do, that "the 'CCRB'" and its documents are "beyond the custody and control of the City."  Responses at 6.  The CCRB is part of the City, and indeed, is not even a suable entity.  This claim is nonsense.

Likewise, to claim, in response to for  "communications **between** the Mayor's Office of Criminal Justice ("MOCJ"), the Department of Corrections, the NYPD, and the Office of Court Administration" — when three of those entities are part of the City — it is frivolous to suggest that the Requests seek "documents outside the custody of defendants (i.e., the 'Office of Court Administration')."  Responses at 16.  Communications **between** one of three City entities and OCA would, of course, be in the City's custody.

Likewise, there is no basis to say "matters of public record" need not be produced.  Responses at 29. *Charter Practices Intl., LLC v Robb*, 2014 US Dist LEXIS 8166, at \*6-7 (D Conn Jan. 23, 2014); *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009); *Fosselman v. Gibbs*, No. C 06-0375, 2008 U.S. Dist. LEXIS 82697, 2008 WL 745122, at \*4 (N.D. Cal. Mar. 18, 2008) ("the objection that information is equally available to the questioner is not a proper objection"); *Foti ex rel. Louisiana v. Eli Lilly & Co.*, 2008 U.S. Dist. LEXIS 55780, 2008 WL 2858617, \*3 (E.D.N.Y. 2008) ("Mississippi's 'equally available' objection deprives Lilly of basic information concerning the nature of that State's claims"); *Chinn v Elmwood Franklin Sch.*, 2018 US Dist LEXIS 188307, at \*12 (WDNY Nov. 1, 2018).

Defendants must remove these invalid objections from their Responses.

### d.  Defendants' use of the evidentiary objection "assumes" is not appropriate for an objection to a documents request.

In the Responses to Requests 6, 7, 8, 9, 13, 14, 18, and 27, and Interrogatory 7, Defendants object by arguing that the Requests or Interrogatories "assume" some fact that the Defendants disagree with.  This may be a valid evidentiary objection, but it is not a valid objection to a document request or interrogatory. Defendants either have the documents or they do not.  If they do not have the documents, there is nothing to produce.

Thus, these objections should be removed from the Responses.

### e.  Defendants must produce documents regarding disciplinary investigations.

Putting aside the absurdity of claiming City investigative agencies "do not readily maintain records of 'investigations,'" Defendants refuse to search for disciplinary records relevant to the claims here.  That is untenable.  Defendants must search for disciplinary records on the Relevant Issues, and none of the boilerplate objections offered suggest a serious basis to resist this discovery.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



### 2.  <u>Failure to Produce Privilege Logs</u>

Rule 26(b)(5)(A) of the Federal Rule of Civil Procedure provides that a party withholding discoverable information on the grounds of privilege or subject to protection as trial preparation material must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Local Civil Rule 26.2 also imposes requirements on litigants with respect to providing specific information regarding any privilege assertion at the time the assertion is made.

Please provide a privilege log for the documents produced to date in this litigation no later than five days following our meet and confer. In the future, please provide the required privilege logs at the same time as you make any future productions. *See In re Chevron Corp.*, 749 F. Supp. 2d 170, 182 (S.D.N.Y.), aff'd sub nom. *Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010) (finding privilege was waived by the failure to timely provide a log, because "the presumption that the privilege log is due with the response to a discovery request").

### 3.  <u>Other Deficiencies in Defendants' Responses to the Interrogatories.</u>

#### a.  **Defendants must each respond to and verify the Interrogatories.**

Rule 33(b) of the Federal Rules of Civil Procedure require that the parties to whom interrogatories are directed answer them in writing and sign and verify them under oath. Answers provided by attorneys do not suffice. However, Rule 26(g) requires that attorneys sign and certify that the disclosure is "complete and correct as of the time it is made" and that all objections included are appropriate. Relatedly, a party responding to an interrogatory must provide answers based on reasonable investigation of documents and other information in and related to the case. *See, e.g., Trueman v. N.Y. State Canal Corp.*, No. CIV. 1:09-CV-049 (LEK)(RFT), 2010 WL 681341, at *5(N.D.N.Y. Feb. 24, 2010) (Treece, M.J.); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 563 B.R. 737, 750 (Bankr. S.D.N.Y. 2017). Beyond that, "[t]he responding party must provide the best answer they can based upon current information in their possession" and "[e]ach answer must be based upon all of the information at the responding party's" and their "attorney's disposal." *Trueman*, 2010 WL 681341, at *2 and 5. Additionally, interrogatory responses (and written responses to document demands) are  evidence, *see* Fed. R. Civ. P.  33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence"), and can  constitute party admissions at trial, *see, e.g., Skinner v City of NY*, No. 15-CV-6126(KAM)(JO), 2017 US Dist LEXIS 104650, at *14-15 (EDNY Apr. 7, 2017); *see also, e.g.,, Gaul v Chrysler Fin. Servs. Ams. LLC*, No. 1:13-CV-433 (TJM/RFT), 2014 US Dist LEXIS 52449, at *30 (NDNY Apr. 16, 2014) (identifying among the "general aims" of interrogatories to "serve as admission[s] for trial"). Under Fed. R. Civ. P.  26(g)(2), "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

In this case, none of the interrogatory responses provided are signed or verified by the parties under oath. Additionally, the responses do not appear to be the "best answer" the responding party

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



can provide "based upon all of the information at the responding party's" and their "attorney's disposal."

We therefore hereby demand that each Defendant provide appropriate, signed, verified interrogatory responses—based on all of the information available to them and their counsel—promptly.[1]

Further, in providing those new interrogatory responses, we demand that Defendants refrain from interposing the improper, boilerplate objections and purported privilege assertions that we have complained about in regard to Defendants' discovery responses. We also demand that each individual Defendant be asked what they know about each requested topic. The Interrogatories are propounded on the City of New York and each individual, and Plaintiffs are entitled to what each person knows.

### b. Many of Defendants' other Interrogatory Responses are Deficient

Defendants' responses to many interrogatories are deficient in that they are either incomplete or nonresponsive. Fed. R. Civ. P.  33(b)(3) requires that each interrogatory response be answered "fully." If an interrogatory cannot be answered fully, "despite conducting a diligent inquiry," "any efforts utilized should be set forth in detail to ensure a sufficient response is interposed." *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 (GBD)(SN), 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020); *Zanowic v. Reno*, No. 97-CV-5292 (JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("[A] party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient.").

For example, while the Court devised a pre-discovery protocol to identify John and Jane Does, we are now in discovery, and there is no more limitation on discovery.  Accordingly, Interrogatory No. 4 requires the City to actually do work, not merely refer back to a line-up process conduct as an interim measure.  Defendants "failure to describe [their] efforts to obtain the information sought by plaintiffs renders [their] responses insufficient." *Zanowic v. Reno*, No. 97-CV-5292 (JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000).  That description must also include an affidavit "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988)(citation omitted). This declaration must show specifically what harm the redactions or privileges are attempting to address. *Schiller v. City of New York*, 252 F.R.D. 204, 207 (S.D.N.Y. 2008).

### 4. Conclusion

As set out above, we need to meet and confer to avoid motion practice on the discovery issues in Defendants' Responses.  Fundamentally, Defendants must comply with the 2015 Amendments to

---

[1] We both note and acknowledge we have served verified responses for only three of four named Plaintiffs. Obviously, sometimes communication is imperfect, and if that were the situation on Defendants' side of the "v.," we would understand.  But producing no verified interrogatories at all is unacceptable.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the Rules, and actually make detailed, non-boilerplate objections that say what they are being used to withhold.

Yours, &c.,

/s/
_____

J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Sow Plaintiffs, on behalf of all Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All counsel of record.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com