

**T**HE **C**ITY OF **N**EW **Y**ORK
# **L**AW **D**EPARTMENT

**STEVEN BANKS**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

May 11, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149
(ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter. We write in opposition to plaintiffs' letter motion at Docket 238 herein.

Plaintiffs' assertion that defendants did not comply with the December 1, 2015 amendments to the Federal Rules of Civil Procedure and the rulings in Magistrate Judge Peck's decision in Fischer v. Forrest, 14 Civ. 1304 (PAE)(AJP), 2017 U.S. Dist. LEXIS 28102 (S.D.N.Y. Feb. 28, 2017) is categorically incorrect. Judge Peck ruled that with respect to Rule 34, responses "must…1) state grounds for objections with specificity; 2) [that] an objection must state whether any responsive materials are being withheld on the basis of that objection; and 3) specify the time for production." Defendants have complied with each of these requirements.

Defendants" 39 page responses are not boilerplate and are sufficently specific. Where defendants' lodged objections, defendants did not merely state the objection, i.e., "disproportionate," "unduly burdensome" or "irrelevant." To the contrary, where there were objections lodged, defendants provided sufficinetly detailed reasons for the objections which were more than sufficient to "facilitate an informed discussion of the objection," see Fischer, at *4-5 (quoting 2015 Adv. Comm. Notes to Rule 34), if plaintiffs' counsel were actually interested in having one.

Plaintiffs' principal basis for their motion is their assertion that defendants were required to provide a list of documents withheld, instead of appropriate statements that

documents were being withheld in response to certain of plaintiffs' requests. There is no basis for plaintiffs' assertion in this regard. As seen, Magistrate Judge Peck ruled that responses must only "state whether any responsive materials are being withheld." Id., at *2. This is consistent with the plain language of Rule 34(b)(2)(C), Fed. R. Civ. P., which states "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Nothing more is required of defendants and plaintiffs have cited to no authority requiring more. Quite frankly, the parties' "meet and confer" as to Document Request No. 1 demonstrates that what went wrong during the "meet and confer" was plaintiffs' responsibility and not defendants'. When counsel began to discuss Document Request No. 1, Mx. Green asked me whether I knew what documents were being withheld in response to that Document Request. I said, "yes, I do." Mx. Green responded, "you do!!?" I said that I did and proceeded to tell Mx. Green what documents were being withheld. Instead of proceeding to discuss our objections (and the Court's admonition to Mx. Green at the last conference that plaintiffs should identify what documents they "really needed), Mx. Green responded that the list of what documents being withheld had to be set forth in the Responses and that plaintiffs were requiring me to amend defendants' responses in that regard, which the Rules do not require. Mx. Green stated that although my responses were a half cut above what they usually get in discovery responses from our Office, mine were not good enough and plaintiffs were going to make me learn the Federal Rules of Civil Procedure (and which was followed by a flurry of personal insults). So, contrary to the Court's Individual Rules of Practice and the applicable Local Rules, there was no effort on plaintiffs' part to resolve the discovery dispute. Plaintiffs' motion is no more than an improper attempt at a "gotcha" moment, and an attempt to convince the Court that defendants have waived something

Defendants' responses also, as required, "specify the time for production…" See Fischer, at *2. Defendants have complied with the applicable Rule 34 requirements in their responses.

The truth is that plaintiffs' requests are, at a minimum, disproportionate, unduly burdensome and well beyond the Court's admonition to Mx. Green that plaintiffs should focus on what they "really need." The City has already produced over 2,000 pages of documents, 61 pages of discovery responses to separate discovery responses in the last three months, a DOC spreadsheet which contains detailed information as to every detention on a warrant where the detainee was not admitted through a DOC court section from October 24, 2019 through the end of December, 2025, an agreement to produce a DOC Rule 30(b)(6) witness (tomorrow), the core arrest and DOC documents for each named plaintiff and an agreement to conduct burdensome email searches for certain MOCJ and DOC individuals involved in certain events outlined in the Complaint (plaintiffs still have not suggested search terms for such searches as they have indicated that they would). Plaintiffs' discovery requests are beyond oppressive and defendants respectfully request that some reason be brought to bear this case.

Also, while plaintiffs continually take issue with defendants' responses, for the first time on April 24, 2026 (as they were forced to do since plaintiffs' discovery responses were due that day), plaintiffs disclosed in providing partial and unverified interrogatory responses that they have not been in contact with plaintiff Randy Rosario since October, 2025 and that they may have to withdraw as his counsel (and dropping him as a named plaintiff). So, while defendants have had to go through the burden of responding to Rosario's discovery requests,

2

plaintiffs' counsel have been aware for months that they are not in contact with him and he may have to be dropped from the case. This was completely unnecessary and Mx. Green should not have withheld this information from us to spare us the burden of certain discovery responses.

Finally, although all four plaintiffs are purportedly class representatives, and I asked for deposition dates from them on May 5, 2026, I still have not received even one deposition date for any of them with the June 1, 2026 deadline approaching to complete these depositions.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc:       All counsel (via ECF)