

May 28, 2026

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

**Re:    Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)**

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. Plaintiffs' counsel have filed a motion seeking leave to withdraw as counsel for Plaintiff Randy Rosario due to a complete breakdown in communication (ECF No. 244). For the same reason, Plaintiffs now seek leave, as provided by Fed. R. Civ. P. 4(e)(1) and CPLR § 308(5), to serve Plaintiff with the motion to withdraw by mail, e-mail and text message.

By way of background, counsel has been unable to reach Mr. Rosario since November 2025, despite many attempts at doing so, through various means. Specifically, counsel hired two separate investigators in April 2026 to locate Mr. Rosario. One of the investigators went to Mr. Rosario's last known address and was informed by the superintendent of the building that Mr. Rosario had not lived there for approximately a year. Counsel also attempted to contact four of Mr. Rosario's relatives by phone, to no avail. Although counsel has not been successful in reaching Mr. Rosario by any method since November 2025, the last consistent methods of communication were via e-mail and phone.

### ARGUMENT

Federal Rule of Civil Procedure 4(e)(1) provides for service on an individual in the United States in any way authorized by state law in the district where the Court sits.  In turn, then, CPLR 308(5) allows a Court to approve any method of service not specifically named in the rules, provided the methods in CPLR (1), (2), and (4) are "impracticable." "Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute. The meaning of 'impracticability' depends upon the facts and circumstances of the particular case." *S.E.C. v. HGI, Inc.*, 1999 U.S. Dist. LEXIS 17377, at *1 (S.D.N.Y. Nov. 8, 1999). That is, where the facts available to the Court indicate that physical, personal service is just not practical, courts should grant leave to serve in an alternate manner.[1]

---

[1] Of course, diligence can be used to **show** impracticability.  *See, e.g., McGraw-Hill Global Educ. Holdings, LLC v Turcios*, 2018 US Dist LEXIS 68071, at *3 (SDNY Apr. 20, 2018).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216· Ridgewood, New York · 11385 ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Here, that standard is readily met.  At this point, plaintiffs' counsel have a strong basis to believe that Mr. Rosario no longer lives at the last address known to counsel. Given that counsel have made many attempts to find another address for Mr. Rosario, to no avail, the modes of service in CPLR (1), (2), and (4) are certainly "impracticable." *See, e.g., Jackson v Lowe's Cos., Inc.,* 2016 US Dist LEXIS 146159, at *7 (EDNY Oct. 21, 2016)(finding that counsel properly served the plaintiff with motion to withdraw where counsel did not know plaintiff's mailing address, but e-mailed the motion to plaintiff and sent text messages telling plaintiff to check his e-mail, and where counsel had previously corresponded with the plaintiff via e-mail); *Lemus v. Manhattan Car Wash, Inc.,* , 2010 U.S. Dist. LEXIS 33263, at *15 (S.D.N.Y. Mar. 26, 2010) (finding that a motion to withdraw could be served on an uncooperative client via mail to his last known address and by email); *Penavic v Khan*, 2020 NY Slip Op 31929[U], *2 (Sup Ct, NY County 2020) ("given that Defendant['s] physical whereabouts are apparently unknown, but that he is known to communicate to counsel through email, service by e-mail is appropriate.")

Counsel therefore requests that the Court permit alternative service of counsels' motion to withdraw on Plaintiff Randy Rosario under Rule 4(e)(1).  Specifically, counsel requests that this Court order service via:

1.  Email to Mr. Rosario's e-mail address;
2.  Text message to Mr. Rosario's last known phone number, and
3.  Mail to Mr. Rosario's last known address (in the event Mr. Rosario has mail forwarding).

As always, we thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com