UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et al.,

                              Plaintiffs,

        -v-

CITY OF NEW YORK, et al.,

                              Defendants.

CIVIL ACTION NO.: 21 Civ. 8149 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.


I. **INTRODUCTION**

Before the Court is the motion of counsel for Plaintiff Randy Rosario ("Mr. Rosario"), Cohen&Green P.L.L.C., Gideon Orion Oliver, and Kaishian & Mortazavi LLC (together, the "Firms"), to withdraw as counsel of record for Mr. Rosario pursuant to Local Civil Rule 1.4 of the Southern District of New York.  (Dkt. No. 244 (the "MTW")).  For the reasons set forth below, the MTW is **GRANTED**.

II.  **PROCEDURAL BACKGROUND**

We incorporate by reference the procedural background set forth in Phillips v. City of New York, No. 21 Civ. 4307923, 2024 WL 4307923 (S.D.N.Y. Sept. 26, 2024).  We set forth only additional procedural background necessary to analyze the motion.

On May 28, 2026, the Firms filed the MTW accompanied by three declarations (the "Declarations") detailing the grounds for the Firms' request to withdraw. (Dkt. No. 244). In these Declarations, the Firms explained that their request to withdraw was "due to a complete

breakdown in communication" between the Firms and Mr. Rosario.[1]  (Dkt. Nos. 244-2 at ¶ 3; 244-3 at ¶ 3; 244-4 at ¶ 3).  The Declarations further explained that "the parties have substantially exchanged both class and merits discovery[,]" have completed the deposition of Defendant's corporate representative, and were scheduled to complete the depositions of all Plaintiffs, except for Mr. Rosario, by June 1, 2026.[2]  (Dkt. Nos. 244-2 at ¶ 5; 244-3 at ¶ 5; 244-4 at ¶ 5).  Neither the Defendants[3] nor Mr. Rosario have filed any opposition to the MTW, despite having been served.  (Dkt. No. 252).

### III.  <u>DISCUSSION</u>

Whether to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court."  <u>In re Albert</u>, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002) (collecting cases).[4]  When deciding whether to grant or deny such a motion, the court considers two factors: (1) "the reasons for withdrawal" and (2) "the impact of the withdrawal on the timing of the proceeding."  <u>Estate of Larry Shaw & Susan Shaw v. Marcus</u>, No. 14 Civ. 3849 (NSR), <u>et. al.</u>, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016).

As to the first factor, satisfactory reasons for withdrawal "include the client's failure to pay legal fees, a client's lack of cooperation – include lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client."  <u>PMV Consultants LLC v.</u>

---

[1] In a separate letter, filed after the MTW, the Firms explained that they have "been unable to reach Mr. Rosario since November 2025, despite many attempts at doing so, through various means."  (Dkt. No. 247).

[2] To date, the parties have not informed the Court whether these depositions have been completed.

[3] Defendants are City of New York (the "City"), Dr. Aung Oo, Terry Gravesande, Terry Hailand, Edward Horton, Christopher Johnson, Dr. Jasdeep Mangat, Gabriel Montalvo, Krystalbella Murnane-Victorelli, Michael Prilook, Roman Maslovskiy, Mireille Zamy, Renan Beachard, and Dr. David Rosenberg.

[4] Internal citations and quotations are omitted from case citations unless otherwise indicated.

Chebil Realty LLC, No. 20 Civ. 9030 (LTS) (JW), 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022). As to the second factor, the Court considers whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999).

Regarding the first factor, the Firms request leave to withdraw as counsel for Mr. Rosario "due to a complete breakdown in communication between [them] and [Mr.] Rosario." (Dkt. Nos. 244-2 at ¶ 3; 244-3 at ¶ 3; 244-4 at ¶ 3). "Such a breakdown in communication constitutes [a] satisfactory reason[] for withdrawal . . . ." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).

Regarding the second factor, given the procedural posture of this action, any disruption caused by the withdrawal of Mr. Rosario's counsel would be minimal. Discovery is still ongoing, class certification has not yet been briefed, and no trial date has been set. See Farmer, 60 F.3d at 446 (granting motion to withdraw despite that "the discovery period [was] nearly over" as "no trial date has been set yet" and any potential disruption would not rise "to the point where denial would be warranted."). Accordingly, there will be little to no delay to the prosecution of this action if the Court permits the Firms to withdraw their representation of Mr. Rosario.

## IV. CONCLUSION

For the reasons set forth above, the MTW is **GRANTED**.  On or before July 6, 2026, new counsel for Mr. Rosario shall file a notice of appearance or Mr. Rosario shall notify the Court that he intends to proceed pro se.  The Clerk of the Court is respectfully directed to terminate the Firms as counsel for Mr. Rosario and close Dkt. No. 244.

The Firms shall serve a copy of this Order upon Mr. Rosario via both e-mail and mail, and file proof service on the docket by **Thursday, June 25, 2026**.

Dated:      New York, New York
            June 22, 2026

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4