# COHEN✑GREEN

June 24, 2026

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

**Re:    Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)**

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above.  As the Court may recall, this case is governed by Local Civ. R. 83.10 (previously, the § 1983 Plan).  Accordingly, the relevant confidentiality order governs.

Plaintiffs' deadline to move for class certification is today.  Accordingly, Plaintiffs will be shortly filing a redacted version of their motion, with exhibits designated "confidential" omitted.  Plaintiffs do not agree with the designation, but pursuant to ¶ 8 of the Protective Order, "Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall *first* make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials" (emphasis added).

Accordingly:

1.  Plaintiffs are seeking leave to file the relevant exhibits and unredacted text under seal.

2.  I have consulted with Defendants' counsel who has asked for the material to be under seal, at least for now.

3.  Plaintiffs do not believe sealing is appropriate under *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) and its progeny.

4.  However, Plaintiffs are obligated by the Protective Order to make this application.

5.  Because the Protective Order requires a party to "*first* make an application to the Court for permission to file," and specifies that "No materials shall be filed under seal *unless the Court has issued an order approving the filing*" (emphasis added), Plaintiffs are not filing the unredacted papers or omitted exhibits at all at this stage.[1]

---

[1] If the Court would prefer we email copies of the unredacted papers, we are happy to.  I have sent unredacted versions to Defendants' counsel.



Ultimately, Plaintiffs ask the Court to deny this motion,[2] and direct them to file the materials unredacted on the docket.  And in the interim, Plaintiffs ask for leave to file under seal so the Court may evaluate whether the materials should be sealed under *Lugosch*.

As ever, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[2] I am aware this makes this motion unusual insofar as Plaintiffs are asking the Court to deny relief, but it *is* what the 1983 Plan calls for.  Some Judges' individual rules account for this and provide an alternative rule that (at least arguably) trumps the § 1983 Plan default when appropriate.  *See, e.g.,* Individual Practices Of Magistrate Judge Gabriel W. Gorenstein, ¶ 2(E) (if the party filing material is not the one that designated it, it should "state that the redactions are a result of a Confidentiality Order designation made by another party and that such other party has an obligation to file a motion to seal within 7 days").

To the extent Defendants end up filing a letter in support sealing, Plaintiffs ask for leave to file something opposing it, since Plaintiffs are not aware of what Defendants' arguments for sealing would be at this stage.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com