**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

PHILLIPS, et al.,

*Plaintiffs,*

v.

CITY OF NEW YORK, et al.,

*Defendants.*

Case No.: 21-cv-8149 (ALC) (SLC)

**DECLARATION OF
J. REMY GREEN**

I, Remy Green, being duly sworn, depose and say:

1.     I am a partner at Cohen&Green P.L.L.C., co-counsel for Plaintiff in the case above.

2.     I make this declaration in support of Plaintiff's motion for class certification, as well as to place certain exhibits and facts in my personal knowledge in the record.

**Exhibits**

3.     Attached collectively as **Exhibit 1** are true copies of collections of emails, on a borough by borough basis, of the "Lists" compiled by a City employee tracking people held on warrants.

4.     Attached as **Exhibit 2** is a true copy of the City's 30(b)(6) testimony relevant to class topics.

5.     Attached as **Exhibit 3** is a true, certified copy of the docket calendar from Plaintiff Khaori Wright's criminal court matter, bearing Indictment Number 7146-2019.

6.     Attached as **Exhibit 4** is a true copy of a spreadsheet compiled for this litigation by a City employee.

1

7.      Attached as **Exhibit 5** is a true copy of Office of Court Administrative Directive 57.

**Numerosity Methodology.**

8.      Given the multiple steps and ambiguous testimony, the below is to lay out how we have calculated the bare minimum number of class members, in light of the City's document production and testimony.

9.      I have made every favorable assumption to the City, and try to note those assumptions where possible so the Court can be aware of why and how the numbers here are likely a massive ***under*** count.

10.      The Lists (Ex. 1) are a collection of emails about people held on warrants in four of five boroughs. ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████ .

      A. *Explicit Limitations and ambiguities.*

11.      The City redacted the Lists as produced, and accordingly, the City itself could not testify ████████████████████████

██████ ████████████████████████████

██████████████████

2

12.    Duplicates sometimes, but not always can be determined by looking at the data that is not redacted — though the only definitive way to check would be to see what the City has redacted.

13.    Accordingly, the methodology below treats anything that *could* be a duplicate —  as if it is a duplicate.

14.

15.

16.

17.

█████████████████████████████████████████ ██ █████████

███████████

18.    ████████████████████████████████████████████████████████

███ █████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████

19.    Nonetheless, to avoid any ambiguity, the analysis below omits all people where warrant only is not specified in light of the City's conflicting testimony.  The analysis below is of only people the City itself confirmed were held *solely* on warrants.

20.    With that said, when the name field has an obviously different redaction length, we treat it as a non-duplicate.

    B.  *Analysis.*

21.    For New York County, the relevant List includes the following confirmed, warrant only holds:

| Date | Number of People | Bates |
|---|---|---|
| 25-Jan-21 | 8 | (D355) |
| 23-Feb-21 | 10 | (D354) |
| 1-Mar-21 | 9 | (D354) |
| 10-Mar-21 | 9 | (D353) |
| 23-Mar-21 | 4 | (D353) |
| 30-Mar-21 | 5 | (D353) |
| 20-Apr-21 | 5 | (D354) |
| 26-Apr-21 | 5 | (D354) |
| 4-May-21 | 3 | (D354) |
| 5-May-21 | 1 | (D354) |
| 10-May-21 | 6 | (D354) |
| 17-May-21 | 6 | (D355-54) |
| 20-May-21 | 4 | (D355) |
| 26-May-21 | 8 | (D355) |
| 1-Jun-21 | 7 | (D355) |

| Date | Number of People | Bates |
|---|---|---|
| 3-Jun-21 | 5 | (D355) |
| 8-Jun-21 | 7 | (D355) |
| 14-Jun-21 | 8 | (D356-55) |
| 21-Jun-21 | 10 | (D356) |
| 29-Jun-21 | 4 | (D356) |
| 6-Jul-21 | 6 | (D356) |
| **Total New York County:** | **130** | |

22.    For Bronx County, the relevant List includes the following confirmed, warrant only holds:



| Date | Number of People | Bates |
|---|---|---|
| **Total Bronx County:** | **84** | |

23.    For Brooklyn, the relevant List includes the following confirmed, warrant only holds:

| Date | Number of People | Bates |
|---|---|---|



| | Total Brooklyn: | 60 | |

24.    For Queens County, the relevant List includes the following confirmed, warrant only holds:

| Date | Number of People | Bates |
|---|---|---|

| Total Queens County: | 60 | |

25.    Accordingly, just in the Lists — which only cover the period from, at most, January 2021 to August 2022[1] — there are *at least* 334 class members.

_____

[1] ████████████████████████████████████████████████████████████████████████████████████████████

26.     Again, that number assumes that for massive periods of time, even within the limited span the Lists cover — ███████████████████████ — *not a single person in the entire City* was held exclusively on a bench warrant for long enough to get mentioned in the Lists.  Given the content of the rest of the Lists, as well as the express purpose for making the Lists, that seems unlikely, if not outright impossible.

27.     Likewise, a brief review of Ex. 4 confirms that is almost certainly an undercount.  ███████████████████████





29.     All of this, of course, is imperfect because DOC data is not always reliable. *See, e.g.,* Chris Gelardi, *Rikers Staff Tampered With Records, Hiding Intake Rule Violations, Documents Show,* N.Y. FOCUS (Oct. 17. 2022); ECF No. 77-1 (internal City email noting that over only a few days, the City "documented 17 incidents where a person in custody in the EMTC intake had their 'In Custody at Court' start time (the time reported on their Securing Order) changed on the DOC's Intake Dashboard," which "often occurred as a newly admitted person in custody approached their 24 hour clock expiration, or sometimes following the expiration," and "Some people in custody had their custody start time changed multiple times over the course of several hours," apparently to cover up overdetention violations).

30.     But it does appear to strongly suggest that not only is the class over 300 people, but may well be in the four digits.


[this space intentionally left blank]


I declare, under penalty of perjury, that the statements above are true and correct.

Executed On: June 24, 2026


_____

/s/

_____

J. Remy Green