

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

August 10, 2026

<u>**VIA ECF**</u>
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  <u>Paul Phillips, et. al. v. The City of New York, et. al.</u>, 21 Civ. 8149
> (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter. We write jointly with plaintiffs' counsel in accordance with the Court's Order at Docket 264(3).

**<u>Defendants' Position:</u>**

Annexed hereto as Exhibit A is the "hit report" for searches of the the DOC Legal Intake Inbox that the parties have agreed to. To make the review more manageable, Exhibit A contemplates a review of email hits only (as opposed to attachment hits), as well as attachments to email hits. Despite plaintiffs' contention that they are being generous to the City in terms of burden, the number of "hits" will still take attorneys here considerable time to review (and the Court previously ordered the review of a similar number of CCRB closing reports) The City opposes plaintiffs' sampling proposal and producing non-responsive samples to plaintiffs as burdensome and unnecessary[1]. The non-responsive information, by its nature, is outside the scope of discovery and could involve sensitive and sealed information about inmates not related to this case. Also, in large part, the word searches that the City has agreed to conduct is based

---

[1] Defendants were not ordered to provide a sampling to plaintiffs and never promised to do so. Additionally, the parties were ordered to attempt to resolve the DOC Legal Intake inbox issue before the next conference, and not to move on to yet another e-discovery issue.

largely on the search terms that plaintiffs proposed. So, plaintiffs have had more than a considerable input to this process and the searches agreed to (which was more than the City originally proposed) is more than ample.

**<u>Plaintiffs Position:</u>**

The parties are now in agreement on a review population,[2] but have a remaining dispute as to review methodology.  Adopting two items Plaintiffs essentially proposed at the last conference — addressing attachments differently and using elimination terms — we have achieved a 92% reduction of the review population.  A dispute remains because, contrary to what was discussed at the most recent appearance, Defendants ***did not*** share samples from the review population.  Instead, apparently, counsel personally reviewed about 10-20 individually selected documents from the 50 document random samples.

The parties achieved this reduction with two mechanisms.  *First,* the City's ESI specialist very helpfully noted — as would have been learned from shared samples — that a massive number of the hits were on warrants ***attached*** to emails.  Thus, Plaintiffs' counsel and the City's ESI specialist were able to work around defense counsel and agree it made sense to limit the review population to just the emails themselves (though families would be produced for responsive documents).  *Second*, Plaintiffs affirmatively suggested two elimination terms based on certain representations that the document set has irrelevant immigration and parole warrant related documents.  (Plaintiffs could have proposed other elimination terms if Defendants simply followed through on providing the relevant samples; Defendants have decided they would rather review more documents than work collaboratively).

The dispute now is over how to validate the elimination terms — something that would not be necessary if Defendants had shared samples as promised.  Plaintiffs should have ***some*** assurance these terms are not unduly culling responsive documents.  All Plaintiffs are seeking on samples of about 10 documents per term (designated AEO with destruction following validation) to simply confirm the elimination terms are not throwing out any proverbial babies with the bathwater.  Sharing of validation samples of "null" document sets is not unusual.  *See, e.g., In re Insulin Pricing Litig.*, 2025 US Dist LEXIS 70494, at *46-47 (DNJ Apr. 11, 2025); *In re Class Action Settlement Admin. Litig.*, 2026 US Dist LEXIS 157199, at *20 (DDC July 10, 2026).  And accordingly, Defendants claim that "non-responsive information, by its nature, is outside the scope" of discovery misses the point:  Disclosure is about validating the methodology by which ***Defendants*** do not have to review certain documents.

Thank you for your consideration herein.

Respectfully submitted,

---

[2] Defendants have not yet responded to multiple requests to discuss the review population for MOCJ and other, non-disciplinary/complaint record custodians.

/s/ Mark D. Zuckerman
Mark D. Zuckerman


cc:      All counsel (via ECF)