CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART AR-3

- - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, | : | |
| - against - | : | DOCKET NUMBER: CR037104-19NY |
| KYLASIA THOMPSON, | : | |
| Defendant. | : | ARRAIGNMENT |

- - - - - - - - - - - - - - - - - - - - - -X

Criminal Court
100 Centre Street
New York, New York 10013

NOVEMBER 21, 2019

B E F O R E :

THE HONORABLE ANGELA BADAMO,
Criminal Court Judge

A P P E A R A N C E S :

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
BY: RACHEL SCHORR, ESQ.
Assistant District Attorney

THE LEGAL AID SOCIETY
Attorneys for The Defendant
BY: EDWARD MCCARTHY, ESQ.

LORRAINE BUCALO,
Official Court Reporter

COURT OFFICER: Kylasia Thompson, CR-037104.

Defendant charged with grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, identity theft in the third degree. Warrant out of New York County, 2019-NY-1979 out of Part 73. The warrant is a Supreme Court warrant, Part 73. Supreme Court Number 02878. The charge is 140.20 of the Penal Law.

Counsel, do you waive the reading of the rights, not the rights thereunder?

MR. MCCARTHY: Yes.

COURT OFFICER: Move to vacate the warrant?

MR. MCCARTHY: Yes.

For the record I am appearing for Ms. Thompson. We discussed this on behalf of Elizabeth Fisher from Neighborhood Defender Services. She sent us an e-mail earlier alerting us to the fact Ms. Thompson might be coming through. Ms. Fisher will deal with these matters tomorrow up in Part 73.

MS. SCHORR: We are serving felony Grand Jury notice notice and inquiring as to cross.

MR. MCCARTHY: I'm going to do that in the name of Ms. Fisher. I have signed it.

MS. SCHORR: Thank you.

I am serving a Wiggins letter indicating our intent to present this case to the Grand Jury on November 27th.

Additionally, we are reserving statement and identification notice at this time.

As to bail The People are requesting bail be set in the amount of $25,000 cash. The defendant has an extensive grand larceny history in Family Court, Criminal Court and Supreme Court. She told the FIO of the 6th Precinct she was arrested in May 2016 for 12 incidents and two incidents in June of 2016 and that the person who runs her grand larceny crew told her she could get away with anything until she turns 16.

The Family Court judge informed the defendant in May of 2016 to stay away from Manhattan. She was arrested in 2016 in Brooklyn for multiple incidents of grand larceny while she was out pending a grand larceny indictment in Manhattan. She is now here again for similar conduct while she warranted several times on an indicted case before this court, now in warrant status. She is now indicted for escape and burglary and the defendant has warranted on at least seven prior cases.

She has been arrested over 35 times at the age of 19. The least restrictive alternative to bail which would ensure the defendant would return to court would first be electronic monitoring and second, Free Trial Services; however, those are not funded as of yet and neither is available to ensure the defendant returns to court.

Therefore, substantial bail is necessary because the defendant repeatedly ignores and will continue to ignore court mandates.

Further, if Your Honor is going to release the defendant to Supervised Release or on her own recognizance, we are asking Your Honor to give the defendant due warning that pursuant to NYCPL 510.30(3), the defendant is charged with the commission of a felony in the instant matter and that the release is conditional and that The Court may revoke the order of release and may be authorized to set bail on this instant matter if the defendant, while at liberty on this case, commits a subsequent felony.

MR. MCCARTHY: Judge, Ms. Fisher shared with me in her e-mail, among other things, was the fact that NDS has been working with Ms. Thompson for some time, so much so that my understanding is that while she had been on probation and that probation sentence had not yet expired, the judge involved in that particular case thought it worthwhile to terminate her early from probation just for the specific reason that NDS had been making progress in helping Ms. Thompson with a host of services.

Judge, we discussed the fact that we could have waited for tomorrow morning for the purposes of doing this when Ms. Fisher was here but the advantage of doing this case tonight is that obviously we think that The Court will

obviously remand her to 73 but at least before the weekend, she has a chance to go before Judge Roberts.

Judge Roberts is someone who clearly knows Ms. Thompson and knows the situation of her past and I think it's an ideal situation to determine whether, after tomorrow's appearance up in 73, it would make sense to restore her to liberty or not. Judge, I do know that Ms. Fisher had reached out to the Detective Pollum (phonetic) on this case for the purposes of arranging a surrender for later today, meaning Thursday, that we had just gone through.

The police went to where Ms. Thompson could be found in Queens and arrested her before she could voluntarily come in. The reason why that is important, I am asking, despite The People's request, for what I consider an extraordinary amount of money for this type of case, I would ask that you consider setting a dollar bail here.

She understands she will be remanded on the Supreme Court matter and as far as the Part F matter and on that matter, I'm not sure what the status of that is but I am asking if you could set a dollar bail here and, again, this would be put over for Grand Jury action, I assume in Part F, for tomorrow up in 73. A determination will be made as to whether she can be restored to the community or not.

THE COURT: Okay. So the case ending in 979 that

was in "F", the warrant, that will go back to Part F. Bail there was $10,000 insurance company bond, over $10,000 cash. I will reset that bail. Bail had not been forfeited. I will reinstate that bail.

MR. MCCARTHY: Judge, I want to share with The Court and The People that I believe that bail that had been posted actually was from her father. That is what Ms. Thompson has explained to me.

THE COURT: There is a notation that it was not forfeited. In docket ending 979, I am reinstating bail, as I said, that was there before. That's $10,000 insurance company bond, over $10,000 cash. In docket ending 104, I am setting bail there at $5,000 insurance company bond, over $5,000 cash, over $5,000 credit card, over $5,000 partially-secured surety bond.

That will be in Part F for Grand Jury action and the 180.80 on November 27th. I will set the other "F" case that same date, November 27th. Again, that's for for Grand Jury action there. On the Part 73 case, that will be tomorrow, November 22nd. She is remanded in that.

* * * * *

The foregoing is hereby certified to be a true and accurate transcript of the proceedings as transcribed from the stenographic notes.

*Lorraine Bucalo*

LORRAINE BUCALO
OFFICIAL COURT REPORTER