COHEN&GREEN

August 18, 2026

Hon. Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

**Re: Phillips v. City of New York, 21-cv-8149 (ALC)(SLC)**

Dear Judge Cave:

My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write under the Court's Rule II(C)(2) to request a discovery conference on a motion to compel and for relief as to the related 30(b)(6) deposition earlier this year.

Per the Court's Rules: (1) the parties conferred on August 18, 2026; (2) for approximately 42minutes; (3) including Leena Widdi and myself for Plaintiffs and Mark Zuckerman for Defendants; (4) Defendants refused to produce a witness prepared to testify on Topic 3 (defined below) on the updated understanding that "Defendants" is not limited to DOC, describing it as "unfair"; and (5) we made clear there was an impasse, and that if Defendants did not agree to produce a witness as discussed at the May 13, 2026 conference, Plaintiffs would be seeking related remedies for failure to appear.

## Background

As the Court likely recalls, the City appeared for a 30(b)(6) deposition on May 12, 2026, to testify on the stipulated topics attached as **Exhibit 1**. Topic 3 addressed "***Defendants'*** methods, documents, policies, and any other information concerning tracking the location and processing of people held in Defendants' custody pursuant to warrants requiring production to a court for any reason," with some specified subtopics. Ex. 1 (emphasis added).

The City of New York is a Defendant. And the operative complaint addresses at some length conduct by members of the NYPD. Nonetheless, at the 30(b)(6), the City's witness testified repeatedly that he was unprepared to testify about any of ***the City's*** "methods, documents, policies, and any other information" tracking people held on warrants (Ex. 1), and could only speak to DOC.[1] *See, for examples,* **Exhibit 2** (30(b)(6) Transcript) at 41:6-42:5; 65:25-66:24; 75:7-17 (Q: "To City's knowledge, is there any other mode of tracking? … A: I'm not prepared to answer that question in its entirety"); 81:15-23; 103:8-18 ("I can't attest to how the other agencies detain their individuals prior to court production").

[1] The witness initially said he was "prepared to testify more generally about the City's procedures when handling people brought to jail on warrants." Ex. 2 at 21:9-12.

At a conference the day after the deposition, the Court said that if Defendants intended to use witnesses outside of DOC, they would have to bring back a knowledgeable witness, but expressed "I'd rather we just figure out who the witness should be who could testify about that," noting, "We don't need more motion practice." 2026-05-13 Tr. at 5:4-8. And though counsel claimed it was impossible to read "Defendants" as including NYPD, counsel also said, "I mean I would anticipate that there would be [a] police declaration in response to" the class certification motion. 2026-05-13 Tr. at 46:8-47:13. The Court responded, telling Plaintiffs "if there's an NYPD declaration, I'm acknowledging that you may want to take that person's deposition," and the Court was "volunteering that to [Plaintiffs] before [they] even ask for it."

As promised, Defendants used an NYPD witness to oppose class certification. Accordingly, Plaintiffs asked to finish the 30(b)(6) deposition on Topic 3, with the understanding that "Defendants" included NYPD. Defendants refused, and demanded Plaintiffs only take a deposition limited to precisely what was in the declaration Defendants happened to file instead.

## Discussion

Producing a 30(b)(6) witness who cannot testify fully on the designated topics is '"tantamount to a failure to appear,"' *Adrian Shipholding, Inc. v. Lawndale Group S.A.*, 08 Civ. 11124 (HB)(GWG), 2012 U.S. Dist. LEXIS 4234 at *26 (S.D.N.Y. Jan. 13, 2012), *quoting Crawford v. Franklin Credit Mgmt. Corp*, 261 F.R.D. 34, 38039 (S.D.N.Y. 2009). An entity served with a 30(b)(6) notice "has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf" and to the extent any person is not knowledgeable, "make a conscientious and good faith endeavor . . . to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Bush v. Element Fin. Corp.*, No. 16-cv-1007 (RJS), 2016 U.S. Dist. LEXIS 189319, at *4–5 (S.D.N.Y. Dec. 13, 2016) (internal quotations and citations omitted).

Relevant sanctions for such a failure can range from default to fees. *Compare, e.g., Adrian Shipholding*, 2012 U.S. Dist. LEXIS 4234, at *16–28; *Wager v. G4S Secure Integration*, 19-CV-3547 (MKV)(KNF), 2021 U.S. Dist. LEXIS 220116, at *22– 23 (S.D.N.Y. Nov. 15, 2021); and *Bush*, 2016 U.S. Dist. LEXIS 189319 at *5–8.

Plaintiffs were more than happy to simply resume the deposition, at their own cost, given that Defendants used testimony that was within the scope of Topic 3 but their witness was unprepared to answer. Defendants have refused. But there is no question that the declaration Defendants submitted fit exactly within Topic 3. Compare:

> "How people are tracked in Defendants' custody when held on Court Warrants" and "What documents are generated at each stage of a person being held in custody pursuant to a Court Warrant" (Ex. 1); with



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

"NYPD paperwork does not readily capture whether an individual was brought … to court prior to being transported to Rikers Island" and "there is no such automated field in NYPD generated documents" (ECF No. 277 ¶ 2).

And the fact that Defendants even told the Court, the day after the 30(b)(6) deposition, that they specifically "anticipate that there would be [a] police declaration in response to" the class certification motion makes clear Defendants made a decision not to prepare a witness on this issue. 2026-05-13 Tr. at 46:8-47:13.

Accordingly, the Court should order a witness to appear prepared to complete the deposition on Topic 3. More, because Defendants have forced a motion just to have a witness prepared to answer questions on an agreed topic, the Court should award fees associated with the failure to produce an adequately prepared witness, given the plain failure to prepare a witness as to "***Defendants'*** methods, documents, policies, and any other information" about tracking warrants. Ex. 1 (emphasis added). *See, e.g., Wager*, 2021 U.S. Dist. LEXIS 220116, at *22 (fees where 30(b)(6) witness was "not prepared adequately"); *Bush*, 2016 U.S. Dist. LEXIS 189319, at *7 (ordering "Defendants to prepare one or more 30(b)(6) witnesses to address all topics in Plaintiffs' 30(b)(6) Notice that were not previously covered" and awarding reasonable costs and fees).

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.