THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

August 19, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter. We write in opposition to plaintiffs' motion to compel at Docket 280[1].

Initially, the City did not refuse to produce a Rule 30(b)(6) witness as plaintiffs contend[2]. After plaintiffs served their notice of deposition, counsel conducted the required "meet and confer" pursuant to the Rule. The parties discussed extensively which witness or witnesses would be produced. The only individual whose name was discussed was Capt. Rigault. Instead, the "meet and confer" focused on whether Capt. Rigault could testify on Topic 1, in addition to Topics 2 and 3. I ultimately determined that he could and informed plaintiffs of that. No NYPD witness or plaintiffs desire for one was ever discussed prior to the deposition. The Rule 30(b)(6) deposition was also discussed extensively at the April 6, 2026 court conference. The Court even ruled thereat that the Rule 30(b)(6) deposition of Capt. Rigault was to be completed by May 15, 2026. See Docket 236. Following Capt. Rigault's Rule 30(b)(6) deposition of May 12, 2026, this issue was raised and discussed at the court conference the next day. The Court recognized that

---

[1] The parties "meet and confer" of yesterday was 10 minutes, not 42 minutes.

[2] This issue was discussed extensively at the May 13, 2026 conference. Transcript, pp. 1-11; 46-47)

"it's clear that there wasn't a meeting of the minds in the meet and confer.[3]" Regardless, at that very conference, I informed the Court that I was not opposed to producing a witness from NYPD. Tr., p. 6, ll. 7-9. The Court even stated in response that if plaintiffs wanted to propound topics as to NYPD, "it sounds like Mr. Zuckerman is open to receiving that." Tr., p. 7, ll. 8-15. So, I did not refuse to provide plaintiffs an NYPD Rule 30(b)(6) witness when the issue was raised prior to plaintiffs' serving their motion for class certification.

Instead of accepting my offer to produce such a witness, plaintiffs decided to forego such deposition at that time and told the Court that they would go ahead and file their motion for class certification instead. Tr., pp. 7-10. So, obviously, plaintiffs took a path to hold the City's feet to the fire and put immediate pressure on the City by filing their motion immediately. I was completely upfront with the Court and plaintiffs at the same conference that there could well be an NYPD declaration in opposition to the motion, but I wouldn't know that until I saw the motion when it was served. Ultimately, there was a declaration of NYPD Det. Robert Koehler that was submitted with the opposition. Docket 277. However, that declaration was limited only to the issue of whether there are NYPD documents that can determine if an individual was brought to court prior to the individual being brought to Rikers Island. See Docket 277. The declaration was submitted in support of the City's numerosity and ascertainability arguments.

Following service of the class certification response, plaintiffs immediately called for a continuation of the Rule 30(b)(6) deposition, claiming that the City had failed to appear since an NYPD witness had not been produced thereat. As seen above, we dispute that the City ever failed to appear for a Rule 30(b)(6) deposition in any respect. In response, we offered to produce a witness for a deposition on the one, extremely limited issue raised in the Koehler Declaration. Plaintiffs refused and only are interested in resumption of the wide ranging Rule 30(b)(6) deposition, and as they unilaterally interpret their notice. This would be completely unfair to the City at this juncture. Plaintiffs chose to bring their motion early to put pressure on the City instead of taking an additional Rule 30(b)(6) deposition at that time, and now having seen the response, they want to take a wide ranging deposition for their reply brief, and to which the City will never have the opportunity to respond (and plaintiffs miscite Capt. Rigualt's testimony in large part in their opening brief). Simply, they want it every which way. To take plaintiffs' interpretation of Topic 3, it is much, much broader than the one limited issue raised in the Koehler declaration. So, defendants propose a deposition that is fair under these circumstances, such as "[w]hat documents are generated while a person is held in NYPD custody pursuant to a bench warrant."

Plaintiffs' motion should therefore be denied in its entirety.

---

[3] Among other things, Topic 3 addresses "productions" to Court. That is a term I have always associated with DOC, not NYPD, who may arrest and transport an individual to various court sections. Topics 1 and 2 were aimed exclusively at DOC, and I had no reason to believe that Topic 3 was aimed otherwise either, since experienced plaintiffs' counsel never raised that expectation.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc: All counsel (via ECF)