UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et al.,

Plaintiffs,

-v-

CITY OF NEW YORK, et al.,

Defendants.

CIVIL ACTION NO.: 21 Civ. 8149 (ALC) (SLC)

**REPORT & RECOMMENDATION**

**SARAH L. CAVE,** United States Magistrate Judge.

**TO THE HONORABLE ANDREW L. CARTER, JR.**, United States District Judge:

## I. BACKGROUND

We incorporate by reference the procedural background set forth in Phillips v. City of New York, No. 21 Civ. 8149 (ALC), 2024 WL 4307923 (S.D.N.Y. Sept. 26, 2024). We set forth only the additional procedural background necessary for this Report and Recommendation.

On May 28, 2026, Plaintiffs' counsel, Cohen&Green P.L.L.C, Gideon Orion Oliver, and Kaichian & Mortazavi LLC (the "Firms") filed a motion (Dkt. No. 244 (the "Motion")) to withdraw as counsel for Plaintiff Randy Rosario ("Rosario") because of "a complete breakdown in communication" between the Firms and Mr. Rosario. (Dkt. Nos. 244-1 ¶ 3; 244-2 ¶ 3; 244-3 ¶ 3; 244-4 ¶ 3). The Firms explained that they had "been unable to reach Mr. Rosario since November 2025, despite many attempts at doing so, through various means." (Dkt. No. 245). The Firms "hired two separate investigators in April 2026 to locate Mr. Rosario" and learned that Mr. Rosario had not lived at his last known address "for approximately a year." (Id.) On June 5, 2026, with permission of the Court (Dkt. No. 247), the Firms served the Motion on Mr. Rosario via his last

known email address and informed him of the Motion through text message. (Dkt. No. 252). Mr. Rosario did not respond, or otherwise object, to the Motion.

On June 22, 2026, with Mr. Rosario having failed to respond to the Motion, the Court granted the Motion and directed Mr. Rosario to either have "new counsel. . . file a notice of appearance or notify the Court that he intends to proceed pro se" by July 6, 2026. (Dkt. No. 253 at 4 (the "June 22 Order")). On June 23, 2026, the Firms served the June 22 Order on Mr. Rosario. (Dkt. No. 258). On August 18, 2026, Mr. Rosario having failed to respond to the June 22 Order, the Court sua sponte extended his time to August 25, 2026 to either have new counsel appear or inform the Court of his intention to proceed pro se. (Dkt. No. 279 at 1 (the "August 18 Order")). The August 18 Order warned Mr. Rosario that the failure to comply with the Court's orders "may result in the undersigned recommending that the Court dismiss [his] claims against Defendants for failure to prosecute." (Id.) The August 18 Order also required Mr. Rosario to inform the court of his current address by August 25, 2026, and advised him that "the failure to notify the Court of his current address provides an independent basis to recommend dismissal of his claims." (Id. at 1–2). On August 19, 2026, The Firms served the August 18 Order on Mr. Rosario. (Dkt. No. 284).

To date, Mr. Rosario has not responded to the June 22 Order, the August 18 Order, or otherwise communicated with the Court.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a plaintiff's claims sua sponte for failure to prosecute after notifying the plaintiff. See Murray v. Smythe,

No. 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) ("A district court has the inherent authority to dismiss for failure to prosecute sua sponte.") (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)); Fed. R. Civ. P. 41(b).[1] The Court must consider the duration of the plaintiff's failure to comply with court orders, defendants' prejudice from further delay, the efficacy of lesser sanctions, and the balance between "alleviat[ing] court calendar congestion" and protecting the plaintiff's right to due process. Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (quoting Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)). "'There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal,' but '[d]elays of several months' have been found sufficient." Farion v. Ezzo, 19 Civ. 5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting Caussade, 293 F.R.D. at 629); see Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding that plaintiff's failure to respond for over two months was sufficient to justify dismissal).

"District courts in this Circuit have recognized that the failure to maintain [a current address] with the Court is a ground for failure to prosecute because [t]he case cannot proceed without such information." Cabrera v. Brann, No. 21 Civ. 780 (JMF), 2021 WL 1549818, at *1 (S.D.N.Y. Apr. 20, 2021); see Campbell v. New York City, No. 19 Civ. 5431 (JMF), 2020 WL 469313, at *1 (S.D.N.Y. Jan. 29, 2020) ("In light of the Court's inability to proceed without updated contact information for Plaintiff, dismissal of the case is warranted."). Failure to maintain an address also warrants dismissal as it "strongly suggests that [the Plaintiff] is not diligently pursuing this claim." Dong, 2004 WL 385117 at *3.

[1] Internal case citations and quotations are omitted unless otherwise indicated.

**B. Application**

Here, the Court concludes that dismissal of Mr. Rosario's claims is warranted. The Court has warned Mr. Rosario that his failure to comply with Court orders would result in dismissal of his claims, but he has failed to update his address or contact the Court. (Dkt. No. 279). Despite having been warned, Mr. Rosario has failed to comply with two Court orders (Dkt. Nos. 253; 279), and has not communicated with the Court at all since the Firms requested permission to withdraw as his counsel nearly three months ago. (Dkt. No. 244). See Toliver v. N.Y.C. Dept. of Corr., 607 F. App'x 109, 110 (2d Cir. 2015) (affirming dismissal where plaintiff "was clearly warned that failure to comply would result in dismissal"); Singleton v. City of New York, No. 14 Civ. 9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing action under Rule 41(b) where plaintiff had not communicated with the court or defendants in over two months). Moreover, the Court is unable to communicate with Mr. Rosario, due to his failure to provide current contact information. (See Dkt. Nos. 245; 279).

**III. CONCLUSION**

Accordingly, in light of Mr. Rosario's non-compliance with this Court's Orders (Dkt. Nos. 253; 279), and "the Court's inability to proceed without updated contact information[,]" we respectfully recommend that Mr. Rosario's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). Cabrera, 2021 WL 1549818, at *1 (finding that, "given [the] Plaintiff's pro se status, . . . dismissal without prejudice is more appropriate than dismissal with prejudice").

The Firms shall promptly serve a copy of this Report and Recommendation on Mr. Rosario via both e-mail and mail, and file proof of service on the docket by **August 28, 2026**.

Dated: New York, New York
August 26, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Carter.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985). If Mr. Rosario does not have access to cases cited in this Report and Recommendation that are reported on Westlaw, he may request copies from the Firms. See Local Civ. R. 7.2.