COHEN & GREEN

September 15, 2026

Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

**Re: Phillips v. City of New York, 21-CV-8149 (ALC)(SLC)**

Dear Judge Cave:

As the Court may recall, my firm represents Plaintiffs and the putative class in the case above. As directed by the Court (ECF No. 273), I write jointly with Defendants attaching the MOCJ hit report. The three tabs reflect, respectively (1) the initial collection terms ("Plaintiff STR"); (2) Defendants' counter-proposal ("9.14.2026 Def Proposal"); and (3) Plaintiff's narrowed terms with additional, agreed upon narrowing techniques ("9.14.2026 Pl Terms over email"). Relevant for the Court's review at this stage are the second and third tabs.

The individual numbers in the first column with numbers are the unique hits for each term, while the total reflects unique hits ***combined*** (e.g., overlaps between search terms have been eliminated). The second numbered column is the total number of documents that either have search term hits ***or*** have family members (e.g., attachments or parent emails) with hits.

The parties' disputes at this stage fundamentally comes down to volume. Defendants do not believe any more than 10,000 documents in the review set is appropriate because of burden; Plaintiffs are willing to agree to terms that would narrow to about 40,000, but believe further reductions are not warranted because they likely would be arbitrarily throwing out responsive documents.

**Plaintiffs' Position:**

Plaintiffs have agreed to a large number of narrowing proposals, moving the review volume from 241,801 to somewhere closer to 55,000[1] — and has expressed willingness to work on the terms to get things to around 40,000. However, Defendants want to reduce volume even when the reductions are largely preventing responsive documents from even being reviewed.

For example, for [Secur* w/5 order] — aimed at getting documents where MOCJ staff is discussing "securing orders" (part of how people are produced to court, including on warrants) —

[1] Except for the terms ["208-42" or "208.42" or "20842"] and ["530.70" or "53070"], Plaintiff has stipulated that Defendants need only review parent emails initially, and only need to review family members for production — not relevance (since production of families is standard) — so the first column becomes the review population.

Defendants want to narrow, but acknowledged in the meeting that in a sample, the vast majority of documents reviewed ***were*** discussing securing orders explicitly. Defendants claims these documents are not relevant do not make any sense even on its own terms; securing orders are how people in jail are produced to court, and part of the violation is that people were not produced to court timely. Meanwhile, Defendants' claim that the Court should not treat this as a class action is exactly backward: "Prior to the Court's determination whether plaintiffs can maintain a class action, the Court should treat the action as a class suit." Moore's Federal Practice § 23.50, at 23-396, 23-397 (2d ed. 1990). And Defendants opposed briefing class certification alongside the motion to dismiss and motion to strike, so, having lost in full on those motions, they only have themselves to blame for sequencing.

Plaintiffs believe there is room to work, but the Court should give the parties a target if Defendants' view is about arbitrary raw numbers, not about what portion of the results are responsive. And as the Court expressed at the last appearance, 10,000 documents in a large review is basically nothing.

**Defendants' Position:**

Defendants' position is that plaintiffs' "wish list" is way too broad, and much too burdensome and disproportionate to the needs of the case. As the Court has stated many times, the issue that has been raised in this case as recognized by Judge Carter is that, "Plaintiffs allege that the City and the New York Police Department (NYPD) have a policy of bringing individuals directly to Rikers Island and City jails when they discover that the individual has an outstanding warrant in their name, rather than taking them to court in the first instance." (Docket 211). Plaintiffs' request is not narrowly tailored toward that claim and instead burdens the City with a request for a review of over 50,000 documents with hits, and 90,000 with families.[2] Just as one example, plaintiffs would have the City review almost 12,000 parent documents for the hit "Secur* w/5 order" (and 25,000 with families), but that search has little or nothing to do with the above issue that Judge Carter framed that remains in the case. The same problem applies to many other of plaintiffs' requests.

In the end, defendants' proposal on volume, while burdensome, is much more reasonable. We approximate that each contract attorney can only review 25-40 documents per hour. We have already reviewed CCRB closing reports (and none was determined to be responsive), as well as documents in the DOC Legal Intake Inbox. Though we still do not believe that plaintiffs' requests are narrowly tailored to the relevant issue as framed by Judge Carter in our proposal, we have tried to be accommodating from the standpoint that if the volume is where we think it should be, we are willing to be a bit more flexible on what terms are searched. We also remind the Court that in light of the situation with the plaintiff Thompson, there may only be two remaining plaintiffs in this case shortly, and no class has been certified to date. We thus believe that plaintiff's' proposed discovery be limited at this juncture.

[2] Plaintiffs' proposal would result in a review far in excess of 50,000 documents. In addition to fully reviewing attachments, the workflow would also implicitly require re-review of responsive email hits for context for those attachments.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.