THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

September 22, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Paul Phillips, et. al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter. We write jointly with plaintiffs' counsel in accordance with the Court's Order of September 16, 2026.

1) The parties have agreed upon October 15, 2026 for the Det. Koehler Rule 30(b)(6) deposition as ordered by the Court.

2) Plaintiffs have requested 45 days after the foregoing deposition to file their reply in further support of their motion for class certification.

3) The hit report requested by the Court is annexed hereto as Exhibit A.

Defendants' Position:

This hit reports applies the terms listed in Exhibit A to the Court's order, run over the same population as the hit reports that were recently provided to the Court. Column B displays the number of emails with a search term hit (35,871 hits) and Column C is the total number of documents when including attachments to those email hits (63,801 hits including family). For the terms 208-42 and 530.70 (and variations thereof), there were no emails with hits, and so these specific searches were expanded and run over both emails and attachments. The group or family count for these terms thus includes both parent emails and other attachments

to those same emails. Defendants maintain their burden, proportionality and overbreadth objections raised in advance of the last court conference and thereat.

In addition, the City reserves the right to assess the review population once finalized, and determine the appropriate method of review, including the use of appropriate technologies, such as email threading or technology assisted review, to conduct its review. *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018) (the Producing Party is in the best position to determine how to search for, review, and produce its own ESI). The City has not refused to discuss this issue with Plaintiffs and will disclose to Plaintiffs its intent to use TAR if it does choose to utilize it (and confer with plaintiffs as appropriate). At this stage, the City cannot make that determination, and it is entirely possible that TAR is not an appropriate method of review. Thus, the potential burden associated with the review is still as much as a full linear review. The City also reserves the right to fully review its ESI, including non-hit attachments, for responsiveness, privilege, confidentiality, and personally identifiable information prior to production of responsive, non-privileged documents.

Plaintiffs' Position:

It is not clear whether Defendants have an objection or not to using the population as narrowed by the Court's search terms as the review population. Plaintiffs believe this population is appropriate.

As far as Defendants' apparent claim that they might use some review methodology not previously discussed, Plaintiffs note that Defendants have repeatedly asserted the burden here based on the claim that they would need to have attorneys review the documents. When the potential population was larger, Plaintiffs suggested using Technology Assisted Review (or "TAR"), and Defendants refused to discuss it. Plaintiffs note that the Sedona Principles, in no event, suggest a party should unilaterally use some methodology without discussing it with the other party -- indeed, they say the precise opposite.

Again, the narrowing process to date was premised on the idea that Defendants would be doing standard review: Defendants' claims of burden were explicitly based on the claim an attorney would need to review each document individually. If that was not the case, then the burden arguments and burden the Court evaluated would have been different. Moreover, TAR typically runs across a far larger population, because the current population is not generally enough data for a model to be sufficiently trained to achieve meaningful gains. All of this is to say, Plaintiffs expect to have discussions in advance if Defendants intend to use TAR or some methodology other than the standard process of having attorneys review documents, with a supervisor doing quality control.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc: All counsel (via ECF)