Paol phillips, et al.,

-V-

City of New YORK, et al.,

Civil Action NO 21 Civ 8149 (ALC)(SLC)

I, Kylasyia Thompson, respectfully submit this response to the Motion for Leave to Withdraw filed by my attorneys. I respectfully ask the Court to deny the motion and allow my current attorneys to remain as my counsel.

I have been connected to this case since I was approximately 19 years old, and I am now 26. I have relied upon my attorneys for years and have trusted them to represent me in this matter.

I understand that counsel has described the reason for withdrawal as a "complete breakdown in communication." I respectfully disagree with that characterization because I have made repeated efforts over the years to communicate with the firm and obtain information about my case. I have emails and text messages showing my attempts to contact the firm. I also have correspondence from Remy acknowledging and apologizing for missed communication.

There were periods when I had difficulty receiving information about my case. At times, I was told by the firm's assistant that it was too early in the case for me to know certain information. I also experienced serious financial hardship, including periods when my phone service was disconnected. Even with those difficulties, I continued trying to obtain information about my case. At times, I searched my name online to find information about the case and court appearances because I did not have a clear understanding of what was happening from my attorneys.

I also attempted to communicate through another attorney because I was having difficulty getting a clear response from the firm. I have text messages documenting those efforts.

I therefore respectfully do not believe that the communication problems can fairly be described as though I simply refused to communicate with my attorneys or abandoned my case. I wanted information about my case and continued trying to communicate.

I also want the Court to understand why this case is personally important to me. I was very young when the events underlying my involvement in this litigation occurred. I was arrested and transported to Rikers Island under circumstances that I did not understand. My father was initially told that I would be transported to the precinct and was later told that I would be taken to court. Instead, I was taken to Rikers Island.

When I arrived at Rikers, staff recognized me because I had recently been released. I remember being confused about why I was being brought back. I also remember there being confusion concerning the paperwork accompanying me and whether I could be accepted into Rikers.

I was subsequently brought to court after the facility received communication from the Court concerning transportation. When I arrived at court, I was given a court document that I remember as a "cut slip." The attorney who represented me at that time also questioned the circumstances surrounding my transportation to Rikers.

2026 SEP 24 PM 3:46
SDNY PRO SE OFFICE
RECEIVED

I no longer have that document because these events occurred many years ago. I also do not remember every exact date or the precise sequence of every court appearance. I do not want to guess or give the Court an inaccurate date.

I understand that counsel has recently provided me with a different chronology and has stated that records show that I appeared before judges in connection with different matters. I am not claiming that I can remember every court appearance from approximately seven years ago. However, I do dispute counsel's characterization of the sequence of events based upon what I personally experienced. My recollection is that I was transported to Rikers before I personally appeared before a judge concerning the circumstances for which I was taken into custody.

I am attempting to obtain records from the attorney who represented me at the time so that I can accurately establish the chronology. I respectfully ask the Court to consider the documentary records and the circumstances as a whole rather than relying only on my memory of events that occurred many years ago.

Most importantly, I want to continue pursuing this case and I want my current attorneys to remain my attorneys.

I understand that counsel has concerns regarding communication. I am willing to communicate, cooperate, respond to requests, and work with my attorneys to resolve any communication problems going forward.

This case has been pending for years and, as counsel's own motion indicates, the litigation has already progressed through substantial discovery and depositions. After approximately five years of representation, it would be extremely difficult for me to find new counsel who could step into this case at this stage and understand its history.

I respectfully ask the Court to deny the Motion for Leave to Withdraw and allow my current counsel to remain as counsel of record.

If the Court nevertheless permits counsel to withdraw, I respectfully request sufficient time to obtain replacement counsel and that I not be prejudiced or have my claims dismissed while I attempt to obtain new representation.

Respectfully submitted,

Kylasyia Thompson