UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL PHILLIPS, et al.,

Plaintiffs,

-v-

CITY OF NEW YORK, et al.,

Defendants.

CIVIL ACTION NO.: 21 Civ. 8149 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the renewed motion of counsel for Plaintiff Kylasyia Thompson ("Ms. Thompson"), Cohen&Green P.L.L.C., Gideon Orion Oliver, and Kaishian & Mortazavi LLC (together, the "Firms"), to withdraw as counsel of record for Ms. Thompson pursuant to Local Civil Rule 1.4 of the Southern District of New York. (Dkt. No. 310 (the "Second MTW")). For the reasons set forth below, the Second MTW is **GRANTED**.

## II. PROCEDURAL BACKGROUND

We incorporate by reference the procedural background set forth in Phillips v. City of New York, No. 21 Civ. 8149 (ALC), 2024 WL 4307923 (S.D.N.Y. Sept. 26, 2024). We set forth only additional procedural background necessary to analyze the Second MTW.

On August 31, 2026, the Firms filed their first motion to withdraw (Dkt. No. 289 (the "First MTW") accompanied by three declarations. (Dkt. Nos. 289-1–289-3 (the "First Declarations")). The First Declarations asserted that there has been "a complete breakdown in communication" between the Firms and Ms. Thompson. (Dkt. Nos. 289-1 at ¶ 3; 289-2 at ¶ 3; 289-3 at ¶ 3). On September 4, 2026, the Firms filed, under seal, a second declaration in support

of the MTW. (Dkt. No. 291 (the "Second Declaration"); see Dkt. Nos. 289-1 ¶ 4; 289-2 at ¶ 4; 289-3 ¶ 4; 290). The Second Declaration raised additional grounds for the Firms' MTW that the Firms assert are privileged and should not be disclosed to Defendants. (Dkt. No. 291 ¶ 4; see id. ¶¶ 5–12)

On September 24, 2026, Ms. Thompson filed an opposition to the MTW (Dkt. No. 303 (the "Opposition")), in which she promised to "resolve any communication problems going forward[.]" (Id. at 2). In light of the Opposition, the Court denied the First MTW without prejudice. (Dkt. No. 304).

On October 13, 2026, the Court received from the Firms, via email, an ex parte letter and exhibits (the "Letter") that sought to renew their motion to withdraw (the "Request").[1] (See Dkt. No. 307 at 1). The Letter refers to the Sealed Declaration in support of the Firms' Request. (Dkt. No. 319; see Dkt. No. 291).

The following day, the Court granted the Firm's Request (the "Oct. 14 Order"), ordered them to file their Second MTW, and ordered Ms. Thompson to "file a letter either consenting to the Firm's withdrawal or opposing the [Second] MTW" by November 4, 2026. (Id.) The Oct. 14 Order warned Ms. Thompson that "the failure to respond to the [Second] MTW by November 4, 2026, will result in the undersigned granting the MTW." (Id.) On October 18, 2026, the Firms filed the Second MTW (Dkt. No. 310), along with another three declarations. (Dkt. No. 310-1–310-3 (the "Third Declarations", together with the First Declarations and Second Declaration, the

[1] The Firms explained that, at the time, due to technical difficulties, they could not file the Letter. The Firms have since filed the Letter under seal. (Dkt. Nos. 319–319-2).

"Declarations")).[2] To date, despite having been served, Ms. Thompson has not responded to the Second MTW. (See Dkt. Nos. 311–312; 314).

## III. DISCUSSION

Whether to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court." Mendez v. K&Y Peace Corp., No. 16 Civ. 5562 (SN), 2017 WL 11808872, at *1 (S.D.N.Y. Sept. 27, 2017).[3] When deciding whether to grant or deny such a motion, the court considers two factors: (1) "the reasons for withdrawal" and (2) "the impact of the withdrawal on the timing of the proceeding." Estate of Larry Shaw & Susan Shaw v. Marcus, No. 14 Civ. 3849 (NSR), et. al., 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016).

Based on the information in the Declarations and the Letter, the Court finds that the Firms have demonstrated valid concerns that prevent their continued representation of Ms. Thompson in this action. (See Dkt. Nos. 289-1–289-3; 291 at ¶¶ 5–12; 310-1–310-3; 319). See Weinberger v. Provident Life & Cas. Ins. Co., No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a [c]ourt considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.") (citation modified). Further, given the procedural posture of this matter (see Dkt. Nos. 310-1 ¶ 6; 310-2 ¶ 6; 310-3 ¶ 6), granting the Second MTW will not unduly delay trial or unfairly prejudice any party. Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (granting motion to withdraw despite that "the discovery period [was] nearly over" as "no trial date has been set yet" and any potential disruption would not rise "to the point

[2] The First and Third Declarations are nearly identical in substance. (Compare, Dkt. Nos. 289-1–289-3 with Dkt. Nos. 310-1–310-3).

[3] Internal citations and quotations are omitted from case citations unless otherwise indicated.

where denial would be warranted."). Finally, Ms. Thompson's failure to respond to the Second MTW provides the Court an independent basis to grant withdrawal. See Martínez v. PPM Group LLC, No. 25 Civ. 245 (NSR) (JCM), 2026 WL 1879895, at *1 n.1 (S.D.N.Y. Jun. 29, 2026) (granting motion to withdraw as unopposed).

## IV. CONCLUSION

For the reasons set forth above, the Second MTW is **GRANTED**. On or before **December 2, 2026**, new counsel for Ms. Thompson shall file a notice of appearance or Ms. Thompson shall notify the Court that she intends to proceed pro se.

Mr. Thompson is warned that the failure to either have new counsel appear on her behalf or inform the Court that she intends to proceed pro se by **December 2, 2026**, may result in the undersigned recommending that the Court dismiss Ms. Thompson's claims against Defendants for failure to prosecute.

The Firms shall serve a copy of this Order on Ms. Thompson via both e-mail and mail, and file proof service on the docket by **November 16, 2026.**

The Clerk of the Court is respectfully directed to terminate the Firms as counsel for Ms. Thompson and close Dkt. No. 310.

Dated: New York, New York
November 13, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**