THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

November 25, 2026

**VIA ECF**
The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Paul Phillips, et al. v. The City of New York, et. al., 21 Civ. 8149 (ALC)(SLC)

Your Honor:

I am a Senior Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, representing the appearing defendants in the above referenced matter. We write in accordance with Your Honor's Individual Rules of Practice to respectfully request a conference with the Court to discuss a discovery dispute that has arisen. The parties conducted a telephonic "meet and confer" of a few minutes this morning but could not resolve the dispute.

In accordance with Rule 45(a)(4), Fed. R. Civ. P., on November 20, 2026, plaintiffs' counsel provided notice by email of their intent to serve the annexed subpoena duces tecum on the State of New York Office of Court Administration. (See Ex. A hereto) We object to the "Background" section in the body of the subpoena being included. Rule 45(a)(1)(A), Fed. R. Civ. P., sets forth what is to be included in the body of the subpoena. Such a "background" section is not contemplated by that Rule. I also asked plaintiffs' counsel during our "meet and confer" of this morning whether plaintiffs had legal authority that such a section may be included in such a subpoena. Plaintiffs did not cite to any such legal authority but rather contended that no one has ever raised such an objection in their experience before and they could in any event always put it in a cover letter to OCA with the subpoena.

We believe that such a "background" section is prejudicial to the City defendants and should be stricken from the subpoena when served. Plaintiffs' "background" merely contains their theory of the case unproven by facts established thus far and which quite frankly are incorrect in defendants' view. We respectfully submit that the inclusion of such section in the subpoena is calculated to cause confusion on the part of OCA when they review the subpoena

and potentially to influence how they respond to it. Should OCA wish background information on this case when the subpoena is served, they of course should and seemingly would could conduct their own investigation. But plaintiffs should not be permitted to attempt to influence them in the form of a "background" section that is factually wrong, unproven and confusing. We therefore respectfully request that the "background" section be stricken from the annexed subpoena duces tecum when served.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc: All counsel (via ECF)